IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 6:12-cv-499-MHS-CMC |
| TEXAS INSTRUMENTS, INC., et al., | § § § | |
| *Defendants.* | § § | |

## MEMORANDUM ORDER

Before the Court is Defendants' Objections to the Magistrate Judge's Claim Construction Memorandum Opinion and Order (Docket No. 1856). For the reasons stated below, Defendants' Objections are **OVERRULED**.

## APPLICABLE LAW

"Claim construction is a non-dispositive, pretrial issue that can be referred to a magistrate judge under 28 U.S.C. § 636(b)(1)(A)." Order, *Adaptix, Inc. v. AT&T Mobility LLC, et al.*, 6:12-cv-00017, n.1 (E.D. Tex. May 29, 2014) (Schneider, J.)(Dkt. No. 197). The Court's local rules establish a clearly erroneous standard when reviewing a magistrate's judge order on non-dispositive matters. Local Rule CV-72(b). "In some circumstances, out of an abundance of caution, the magistrate judge may choose to issue a report and recommendation (under 28 U.S.C. § 636(b)(1)(B)) rather than an order on claim construction (under 28 U.S.C. § 636(b)(1)(A))." *Id.* "The district judge reviews a report and recommendation under the more demanding de novo standard." *Id.* (citing Local Rule CV-72(c)).

"[I]n this case, the magistrate judge issued an order on the non-dispositive issue of claim construction, not a report and recommendation." *Id.* "Accordingly, the clearly erroneous standard applies." *Id.* "Yet, the Court acknowledges that its order will be held to the de novo standard by the appellate court." *Id.* Because the magistrate judge's ruling withstands scrutiny under both the clearly erroneous standard and de novo review for the reasons set forth below, the Court need not address this issue further.

## DISCUSSION

### A. The construction of "abstract"

The magistrate judge construed the term "abstract" to mean "a data-reduced representation of a signal that retains a perceptual relationship with the signal and differentiates the data-reduced representation from other data-reduced representations." (Docket No. 1831 at 32). Although the construction proposed by a majority of Defendants and the Court's construction do not differ by much, Defendants assert the omission of "the smallest amount of data" from the Court's construction is critical to provide definiteness to the term and that without it "abstract" loses the meaning given by the patentee.

The majority of Defendants first object to the Court's construction, asserting "predefined signal set" is necessary to determine what "differences" an abstract that is being created must have to other preexisting abstracts. (Docket No. 1856 at 2). According to Defendants, although the magistrate judge acknowledged the necessity of including "predefined signal set" in its construction, she erroneously concluded the Court's construction captured this requirement. *Id.* Defendants assert "predefined signal set" should be included in the construction to avoid jury confusion. *Id.* Defendants further assert "predefined signal set" is necessary in order to determine the "smallest amount of data that can represent and differentiate two signals for a given

predefined signal set." *Id*. Defendants state the specification specifically limits the "present invention" to including this requirement. *Id*. at 2-3 (citing U.S. Patent No. 7,346,472 ("the '472 Patent") at 10:9–19).

Defendants further argue the magistrate judge erred by not including the "smallest amount of data" in the construction, because it allegedly could "potentially limit the claims to a preferred embodiment." *Id*. at 3. Defendants assert the magistrate judge made no finding that this statement is only a "preferred embodiment" as opposed to a necessary limitation of the "present invention." *Id.* Defendants contend it was clear error to overlook the patentee's binding statements. *Id.*

Defendants state they agree with the magistrate judge's conclusion that the "smallest amount of data" requirement is only a minimum requirement and that the alleged invention may allow for greater disparity. *Id.* However, according to Defendants, their proposed construction encompasses this concept. Defendants assert an "abstract" must have "at least a one bit difference" to all other "abstracts" in the predefined signal set, but this does not mean an "abstract" may not have more than a one bit difference to other abstracts. *Id*. (quoting '472 Patent at 10:16–18). Defendants argue their proposed construction captures this concept without being unduly limiting.

