# EXHIBIT B

## USCS Fed Rules Civ Proc R 30

Current through changes received May 29, 2015

**United States Code Service - Federal Rules Annotated** > **FEDERAL RULES OF CIVIL PROCEDURE** > **TITLE V. DISCLOSURES AND DISCOVERY**

## Rule 30. Depositions by Oral Examination [Caution: For amendments effective December 1, 2015, see prospective amendment note below.]

**(a)** When a Deposition May Be Taken.

**(1)** *Without Leave.* A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

**(2)** *With Leave.* A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):

**(A)** if the parties have not stipulated to the deposition and:

**(i)** the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;

**(ii)** the deponent has already been deposed in the case; or

**(iii)** the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or

**(B)** if the deponent is confined in prison.

**(b)** Notice of the Deposition; Other Formal Requirements.

**(1)** *Notice in General.* A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

**(2)** *Producing Documents.* If a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment. The notice to a party deponent may be accompanied by a request complying with Rule 34 to produce documents and tangible things at the deposition.

**(3)** *Method of Recording.*

**(A)** Method Stated in the Notice. The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.

**(B)** Additional Method. With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice. That party bears the expense of the additional record or transcript unless the court orders otherwise.

**(4)** *By Remote Means.* The parties may stipulate--or the court may on motion order--that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions.

**(5)** *Officer's Duties.*

 **(A)** Before the Deposition. Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28. The officer must begin the deposition with an on-the-record statement that includes:

  **(i)** the officer's name and business address;

  **(ii)** the date, time, and place of the deposition;

  **(iii)** the deponent's name;

  **(iv)** the officer's administration of the oath or affirmation to the deponent; and

  **(v)** the identity of all persons present.

 **(B)** Conducting the Deposition; Avoiding Distortion. If the deposition is recorded nonstenographically, the officer must repeat the items in Rule 30(b)(5)(A)(i)-(iii) at the beginning of each unit of the recording medium. The deponent's and attorneys' appearance or demeanor must not be distorted through recording techniques.

 **(C)** After the Deposition. At the end of a deposition, the officer must state on the record that the deposition is complete and must set out any stipulations made by the attorneys about custody of the transcript or recording and of the exhibits, or about any other pertinent matters.

**(6)** *Notice or Subpoena Directed to an Organization.* In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

**(c)** Examination and Cross-Examination; Record of the Examination; Objections; Written Questions.

 **(1)** *Examination and Cross-Examination.* The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615. After putting the deponent under oath or affirmation, the officer must record the testimony by the method designated under Rule 30(b)(3)(A). The testimony must be recorded by the officer personally or by a person acting in the presence and under the direction of the officer.

 **(2)** *Objections.* An objection at the time of the examination--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

 **(3)** *Participating Through Written Questions.* Instead of participating in the oral examination, a party may serve written questions in a sealed envelope on the party noticing the deposition, who must deliver them to the officer. The officer must ask the deponent those questions and record the answers verbatim.

**(d)** Duration; Sanction; Motion to Terminate or Limit.

 **(1)** *Duration.* Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

 **(2)** *Sanction.* The court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent.

    **(3)** *Motion to Terminate or Limit.*

        **(A)** Grounds. At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

        **(B)** Order. The court may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c). If terminated, the deposition may be resumed only by order of the court where the action is pending.

        **(C)** Award of Expenses. Rule 37(a)(5) applies to the award of expenses.

**(e)** Review by the Witness; Changes.

    **(1)** *Review; Statement of Changes.* On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

        **(A)** to review the transcript or recording; and

        **(B)** if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

    **(2)** *Changes Indicated in the Officer's Certificate.* The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

**(f)** Certification and Delivery; Exhibits; Copies of the Transcript or Recording; Filing.

    **(1)** *Certification and Delivery.* The officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony. The certificate must accompany the record of the deposition. Unless the court orders otherwise, the officer must seal the deposition in an envelope or package bearing the title of the action and marked "Deposition of [witness's name]" and must promptly send it to the attorney who arranged for the transcript or recording. The attorney must store it under conditions that will protect it against loss, destruction, tampering, or deterioration.

    **(2)** *Documents and Tangible Things.*

        **(A)** Originals and Copies. Documents and tangible things produced for inspection during a deposition must, on a party's request, be marked for identification and attached to the deposition. Any party may inspect and copy them. But if the person who produced them wants to keep the originals, the person may:

            **(i)** offer copies to be marked, attached to the deposition, and then used as originals--after giving all parties a fair opportunity to verify the copies by comparing them with the originals; or

            **(ii)** give all parties a fair opportunity to inspect and copy the originals after they are marked--in which event the originals may be used as if attached to the deposition.

