# EXHIBIT 1

                                                                  1

```
 1           HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

 2           VIDEOTAPED DEPOSITION OF AHMED TEWFIK, Ph.D.

 3                         ROUGH DRAFT

 4

 5   COUNSEL FOR PLAINTIFF:

 6           GARTEISER HONEA
             RANDALL GARTEISER
 7           KIRK ANDERSON
             MOLLY JONES
 8           CHRISTOPHER HONEA
             218 North College Avenue
 9           Tyler, Texas 75702
             (888) 908-4400
10           kanderson@ghiplaw.com
             chonea@ghiplaw.com
11
     COUNSEL FOR AUDIBLE MAGIC:
12
             ORRICK, HERRINGTON & SUTCLIFFE
13           GABRIEL M. RAMSEY, ESQ.
             ALYSSA M. CARIDIS
14           The Orrick Building
             405 Howard Street
15           San Francisco, California 94105-2669
             (415) 773-5700 Fax (415) 773-5759
16           gramsey@orrick.com
             acaridis@orrick.com
17

18           REAL-TIME UNEDITED TRANSCRIPTION DISCLAIMER

19   In the Matter Styled Case No. 6:12-CV-00499-MHS

20   Blue Spike, LLC, Plaintiff, vs. Texas Instruments, Inc.,
     et al, Defendants; In the United States District Court
21   For the Eastern District of Texas.

22              The following transcript of proceedings,
     or any portion thereof, in the above-entitled matter,
23   taken on any date, is being delivered UNEDITED and
     UNCERTIFIED by the certified court reporter at the
24   request of Attorney Gabriel M. Ramsey.
                 The purchaser agrees not to disclose this
25   unedited transcription in any form (written or
     electronic) to anyone who has no connection to this
```

Highly Confidential - Attorneys' Eyes Only - Rough Draft

1  case.  This is an unofficial transcription which should NOT be relied upon for purposes of verbatim citation of
2  testimony.
           This transcription has not been checked,
3  proofread or corrected.  It is a draft transcript, NOT a certified transcript.  As such, it may contain
4  computer-generated mistranslations of stenotype code or electronic nonsensical word combinations, or
5  untranslated stenotype symbols which cannot be deciphered by non-stenotypists.
6            Corrections will be made in the preparation of the certified transcription, resulting in
7  differences in content, page and line numbers, punctuation, and formatting.
8            This unedited transcript contains no appearance page, certificate page, index, or
9  certification.

10
    Reported by Caroline Chapman, CSR No. 467
11  Videographer Taylor Willis
    Taken on June 15, 2015
12

13  **************************************************

14

15            VIDEOGRAPHER:  Here begins the Videotape

16  No. 1 in the Deposition of Dr. Ahmed Tewfik in the

17  matter of Blue Spike, LLC versus Texas Instruments,

18  Inc., Case No. 6:12-CV-00499-MHS.

19            As well as Blue Spike, LLC versus Audible

20  Magic Corporation et al, Case No. 6:12-CV-00576-MHS.

21            In the United States District Court for

22  the Eastern District of Texas, Tyler Division.

23            Today's date is June 15th, 2015.  The time

24  on the video monitor is 9:05 a.m.

25            The video operator today is Taylor Willis.

```
 1           This Video Deposition is taking place at
 2   Vinson & Elkins, 2801 Via Fortuna, Suite 100, Austin,
 3   Texas 78746.
 4           Counsel please voice identify yourselves
 5   and state whom you represent.
 6           MR. RAMSEY:  This is Gabriel Ramsey, along
 7   with Alyssa Caridis from Orrick Herrington & Sutcliffe
 8   for the Defendant Audible Magic.
 9           MR. GARTEISER:  This is Randall Garteiser,
10   and with me today is Christopher Honea, Kirk Anderson,
11   and Molly Jones on behalf of the Plaintiff Blue Spike.
12           VIDEOGRAPHER:  The court reporter today is
13   Caroline Chapman.
14           Would the reporter please swear in the
15   witness.
16                           AHMED TEWFIK,
17   having been first duly sworn, testified as follows:
18              DIRECT EXAMINATION
19   BY MR. RAMSEY:
20   Q.   Good morning, Dr. Tewfik.
21   A.   Good morning.
22   Q.   So have you been deposed before in your --
23   A.   Yes, I have.
24   Q.   How many times?
25   A.   Probably four times.
```

Highly Confidential - Attorneys' Eyes Only - Rough Draft

124

1    A.   The person cannot do this, as I understand it,
2    and I have a number of patents in my name, I could not
3    do in 2015 redefine terms that I used in a patent that
4    was filed in 1999 or '98.  If theres with an a
5    definition, I would have -- if I were using a term in a
6    way that is different from the understanding, the common
7    understanding in the technical community, I would have
8    had to define that explicit in the specifications of the
9    patent.  And I don't recall that there was a definition
10   similar to what I am seeing here in the specifications
11   of the patent.  If there is, please point it to me.
12   Q.   Do you have any reason to doubt Mr. Moskowitz's
13   technical capabilities and his understanding of his own
14   patent?
15   A.   Again, Mr. Moskowitz wrote the patent in a
16   particular way, he has particular experience, he has
17   particular training.  What he wrote may or may not
18   reflect what he had mind.  I have no way of saying that.
19   But once he has written what he wrote and once it has
20   been accepted and the patent issued and interpreted by
21   the Court, that's what I go by.
22   Q.   Uh-huh.  What Mr. Moskowitz thinks about his
23   patent simply doesn't matter to you, right?
24            MR. ANDERSON:  Objection, form.
25   A.   What matters to me is the way that the patent

Highly Confidential - Attorneys' Eyes Only - Rough Draft

```
 1   after it issued, the way that a person skilled in the
 2   art would interpret what they are reading and what the
 3   Court construction would say about the various elements
 4   of the patent.
 5        Q.   My question is, does Mr. Moskowitz's view of
 6   his patents -- at the time that he wrote them or later
 7   on matter to you a bit?
 8        A.   Again, in the sense -- if he had something in
 9   mind and what he wrote was different or was interpreted
10   or was going to be interpreted differently by others
11   unless he has provided something specific in the
12   specifications of the patent or in the claims that
13   completely aligns with his view, if his view is
14   different from how others are interpreting those, then I
15   would go with the general interpretation that a person
16   skilled in the art and the Court would provide.
17        Q.   I mean, if Mr. -- so does Mr. Moskowitz's
18   intent when he sat down and wrote and filed these
19   patents -- patents does that matter to you at all, his
20   intent in what he was trying to cover?
21             MR. ANDERSON:  Objection, form.
22        A.   I -- the -- in rendering my opinion, no, I did
23   not look at his intent.  And I could not have guessed
24   what his intent was.  And I did not speak to him about
25   his intent.
```