IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § § § § § § § § § § § § § § § § § § | |
| *Plaintiff* | | |
| v. | | |
| AUDIBLE MAGIC CORPORATION | | Civil Action No. 6:15-CV-00584-RWS-CMC |
| *Defendant* | | |
| | | |
| AUDIBLE MAGIC CORPORATION, | | |
| *Counterclaim Plaintiff* | | |
| v. | | |
| BLUE SPIKE, LLC, BLUE SPIKE, INC. and SCOTT A. MOSKOWITZ | | |
| *Counterclaim Defendants* | | |

**AUDIBLE MAGIC CORPORATION'S OBJECTIONS TO MAGISTRATE JUDGE CRAVEN'S REJECTION OF *DAUBERT* LETTER BRIEFS**

Pursuant to Fed. R. Civ. P. 72(a) and Local Rule CV-72(b), Audible Magic Corporation ("Audible Magic") respectfully requests reconsideration of Magistrate Judge Craven's Order denying Audible Magic's letter briefs requesting permission to file *Daubert* motions regarding Dr. Ahmed Tewfik's and Dr. Papakonstantinou's Expert Reports. *See* D.I. 1, Order Vacating Consolidation. Audible Magic objects to the denial of its request to file a *Daubert* motion with regards to Drs. Tewfik and Papakonstantinou for all the reasons outlined in its letter briefs and corresponding replies. *See* 12-cv-00499-RWS-CMC, D.I. 1959-1, 1960-1, 1975-1, 1976-1. Furthermore a recent order from Magistrate Judge Payne makes clear that Dr.

1

Papakonstantinou's expert opinions cannot pass muster under this Court's precedent. Accordingly, Audible Magic respectfully requests leave to file a *Daubert* motion regarding Dr. Papakonstantinou's report.

On June 11, 2014, Magistrate Judge Payne issued an order striking portions of expert opinions for the very same inadequacies that Audible Magic contends are present in Blue Spike's technical expert reports.  *See DataQuill Ltd. v. Huawei Tech. Co. Ltd. et. al.*, Case No. 13-cv-633, Dkt. 146 (June 11, 2015 J. Payne) (attached as Exhibit 1) (hereinafter "DataQuill Order"). In light of the overwhelming similarities between the expert opinions Judge Payne excluded from *DataQuill* and the expert opinions at issue here, Audible Magic objects to the denial of its letter briefs and requests reconsideration.

Specifically, Audible Magic objects to the denial of its request with respect to Dr. Papakonstantinou for two reasons: (1) Dr. Papakonstantinou failed to perform a claim-by-claim analysis when he compared the prior art to the claims of the Asserted Patents; and (2) Dr. Papakonstantinou improperly distinguished the prior art based on a single embodiment of the Asserted Patents.  Dr. Papakonstantinou only refers to the 32 asserted claims in three paragraphs in his entire section analyzing the prior art.  Instead of performing claim-by-claim analysis for each of the claims, Dr. Papakonstantinou details general conclusions about alleged "improvements" disclosed in the specification of the Asserted Patents and then provides opinions on whether those improvements are found in the prior art.  One of those alleged improvements – the use of a "NULL set" – is a particular embodiment in the specification but is not a limitation in *any* asserted claim and is not a requirement of this Court's claim constructions.  Nevertheless, Dr. Papakonstantinou "distinguishes" each prior art reference by only arguing that they do not teach or disclose the "NULL set" embodiment.

Dr. Konchitsky, an expert whose opinions were at issue in *DataQuill*, provided these **exact** same types of opinions in his report—opinions that broadly generalized the patents to a single embodiment and failed to perform claim-by-claim analysis:

> Plaintiff argues Dr. Konchitsky's Overview section improperly characterizes the patented invention by trying to limit the invention to a particular embodiment and then comparing the accused products to that particular embodiment. Specifically, Plaintiff argues Dr. Konchitsky's report sets forth a broad non-infringement argument based on an overview of the DataQuill's patents. For example, Plaintiff accuses Dr. Konchitsky of comparing particular embodiments of the patent to the accused products, rather than comparing the claim language itself.

DataQuill Order at 3.  Magistrate Judge Payne excluded these opinions, because Dr. Konchitsky limited the Asserted Patents to a particular embodiment and failed to perform claim-by-claim analysis:

> Although Dr. Konchitsky is permitted to provide a summary and overview of the patents-in-suit and how the patents-in-suit relate to the accused products, Dr. Konchitsky **is not permitted to confuse or mislead the jury by rendering comparisons of particular embodiments (such as, exemplary figures) to the accused products** throughout his non-infringement analysis.  Nor is Dr. permitted to render conclusions regarding the scope of the patents-in-suit or particular claim limitations that deviate from this Court's Claim Construction Memorandum and Order.

*Id.* at 3-4 (emphasis added).  Similarly, Dr. Papakonstantinou should not be permitted to confuse or mislead the jury by rendering comparisons of particular embodiments to the prior art.

Because a Court in this District recently excluded expert opinions which used the exact same methodology applied by Dr. Papakonstantinou, Audible Magic respectfully objects to Magistrate Craven's order denying Audible Magic's request to file a *Daubert* motion.  *See also* 12-cv-00499-RWS-CMC, D.I. 1959-1 & 1976-1. In addition, Audible Magic, for all the reasons outlined in its letter brief and reply, respectfully objects to the Court's order denying its request to file a *Daubert* motion regarding Dr. Tewfik.  *See* 12-cv-00499-RWS-CMC, D.I. 1960-1 & 1975-1.

3

Dated:  July 8, 2015

By:

*/s/ Eric H. Findlay*
Eric H. Findlay (Texas Bar No. 00789886)
Walter W. Lackey, Jr. (Texas Bar No. 24050901)
FINDLAY CRAFT, P.C.
102 N. College Ave, Suite 900
Tyler, TX 75702
Telephone:  (903) 534-1100
Facsimile:   (903) 534-1137
efindlay@findlaycraft.com
wlackey@findlaycraft.com

I. Neel Chatterjee
Gabriel M. Ramsey – *LEAD ATTORNEY*
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:  (650) 614-7400
Facsimile:  (650) 614-7401
gramsey@orrick.com
nchatterjee@orrick.com

Alyssa M. Caridis
ORRICK, HERRINGTON & SUTCLIFFE, LLP
777 S. Figueroa St.
Suite 3200
Los Angeles, CA 90017
Telephone:  (213) 629-2020
Facsimile:  (213) 612-2499
acaridis@orrick.com

Christopher J. Higgins
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1152 15th Street, N.W.
Washington, DC 20005-1706
Telephone:  (202) 339-8400
Facsimile:  (202) 339-8500
chiggins@orrick.com

Attorneys for Defendant Audible Magic, Corp.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served electronically on opposing counsel pursuant to Local Rule CV-5(a)(7)(C) on July 8, 2015.

*/s/ Eric H. Findlay*
Eric H. Findlay
