# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATAQUILL LIMITED,<br><br>  Plaintiff,<br><br>v.<br><br>HUAWEI TECHNOLOGIES CO LTD ET AL. | § 2:13-CV-633<br>§ LEAD CASE<br>§<br>§<br>§<br>§<br>§<br>§ |
| ZTE CORPORATION ET AL. | § 2:13-CV-634 |

## ORDER

Currently before the Court is Plaintiff DataQuill Limited's ("DataQuill") Motion to Strike Portions of the Expert Reports of Dr. Alon Konchitsky and Dr. Jeffery Stec (Dkt. No. 115, "Motion to Exclude").

## APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("[T]he trial judge must have considerable leeway in deciding in a particular case how to go

about determining whether particular expert testimony is reliable."). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391–92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under *Daubert*] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," *quoting* FED. R. EVID. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## DISCUSSION

In its Motion to Exclude, Plaintiff DataQuill sets forth three grounds[1] for which to exclude the testimony of Dr. Alon Konchitsky ("Dr. Konchitsky") and Dr. Jeffery Stec ("Dr. Stec").

First, Plaintiff argues Dr. Konchitsky's Overview section improperly characterizes the patented invention by trying to limit the invention to a particular embodiment and then comparing the accused products to that particular embodiment. (Mot. at 1–2.) Specifically, Plaintiff argues Dr. Konchitsky's report sets forth a broad non-infringement argument based on an overview of the DataQuill's patents. (*Id*. at 2–3.) For example, Plaintiff accuses Dr. Konchitsky of comparing particular embodiments of the patent to the accused products, rather than comparing the claim language itself. (*Id*. at 3.) Moreover, Plaintiff argues Dr. Konchitsky renders improper conclusions by arguing, for example, the devices described in the '304 Patent cannot cover certain devices. (*See, e.g., id*.) ("No person of ordinary skill in the art at the time of the invention would consider describing the device described in the disclosure of the '304 patent as a telephone, much less a smartphone.").

Although Dr. Konchitsky is permitted to provide a summary and overview of the patents-in-suit and how the patents-in-suit relate to the accused products, Dr. Konchitsky is not permitted to confuse or mislead the jury by rendering comparisons of particular embodiments (such as, exemplary figures) to the accused products throughout his non-infringement analysis. Nor is Dr. Konchitsky permitted to render conclusions regarding the scope of the patents-in-suit or

---

[1] DataQuill's Motion to Exclude sets forth two additional grounds relating to issues of claim construction. (*See, e.g.*, Mot. at 5) (regarding the proper construction for the term, "a controller"); (*id*. at 7) (regarding the proper construction for the phrase, "telephonic transmission of information relating to a selected item or items from storage to a remote processing center"). The Court will address DataQuill's arguments relating to these claim construction issues in a separate order and, thus, it will not repeat its positions here.

3

particular claim limitations that deviate from this Court's Claim Construction Memorandum and Order. (Dkt. No. 105.) Accordingly, Dr. Konchitsky is hereby excluded from providing any non-infringement opinions that violate these constraints.

Second, Plaintiff argues a particular prior art reference (the "Titus EO Application") should be stricken from Dr. Konchitsky's report. (Mot at 9.) Specifically, Plaintiff argues although Defendant timely disclosed the Titus EO Application in its invalidity contentions, such disclosure was limited to a prior art date of April 1994. (*Id*.) Plaintiff contends Dr. Konchitsky relies on two references not cited in Defendant's invalidity contentions that move the Titus EO Application prior art date back to May 1993. (*Id*.) Plaintiff concludes, because these references were not originally disclosed in Defendant's invalidity contentions, it would be unfairly prejudiced should Defendant be permitted to rely on the earlier date. That is, Plaintiff argues it did not have adequate notice that the Titus EO Application would qualify as prior art as of May 1993. (*Id*. at 9–10.)

Defendant argues the newly discovered references merely relate to the date the Titus EO Application is available as prior art and documents supporting this May 1993 were disclosed to Plaintiff prior to the close of fact discovery. (Opp. at 10.) Plaintiff does not dispute this fact. (Reply at 5.) Rather, Plaintiff argues prejudice arises because it "no longer has the opportunity to evaluate whether the Titus EO Application was in public use in May 1993" and "it had no reason to investigate whether the Titus EO Application was in public use in May 1993" based on Defendant's invalidity contentions. (*Id*. at 4–5.)

Evaluating the parties' arguments, the Court concludes that Defendant failed to provide sufficient notice of Titus EO Application's May 1993 prior art date in its invalidity contentions. Accordingly, any references to this date in Dr. Konchitsky's analysis must be excluded. This

4

Court's Local Patent Rules require that invalidity contentions include, *inter alia*, the relevant date particular prior art was offered for sale or publicly used or known. P.R. 3.3(a). Defendant knew of the relevant priority date prior to the close of fact discovery yet made no effort to amend its invalidity contentions. Because Plaintiff is entitled to rely on the dates disclosed in Defendant's invalidity contentions when preparing its defense, Defendant's contentions did not provide Plaintiff with adequate opportunity to prepare its defense in light of this omission. Accordingly, Plaintiff's requested relief on this ground is granted as to exclude any references to the availability of the Titus EO Application prior to April 1994.

Third and finally, Plaintiff argues Dr. Stec should be excluded from testifying as to non-infringing alternatives. (Mot. at 11.) Specifically, Plaintiff argues in his rebuttal report, "Dr. Stec presents for the first time several new alleged non-infringing alternatives that were never previously mentioned by ZTE." (*Id*.) Plaintiff continues, citing to an interrogatory response and 30(b)(6) deposition testimony bereft of any reference to non-infringing alternatives. (*See, e.g., id.*) ("Instead of identifying any such alternatives, ZTE simply responded [in its interrogatory response] that the accused products themselves were non-infringing."); (*id*. at 12) ("DataQuill asked Mr. Ma whether there were any noninfringing alternatives, and he gave a similar response as ZTE's interrogatory.") Defendant argues it "has not and will not offer any damages testimony based on non-infringing alternatives, and the only purpose for Dr. Stec's comments is criticism about the reliability of Dr. Wecker's survey." (Opp. at 14) (citations omitted).

The Court finds that for the purposes of its damages theory, Defendant did not adequately disclose non-infringing alternatives to be considered in that analysis. Therefore, Dr. Stec is not permitted to opine on non-infringing alternatives, nor is Ms. Schenk—Defendant's damages expert—permitted to testify as to how a damage theory would be affected based on non-

infringing alternatives. This exclusion, however, shall not prohibit Dr. Stec from providing his general criticisms regarding the reliability of Dr. Wecker's survey and his conclusions. Defendant is cautioned, however, that any efforts to elicit testimony from Dr. Stec or Ms. Schenk regarding the potential effects of how much a customer would be willing to pay for the alleged infringing feature in light of free or discounted alternatives would necessarily implicate theories of non-infringing alternatives. Any such implications would be considered a direct violation of this Order. Accordingly, Plaintiff's Motion to Exclude is granted as testimony relating to non-infringing alternatives as set forth above.

## CONCLUSION

Having considered all of Plaintiff's objections, Plaintiff's Motion to Strike Portions of the Expert Reports of Dr. Alon Konchitsky and Dr. Jeffery Stec (Dkt. No. 115) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Specifically, Plaintiff's Motion to Exclude is granted as it relates to non-infringement theories, the May 1993 prior art date of the Titus EO Application reference, and non-infringing alternatives as specifically set forth above, and denied as to all other grounds.

SIGNED this 11th day of June, 2015.

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE