UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff*, | § § | Case No. 6:15-cv-584 |
| v. | § § | Lead Case |
| Audible Magic Corporation, | § § | Jury Trial Demanded |
| *Defendant*. | § § § | |

**BLUE SPIKE'S OPPOSITION TO AUDIBLE MAGIC'S MOTION FOR RECONSIDERATION AND OBJECTIONS TO MAGISTRATE JUDGE CRAVEN'S REJECTION OF *DAUBERT* LETTER BRIEFS**

Audible Magic Corp. ("Audible Magic") has not stated any legal basis for reconsideration. Its motion for reconsideration and objection to Magistrate Judge Craven's rejection of its *Daubert* letter briefs ("Motion," Dkt. No. 30) tacitly admits that it disagrees with the Court's order and the Court's exercise of discretion, but Audible Magic fails to cite any newly discovered facts, clear error or change in the law that would even in the most favorable of circumstances warrant the application of this extraordinary relief.[1]

---

[1] In fact, Audible Magic makes no argument at all regarding the Court's denial of Audible Magic's request to file a *Daubert* motion regarding Dr. Tewfik's expert opinion. Audible Magic states only that, "it objects . . . for all the reasons outlined in its letter briefs and corresponding replies." This conclusory objection cannot be said to have "'shown that the magistrate judge's order is clearly erroneous or contrary to law'" as required by 28 U.S.C. § 636(b)(1)(A). *SciCo Tec GmbH v. Boston Sci. Corp.*, 599 F. Supp. 2d 741, 743 (E.D. Tex. 2009) ("[The movant's] bare assertions do not set out any basis for the objections as required by the Local Rules for cases under §636(b)(1) subsections A and B. Rather they appear to be an attempt to lard the record with a wide variety of potential points of error from which the best, as determined by future development of the case, may be chosen and briefed at the Court of Appeals in the event of an adverse judgment."). Audible Magic's bare assertions do not even rise to the level of conclusory objections previously found insufficient to grant a motion for

1

"[T]he Court's orders are not to be viewed as 'mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Texas Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994 (E.D. Tex. 1993) (citing *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). Federal law affords a Magistrate Judge broad discretion in the resolution of non-dispositive pretrial matters. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The court may modify or set aside a Magistrate Judge's order only if it is clearly erroneous or contrary to law. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). A finding is "clearly erroneous" if although there is evidence to support the finding, the reviewing court on the complete evidence is "left with the *definite and firm conviction* that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (emphasis added).

Audible Magic's motion is simply a reiteration of its previous arguments, which Magistrate Judge Craven considered with the benefit of full briefing by the parties and rejected when it ordered that Audible Magic's letter briefs requesting permission to file *Daubert* motions be denied. Indeed, Audible Magic objects to this denial "for all the reasons outlined in its letter brief and reply" without even attempting to argue that the adverse result to Audible Magic is clearly contrary to law. (Dkt. No. 30 at 3.) The Motion for Reconsideration should be denied because Audible Magic has not presented any argument that warrant the Court conduct de novo review of its request to file *Daubert* motions vis-à-vis Drs. Papakonstantinou and Tewfik.

---

reconsideration. For these reasons, the Court should deny Audible Magic's request for reconsideration as to Dr. Tewfik's report and opinion.

2

Audible Magic's sole basis for seeking reconsideration of the Court's denial of their request to file a *Daubert* motion against Dr. Papakonstantinou is that Magistrate Judge Payne's opinion in *DataQuill* "makes clear that Dr. Papakonstantinou's expert opinions cannot pass muster under this Court's precedent." The reason for its disagreement is principally that because the methodology used by a non-infringement expert is "the exact same methodology applied by Dr. Papakonstantinou," and Judge Payne excluded the those opinions, a similar result should follow here. However, that case is distinguishable for the simple reason that the expert disqualified in that case was opining on non-infringement and not validity as Dr. Papakonstantinou was tasked with here. These inquiries are necessarily separate and distinct and therefore require different methodologies.

To the extent that Audible Magic contends that any of its arguments are new, these cannot be newly considered because they should have been raised in the original briefings.[2] In reality, none of the arguments are new; they are simply restated arguments from the briefing the Court considered and rejected in denying Audible Magic's letter briefs as to Drs. Papakonstantinou and Tewfik. *See, e.g.*, Case No. 12-cv-499, Dkt. No. 1959-1 at 1, Letter Brief Requesting Leave to File *Daubert* Motion Regarding Dr. Papakonstantinou ("The Papakonstantinou Report . . . does not analyze the prior art as compared to the *claims* of the asserted patents."). It is axiomatic in not only this Court but also the Fifth Circuit that a motion for reconsideration is not a proper vehicle for "rehash[ing] rejected arguments" or advancing legal theories that could have been

---

[2] Indeed, the case Audible Magic relies on here, *DataQuill Ltd. v. Huawei Tech. Co. Ltd. et al.*, Case No. 13-cv-633, Dkt. No. 146, was decided on June 11, 2015, before Audible Magic's reply brief was due on June 15, 2015 and well before the Court's order issued.

3

presented earlier. *LeClerc v. Webb*, 419 F.3d 405, 412 & n.13 (5th Cir. 2005); *see also Helena Laboratories Corp. v. Alpha Scientific Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) ("It is well settled that motions for reconsideration should not be used to raise new arguments that could, and should, have been made before entry of judgment or to re-urge matters that have already been advanced by a party."). Audible Magic's motion is simply an attempt to continue to argue once the matter has been decided.

Audible Magic's does not purport to raise a single new issue, has uncovered no new evidence, and makes only a cursory attempt to recast its prior letter brief arguments. This Court has already expended considerable resources in resolving Audible Magic's multiple letter brief requests to file *Daubert* motions against all of Blue Spike's experts. By urging the same arguments here, Audible Magic implores the Court repeat the exact same task in order to obtain a favorable result, but motions for reconsideration "may not be used to relitigate issues that were resolved to the movant's dissatisfaction." *Ott v. Dretke*, 2005 WL 3077697, *1 (N.D. Tex. 2005) (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989)). This is a waste of both the Court's and the litigants' resources. *See Wolf Designs v. Donald McEvoy Ltd., Inc.*, 2005 WL 827076, at *1 (N.D. Tex. 2005) ("[a] motion for reconsideration based on recycled arguments serves only to waste the court's resources"). Blue Spike's responses set forth previously on the issues are sufficient to address Audible Magic's regurgitated prior briefing, and Blue Spike incorporates them by reference here.

**Conclusion**

As Audible Magic has not met its burden under the test for reconsideration, Blue Spike, LLC respectfully requests the Court to DENY Audible Magic's Motion for Reconsideration.

Respectfully submitted,

  /s/ Randall Garteiser
Randall T. Garteiser
 Lead Attorney
 Texas Bar No. 24038912
 rgarteiser@ghiplaw.com
Christopher A. Honea
 Texas Bar No. 24059967
 chonea@ghiplaw.com
Christopher S. Johns
 Texas Bar No. 24044849
Kirk J. Anderson
 California Bar No. 289043
Molly A. Jones
 California Bar No. 301419
GARTEISER HONEA, P.C.
119 W. Ferguson Street
Tyler, Texas 75702
(903) 705-7420
(888) 908-4400 fax

*Attorneys for Blue Spike, LLC*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

                                                    /s/ Randall Garteiser
                                                    Randall T. Garteiser