IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>AUDIBLE MAGIC CORPORATION<br><br>*Defendant*<br><br>―――――――――――――<br><br>AUDIBLE MAGIC CORPORATION,<br><br>*Counterclaim Plaintiff*<br><br>v.<br><br>BLUE SPIKE, LLC, BLUE SPIKE, INC. and SCOTT A. MOSKOWITZ<br><br>*Counterclaim Defendants* | Civil Action No. 6:15-CV-00584-RWS-CMC |

**AUDIBLE MAGIC CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION AND OBJECTIONS TO MAGISTRATE JUDGE CRAVEN'S REJECTION OF *DAUBERT* LETTER BRIEFS**

Blue Spike opposes Audible Magic's objections for two reasons.  First Blue Spike falsely claims Audible Magic has not stated a legal basis for reconsideration.  D.I. 32, 1.  Second, Blue Spike weakly (and unsuccessfully) attempts to distinguish the very legal basis it claims Audible Magic did not point to (Judge Payne's opinion in *DataQuill*) by implying that analysis of validity and infringement have no relation to each other.  D.I. 32, 3.  Both of Blue Spike's arguments fail.

As Blue Spike points out in its opposition, the Court "may reconsider any pretrial matter … where it has been shown that the magistrate's order is … contrary to law." *Castillo v. Frank*, 70 F.3d 382, n.6 (5th Cir. Tex. 1995); D.I. 32, 2.  In its objections, Audible Magic described in

great detail why Magistrate Judge Craven's ruling is contrary to the law in this District as evidenced by Magistrate Judge Payne's June 11, 2014 order.  D.I. 30, 1-3.  Because the expert opinions at issue in the *DataQuill* Order and Dr. Papakonstantinou's opinions are based on the same flawed methodology, it would be contrary to law to permit a different outcome in this case.[1]  Blue Spike's assertion that Audible Magic did not state "any legal basis for reconsideration" is therefore without basis.

Blue Spike unsuccessfully attempts to distinguish the *DataQuill* Order by claiming it is distinguishable "for the simple reason that the expert disqualified in that case was opining on non-infringement and not validity."  D.I. 32, 3.  As this Court is no doubt aware, analysis regarding validity and infringement are two sides of a single coin.  Both inquiries require a claim-by-claim analysis comparing <u>claim elements</u> (not preferred embodiments) to the accused product or prior art reference.  The close relationship between validity and infringement analysis is evident from this Court's own local rules, which require the *same* claim-by-claim analysis for *both* invalidity and infringement contentions.  *Compare* L.R. 3-3(c) ("A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found") *with* L.R. 3-1(c) ("A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality").  Blue Spike's attempt to distinguish *DataQuill* in this manner is completely divorced from the canons of patent law and realities of patent litigation.

As Audible Magic explained in its objection, Dr. Papakonstantinou failed to perform a claim-by-claim analysis when rendering opinions on the validity of the Blue Spike patents and attempted to distinguish prior art by comparing it to a single embodiment in the specification.

---

[1] Note that through these objections, Audible Magic is only seeking *permission* to file a Daubert challenge.  Of course, the ultimate issue of whether Dr. Papakonstantinou's opinions should be permitted will only be decided after full briefing.

D.I. 30, 2. Because such methodology has been found insufficient to support an expert's opinions in this District, Audible Magic respectfully requests reconsideration of Magistrate Judge Craven's Order.

Dated: August 7, 2015

By:

    */s/ Eric H. Findlay*
Eric H. Findlay (Texas Bar No. 00789886)
Walter W. Lackey, Jr. (Texas Bar No. 24050901)
FINDLAY CRAFT, P.C.
102 N. College Ave, Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
efindlay@findlaycraft.com
wlackey@findlaycraft.com

I. Neel Chatterjee
Gabriel M. Ramsey – *LEAD ATTORNEY*
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401
gramsey@orrick.com
nchatterjee@orrick.com

Alyssa M. Caridis
ORRICK, HERRINGTON & SUTCLIFFE, LLP
777 S. Figueroa St.
Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020
Facsimile: (213) 612-2499
acaridis@orrick.com

Christopher J. Higgins
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1152 15th Street, N.W.
Washington, DC 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
chiggins@orrick.com

Attorneys for Defendant Audible Magic, Corp.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served electronically on opposing counsel pursuant to Local Rule CV-5(a)(7)(C) on August 7, 2015.

                                                */s/ Eric H. Findlay*
                                                Eric H. Findlay