UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff,* | § § | Case No. 6:15-cv-584 |
| v. | § § | Lead Case |
| Audible Magic Corporation, | § § § | Jury Trial Demanded |
| *Defendant.* | § § | |

**BLUE SPIKE'S SURREPLY IN OPPOSITION TO AUDIBLE MAGIC'S MOTION FOR RECONSIDERATION AND OBJECTIONS TO MAGISTRATE JUDGE CRAVEN'S REJECTION OF *DAUBERT* LETTER BRIEFS[1,2]**

Audible Magic has not stated a legal basis for reconsideration that passes muster under the well-established standard for reconsideration: (1) there has been no change in controlling authority, and the Court's denial of their letter brief is *not* contrary to law because (2) *DataQuill* is highly distinguishable – although "validity and infringement are two sides of a single coin," the level of rigor for an infringement analysis is decidedly distinct from an invalidity analysis. Further, the record is replete with references to individual claims and elements thereof, and Dr. Papakonstantinou clarified for Audible Magic's benefit his methodology in sworn testimony on July 8, 2015. Audible Magic's latest motion is little more than a wasteful attempt to re-litigate issues

---

[1] Audible Magic's August 7, 2015 reply is untimely. Blue Spike's opposition was timely filed on July 27, 2015, making Audible Magic's reply due August 6, 2015. *See* L.R. CV-7(f).

[2] Audible Magic has made zero argument in either its original motion or its reply that its letter brief seeking leave to file a *Daubert* motion against Dr. Tewfik should have been granted. As it has failed to even attempt to meet the standard for reconsideration, its motion should be denied as to Dr. Tewfik's report and testimony.

1

resolved to their dissatisfaction.³ Therefore, its motion for reconsideration as to Dr. Papakonstantinou's report and testimony should be denied.⁴

Audible Magic offers a faulty argument that because the local rules require a claim-by-claim analysis in the parties' infringement and invalidity contentions, somehow expert opinions on infringement and validity necessarily must follow suit. This argument misses the point because the parties' obligations at the outset of the case are not at issue here. Audible Magic's argument ignores that infringement and invalidity contentions provide notice at the outset of a case, which is distinctly different than the expert reports' function of aiding a fact finder. Audible Magic incorrectly assumes that an approach that is appropriate to ensure fair notice is necessarily appropriate when determining the reliability of evidence. Indeed, there can be no question that an expert's opinions regarding infringement and validity are subject to different approaches and standards. Thus, the analysis is subtler than Audible Magic admits here.

Additionally, *DataQuill* is distinguishable because it pertains to non-infringement reports, not invalidity reports. Under 35 U.S.C. § 102, a claim will be anticipated and therefore invalid if a single prior art reference describes "each and every claim limitation." *Quoting Am. Calcar, Inc. v. Am. Honda Motor Corp.*, 651 F.3d 1318, 1341 (Fed. Cir. 2011). Accordingly, an asserted patent claim would survive an

---

³ *See Allergan, Inc. v. Sandoz Inc., et al.*, Case No. 6:11-cv-411, Dkt. No. 411, at 1 (E.D. Tex. Jan. 14, 2014), Judge Schneider ("District Court opinions are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure.").
⁴ Curiously, at the same time Audible Magic seeks to exclude Dr. Papakonstantinou's report and testimony, it has apparently found utility in citing to Dr. Papakonstantinou's recent deposition testimony in support of its motion for summary judgment on non-infringement. *See* Dkt. No. 37. It is fundamentally unfair for Audible Magic to burden the Court and Blue Spike with a *Daubert* motion at the same time it seeks to avail itself of the testimony it seeks to exclude.

invalidity challenge by showing that a *single* claim limitation is missing from the prior art. By contrast, the "all elements rule" of patent infringement dictates that if in comparing an accused product to the asserted claims, *any* element is not satisfied then there is no infringement. Therefore, to rebut an infringement challenge, a non-infringement expert like the one in *DataQuill* necessarily must evaluate *every* claim element – a failure to consider all of the claim elements would not resolve a fact for the jury and therefore may be properly deemed inadmissible. Thus, failure to conduct a claim-by-claim analysis, while most likely fatal in a non-infringement context, will not be fatal to a validity determination. *See*, *Johnston v. IVAC Corp.*, 885 F.2d 1574, 1577 n.3 (Fed. Cir. 1989). Audible Magic's theory to the contrary is not borne out by controlling legal authority or the "canons of patent law and realities of patent litigation" it claims Blue Spike has failed to abide. Indeed, it is Audible Magic's analysis that is divorced from the realities of the issues that ultimately will be presented to a jury.

