# EXHIBIT 1

# In The Matter Of:

*BLUE SPIKE, LLC*
*v.*
*AUDIBLE MAGIC CORPORATION*

_____

*YANNIS PAPAKONSTANTINOU, PH.D. - Vol. 1*

*July 8, 2015*

_____

## *HIGHLY CONFIDENTIAL*
## *OUTSIDE COUNSEL EYES ONLY*



**DTI Court Reporting Solutions**

27 Maiden Lane, Suite 300, San Francisco, CA 94108
Phone: 415.357.4300 - Fax: 415.357.4301

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

TYLER DIVISION


BLUE SPIKE, LLC                          )
                                         )
          Plaintiff                      )
                                         ) Case No.
     v.                                  ) 6:15-cv-584-RWS-CMC
                                         )
AUDIBLE MAGIC CORPORATION                )
                                         )
          Defendants.                    )



HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY


VIDEOTAPED DEPOSITION OF:

               YANNIS PAPAKONSTANTINOU, PH.D.

               WEDNESDAY, JULY 8, 2015

               9:15 A.M.



Reported by:  PAULA A. PYBURN
              CSR 7304, RPR, CLR   (SF-043371)

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY
YANNIS PAPAKONSTANTINOU, PH.D. - 7/8/2015

```
 1              Videotaped deposition OF YANNIS

 2    PAPAKONSTANTINOU, PH.D., the witness, taken on

 3    behalf of DEFENDANTS, on Wednesday, July 8, 2015,

 4    9:15 a.m., at 9191 Towne Centre Drive, 6th Floor,

 5    San Diego, California, before PAULA A. PYBURN,

 6    CSR 7304, RPR, CLR.

 7

 8

 9    APPEARANCES OF COUNSEL:

10

11    FOR PLAINTIFF BLUE SPIKE, LLC:

12         GARTEISER HONEA

13         BY:  RANDALL GARTEISER, ESQ.

14         BY:  MOLLY A. JONES, ESQ.

15         44 North San Pedro Road

16         San Rafael, California 94903

17         (415) 785-3762

18         rgarteiser@ghiplaw.com

19         mjones@ghiplaw.com

20

21

22

23

24

25
```

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY
YANNIS PAPAKONSTANTINOU, PH.D. – 7/8/2015

Page 3

```
 1    APPEARANCES:  (CONTINUED)

 2

 3    FOR DEFENDANT AUDIBLE MAGIC CORPORATION:

 4        ORRICK, HERRINGTON & SUTCLIFFE LLP

 5        BY:  GABRIEL M. RAMSEY, ESQ.

 6        The Orrick Building

 7        405 Howard Street

 8        San Francisco, California 94105-2669

 9        (415) 773-5535

10        gramsey@orrick.com

11

12        ORRICK, HERRINGTON & SUTCLIFFE LLP

13        BY:  ALYSSA M. CARIDIS, ESQ.

14        777 South Figueroa Street, Suite 3200

15        Los Angeles, California 90017-5855

16        (213) 612-2372

17        acaridis@orrick.com

18

19    ALSO PRESENT:

20        Laura Verhees, Video Technician

21

22

23

24

25
```

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY
YANNIS PAPAKONSTANTINOU, PH.D. – 7/8/2015

Page 4

```
 1                    I N D E X

 2

 3   WITNESS              EXAMINATION              PAGE

 4   YANNIS PAPAKONSTANTINOU, PH.D.

 5                    (BY MR. RAMSEY)               7

 6                    (BY MR. GARTEISER)          232

 7

 8

 9                  E X H I B I T S

10   NO.         PAGE  DESCRIPTION

11   Exhibit 101   9   Technical Expert Report of
                       Yannis Papakonstantinou,
12                     Ph.D.

13   Exhibit 102  18   Exhibit B.  List of Materials
                       Considered
14
     Exhibit 103  40   Claim Construction Order of
15                     Blue Spike Patents

16   Exhibit 104  49   U.S. Patent 7,346,472

17   Exhibit 105  50   U.S. Patent 7,660,700

18   Exhibit 106  50   U.S. Patent 8,214,175

19   Exhibit 107  50   U.S. Patent 7,949,494

20   Exhibit 108  98   Excerpts from Deposition of
                       Dr. Erling Wold
21

22

23

24

25
```

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY
YANNIS PAPAKONSTANTINOU, PH.D. – 7/8/2015

