UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff,* | § § § | Case No. 6:15-cv-584 |
| v. | § § | Lead Case |
| Audible Magic Corporation, | § § | Jury Trial Demanded |
| *Defendant.* | § § | |

**BLUE SPIKE'S SUPPLEMENTAL SURREPLY TO AUDIBLE MAGIC'S SUPPLEMENTAL REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT**

In response to Audible Magic's Supplemental Reply to its Motion for Summary Judgment of Noninfringement ("Motion", Dkt. No. 13), Blue Spike submits this Supplemental Surreply to (1) object to the admissibility of the proffered evidence, (2) address the mischaracterization of evidence on which Audible Magic relies, and (3) set forth additional facts germane to the Court's consideration of Audible Magic's Motion.

Despite Audible Magic's assertion to the contrary, Dr. Papakonstantinou did not opine that, "'MFCCs' are not an 'abstract.'" (Dkt. No. 37 at 1.) Rather, when asked whether "Muscle Fish's feature vectors containing MFCC values *anticipate* the abstract element of the Blue Spike patents," Dr. Papakonstantinou said, "No, I don't believe this." Dkt. 37-2 at 220 (emphasis added). Not only does Audible Magic mischaracterize Dr. Papakonstantinou's testimony, but it is axiomatic that an expert may not be asked to reach a legal conclusion regarding an ultimate issue in the case. Indeed, Blue Spike counsel objected to the question on this exact basis – a question that calls for a legal conclusion, such as one regarding anticipation, is objectionable in every court, and no expert is competent to provide such testimony. As Audible Magic now attempts to

admit this improper testimony into the record in support of its Motion, Blue Spike objects pursuant to Rule 56. *See* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). The Committee Notes on Rules to the 2009 Amendment to Rule 56 clarifies that such an objection "functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated."

Here, despite the presence of attorney objection and the clear legal prohibition against experts offering legal conclusions, Audible Magic has made no attempt to meet its burden of showing that the proffered evidence is admissible. Therefore, Blue Spike's objection to this improper question and subsequent answer must be sustained.

Finally, Audible Magic's argument is baseless. Only entire claims, not single elements (such as an "abstract"), may be anticipated. 35 U.S.C. 102 § 2131; *Verdegaal Bros. v. Union Oil Co. of California*, 814 F.2d 628, 631 (Fed. Cir. 1987) ("A claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference."). Even if Yannis were qualified to provide a legal conclusion, his response would be correct that an MFCC does not anticipate an abstract—it cannot because the abstract is merely an element. Yannis never testified that an MFCC is not an abstract; he was never even asked the question.

Respectfully submitted,

  /s/ Randall Garteiser  
Randall T. Garteiser  
 Lead Attorney  
 Texas Bar No. 24038912  
 rgarteiser@ghiplaw.com  
Christopher A. Honea  
 Texas Bar No. 24059967  
 chonea@ghiplaw.com  
Christopher S. Johns  
 Texas Bar No. 24044849  
Kirk J. Anderson  
 California Bar No. 289043  
Molly A. Jones  
 California Bar No. 301419  
GARTEISER HONEA, P.C.  
119 W. Ferguson Street  
Tyler, Texas 75702  
(903) 705-7420  
(888) 908-4400 fax  

*Attorneys for Blue Spike, LLC*

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

                                                          /s/ Randall Garteiser
                                                          Randall T. Garteiser