# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC,<br>*Plaintiff*,<br>v.<br>Audible Magic Corp.,<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 6:15-cv-584<br><br>JURY TRIAL DEMANDED |

**Declaration of Scott Moskowitz in Support of Plaintiff Blue Spike, LLC's Opposition to Audible Magic's Motion for Summary Judgment of Non-infringement [Dkt. 13]**

I, Scott Moskowitz, declare as follows:

1. I am the Manager of Blue Spike, LLC and a co-inventor on all four patents-in-suit.

2. I am familiar with the inventions taught by the patents-in-suit, which I have repeatedly referred to as "abstracting technology." *See* Ex. 1, Deposition of Scott Moskowitz ("Moskowitz Depo.") at 62:10-14, 63:8-15; Ex. 2, Moskowitz Depo. at 65:9-22, 66:15-21.

3. I believe that three of the improvements my abstracting technology teaches over the prior art, and in particular signal fingerprinting, are as follows: "Signal fingerprints cannot differentiate between versions of the same data object. Signal fingerprints cannot anticipate unknown works that are introduced into the system [the NULL case], and signal fingerprints allow you to replicate the original signal without penalty." Ex. 3, Moskowitz Depo. at 52:11-22. I do not necessarily believe that these are the only improvements, and additional improvements may be found in the claim language

of the various patents-in-suit.

4. During my deposition, the terms "abstracting technology" and "abstract" were at times used interchangeably by both myself and Audible Magic's counsel. For instance, the ability to differentiate versions of a signal was sometimes attributed to the abstracting technology generally (Exs. 1, 2) and at other times the abstract itself (Exs. 3, 4). I believe this lax usage of the terms "abstracting technology" and "abstract" is in large part the source of any confusion regarding my deposition testimony.

5. Abstracting technology is more than the abstract alone. It is the abstracting technology that uses the abstract to differentiate between versions, although the abstract cannot perform this function on its own. For this reason, the asserted claims in three of the four patents-in-suit (the '700, '494, and '175 patents) describe differentiating between versions as an element separate from the abstract element. Similarly, the NULL case is mentioned in separate independent claims (for example, claim 9 of the '494 patent, and claim 26 of the '700 patent). Put another way, the abstracting technology encompasses the inventions taught by the patents-in-suit of which the abstract is but an element.

6. I believe that Audible Magic's use of the MFCC is an example of an abstract. I do not believe that Audible Magic's MFCCs perform all of the improvements taught by the patents-in-suit. And I believe I have not deviated from this position.

7. It is my understanding that Blue Spike, LLC's infringement expert Dr. Ahmed Tewfik agrees that MFCCs are examples of abstracts. I say "examples of abstracts" because while an MFCC may be an abstract, it is not the only signal processing technology that may qualify as an abstract. [redacted]

[redacted]

8. While I am the co-inventor of abstracting technology as taught in the patents-in-suit, I am not the inventor of MFCCs. I believe that Dr. Tewfik has testified to the same. It is my understanding that when asked in his deposition whether I invented MFCCs, Dr. Tewfik responded, "No. He did not invent the content of an MFCC, nor did Muscle Fish for that matter." I agree that I did not invent MFCCs, and I also agree that Muscle Fish did not invent MFCCs. My abstracting technology described in the patents-in-suit builds upon MFCCs by providing a number of other benefits, including differentiation between versions and handling of the NULL case. These additional benefits are not inherent in the MFCC abstract, and are taught by separate claim elements. *See* Ex. 6, Dr. Tewfik Depo. at 64:11-19.

9. It has never been my position that MFCCs alone encompass my abstracting technology as taught in the patents-in-suit. They cannot since MFCCs predate the patents-in-suit, as well as Audible Magic's and Muscle Fish's patents. The United States Patent Office would not have issued my patents if those patents taught nothing beyond MFCC technology.

10. [redacted]

[redacted]

[redacted] [redacted]

9. During three days of depositions I explained how the abstracting technology taught in the patents-in-suit improved upon prior art and Muscle Fish's '223 patent. On the fourth day of my depositions, Audible Magic asked this question again, but referred to "abstracts" instead of "abstracting technology." I said, "What was asked of me is akin to the question *you've been asking me several times over the past three days*, which is your contention that an MFCC is somehow equivalent with a signal abstract. I contend this is not the case." What Audible Magic had "been asking me several times over the past three days" was how my signal abstracting technology improved upon the prior art. My response to this question, like the prior questions, was in reference to my abstracting technology, not the abstract element in isolation. *See* Exs. 1, 2.

10. I believe this confusion is entirely defensible. As already stated, both Audible Magic's counsel and myself used the terms "abstracting technology" and "abstract" too loosely. Also, as a co-inventor on the patents-in-suit, I tend to think of the

invention as a whole. I was intimately familiar with the problems that existed in the marketplace when the patents-in-suit were filed, and I recall specifically drafting the patents-in-suit to solve those problems. My abstracting technology improves upon this prior art.

11. I believe that Audible Magic created this confusion by asking me about abstracts in relation to its '223 patent. Of course I believe that the patents-in-suit improve upon the '223 patent, as does the United States Patent Office, or it would not have granted the patents-in-suit, three of which forward cite to the '223 patent. Whether the abstract element of the patents-in-suit, rather than abstracting technology generally, alone improves upon the prior art is a different question, one I was not asked in the depositions. As I have stated here, I believe that an MFCC is an example of an abstract, that my abstracting technology is more than the abstract element itself, and that my abstracting technology improves upon an MFCC.

I declare, on August 28, 2015, in Smith County, Texas and under penalty of perjury under the laws of the United States and Texas, that the statements made in this declaration are true and correct.

*/s/ Scott Moskowitz*
Scott Moskowitz

**ATTESTATION**

I, Randall Garteiser, filed this declaration of Scott Moskowitz with his permission to sign it on his behalf. I used my ECF user ID to filed this document on the date it is endorsed by the Court, August 28, 2015.

*/s/* Randall Garteiser
Randall T. Garteiser