UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff*, | § § | Case No. 6:15-cv-584-RWS |
| v. | § § | |
| Audible Magic Corporation, | § § § | Jury Trial Demanded |
| *Defendant*. | § | |

**BLUE SPIKE'S OBJECTION TO REPORT AND RECOMMENDATION GRANTING AUDIBLE MAGIC'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT [DKT. NO. 56]**

**FILED UNDER SEAL**

**INTRODUCTION**

Blue Spike respectfully objects to this Court's Report and Recommendation (Dkt. No. 56, "Recommendation") granting Audible Magic's motion for summary judgment of noninfringement because it relies on a faulty proposition—that Blue Spike knowingly retracted its own infringement theory. This cannot be the case. Yet the Court held (1) Blue Spike asserted a single infringement theory (that MFCCs are abstracts), (2) Blue Spike (via Scott Moskowitz) testified contrary to this theory (that MFCCs are *not* abstracts), and (3) Blue Spike's testimony is a judicial admission retracting its infringement theory. This Recommendation is improper for a number of reasons: material issues of fact remain, it is inappropriate to rely on an inventor's testimony to determine claim scope, and Scott Moskowitz's testimony does not bind Blue Spike. For these reasons, Blue Spike respectfully asks the Court to reconsider this recommendation and deny summary judgment of noninfringement.

**BACKGROUND**

**I.     THE TECHNOLOGIES**

Blue Spike, LLC ("Blue Spike") asserts claims from four patents against Audible Magic Corporation ("Audible Magic"). Recommendation at 1. The patents teach a method and device for monitoring and analyzing signals. [Report at 1.] Each asserted claim contains an "abstract" element. Recommendation at 2. Each claim also contains other elements, such as differentiation between versions of a signal, signal transmission, and reporting. Audible Magic sells products that monitor and analyze signals. Those products utilize a set of values called mel-frequency cepstral coefficients ("MFCCs"). Recommendation at 2.

**II.     BLUE SPIKE'S INFRINGEMENT POSITION**

Blue Spike believes MFCCs are abstracts. The Court recognizes this as Blue Spike's position. Recommendation at 5 ("In Blue Spike's infringement theories, the only structures in Audible Magic's accused products that Blue Spike alleges to be 'abstracts' are 'MFCCs'."). And Blue Spike's infringement expert, Dr. Ahmed Tewfik, agrees with this position. Recommendation at 5; Dr. Tewfik's Infringement Report at 11, 13, 19. Blue Spike's position that MFCCs are abstracts was established and has not changed since Blue Spike served its infringement expert report on March 2, 2015.

**LEGAL STANDARD**

Summary judgment is only appropriate when "there are no genuine issues of material fact." Recommendation at 3 (citing FED. R. CIV. P. 56(c)). It is Audible Magic's burden to "demonstrate the absence of any material fact." Recommendation at 3 (citing *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)). If Audible Magic meets its burden, summary judgment is still unwarranted if Blue Spike points to admissible evidence demonstrating the existence of a material fact. Recommendation at 3 (citing FED. R. CIV. P. 56(e)). The Court must view evidence in the light most favorable to Blue Spike. Recommendation at 3 (citing *Matsushita Elec. Inus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)).

Blue Spike's objection is entitled to *de novo* review. Recommendation at 17.

**ARGUMENT**

The Court's Recommendation relies on an untenable theory—that Blue Spike intended to concede its own infringement theory—and should be reconsidered for a number of independent reasons.

I.  **MATERIAL ISSUES OF FACT REMAIN.**

Blue Spike has maintained an unwavering infringement theory: MFCCs are abstracts, and MFCCs are not sufficient alone to perform all steps of the asserted claims. Dkt. No. 57 at 2. In its Recommendation, the Court found that Scott Moskowitz, acting as Blue Spike, retracted this infringement theory by conceding MFCCs are *not* in fact abstracts. *See* Recommendation at 15. The Court's holding is improper for a number of reasons.

First, at least one genuine issue of material fact remains. *See* FED. R. CIV. P. 56(c). The apparent contradiction between Blue Spike's infringement theory and statements made by its inventor present a conflict ripe for a fact-finder's consideration. *See Cellular Communs. Equip. LLC v. HTC Corp.*, 2015 U.S. Dist. LEXIS 28718 (E.D. Tex. Mar. 9, 2015). Audible Magic failed to show the absence of any material fact. On the contrary, Audible Magic's briefing highlights the apparent contradiction. Dkt. No. 16; Dkt. No. 55 at 1. If a conflict exists, it should be reviewed by a fact-finder.

