UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| *Plaintiff*, | § | Case No. 6:15-cv-584-MHS |
| | § | |
| v. | § | Lead Case |
| | § | |
| AUDIBLE MAGIC CORPORATION, | § | Jury Trial Demanded |
| | § | |
| *Defendant*. | § | |
| | § | |
| AUDIBLE MAGIC CORPORATION, | § | |
| | § | |
| *Counterclaim Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| BLUE SPIKE, LLC, BLUE SPIKE, INC. | § | |
| and SCOTT A. MOSKOWITZ | § | |
| | § | |
| *Counterclaim Defendants*. | § | |

**EMERGENCY MOTION TO STAY PROCEEDINGS OR IN THE ALTERNATIVE TO
EXTEND THE TIME TO FILE PRETRIAL MATERIALS**

Plaintiff Blue Spike, LLC ("Blue Spike") hereby brings this emergency motion to stay

proceedings in the above-captioned dispute pending Blue Spike's appeal of a judgment of

invalidity issued in the District Court for the Northern District of California. In the alternative,

Blue Spike requests an extension of time to file the parties' joint submission pretrial materials

until after the Court has resolved the motions pending before it.

I.    **FACTUAL BACKGROUND**

**Procedural Posture**

Blue Spike asserted infringement claims against Audible Magic Corporation ("Audible

Magic") and several of its customers in August 2012, seeking damages for Defendant's

infringement of four related United States patents and infringement by certain customer

defendants whose accused products and methods use Audible Magic's digital fingerprint-based

technology for automatic content recognition. On April 18, 2014, Audible Magic filed its answer and counterclaims to Blue Spike's first amended complaint (*see* Case No. 6:12-cv-499-RWS, Dkt. No. 1400) for patent infringement. (Dkt. No. 1438.) In addition to non-infringement and invalidity defenses (among others), Audible Magic asserted declaratory judgment counterclaims as to non-infringement and invalidity of all four patents-in-suit, declaratory judgment of unenforceability of the patents-in-suit due to inequitable conduct (Count 9), unjust enrichment (Count 10), violation of the Lanham Act (Count 11), and infringement of United States Patent No. 6,834,308 (Count 12), and common law unfair competition (Count 13). (Dkt. No. 1438.) Audible Magic named Blue Spike, LLC, Blue Spike, Inc. and Scott Moskowitz as counterclaim defendants. (Dkt. No. 1438.)

On March 6, 2014, the Court bifurcated Blue Spike's infringement case against the Audible Magic and claims involving the customer defendants. (Dkt. No. 1332.) Trial in the Audible Magic matter is scheduled to commence on November 9, 2015. The deadline to make final election of asserted claims against the customer defendants is not until February 5, 2016. (Dkt. No. 1331.)

**Pending Motions**

There are currently six motions pending resolution in the above-captioned matter (Case No. 6:15-cv-584-RWS):

1. Defendant Audible Magic's Motion for Partial Summary Judgment Based on License (Dkt. No. 11);

2. Defendant Audible Magic's Motion for Voluntary Dismissal Without Prejudice of Its Patent Infringement Counterclaim (Dkt. No. 12);

3. Defendant Audible Magic's Motion for Summary Judgment of Non-Infringement

(Dkt. No. 13) – Magistrate Judge Craven has issued a Report and Recommendation to grant Audible Magic's motion. Blue Spike objected to the findings on September 25, 2015, which Audible Magic opposed on October 2, 2015;

4.      Plaintiff Blue Spike's Motion for Summary Judgment on Counterclaims 9-13 (Dkt. No. 14);

5.      Defendant Audible Magic's Motion to Exclude the Opinions of Blue Spike's Damages Expert, Rodney Bosco (Dkt. No. 31);

6.      Defendant Audible Magic's Motion to Exclude Certain Opinions of Blue Spike's Invalidity Expert (Dkt. No. 49).

On August 25, 2015, the Court held proceedings on Audible Magic's motions for partial summary judgment based on license, voluntary dismissal without prejudice or in the alternative to amend its infringement contentions, and summary judgment of non-infringement, and Blue Spike's motion for summary judgment on Audible Magic's counterclaims 9-13. On September 2, 2015, the Court ordered the parties to be advised that the Court intended to issue Report and Recommendations on the dispositive motions on or before September 25, 2015, and it extended the deadline for the parties to file pretrial materials to October 5, 2015. (Dkt. No. 53.) On September 11, 2015, the Court issued its Report and Recommendation that Audible Magic's motion for summary judgment of non-infringement be granted. (Dkt. No. 56.)

