UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC, <br><br>*Plaintiff*, <br><br>v. <br><br>AUDIBLE MAGIC CORPORATION, <br><br>*Defendant.* <br><br>AUDIBLE MAGIC CORPORATION, <br><br>*Counterclaim Plaintiff* <br><br>v. <br><br>BLUE SPIKE, LLC, BLUE SPIKE, INC. and SCOTT A. MOSKOWITZ <br><br>*Counterclaim Defendants.* | Case No. 6:15-cv-584-MHS <br><br>Lead Case <br><br>Jury Trial Demanded |

**DECLARATION OF RANDALL T. GARTEISER IN SUPPORT OF BLUE SPIKE, LLC'S EMERGENCY MOTION TO STAY PROCEEDINGS OR IN THE ALTERNATIVE TO EXTEND THE TIME TO FILE PRETRIAL MATERIALS**

I, Randall T. Garteiser, declare as follows:

1. I am a partner in the law firm, Garteiser Honea, PLLC. We represent Plaintiff Blue Spike, LLC ("Blue Spike") in this lawsuit. I make this declaration in support of Blue Spike's Emergency Motion to Stay Proceedings or in the Alternative to Extend the Time to File Pretrial Materials. I have personal knowledge of the information contained in this declaration and can testify to the truth of these statements.

2. On September 25, 2015, counsel for Audible Magic and Blue Spike held a telephonic meet and confer to discuss the pretrial order and jury instructions. The parties disagreed whether the equitable counterclaims and defenses that ultimately are within the province of the Judge should be submitted to the jury for advisory findings. Audible Magic's

position was that because there is overlap in the facts to be determined by the jury on Blue Spike's case in chief and Audible Magic's non-equitable counterclaims and defenses, it would be helpful to the Court to just include the equitable claims on the verdict form. Blue Spike disagreed that the jury should make advisory findings, and the parties agreed to note this disagreement in the joint pretrial order and jury instructions.

3. During the same meet and confer, Alyssa Caridis addressed Blue Spike's continued general objection the length of Audible Magic's trial exhibit list. Audible Magic counsel's position was that it is consistent in length to other trials they are currently preparing for in E.D. Texas. In addressing Blue Spike's objection, Audible Magic's counsel noted that Audible Magic's exhibit list containing 1,933 exhibits is long because of the numerous issues involved in this case and that it would likely be further reduced depending on the outcome of the outstanding motions pending before the Court.

4. The meet and confer effort also revealed to Blue Spike that the parties fundamentally disagree about how the claims and counterclaims would proceed to trial and what impact, if any, those motions and trial would have on Blue Spike's case against the Audible Magic Customer Defendants. Both parties continued to suggest that modifications to the pretrial submission would be necessary as they receive rulings from the Court on the outstanding motions. I was generally confused by the various hypothetical scenarios that could unfold based on the Court granting certain motions and denying others. My sense during the call was that the parties' meet and confer would have been more productive if the pending motions were resolved.

5. During the time between Judge Gonzalez Rogers's Order Granting Google's Motion for Judgment on the Pleadings and the time that Judge Gonzalez Rogers's issue of final Judgment Invalidating the Asserted Patents, Blue Spike and Audible Magic engaged in

settlement negotiations. As of the time of this filing, those negotiations have not proven fruitful.

6.  Counsel for Blue Spike considered staying the proceedings following the order of invalidity in the Google case and communicated its intent to Audible Magic. Blue Spike ultimately waited for final judgment of invalidity before actually filing its motion for a stay. The District Court in the Northern District of California issued its final judgment on October 1, 2015.

7.  Blue Spike will file its notice of appeal on Monday, October 5, 2015.

8.  Attached hereto as Exhibit A is a true and correct copy of the Order Granting Motion for Judgment on the Pleadings in *Blue Spike, LLC v. Google Inc.*, Case. No. 4:14-cv-1650-YGR (Dkt. No. 75) (N.D. Cal. Sept. 8, 2015).

9.  Attached hereto as Exhibit B is a true and correct copy of the Order to Show Cause in *Blue Spike, LLC v. Google Inc.*, Case. No. 4:14-cv-1650-YGR (Dkt. No. 76) (N.D. Cal. Sept. 8, 2015).

10.  Attached hereto as Exhibit C is a true and correct copy of Blue Spike, LLC's Unopposed Statement of Non-objection to the Court's Order to Show Cause in *Blue Spike, LLC v. Google Inc.*, Case. No. 4:14-cv-1650-YGR (Dkt. No. 77) (N.D. Cal. Sept. 14, 2015).

11.  Attached hereto as Exhibit D is a true and correct copy of the Judgment Invalidating Asserted Patents Pursuant to Dkt. Nos. 75, 80 in *Blue Spike, LLC v. Google Inc.*, Case. No. 4:14-cv-1650-YGR (Dkt. No. 83) (N.D. Cal. Oct. 1, 2015).

I declare, on October 2, 2015, in Smith County, Texas and under penalty of perjury under the laws of the United States and Texas, that the statements made in this declaration are true and correct.

/s/ Randall T. Garteiser
Randall T. Garteiser