The Court first notes that Defendants MorphoTrust USA, Inc., L-1 Identity Solutions, Inc., MorphoTrak, Inc., and Safran USA, Inc. (the "Morpho Defendants") only object to the magistrate judge's finding that the term is not indefinite; they do not otherwise object to the magistrate judge's construction. Docket No. 1856 at 2 n.2. The Court further notes Defendants' objections rehash the arguments they made in their claim construction briefing and at the

*Markman* hearing. Each of Defendants' arguments were adequately addressed by the magistrate judge. *See* Docket No. 1831 at 17–32.

For example, the magistrate judge did not overlook "the patentee's binding statements" of limiting the claims to the "present invention." Docket No. 1856 at 3. Instead, the magistrate judge found that Defendants' "smallest amount of data that can differentiate signals" proposal would potentially limit the claims to a preferred embodiment. Docket No. 1831 at 30. Specifically, the magistrate judge found the specification indicates that "massive compression is anticipated by the present invention," but "massive compression" does not necessarily equate to reducing the data to the "smallest amount of data that can differentiate signals." *Id.* (quoting '472 Patent at 7:40–43).

The magistrate judge further noted the specification states that the representations "must have at least a one bit difference with all other members of the database to differentiate each such representation from the others in the database." *Id.* (quoting '472 Patent at 10:16–18). The magistrate judge found this provided a minimum amount and was not a requirement for a one bit difference as Defendants' proposed "smallest amount data that can differentiate signals" language could require.

Accordingly, she did not overlook "the patentee's binding statements," but instead inherently found that the "use of the phrase 'present invention' or 'this invention' is not always so limiting, such as where the references to a certain limitation as being the 'invention' are not uniform, or where other portions of the intrinsic evidence do not support applying the limitation to the entire patent." *Absolute Software, Inc. v. Stealth Signal, Inc.*, 659 F.3d 1121, 1136 (Fed. Cir. 2011). Thus, the Court finds the magistrates judges' construction captures the concept that

an "abstract" may have more than a one bit difference to other abstracts and is not limited to the "smallest amount data that can differentiate signals," as Defendants propose.

Having reviewed the magistrate judge's claim construction order, Defendants' objections, and the relevant record, the Court finds Defendants have failed to clearly establish a manifest error of law or fact in the magistrate judge's construction of this term. Even using the de novo standard, the Court agrees with the construction of the magistrate judge.

**B. The construction of "match/matches/matched/matching"**

The magistrate judge construed the term "match" to mean "share selected criteria," the term "matches" to mean "shares selected criteria with," the term "matched" to mean "shared selected criteria with," and the term "matching" to mean "sharing selected criteria." Docket No. 1831 at 36. Defendants object to the construction, asserting it is overbroad and fails to account for the patent applicants' unequivocal assertion that a match only occurs when abstracts are indistinguishable from each other.

Defendants further assert the Court's construction misinterprets the teachings in the specification. Specifically, Defendants state construing a match to occur when criteria are merely "shared" defeats the claimed utility of the alleged invention. Docket No. 1856 at 4 (citing '472 Patent at 7:9–25; 11:20–23).

In addition, Defendants argue the magistrate judge erroneously concluded the "index of relatedness" limitation of claim 11 "would serve no purpose" if a "match" were to occur only when two abstracts were indistinguishable. Docket No. 1856 at 5. Defendants assert the "index of relatedness" limitation in claim 11 has no bearing on the construction of "match," because it considers the "relatedness" between the "query signal" and each of the "matching abstracts." *Id.* (citing '472 Patent at 18:23–32).

Defendants next argue the magistrate judge's construction contradicts the requirement that recalibration is required when two recordings of the same song by the same artist are "so similar that their differences are almost imperceptible," resulting in an unwanted match between the abstracts for the two songs. Docket No. 1856 at 5. Defendants contend that recalibration would not be possible to further differentiate the abstracts to avoid an unwanted match if a "match" occurs any time abstracts "share" selected criteria. *Id.* Finally, Defendants assert the magistrate judge erred in finding that Defendants' construction improperly excludes the "sun" or "police sketch" embodiments, because the "matches" described in the specification are between abstracts that are not "indistinguishable copies." *Id*. Defendants argue that specifications disclosure expressly discloses exact matches of abstracts created using a single criterion (i.e., "perceptual characteristics related to the sun"). *Id.*

Twenty-eight U.S.C. §636(b)(1)(A) and Local Rule 72(b) state the District Court shall set aside any portion of the magistrate judge's order that is "clearly erroneous or contrary to law." The Court has reviewed Defendants' objections, which generally repeat the arguments raised before the magistrate judge. The Court finds the magistrate judge correctly construed these terms.