        **(B)** Order Regarding the Originals. Any party may move for an order that the originals be attached to the deposition pending final disposition of the case.

    **(3)** *Copies of the Transcript or Recording.* Unless otherwise stipulated or ordered by the court, the officer must retain the stenographic notes of a deposition taken stenographically or a copy of the recording of a deposition taken by another method. When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent.

    **(4)** *Notice of Filing.* A party who files the deposition must promptly notify all other parties of the filing.

JOHANNA JACOB

(g) Failure to Attend a Deposition or Serve a Subpoena; Expenses. A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to:

(1) attend and proceed with the deposition; or

(2) serve a subpoena on a nonparty deponent, who consequently did not attend.

# History

(Amended Jan. 21, 1963, eff. July 1, 1963; March 30, 1970, eff. July 1, 1970; March 1, 1971, eff. July 1, 1971; Nov. 20, 1972, eff. July 1, 1975; April 29, 1980, eff. Aug. 1, 1980; March 2, 1987, eff. Aug. 1, 1987; April 22, 1993, eff. Dec. 1, 1993; April 17, 2000, eff. Dec. 1, 2000; April 30, 2007, eff. Dec. 1, 2007.)
(As amended April 29, 2015, eff. Dec. 1, 2015.)

**Annotations**

# Notes

**Prospective amendment:**

By order dated April 29, 2015, the Supreme Court of the United States approved the following amendments to Rule 30, effective December 1, 2015, and authorized their transmission to Congress in accordance with *28 USCS § 2072*:
**Rule 30. Depositions by Oral Examination**
**(a) When a Deposition May Be Taken.**
\* \* \* \*
(2) *With Leave.* A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
\* \* \* \*
**(d) Duration; Sanction; Motion to Terminate or Limit.**
(1) *Duration.* Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.
\* \* \* \*
**Notes of Advisory Committee on 2015 Amendments.** Rule 30 is amended in parallel with Rules 31 and 33 to reflect the recognition of proportionality in Rule 26(b)(1).

**Other provisions:**

**Notes of Advisory Committee on Rules.** *Note to Subdivision (a).* This is in accordance with common practice. See USC, Title 28, former § 639 (Depositions de bene esse; when and where taken; notice), the relevant provisions of which are incorporated in this rule; Calif Code Civ Proc (Deering, 1937) § 2031; and statutes cited in respect to notice in the Note to Rule 26(a). The provision for enlarging or shortening the time of notice has been added to give flexibility to the rule.
*Note to Subdivisions (b) and (d).* These are introduced as a safeguard for the protection of parties and deponents on account of the unlimited right of discovery given by Rule 26.
*Note to Subdivisions (c) and (e).* These follow the general plan of former Equity Rule 51. (Evidence Taken Before Examiners, Etc.) and USC, Title 28, former § 640 (Depositions de bene esse; mode of taking), and former § 641 (Same; transmission to court), but are more specific. They also permit the deponent to require the officer to make changes in the deposition if the deponent is not satisfied with it. See also former Equity Rule 50 (Stenographer--Appointment--Fees).
*Note to Subdivision (f).* Compare former Equity Rule 55 (Depositions Deemed Published When Filed).
*Note to Subdivision (g).* This is similar to 2 Minn Stat (Mason, 1927) § 9833, but is more extensive.
**Notes of Advisory Committee on 1963 amendments.** This amendment corresponds to the change in Rule 4(d)(4). See

the Advisory Committee's Note to that amendment.

**Notes of Advisory Committee on 1970 amendments.** *Note to Subdivision (a).* This subdivision contains the provisions of existing Rule 26(a), transferred here as part of the rearrangement relating to Rule 26. Existing Rule 30(a) is transferred to 30(b). Changes in language have been made to conform to the new arrangement.

This subdivision is further revised in regard to the requirement of leave of court for taking a deposition. The present procedure, requiring a plaintiff to obtain leave of court if he serves notice of taking a deposition within 20 days after commencement of the action, is changed in several respects. First, leave is required by reference to the time the deposition is to be taken rather than the date of serving notice of taking. Second, the 20-day period is extended to 30 days and runs from the service of summons and complaint on any defendant, rather than the commencement of the action. Cf. Ill S Ct R 19-1, S-H Ill Ann Stat § 101.19-1. Third, leave is not required beyond the time that defendant initiates discovery, thus showing that he has retained counsel. As under the present practice, a party not afforded a reasonable opportunity to appear at a deposition, because he has not yet been served with process, is protected against use of the deposition at trial against him. See Rule 32(a), transferred from 26(d). Moreover, he can later redepose the witness if he so desires.

The purpose of requiring the plaintiff to obtain leave of court is, as stated by the Advisory Committee that proposed the present language of Rule 26(a), to protect "a defendant who has not had an opportunity to retain counsel and inform himself as to the nature of the suit." Note to 1948 amendment of Rule 26(a), quoted in 3A Barron and Holtzoff, Federal Practice and Procedure 455-456 (Wright ed 1958). In order to assure defendant of this opportunity, the period is lengthened to 30 days. This protection, however, is relevant to the time of taking the deposition, not to the time that notice is served. Similarly, the protective period should run from the service of process rather than the filing of the complaint with the court. As stated in the note to Rule 26(d), the courts have used the service of notice as a convenient reference point for assigning priority in taking depositions, but with the elimination of priority in new Rule 26(d) the reference point is no longer needed. The new procedure is consistent in principle with the provisions of Rules 33, 34, and 36 as revised.

Plaintiff is excused from obtaining leave even during the initial 30-day period if he gives the special notice provided in subdivision (b)(2). The required notice must state that the person to be examined is about to go out of the district where the action is pending and more than 100 miles from the place of trial, or out of the United States, or on a voyage to sea, and will be unavailable for examination unless deposed within the 30-day period. These events occur most often in maritime litigation, when seamen are transferred from one port to another or are about to go to sea. Yet, there are analogous situations in nonmaritime litigation, and although the maritime problems are more common, a rule limited to claims in the admiralty and maritime jurisdiction is not justified.

In the recent unification of the civil and admiralty rules, this problem was temporarily met through addition in Rule 26(a) of a provision that depositions de bene esse may continue to be taken as to admiralty and maritime claims within the meaning of Rule 9(h). It was recognized at the time that "a uniform rule applicable alike to what are now civil actions and suits in admiralty" was clearly preferable, but the de bene esse procedure was adopted "for the time being at least." See Advisory Committee's note in Report of the Judicial Conference: Proposed Amendments to Rules of Civil Procedure 43-44 (1966).

The changes in Rule 30(a) and the new Rule 30(b)(2) provide a formula applicable to ordinary civil as well as maritime claims. They replace the provision for depositions de bene esse. They authorize an early deposition without leave of court where the witness is about to depart and, unless his deposition is promptly taken, (1) it will be impossible or very difficult to depose him before trial or (2) his deposition can later be taken but only with substantially increased effort and expense. Cf. *S. S. Hai Chang, 1966 AMC 2239 (SD NY 1966),* in which the deposing party is required to prepay expenses and counsel fees of the other party's lawyer when the action is pending in New York and depositions are to be taken on the West Coast. Defendant is protected by a provision that the deposition cannot be used against him if he was unable through exercise of diligence to obtain counsel to represent him.

The distance of 100 miles from place of trial is derived from the de bene esse provision and also conforms to the reach of a subpoena of the trial court, as provided in Rule 45(e). See also SD NY Civ R 5(a). Some parts of the de bene esse provision are omitted from Rule 30(b)(2). Modern deposition practice adequately covers the witness who lives more than 100 miles away from place of trial. If a witness is aged or infirm, leave of court can be obtained.

*Note to Subdivision (b).* Existing Rule 30(b) on protective orders has been transferred to Rule 26(c), and existing Rule 30(a) relating to the notice of taking deposition has been transferred to this subdivision. Because new material has been added, subsection numbers have been inserted.

Subdivision (b)(1). If a subpoena duces tecum is to be served, a copy thereof or a designation of the materials to be produced must accompany the notice. Each party is thereby enabled to prepare for the deposition more effectively.

Subdivision (b)(2). This subdivision is discussed in the note to subdivision (a), to which it relates.

Subdivision (b)(3). This provision is derived from existing Rule 30(a), with a minor change of language.

Subdivision (b)(4). In order to facilitate less expensive procedures, provision is made for the recording of testimony by other than stenographic means--e.g., by mechanical, electronic, or photographic means. Because these methods give rise to problems of accuracy and trustworthiness, the party taking the deposition is required to apply for a court order. The order is to specify how the testimony is to be recorded, preserved, and filed, and it may contain whatever additional safeguards the court deems necessary.

Subdivision (b)(5). A provision is added to enable a party, through service of notice, to require another party to produce documents or things at the taking of his deposition. This may now be done as to a nonparty deponent through use of a subpoena duces tecum as authorized by Rule 45, but some courts have held that documents may be secured from a party only under Rule 34. See 2A Barron and Holtzoff, Federal Practice and Procedure § 644.1 n 83.2, § 792 n 16 (Wright ed 1961). With the elimination of "good cause" from Rule 34, the reason for this restrictive doctrine has disappeared. Cf. *NY CPLR § 3111*.

Whether production of documents or things should be obtained directly under Rule 34 or at the deposition under this rule will depend on the nature and volume of the documents or things. Both methods are made available. When the documents are few and simple, and closely related to the oral examination, ability to proceed via this rule will facilitate discovery. If the discovering party insists on examining many and complex documents at the taking of the deposition, thereby causing undue burdens on others, the latter may, under Rule 26(c) or 30(d), apply for a court order that the examining party proceed via Rule 34 alone.

Subdivision (b)(6). A new provision is added, whereby a party may name a corporation, partnership, association, or governmental agency as the deponent and designate the matters on which he requests examination, and the organization shall then name one or more of its officers, directors, or managing agents, or other persons consenting to appear and testify on its behalf with respect to matters known or reasonably available to the organization. Cf. Alberta Sup Ct R 255. The organization may designate persons other than officers, directors, and managing agents, but only with their consent. Thus, an employee or agent who has an independent or conflicting interest in the litigation--for example, in a personal injury case--can refuse to testify on behalf of the organization.

This procedure supplements the existing practice whereby the examining party designates the corporate official to be deposed. Thus, if the examining party believes that certain officials who have not testified pursuant to this subdivision have added information, he may depose them. On the other hand, a court's decision whether to issue a protective order may take account of the availability and use made of the procedures provided in this subdivision.

The new procedure should be viewed as an added facility for discovery, one which may be advantageous to both sides as well as an improvement in the deposition process. It will reduce the difficulties now encountered in determining, prior to taking of a deposition, whether a particular employee or agent is a "managing agent." See Note, Discovery Against Corporations Under the Federal Rules, 47 Iowa L Rev 1006-1016 (1962). It will curb the "bandying" by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it. Cf. *Haney v Woodward & Lothrop, Inc. 330 F2d 940, 944 (4th Cir 1964).* The provision should also assist organizations which find that an unnecessarily large number of their officers and agents are being deposed by a party uncertain of who in the organization has knowledge. Some courts have held that under the existing rules a corporation should not be burdened with choosing which person is to appear for it. E.g., *United States v Gahagan Dredging Corp. 24 FRD 328 (SD NY 1958).* This burden is not essentially different from that of answering interrogatories under Rule 33, and is in any case lighter than that of an examining party ignorant of who in the corporation has knowledge.

*Note to Subdivision (c).* A new sentence is inserted at the beginning, representing the transfer of existing Rule 26(c) to this subdivision. Another addition conforms to the new provision in subdivision (b)(4).

The present rule provides that transcription shall be carried out unless all parties waive it. In view of the many depositions taken from which nothing useful is discovered, the revised language provides that transcription is to be performed if any party requests it. The fact of the request is relevant to the exercise of the court's discretion in determining who shall pay for transcription.

Parties choosing to serve written questions rather than participate personally in an oral deposition are directed to serve their questions on the party taking the deposition, since the officer is often not identified in advance. Confidentiality is preserved, since the questions may be served in a sealed envelope.

*Note to Subdivision (d).* The assessment of expenses incurred in relation to motions made under this subdivision (d) is

made subject to the provisions of Rule 37(a). The standards for assessment of expenses are more fully set out in Rule 37(a), and these standards should apply to the essentially similar motions of this subdivision.

*Note to Subdivision (e).* The provision relating to the refusal of a witness to sign his deposition is tightened through insertion of a 30-day time period.

*Note to Subdivision (f)(1).* A provision is added which codifies in a flexible way the procedure for handling exhibits related to the deposition and at the same time assures each party that he may inspect and copy documents and things produced by a nonparty witness in response to a subpoena duces tecum. As a general rule and in the absence of agreement to the contrary or order of the court, exhibits produced without objection are to be annexed to and returned with the deposition, but a witness may substitute copies for purposes of marking and he may obtain return of the exhibits. The right of the parties to inspect exhibits for identification and to make copies is assured. Cf NY CPLR § 3116(c).

**Notes of Advisory Committee on 1971 amendments.** *Note to Subdivision (b)(6).* The subdivision permits a party to name a corporation or other form of organization as a deponent in the notice of examination and to describe in the notice the matters about which discovery is desired. The organization is then obliged to designate natural persons to testify on its behalf. The amendment clarifies the procedure to be followed if a party desires to examine a non-party organization through persons designated by the organization. Under the rules, a subpoena rather than a notice of examination is served on a non-party to compel attendance at the taking of a deposition. The amendment provides that a subpoena may name a non-party organization as the deponent and may indicate the matters about which discovery is desired. In that event, the non-party organization must respond by designating natural persons, who are then obliged to testify as to matters known or reasonably available to the organization. To insure that a non-party organization that is not represented by counsel has knowledge of its duty to designate, the amendment directs the party seeking discovery to advise of the duty in the body of the subpoena.

**Notes of Advisory Committee on 1972 amendment to Rules.** *Note to Subdivision (c).* Existing Rule 43(b), which is to be abrogated, deals with the use of leading questions, the calling, interrogation, impeachment, and scope of cross-examination of adverse parties, officers, etc. These topics are dealt with in many places in the Rules of Evidence. Moreover, many pertinent topics included in the Rules of Evidence are not mentioned in Rule 43(b), e. g. Privilege. A reference to the Rules of Evidence generally is therefore made in subdivision (c) of Rule 30.

**1975 effective date of 1972 amendment.** The amendment of this rule was embraced by the order entered by the Supreme Court of the United States on November 20, 1972, effective on the 180th day beginning after January 2, 1975; see Act Jan. 2, 1975, P.L. 93-595, § 3, 88 Stat. 1959, which appears as 28 USCS § 2071 note.

**Notes of Advisory Committee on 1980 amendments.** *Note to Subdivision (b)(4).* It has been proposed that electronic recording of depositions be authorized as a matter of course, subject to the right of a party to seek an order that a deposition be recorded by stenographic means. The Committee is not satisfied that a case has been made for a reversal of present practice. The amendment is made to encourage parties to agree to the use of electronic recording of depositions so that conflicting claims with respect to the potential of electronic recording for reducing costs of depositions can be appraised in the light of greater experience. The provision that the parties may stipulate that depositions may be recorded by other than stenographic means seems implicit in Rule 29. The amendment makes it explicit. The provision that the stipulation or order shall designate the person before whom the deposition is to be taken is added to encourage the naming of the recording technician as that person, eliminating the necessity of the presence of one whose only function is to administer the oath. See Rules 28(a) and 29.

*Note to Subdivision (b)(7).* Depositions by telephone are now authorized by Rule 29 upon stipulation of the parties. The amendment authorizes that method by order of the court. The final sentence is added to make it clear that when a deposition is taken by telephone it is taken in the district and at the place where the witness is to answer the questions rather than that where the questions are propounded.

*Note to Subdivision (f)(1).* For the reasons set out in the Note following the amendment of Rule 5(d), the court may wish to permit the parties to retain depositions unless they are to be used in the action. The amendment of the first paragraph permits the court to so order.

The amendment of the second paragraph is clarifying. The purpose of the paragraph is to permit a person who produces materials at a deposition to offer copies for marking and annexation to the deposition. Such copies are a "substitute" for the originals, which are not to be marked and which can thereafter be used or even disposed of by the person who produces them. In the light of that purpose, the former language of the paragraph had been justly termed "opaque." Wright & Miller, Federal Practice and Procedure: Civil § 2114.

**Effective date of 1980 amendments.** *Section 2 of the Order of April 29, 1980, 446 US 995, 64* L Ed 2d, xlv, -- S Ct

--, which adopted the 1980 amendments to this Rule, provided "That the foregoing amendments to the Federal Rules of Civil Procedure shall take effect on August 1, 1980, and shall govern all civil proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending.

**Notes of Advisory Committee on 1987 amendments.** The amendments are technical. No substantive change is intended.

**Notes of Advisory Committee on 1993 amendments.** *Note to Subdivision (a).* Paragraph (1) retains the first and third sentences from the former subdivision (a) without significant modification. The second and fourth sentences are relocated.

Paragraph (2) collect all provisions bearing on requirements of leave of court to take a deposition.

Paragraph (2)(A) is new. It provides a limit on the number of depositions the parties may take, absent leave of court or stipulation with the other parties. One aim of this revision is to assure judicial review under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions in a case without agreement of the other parties. A second objective is to emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case. Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2), and in some cases the ten-per-side limit should be reduced in accordance with those same principles. Consideration should ordinarily be given at the planning meeting of the parties under Rule 26(f) and at the time of a scheduling conference under Rule 16(b) as to enlargements or reductions in the number of depositions, eliminating the need for special motions.

A deposition under Rule 30(b)(6) should, for purposes of this limit, be treated as a single deposition even though more than one person may be designated to testify.

In multi-party cases, the parties on any side are expected to confer and agree as to which depositions are most needed, given the presumptive limit on the number of depositions they can take without leave of court. If these disputes cannot be amicably resolved, the court can be requested to resolve the dispute or permit additional depositions.

Paragraph (2)(B) is new. It requires leave of court if any witness is to be deposed in the action more than once. This requirement does not apply when a deposition is temporarily recessed for convenience of counsel or the deponent or to enable additional materials to be gathered before resuming the deposition. If significant travel costs would be incurred to resume the deposition, the parties should consider the feasibility of conducting the balance of the examination by telephonic means.

Paragraph (2)(C) revises the second sentence of the former subdivision (a) as to when depositions may be taken. Consistent with the changes made in Rule 26(d), providing that formal discovery ordinarily not commence until after the litigants have met and conferred as directed in revised Rule 26(f), the rule requires leave of court or agreement of the parties if a deposition is to be taken before that time (except when a witness is about to leave the country).

*Note to Subdivision (b).* The primary change in subdivision (b) is that parties will be authorized to record deposition testimony by nonstenographic means without first having to obtain permission of the court or agreement from other counsel.

Former subdivision (b)(2) is partly relocated in subdivision (a)(2)(C) of this rule. The latter two sentences of the first paragraph are deleted, in part because they are redundant to Rule 26(g) and in part because Rule 11 no longer applies to discovery requests. The second paragraph of the former subdivision (b)(2), relating to use of depositions at trial where a party was unable to obtain counsel in time for an accelerated deposition, is relocated in Rule 32.

New paragraph (2) confers on the party taking the deposition the choice of the method of recording, without the need to obtain prior court approval for one taken other than stenographically. A party choosing to record a deposition only by videotape or audiotape should understand that a transcript will be required by Rule 26(a)(3)(B) and Rule 32(c) if the deposition is later to be offered as evidence at trial or on a dispositive motion under Rule 56. Objections to the nonstenographic recording of a deposition, when warranted by the circumstances, can be presented to the court under Rule 26(c).

Paragraph (3) provides that other parties may arrange, at their own expense, for the recording of a deposition by a means (stenographic, visual, or sound) in addition to the method designated by the person noticing the deposition. The former provisions of this paragraph, relating to the court's power to change the date of a deposition, have been eliminated as redundant in view of Rule 26(c)(2).

Revised paragraph (4) requires that all depositions be recorded by an officer designated or appointed under Rule 28 and contains special provisions designed to provide basic safeguards to assure the utility and integrity of recordings taken other than stenographically.

Paragraph (7) is revised to authorize the taking of a deposition not only by telephone but also by other remote electronic means, such as satellite television, when agreed to by the parties or authorized by the court.

JOHANNA JACOB

*Note to Subdivision (c).* Minor changes are made in this subdivision to reflect those made in subdivision (b) and to complement the new provisions of subdivision (d)(1), aimed at reducing the number of interruptions during depositions.

In addition, the revision addresses a recurring problem as to whether other potential deponents can attend a deposition. Courts have disagreed, some holding that witnesses should be excluded through invocation of Rule 615 of the evidence rules, and others holding that witnesses may attend unless excluded by an order under Rule 26(c)(5). The revision provides that other witnesses are not automatically excluded from a deposition simply by the request of a party. Exclusion, however, can be ordered under Rule 26(c)(5) when appropriate; and, if exclusion is ordered, consideration should be given as to whether the excluded witnesses likewise should be precluded from reading, or being otherwise informed about, the testimony given in the earlier depositions. The revision addresses only the matter of attendance by potential deponents, and does not attempt to resolve issues concerning attendance by others, such as members of the public or press.

*Note to Subdivision (d).* The first sentence of new paragraph (1) provides that any objections during a deposition must be made concisely and in a non-argumentative and non-suggestive manner. Depositions frequently have been unduly prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond. While objections may, under the revised rule, be made during a deposition, they ordinarily should be limited to those that under Rule 32(d)(3) might be waived if not made at that time, i.e., objections on grounds that might be immediately obviated, removed, or cured, such as to the form of a question or the responsiveness of an answer. Under Rule 32(b), other objections can, even without the so-called "usual stipulation" preserving objections, be raised for the first time at trial and therefore should be kept to a minimum during a deposition.

Directions to a deponent not to answer a question can be even more disruptive than objections. The second sentence of new paragraph (1) prohibits such directions except in the three circumstances indicated: to claim a privilege or protection against disclosure (e.g., as work product), to enforce a court directive limiting the scope or length of permissible discovery, or to suspend a deposition to enable presentation of a motion under paragraph (3).

Paragraph (2) is added to this subdivision to dispel any doubts regarding the power of the court by order or local rule to establish limits on the length of depositions. The rule also explicitly authorizes the court to impose the cost resulting from obstructive tactics that unreasonably prolong a deposition on the person engaged in such obstruction. This sanction may be imposed on a non-party witness as well as a party or attorney, but is otherwise congruent with Rule 26(g).

It is anticipated that limits on the length of depositions prescribed by local rules would be presumptive only, subject to modification by the court or by agreement of the parties. Such modifications typically should be discussed by the parties in their meeting under Rule 26(f) and included in the scheduling order required by Rule 16(b). Additional time, moreover, should be allowed under the revised rule when justified under the principles stated in Rule 26(b)(2). To reduce the number of special motions, local rules should ordinarily permit--and indeed encourage--the parties to agree to additional time, as when, during the taking of a deposition, it becomes clear that some additional examination is needed.

Paragraph (3) authorizes appropriate sanctions not only when a deposition is unreasonably prolonged, but also when an attorney engages in other practices that improperly frustrate the fair examination of the deponent, such as making improper objections or giving directions not to answer prohibited by paragraph (1). In general, counsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer. The making of an excessive number of unnecessary objections may itself constitute sanctionable conduct, as may the refusal of an attorney to agree with other counsel on a fair apportionment of the time allowed for examination of a deponent or a refusal to agree to a reasonable request for some additional time to complete a deposition, when that is permitted by the local rule or order.

*Note to Subdivision (e).* Various changes are made in this subdivision to reduce problems sometimes encountered when depositions are taken stenographically. Reporters frequently have difficulties obtaining signatures--and the return of depositions--from deponents. Under the revision pre-filing review by the deponent is required only if requested before the deposition is completed. If review is requested, the deponent will be allowed 30 days to review the transcript or recording and to indicate any changes in form or substance. Signature of the deponent will be required only if review is requested and changes are made.

*Note to Subdivision (f).* Minor changes are made in this subdivision to reflect those made in subdivision (b). In courts which direct that depositions not be automatically filed, the reporter can transmit the transcript or recording to the attorney taking the deposition (or ordering the transcript or record), who then becomes custodian for the court of the original record of the deposition. Pursuant to subdivision (f)(2), as under the prior rule, any other party is entitled to secure a copy of the deposition from the officer designated to take the deposition; accordingly, unless ordered or agreed, the officer must retain a copy of the recording or the stenographic notes.

**Notes of Advisory Committee on 2000 amendments.** *Note to Subdivision (d).* Paragraph (1) has been amended to clarify

the terms regarding behavior during depositions. The references to objections "to evidence" and limitations "on evidence" have been removed to avoid disputes about what is "evidence" and whether an objection is to, or a limitation is on, discovery instead. It is intended that the rule apply to any objection to a question or other issue arising during a deposition, and to any limitation imposed by the court in connection with a deposition, which might relate to duration or other matters.

The current rule places limitations on instructions that a witness not answer only when the instruction is made by a "party." Similar limitations should apply with regard to anyone who might purport to instruct a witness not to answer a question. Accordingly, the rule is amended to apply the limitation to instructions by any person. The amendment is not intended to confer new authority on nonparties to instruct witnesses to refuse to answer deposition questions. The amendment makes it clear that, whatever the legitimacy of giving such instructions, the nonparty is subject to the same limitations as parties.

Paragraph (2) imposes a presumptive durational limitation of one day of seven hours for any deposition. The Committee has been informed that overlong depositions can result in undue costs and delays in some circumstances. This limitation contemplates that there will be reasonable breaks during the day for lunch and other reasons, and that the only time to be counted is the time occupied by the actual deposition. For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition. The presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed. The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.

Parties considering extending the time for a deposition--and courts asked to order an extension--might consider a variety of factors. For example, if the witness needs an interpreter, that may prolong the examination. If the examination will cover events occurring over a long period of time, that may justify allowing additional time. In cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them. Should the witness nevertheless not read the documents in advance, thereby prolonging the deposition, a court could consider that a reason for extending the time limit. If the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred. In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest. Similarly, should the lawyer for the witness want to examine the witness, that may require additional time. Finally, with regard to expert witnesses, there may more often be a need for additional time--even after the submission of the report required by Rule 26(a)(2)--for full exploration of the theories upon which the witness relies.

It is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court. The limitation is phrased in terms of a single day on the assumption that ordinarily a single day would be preferable to a deposition extending over multiple days; if alternative arrangements would better suit the parties, they may agree to them. It is also assumed that there will be reasonable breaks during the day. Preoccupation with timing is to be avoided.

The rule directs the court to allow additional time where consistent with Rule 26(b)(2) if needed for a fair examination of the deponent. In addition, if the deponent or another person impedes or delays the examination, the court must authorize extra time. The amendment makes clear that additional time should also be allowed where the examination is impeded by an "other circumstance," which might include a power outage, a health emergency, or other event.

In keeping with the amendment to Rule 26(b)(2), the provision added in 1993 granting authority to adopt a local rule limiting the time permitted for depositions has been removed. The court may enter a case-specific order directing shorter depositions for all depositions in a case or with regard to a specific witness. The court may also order that a deposition be taken for limited periods on several days.

Paragraph (3) includes sanctions provisions formerly included in paragraph (2). It authorizes the court to impose an appropriate sanction on any person responsible for an impediment that frustrated the fair examination of the deponent. This could include the deponent, any party, or any other person involved in the deposition. If the impediment or delay results from an "other circumstance" under paragraph (2), ordinarily no sanction would be appropriate.

Former paragraph (3) has been renumbered (4) but is otherwise unchanged.

*Note to Subdivision (f)(1).* This subdivision is amended because Rule 5(d) has been amended to direct that discovery materials, including depositions, ordinarily should not be filed. The rule already has provisions directing that the lawyer who arranged for the transcript or recording preserve the deposition. Rule 5(d) provides that, once the deposition is used in the proceeding, the attorney must file it with the court.

JOHANNA JACOB

"Shall" is replaced by "must" or "may" under the program to conform amended rules to current style conventions when there is no ambiguity.

*GAP Report.* The Advisory Committee recommends deleting the requirement in the published proposed amendments that the deponent consent to extending a deposition beyond one day, and adding an amendment to Rule 30(f)(1) to conform to the published amendment to Rule 5(d) regarding filing of depositions. It also recommends conforming the Committee Note with regard to the deponent veto, and adding material to the Note to provide direction on computation of the durational limitation on depositions, to provide examples of situations in which the parties might agree--or the court order--that a deposition be extended, and to make clear that no new authority to instruct a witness is conferred by the amendment. One minor wording improvement in the Note is also suggested.

**Notes of Advisory Committee on 2007 amendments.** The language of Rule 30 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

The right to arrange a deposition transcription should be open to any party, regardless of the means of recording and regardless of who noticed the deposition.

"[O]ther entity" is added to the list of organizations that may be named as deponent. The purpose is to ensure that the deposition process can be used to reach information known or reasonably available to an organization no matter what abstract fictive concept is used to describe the organization. Nothing is gained by wrangling over the place to fit into current rule language such entities as limited liability companies, limited partnerships, business trusts, more exotic common-law creations, or forms developed in other countries.

# Case Notes

I. IN GENERAL
1. Generally
2. Purpose
3. Construction
4. Relationship to other laws
5. Substitution for written interrogatories
6. Compelling attendance of parties and witnesses
7. Failure to attend
8. Testimony compelled
9. Miscellaneous
II. WHEN AND FROM WHOM DEPOSITIONS MAY BE TAKEN [RULE 30(a)]
A. In General
10. Generally
11. Leave of court
12. Miscellaneous
B. Timing of Deposition
13. Generally
14. After close of discovery
15. After motion for summary judgment
16. During trial
17. Pendency of state court action
18. Second deposition
19. Miscellaneous
C. Persons Who May Be Examined
20. Attorney
21. Employee
22. Expert
23. Party
24. Prisoner