To reach a conclusion regarding Audible Magic's anticipation invalidity challenge, Dr. Papakonstantinou needed only identify a chink in Audible Magic's alleged prior-art armor. Dr. Papakonstantinou determined that claim elements essential to the claims of the asserted prior art were absent from the Blue Spike inventions and dispensed with the analysis on that basis. That he considered the claims individually is confirmed by his deposition testimony:

> Q. Okay. So I just want to make sure I understand.
> It sounds to me like you're comparing the Muscle Fish prior art, all the prior art, to the Blue Spike patents as a whole, sort of the overarching invention, including the specification and the claim?
>
> MR. GARTEISER: Objection. Form.

3

> THE WITNESS: So there's multiple inventions. Okay? And, of course, I have looked at each one of them *individually*.
> And for each one of them, yes, there is terms that you are using "the abstract," the – "the match," the term being used in the claims, they are being used in the specification. But when it comes to the – to the – to the claims, these – these terms obtain their meaning there, . . . – and I see there as – in the context of the invention.
>
> . . .
>
> Q. Okay. So – but it sounds to me like you just said that you're comparing the prior art systems and publications to the Blue Spike patents as a whole, including the specification.
>
> A. I didn't say this.
>
> MR. GARTEISER: Objection. Form.
>
> THE WITNESS: That, actually, you said yourself just now.

Papakonstantinou Deposition Transcript, Ex. 1, at 76:11-77:5, 77:18-25 (emphasis added). Dr. Papakonstantinou's methodology is sound in light of the facts and the requirements of the law, and any suggestion that he needed to consider claim elements superfluous to his analysis is little more than an attempt to call into question his conclusions. As the Court is aware, this is not a proper basis for challenging an expert's opinion. Dr. Papakonstantinou has provided relevant testimony useful to the fact finder. Therefore, Audible Magic's renewed attempt to file a *Daubert* brief against Dr. Papakonstantinou should be denied.

In light of the above clarifications to Audible Magic's mischaracterization of the report and facts, the Court cannot be "left with the *definite and firm conviction* that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (emphasis added). Therefore, given that its recitation of facts is misconstrued and its cited legal authority is inapposite, Blue Spike

renews its objection that Audible Magic has not stated any valid legal basis for reconsideration and respectfully requests that Audible Magic's motion be denied.

To the extent Audible Magic's argument relies on the fact that it is merely seeking an opportunity to file a *Daubert* motion against Dr. Papakonstantinou's report, doing so would be a further waste of judicial and client resources where the Court has already fulfilled its gatekeeping responsibility. Dr. Papakonstantinou's report is sufficiently reliable as shown above and as determined by Magistrate Judge Craven; any alleged shortcomings could be covered in cross-examination. Dr. Papakonstantinou's report is not the kind of opinion that is so "fundamentally unsupported, [that] it offers no expert assistance to the jury." *Edmonds v. Illinois Cent. Golf. R. Co.*, 910 F.2d 1284, 1287 (5th Cir. 1990) (internal citation omitted). Rather, it sufficiently concludes that the prior art cannot anticipate the asserted claims of the Patents-in-Suit, since essential claim elements common to all of the asserted claims are missing. That Audible Magic disagrees is the primary and inappropriate motivation behind the present motion.[5]

### Conclusion

As Audible Magic's sole argument for reconsideration is based on case law not relevant to Dr. Papakonstantinou's validity analysis, Audible Magic has not provided the Court any supportable legal basis for reconsideration. Therefore, Blue Spike respectfully requests the Court to DENY Audible Magic's Motion for Reconsideration.

---

[5] *See Allergan v. Sandoz*, Case No. 6:11-cv-411, Dkt. No. 305 at 1 ("Mere disagreement with a district court's order does not warrant reconsideration of that order.")

Respectfully submitted,

  /s/ Randall Garteiser
Randall T. Garteiser
 Lead Attorney
 Texas Bar No. 24038912
 rgarteiser@ghiplaw.com
Christopher A. Honea
 Texas Bar No. 24059967
 chonea@ghiplaw.com
Christopher S. Johns
 Texas Bar No. 24044849
Kirk J. Anderson
 California Bar No. 289043
Molly A. Jones
 California Bar No. 301419
GARTEISER HONEA, P.C.
119 W. Ferguson Street
Tyler, Texas 75702
(903) 705-7420
(888) 908-4400 fax

*Attorneys for Blue Spike, LLC*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

                                                                          /s/ Randall Garteiser
                                                                         Randall T. Garteiser