Page 5

```
 1    UNANSWERED QUESTIONS

 2                         (None)

 3

 4

 5    INFORMATION REQUESTED

 6                         (None)

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

| | | |
|---|---|---|
| 1 | And, as you actually said it pretty well, | 11:38:34 |
| 2 | it finds -- it is -- it is going after similarity. | 11:38:37 |
| 3 | And that similarity and -- and using data | 11:38:42 |
| 4 | structures.  So it has data structures that | 11:38:49 |
| 5 | facilitate -- facilitate finding similar, and then | 11:38:52 |
| 6 | it has algorithms that facilitate finding similar. | 11:38:58 |
| 7 | In contrast, the '223 -- sorry. | 11:39:03 |
| 8 | In contrast, the patents in suit all in | 11:39:06 |
| 9 | some way talk about an abstract that is a very | 11:39:11 |
| 10 | particular data structure.  It is a data-reduced | 11:39:17 |
| 11 | representation that is made to differentiate. | 11:39:22 |
| 12 | Right? | 11:39:24 |
| 13 | So when you differentiate, when you know | 11:39:24 |
| 14 | what is different, you also know what is the same. | 11:39:26 |
| 15 | Okay? | 11:39:29 |
| 16 | And -- and, consequently, by utilizing | 11:39:30 |
| 17 | this, it talks about systems that, by knowing that | 11:39:37 |
| 18 | this is how the abstract was made, in some | 11:39:41 |
| 19 | applications and in some of the inventions -- | 11:39:46 |
| 20 | definitely not all of the inventions -- they utilize | 11:39:48 |
| 21 | this property to find the intended match when there | 11:39:50 |
| 22 | is -- in the applications where an intended match is | 11:39:56 |
| 23 | what is clearly needed. | 11:39:58 |
| 24 | Q    So is it your opinion that the '223 patent | 11:39:59 |
| 25 | technology does not carry out matching as construed | 11:40:02 |

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY
YANNIS PAPAKONSTANTINOU, PH.D. – 7/8/2015

Page 75

| | | |
|---|---|---|
| 1 | by the Court?  And by that I mean share selected | 11:40:05 |
| 2 | criteria. | 11:40:08 |
| 3 | A    I -- again, I will take the entirety of | 11:40:10 |
| 4 | the -- of the -- of the invention that I'm talking | 11:40:15 |
| 5 | about here.  It is -- this is a data structure that | 11:40:23 |
| 6 | is meant to differentiate.  Right?  And using this | 11:40:27 |
| 7 | data structure that is meant to differentiate will | 11:40:31 |
| 8 | do matching -- well, the patents in suit describe | 11:40:35 |
| 9 | doing matching. | 11:40:38 |
| 10 | In that sense, you have got now another | 11:40:41 |
| 11 | system that is basically using another data | 11:40:49 |
| 12 | structure that is talking similarity.  And -- and it | 11:40:51 |
| 13 | explains pretty well, the '223 patent, what data it | 11:40:59 |
| 14 | can accumulate to create similarity, and, | 11:41:05 |
| 15 | consequently, an -- an algorithm, algorithms that | 11:41:09 |
| 16 | basically compare whether it is -- whether it is | 11:41:13 |
| 17 | similar. | 11:41:18 |
| 18 | Q    Well, I'm still not clear. | 11:41:20 |
| 19 | Is it your opinion that the '223 patent | 11:41:22 |
| 20 | technology does not carry out matching as construed | 11:41:24 |
| 21 | by the Court?  And by that I mean, quote, share | 11:41:26 |
| 22 | selected criteria. | 11:41:30 |
| 23 | A    So, again, I see this -- the way I see | 11:41:32 |
| 24 | things is basically by looking at the invention, | 11:41:38 |
| 25 | start to end -- the invention, start to end -- and | 11:41:47 |

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY
YANNIS PAPAKONSTANTINOU, PH.D. - 7/8/2015

Page 76

| | | |
|---|---|---|
| 1 | the claims of this invention.  And -- and what is | 11:41:50 |
| 2 | the data structures, that is where the computer | 11:41:54 |
| 3 | scientist comes in -- where are the data structures? | 11:41:57 |
| 4 | Where is the algorithms? | 11:41:59 |
| 5 | And I think a lot of the discussion here is | 11:42:01 |
| 6 | basically at the point that we are, from one side to | 11:42:06 |
| 7 | the other, isolating either the data structure from | 11:42:11 |
| 8 | the algorithm.  So here we have flipped now and we | 11:42:14 |
| 9 | are discussing -- talking algorithms without the | 11:42:18 |
| 10 | context that the data structure provides. | 11:42:25 |
| 11 | Q    Okay.  So I just want to make sure I | 11:42:28 |
| 12 | understand. | 11:42:30 |
| 13 | It sounds to me like you're comparing the | 11:42:30 |
| 14 | Muscle Fish prior art, all the prior art, to the | 11:42:33 |
| 15 | Blue Spike patents as a whole, sort of the | 11:42:36 |
| 16 | overarching invention, including the specification | 11:42:38 |
| 17 | and the claim? | 11:42:40 |
| 18 | A    Yeah.  So there's -- | 11:42:41 |
| 19 | MR. GARTEISER:  Objection.  Form. | 11:42:42 |
| 20 | THE WITNESS:  So there's multiple | 11:42:43 |
| 21 | inventions.  Okay?  And, of course, I have looked at | 11:42:45 |
| 22 | each one of them individually. | 11:42:49 |
| 23 | And for each one of them, yes, there is | 11:42:51 |
| 24 | terms that you are using "the abstract," the -- "the | 11:42:56 |
| 25 | match," the term being used in the claims, they are | 11:43:00 |

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY
YANNIS PAPAKONSTANTINOU, PH.D. – 7/8/2015

Page 77

| | | |
|---|---|---|
| 1 | being used in the specification.  But when it comes | 11:43:04 |
| 2 | to the -- to the -- to the claims, these -- these | 11:43:06 |
| 3 | terms obtain their meaning there, and -- and -- | 11:43:13 |
| 4 | and -- and I see these as -- in the context of the | 11:43:21 |
| 5 | invention. | 11:43:27 |
| 6 | BY MR. RAMSEY: | 11:43:27 |
| 7 | Q    What do you mean, "The terms obtain their | 11:43:27 |
| 8 | meaning there"?  I don't understand that. | 11:43:30 |
| 9 | A    So the -- I believe that the terms have | 11:43:32 |
| 10 | been construed, and the ones that have not been | 11:43:34 |
| 11 | construed are left to us to -- to understand, in the | 11:43:42 |
| 12 | context of the particular invention.  And that's how | 11:43:46 |
| 13 | I am reading -- I'm reading terms. | 11:43:52 |
| 14 | Q    Okay.  But -- | 11:43:57 |
| 15 | A    And that's why I understand that -- that -- | 11:43:58 |
| 16 | that you -- the counsels and the judge went after | 11:44:01 |
| 17 | the construction. | 11:44:07 |
| 18 | Q    Okay.  So -- but it sounds to me like you | 11:44:08 |
| 19 | just said that you're comparing the prior art | 11:44:13 |
| 20 | systems and publications to the Blue Spike patents | 11:44:16 |
| 21 | as a whole, including the specification. | 11:44:18 |
| 22 | A    I didn't say this. | 11:44:21 |
| 23 | MR. GARTEISER:  Objection.  Form. | 11:44:22 |
| 24 | THE WITNESS:  That, actually, you said | 11:44:23 |
| 25 | yourself just now. | 11:44:24 |

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY
YANNIS PAPAKONSTANTINOU, PH.D. – 7/8/2015

Page 78

| | | |
|---|---|---|
| 1 | BY MR. RAMSEY: | 11:44:25 |
| 2 | Q    Okay.  So -- so you're comparing the Muscle | 11:44:25 |
| 3 | Fish prior art systems to the claims as construed by | 11:44:28 |
| 4 | the Court; is that right? | 11:44:30 |
| 5 | A    I have compared the -- the '223, the Muscle | 11:44:32 |
| 6 | Fish, to the inventions. | 11:44:38 |
| 7 | Q    So how do you know that the Muscle Fish | 11:44:41 |
| 8 | '223 patent's technology does not return an intended | 11:44:46 |
| 9 | match? | 11:44:52 |
| 10 | A    Yeah.  Yeah.  Yeah. | 11:44:52 |
| 11 | Q    How do you know that? | 11:44:53 |
| 12 | A    Yeah.  So this is what we discussed.  That | 11:44:54 |
| 13 | this -- as we said, the -- the '223 patent, and the | 11:44:57 |
| 14 | Muscle Fish that embodies the '223 patent, is a | 11:45:03 |
| 15 | system that is made to return similar signals -- I | 11:45:08 |
| 16 | guess similar sounds. | 11:45:16 |
| 17 | And here the patents in suit talk about a | 11:45:19 |
| 18 | system that is creating abstracts, which is a | 11:45:26 |
| 19 | particular data-reduced data structure, with the | 11:45:31 |
| 20 | explicit purpose of differentiating between signals. | 11:45:38 |
| 21 | And in that case, when we talk sounds, | 11:45:43 |
| 22 | yeah, sounds are a kind of signal.  So it is made to | 11:45:47 |
| 23 | differentiate. | 11:45:51 |
| 24 | When you are -- when you make something to | 11:45:51 |
| 25 | differentiate, you also make -- you know, you -- you | 11:45:53 |