Second, Blue Spike's position triumphs when the court views the evidence in the light most favorable to Blue Spike. The Recommendation makes the mistake of reading inventor Scott Moskowitz's testimony out of context. Recommendation at 15. When read in context, it is clear Mr. Moskowitz testified about his entire invention rather than the "abstract" element in isolation. *See* Dkt. No. 21 at 20-21. For example, Scott Moskowitz mistakenly attributed teachings of non-abstract elements to the abstract itself. Dkt. No. 21 at 20-21; Dkt. No. 54 at 10. Additionally, Mr. Moskowitz answered questions about the "abstract" element by first equating the question to those counsel had "been asking me several times over the past three days." Recommendation at 8

(citing Dkt. No. 21 at 6). However, what Scott Moskowitz was asked those previous three days were questions about the invention as a whole as it relates to Audible Magic's '223 patent, not the abstract element alone. Dkt. No. 21 at 20.

This is not an uncommon dilemma. In fact, the Federal Circuit warned, "an inventor understands the invention but may not understand the claims, which are typically drafted by the attorney prosecuting the patent application." *Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*, 540 F.3d 1337, 1346-47 (Fed. Cir. 2008); *Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372, 1379-80 (Fed. Cir. 2000). The *Markman* Court further explained,

> [w]hile presumably the inventor has approved any changes to the claim scope that have occurred via amendment during the prosecution process, **it is not unusual for there to be a significant difference between what an inventor thinks his patented invention is and what the ultimate scope of the claims is** after allowance by the PTO.

*Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 985 (Fed. Cir. 1995) (emphasis added). Scott Moskowitz is intimately familiar with his inventions but was assisted by counsel in the prosecution of the patents-in-suit. Blue Spike's position that Scott Moskowitz's testimony focused on the invention rather than the claims is sound.

The Recommendation did not view the evidence in the light most favorable to Blue Spike. Instead, the Court decided "Mr. Moskowitz's testimony was for the purpose of defining the scope of the claims" and "withdrawing material from the scope of the term 'abstract'." Recommendation 15. The Court was more convinced Mr. Moskowitz intended to undermine Blue Spike's infringement position. In arriving at this conclusion, the Court did not examine Blue Spike's explanations for Mr. Moskowitz's confusion, nor refer to portions of Mr. Moskowitz's testimony that support Blue Spike's

assertion.[1] When viewed in a light most favorable to Blue Spike, Blue Spike's position is sufficient to defeat Audible Magic's theory and its motion for summary judgment.

## II. THE COURT'S RECOMMENDATION IMPROPERLY RELIES ON AN INVENTOR'S TESTIMONY.

The Court's Recommendation considers an inventor's (Scott Moskowitz's) testimony a judicial admission because it was "for the purpose of *defining the scope of the claims*." Recommendation at 15 (emphasis added). This holding was made in error, as it is improper to rely on an inventor's testimony to define the scope of the claims. *See, e.g.*, *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 985-86 (Fed. Cir. 1995) ("The subjective intent of the inventor when he used a particular term is of little or no probative weight in determining the scope of the claim."). This improper reliance on an inventor's testimony is a sufficient to sustain Blue Spike's objection to the Court's Recommendation.

The Federal Circuit has held that an inventor's subjective intent should be disregarded because the inventor might testify one way regarding infringement and another regarding invalidity. The Court said,

> [t]he inventor might testify to a broad claim scope in order to increase the likelihood of a finding of infringement. The inventor also might testify to a narrower claim scope to avoid a challenge to the validity of the patent.

---

[1] The Court says that Mr. Moskowitz's statements are "clear and unequivocal." But the Court reads the statements in isolation. The "clear and unequivocal" standard was established in a Texas State Court case. *See Griffin v. Super. Ins. Co.*, 161 Tex. 195, 338 S.W.2d 415, 419 (Tex. 1960). In *Griffin*, the court recognized the importance of context but found the party's statements clear and unequivocal because there was no other evidence to rebut them. Here, Mr. Moskowitz's alleged judicial admissions are contradicted by Blue Spike's already established infringement theory.

5

*Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*, 540 F.3d 1337, 1346-47 (Fed. Cir. 2008). This warning is directly relevant to the case here because Audible Magic has accused Mr. Moskowitz this specific tactic—broadening the claim scope to cover abstracts for the purposes of infringement, but narrowing the claim scope to not cover abstracts for the purposes of invalidity.[2] Dkt. No. 16 at 1. And the Court's Recommendation adopts Audible Magic's theory. Recommendation at 15. Blue Spike urges the Court to reconsider its position and align with the Federal Circuit by denying Audible Magic's motion for summary judgment of noninfringement.

Another standalone reason to deny Audible Magic's motion for summary judgment is that Mr. Moskowitz has not been privy to infringement data necessary to support his purported opinions about Blue Spike's infringement theories. Nonetheless, the Recommendation improperly held that Scott Moskowitz *is* Blue Spike. Recommendation at 10-11. The Court explains how Mr. Moskowitz essentially speaks for Blue Spike but fails to note one very important fact—Scott Moskowitz has not been privy to the same evidence as Blue Spike's infringement expert. Dr. Tewfik reviewed Audible Magic's source code, confidential data, and deposition transcripts of Audible Magic's programmers and employees. It is improper to rely on Scott Moskowitz's testimony as to Blue Spike's infringement theory when he has not been privy to such infringement-related data. Scott Moskowitz may speak for Blue Spike in many respects, but he cannot speak for Blue Spike's infringement theory.

---

[2] Blue Spike notes again that this proposition is illogical. Blue Spike's position—that abstracts are MFCCs but that MFCCs alone do not perform all of the required steps of the patents-in-suit—is not contradicted by maintaining that MFCCs are abstracts. Mr. Moskowitz had no reason to make such testimony.

### III. SCOTT MOSKOWITZ'S TESTIMONY IS NOT BINDING ON BLUE SPIKE.

Another reason it is improper to rely on Scott Moskowitz's testimony is that the testimony was given in his individual capacity as a 30(b)(1) representative. "[T]estimony of a corporation's employee, when taken in his or her individual capacity, does not bind the corporation." *Miller v. Union Pac. R.R.*, 2008 WL 4724471, at *2 (D.Kan. Oct 24, 2008); *see* Recommendation at 9. It is undisputed that Mr. Moskowitz's alleged judicial admissions were given in his individual capacity. Yet even if Mr. Moskowitz had been deposed as a 30(b)(6) representative, a number of Fifth Circuit cases hold that deposition testimony can *never* be judicial admissions. *See, e.g.*, *Lindquist v. City of Pasadena*, 656 F. Supp. 2d 662, 698 (S.D. Tex. 2009), *aff'd*, 669 F.3d 225 (5th Cir. 2012); *Mar. Madness Athletic Ass'n, L.L.C. v. Netfire, Inc.*, 310 F. Supp. 2d 786, 811 (N.D. Tex. 2003), *aff'd*, 120 F. App'x 540 (5th Cir. 2005).

The Court's Recommendation acknowledges Blue Spike's positions but finds two cases cited by Audible Magic as more persuasive. Recommendation at 9. However, Audible Magic's cases are distinguishable for at least three reasons—neither case (1) relies on the inventor's testimony, (2) treats the inventor's testimony as a judicial admission, or (3) cites inventor testimony that is contrary to the party's infringement theory. Instead, both cases merely make passing reference to inventor testimony that supports the party's infringement theory. *See* Recommendation at 9; *GTX Corp. v. Kofax Image Prods.*, 571 F. Supp. 2d 742 (E.D. Tex. 2008), *Teashot v. Green Mountain Coffee Roasters*, 2014 WL 485876 (D. Colo. 2014) (unreported).

### CONCLUSION

Blue Spike did not intend to retract its noninfringement theory and respectfully asks the Court to reconsider its Report and Recommendation and Deny Audible Magic's Summary Judgment Motion of Noninfringement.

Respectfully submitted,

/s/ Randall Garteiser
Randall T. Garteiser
Lead Attorney
Texas Bar No. 24038912
rgarteiser@ghiplaw.com
Christopher A. Honea
Texas Bar No. 24059967
chonea@ghiplaw.com
Christopher S. Johns
Texas Bar No. 24044849
Kirk J. Anderson
California Bar No. 289043
Molly A. Jones
California Bar No. 301419
GARTEISER HONEA, P.C.
119 W. Ferguson Street
Tyler, Texas 75702
(903) 705-7420
(888) 908-4400 fax

*Attorneys for Blue Spike, LLC*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

                                                        /s/ Randall Garteiser

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

      Pursuant to Local Rule CV-5(a)(7)A), I certify that this document is being filed under seal as it contains information designated as confidential under the parties' protective order.

                                                        /s/ Randall T. Garteiser
                                                        Randall T. Garteiser