**Northern District of California Judgment of Invalidity**

Concurrent with the Audible Magic litigation, Blue Spike is asserting the same patents-in-suit against defendants in the District Court for the Northern District of California. On May 12, 2015, defendant Google Inc. brought a motion for judgment on the pleadings, arguing that

the asserted claims of the patents-in-suit claim patent-ineligible subject matter and are therefore invalid under 35 U.S.C. § 101. (Case No. 14-cv-1650-YGR, Dkt. No. 59 (N.D. Cal.).) After full briefing and a hearing on the merits, Judge Gonzalez Rogers granted Google's motion on September 8, 2015.[1] (Dkt. No. 75; attached hereto as Exhibit A to the Declaration of Randall T. Garteiser in Support of Blue Spike, LLC's Emergency Motion to Stay Proceedings or in the Alternative to Extend the Time to File Pretrial Materials ("Garteiser Decl.").) Judge Gonzalez Rogers entered final judgment against Blue Spike on October 1, 2015.[2] (Dkt. No. 83; attached hereto as Exhibit D to the Garteiser Decl.). Blue Spike plans to file its Notice of Appeal to the Federal Circuit Court of Appeals on October 5, 2015 and accordingly seeks a stay of the instant proceedings against Audible Magic pending the outcome of the Federal Circuit's review. *See* Garteiser Decl., at ¶ 7.

## II.   LEGAL STANDARD

"The District Court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com*, 356 F Supp. 2d 660, 662 (E.D. Tex. 2005); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

---

[1] The Court also ordered the parties to show cause why a disputed claim should not be held invalid on the same grounds as the other asserted claims. (Dkt. No. 76; attached hereto as Exhibit B to the Garteiser Decl.) Neither party objected that the reasoning would be applied to the remaining asserted claim, despite that the invalidity argument as to that claim was not briefed by Google. (Dkt. No. 77; attached hereto as Exhibit C to the Garteiser Decl.)

[2] The parties continued to negotiate settlement in good faith during the period between Judge Gonzalez's order of invalidity and her entry of final judgment of invalidity. Garteiser Decl., ¶ 5. Pretrial preparations have also continued during this time period; however, it is Blue Spike's position, based in part on the parties' meet and confer effort on pretrial disclosures, that the lack of resolution on a number of substantive issues is hampering the parties' efforts to narrow the scope of the issues that need to be tried. Garteiser Decl., ¶ 4.

In deciding whether to stay a case pending appeal, courts consider the following criteria: (1) whether the movant has made any showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of a stay would serve the public interest. *Astec Am., Inc. v. Power-One, Inc.*, 2008 U.S. Dist. LEXIS 55100, *7-8 (E.D. Tex. July 15, 2008). "[O]n motions for stay pending appeal the movant need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved, and show that the balance of the equities weighs heavily in favor of granting the stay." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981); *see Astec Am., Inc.*, 2008 U.S. Dist. LEXIS 55100 at *9-10 (noting that although movant did not attempt to show the appeal is likely to succeed on the merits, "there are undoubtedly a number of substantial legal questions involved in the appeal . . . that could have a dramatic effect on the present case").

## III.   ARGUMENT

The factors the Court consider in deciding whether the grant a stay weigh heavily in favor of staying the instant proceedings pending the outcome of Blue Spike's appeal of the Google judgment of invalidity. The Court should stay the instant proceedings to await resolution on a central issue in the present dispute and prevent the unnecessary expenditure of time and resources by the parties, their counsel, and the Court to undertake duplicative trials. In the event that the Court disagrees with Blue Spike's argument below, Blue Spike seeks to extend the time to complete and file pretrial materials until after the Court has resolved the substantive motions still pending before this Court.

**A.    THE COURT SHOULD STAY PROCEEDINGS PENDING APPEAL OF THE N.D. CALIFORNIA DECISION, SINCE PROCEEDING TO TRIAL AT THIS STAGE COULD FORCE BLUE SPIKE TO LITIGATE MANY OF THE SAME ISSUES TWICE.**

**1.    Likelihood of Success on the Merits**

Blue Spike appeals the Google invalidity findings on the basis that the Court improperly resolved a legal question on the pleadings based on Google's briefing, which raised several substantive issues for which a fact-finder needed to make underlying factual determinations. Furthermore, in its briefing on Google's motion for judgment on the pleadings, Blue Spike raised a number of arguments not considered by the District Court, and on this basis believes that an appeal is not only appropriate, but warranted. Blue Spike notes that its briefing and oral argument highlighted issues now being considered at the Federal Circuit. *See McRO, Inc. v. Bandai Namco Games America, Inc.*, Case No. 15-1080 (on appeal from C.D. Cal.). Specifically, like the appellant in *McRO*, Blue Spike argues that the District Court's finding of invalidity on resulted its fundamental misinterpretation of what is required to place meaningful limitations on the scope of the claim. As interpreted by the District Court in Blue Spike's case against Google, the *Alice v. CLS Bank* standard requires all of the additional claim limitations to be read out of the claim because, individually, they lack sufficient novelty. Blue Spike still believes that the Court's approach lacks any basis in case law. Moreover, the Court's reasoning improperly disregards a claim limitation for having a basis in prior art regardless of how that claim may be novel when combined with other claims. The Court's reasoning would make it nearly impossible for any software patent to survive.

Blue Spike believes it is likely to succeed on the merits of this argument, as its position is firmly rooted in the case law and statutory interpretation. Even if Audible Magic and the Court disagree that Blue Spike will "probably" prevail, Blue Spike need only show that it has a

"substantial case on the merits when a serious legal question is involved, and show that the balance of the equities weighs heavily in favor of granting the stay." *Ruiz*, 650 F.2d at 565. Here, Blue Spike has demonstrated that it has a substantial case on the merits, and the issue of patent invalidity is undoubtedly a serious legal question involved in the instant case. Therefore, this factor weighs heavily in favor of granting the stay.

Blue Spike considers a balance of the equities in the remaining three factors.

### 2.        Irreparable Harm to Blue Spike if the Stay is Not Granted

If the Court denies Blue Spike's motion to stay these proceedings, Blue Spike would be irreparably harmed by potentially having to litigate the same legal issues in two separate trials, as it would face trial on Audible Magic's counterclaims, and in the event its appeal is successful, a second trial on its patent infringement claims. As this Court noted, "[l]itigation is expensive, and proceeding during the pendency of the appeal poses a great risk for significant economic harm for both parties." *Astec Am., Inc.*, 2008 U.S. Dist. LEXIS 55100, at *14.

Aside from the expense of potentially conducting multiple trials in the event Blue Spike is successful on appeal, Blue Spike would be potentially irreparably harmed by the prospect of having to present a separate set of issues to two different juries. The issues in Blue Spike's case and Audible Magic's counterclaims are inextricably linked, and the same jury should hear all of the issues at the same time. Otherwise, Blue Spike will be in a position of being hindered from trying the case with the benefit of all relevant evidence in its possession.

During the meet and confer regarding pretrial materials, Audible Magic's counsel implicitly admitted that the same facts underlie Blue Spike's case-in-chief and Audible Magic's equitable defenses and counterclaims when it argued that these equitable issues should be submitted to the jury for advisory findings. *See* Garteiser Decl., at ¶ 2. According to Audible

Magic, the jury is going to make factual determinations anyways, so it would make sense to ask the jury to aid the Court in applying those same factual determinations to the equitable claims and defenses. Garteiser Decl., at ¶ 2. Given the strong potential for duplicative proceedings and therefore irreparable harm, this factor weighs in favor of granting Blue Spike's request.

### 3.    Lack of Substantial Harm to Audible Magic

A stay of the instant proceedings does not pose a threat of substantial harm to Audible Magic. In fact, staying the proceedings has the potential to save Audible Magic the time and expense of potentially having to litigate many of the same issues twice. In the event that Blue Spike is successful in its appeal of the Google judgment of invalidity, Blue Spike would renew its infringement claims against Audible Magic. In this likely scenario, absent a stay, Audible Magic would have already incurred the great expense of conducting the trial on its counterclaims and would be faced with a second trial on the issue of infringement and invalidity.

On the other hand, if Blue Spike is unsuccessful in its appeal, it will not assert any of its claims of the patents-in-suit against Audible Magic or its customers. Whatever minor inconvenience in delaying the trial on its counterclaims has to be weighed against the possibility that neither Audible Magic nor its customers would need to litigate Blue Spike's infringement claims. *See Astec Am., Inc.*, 2008 U.S. Dist. LEXIS 55100, at *14-15 ("[S]taying the case also presents relatively little potential prejudice to Astec. . . . Ultimately, many of the legal issues Astec wants answered are presently before the Federal Circuit, and therefore Astec may achieve part of what it is seeking in the present litigation (a definitive determination of invalidity of the patents-at-issue) in the appeal."). Therefore, the potential prejudice to Audible Magic is minimal, and the Court should find that this factor favors granting Blue Spike's request for a stay of the proceedings.

### 4.     A Stay Would Serve the Public Interest

There can be no question that the public interest is served by the judicial economy and

efficiency that would be obtained by staying the proceedings pending the outcome of Blue

Spike's appeal to the Federal Circuit. Related to the concerns raised above regarding duplicative

proceedings causing irreparable harm to Blue Spike, forcing this case to proceed to trial when it s

possible that a second trial would be required at some later date, which would waste judicial

resources. It would be more efficient for the Court to hear all potential issues in the same trial

after the issues have been substantially streamlined by Federal Circuit guidance on the validity of

the patents-in-suit under Section 101. Similarly, residents of Texas would agree that resolving all

potential issues between the parties at the same trial in front of the same jury is in the public

interest. The potential need to impanel multiple juries alone justifies granting Blue Spike's

request for a stay. Therefore, the Court should grant Blue Spike's emergency motion for a stay.

**B.     IF THE COURT DENIES THE MOTION FOR A STAY, IT SHOULD AT LEAST GRANT BLUE SPIKE'S MOTION IN THE ALTERNATIVE TO EXTEND THE TIME FOR THE PARTIES TO FILE PRETRIAL MATERIALS.**

Even if the Court disagrees that a stay of proceedings pending an appeal of N.D. Cal.'s

judgment of invalidity is appropriate, it should nonetheless grant Blue Spike's request to extend

the deadline to prepare and file pretrial materials until the Court has resolved the numerous

motions pending before the Court. Blue Spike brings this motion now, as the Court did not rule

on these dispositive motions by its self-imposed deadline of September 25, 2015 or in the week

since.[3] (*See* Dkt. No. 53.)

Resolution of these motions will help the parties narrow the issues for trial and impact the

---

[3] Blue Spike acknowledges that its supplemental sur-reply regarding Audible Magic's motion for summary judgment of non-infringement caused a delay in the Court's resolution of that motion but notes that no other timeline has similarly been adjusted.

scope of the pretrial materials that must be submitted to the Court on October 5, 2015. Indeed, the Court's Trial Preparation Order requires that the parties meet and confer "to narrow issues that are *actually* in dispute." *See, e.g.*, Dkt. No. 25 at ¶¶ 13, 14(f). To that end, Blue Spike respectfully requests that the time to file pretrial materials be extended to allow the parties an opportunity to meaningfully meet and confer to streamline (a) the issues that need to be resolved prior to trial and (b) the issues that remain to be tried. Meet and confer efforts between the parties to date reveal that there is general confusion about what issues will actually be litigated at trial. *See* Garteiser Decl. at ¶ 4.

Similarly, Blue Spike notes that a grant of an extension on filing the pretrial materials could potentially reduce the burden on the Court. For example, should the Court grant Blue Spike's motion for summary judgment on Audible Magic's counterclaims, it need not sift through Audible Magic's comprehensive list of 1,933 exhibits, many of which likely pertain to those same issues that have yet to be resolved. Tying up the substantive loose ends in this case would yield a more efficient run-up to trial. Therefore, Blue Spike respectfully requests an extension of time to prepare and file its joint submission of pretrial materials.

## IV.    CONCLUSION

For these reasons, Blue Spike respectfully requests the Court grant its emergency motion to stay the instant proceedings or in the alternative to extend the time to file pretrial materials until the Court has ruled on the motions pending before this Court.

Respectfully submitted,

   /s/ Randall T. Garteiser
Randall T. Garteiser
 Texas Bar No. 24038912
 rgarteiser@ghiplaw.com
Christopher A. Honea
 Texas Bar No. 24059967

chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
218 N. College Ave.
Tyler, Texas 75702
Telephone:  (903) 705-7420
Facsimile:  (888) 908-4400

*Counsel for Blue Spike, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

　　　　　　　　　　　　　/s/ Randall Garteiser　　　　　
　　　　　　　　　　　　　Randall T. Garteiser


**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), the undersigned certifies that on October 2, 2015, Randall Garteiser, counsel for Plaintiff Blue Spike, LLC, conferred with Defendant's counsel, Gabriel Ramsey, Alyssa Caridis, and Christopher Higgins regarding the present motion. Defendant's counsel stated their client would oppose the relief requested in this Motion.

　　　　　　　　　　　　　/s/ Randall Garteiser　　　　　
　　　　　　　　　　　　　Randall T. Garteiser