Specifically, the Court disagrees with Defendants' argument that claim 11 of the '472 Patent has no bearing on the construction of "match." Docket No. 1856 at 5. Defendants argue that claim 11 considers the "relatedness" between the "query signal" and each of the "matching abstracts," and not the relatedness of two abstracts. *Id.* However, as noted by the magistrate judge, claim 11 recites "wherein the comparing device identifies at least two abstracts in the reference database *that match the abstract* of said at least one query signal and an index of relatedness to said at least one query signal for each of said at least two matching abstracts."

Docket No. 1831 at 34 (emphasis added). This claim language indicates the comparing device identifies at least two abstracts in the reference database that match the abstract of said at least one query signal. The Court agrees that if these two "matches" had to be identical matches as Defendants suggest, then the recited index would serve no purpose.

Likewise, the Court disagrees with Defendants' argument that recalibration would not be possible to further differentiate the abstracts to avoid an unwanted match if a "match" occurs any time abstracts "share" selected criteria. As the magistrate judge found, the specification discloses multiple embodiments, and one of these embodiments is the identical match that includes the recalibration process. Docket No. 1831 at 34-35. The magistrate judge noted the important aspect of this embodiment is that the "recalibration" relates to the "selected criteria," which is an identical match. *Id*. at 35. The Magistrate Judge further found that the specification discloses other embodiments where the "selected criteria" is not an identical match. *Id*. at 35-36. The magistrate judge found that for all of these embodiments, the specification indicates that a match is not limited to an "indistinguishable" copy, but instead occurs when the abstracts share selected criteria. *Id*. at 36.

The Court agrees and finds the Defendants have failed to clearly establish a manifest error of law or fact in the Magistrate Judge's construction of these terms. Even if the Court were to apply the *de novo* standard of review, the Court would still agree with and uphold the constructions of the magistrate judge.

**C. The construction of "reference signal" and "query signal"**

The magistrate judge construed the term "reference signal" to mean "original or first signal," and the term "query signal" to mean "second signal." Docket No. 1831 at 41. Defendants argue the magistrate judge erred by disregarding unequivocal intrinsic evidence that

a "reference/query signal" is an "uncompressed" signal of an "entire work." Docket No. 1856 at 6. Defendants contend the portion of the specification relied on by the magistrate judge neither contradicts nor supplements the portions of the specification that describe creating an abstract using an uncompressed original signal. *Id.* Defendants also argue the magistrate judge erred in finding the signal does not have to be "an entire work." *Id*. According to Defendants, when the specification refers to a segment of a song without using the word "object," it refers to "a segment of the original signal." *Id*. (quoting '472 Patent at 11:47–48).

The Court disagrees with Defendants' argument that the magistrate judge's construction relies on one passage to support its construction. (Doc. No. 1856 at 6) Instead, the magistrate judge cited to the referenced passage because Defendants relied on it to support their proposed construction. Docket No. 1831 at 40. The magistrate judge found the passage related to one particular embodiment (i.e., watermarks), and she was not persuaded that the claims should be limited to this one example. Moreover, the magistrate judge found the intrinsic evidence requires that the "abstract" of the "reference signal" to be a "data-reduced representation of a signal." *Id.* The magistrate judge further noted this does not mean that the "reference signal" or the "query signal" have to be "uncompressed signals;" it only requires that their respective "abstracts" are "data-reduced representations" of the respective signals. *Id*. at 41.

The Court agrees and finds Defendants have failed to clearly establish a manifest error of law or fact in the magistrate judge's construction of this term. Finally, the Court has also reviewed the magistrate judge's ruling de novo and agrees, and would uphold the construction of the magistrate judge.

## CONCLUSION

For the reasons stated herein, Defendants' Objections to the Magistrate Judge's Claim Construction Memorandum Opinion and Order (Docket No. 1856) are **OVERRULED**.

**SIGNED this 6th day of January, 2015.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE