UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff*, | § § | Case No. 6:15-cv-584 |
| v. | § § | Lead Case |
| Audible Magic Corporation, | § § | Jury Trial Demanded |
| *Defendant*. | § § | |

**BLUE SPIKE'S REPLY IN SUPPORT OF ITS OBJECTION TO MAGISTRATE JUDGE CRAVEN'S REPORT AND RECOMMENDATION GRANTING SUMMARY JUDGMENT OF NONINFRINGEMENT [DKT. NO. 62]**

Blue Spike, LLC ("Blue Spike") files this reply pursuant to the Court's order [Dkt. No. 68] granting leave for Blue Spike to file a reply in support of its Objections to Magistrate Judge Craven's Report and Recommendation Granting Audible Magic Corporation's ("Audible Magic") Motion for Summary Judgment of Noninfringement.

Either Audible Magic now agrees with Blue Spike's infringement position or there was never a dispute in the first place. In its Objection to Magistrate Judge Craven's Report and Recommendation Granting Summary Judgment of Non-infringement ("Objection"), Blue Spike reiterated it has "maintained an unwavering theory: MFCCs are abstracts, and MFCCs are not sufficient alone to perform all steps of the asserted claims." Objection at 1. Audible Magic now agrees, saying "[t]he Court's construction clearly does not pack into the term 'abstract' all other steps of the patent, nor does the construction include differentiation, transmission or reporting."[1] Audible

---

[1] Audible Magic makes this statement in response to a perceived disagreement. Specifically, Audible Magic accuses Blue Spike of "import[ing] all these other terms" into the term "abstract" in order to "form a new claim construction." Objection at 8, n.4. But Blue Spike is not trying to change the term "abstract" by incorporating other claim elements. On the

1

Magic's Response to Blue Spike's Objection ("Response"), Dkt. No. 64 at 8, n.4. Thus, the parties agree an abstract does not teach all steps in the patents-in-suit, including version differentiation. *See* Objection at 1 ("Each asserted claim contains an 'abstract' element. Each claim also contains other elements, such as differentiation between versions of a signal, signal transmission, and reporting."); Objection at 6, n.2 (noting Blue Spike's position that "abstracts are MFCCs but that MFCCs alone do not perform all the required steps of the patents-in-suit").

This seeming disagreement is at the heart of the noninfringement dispute. Scott Moskowitz testified generally of his abstracting technology that improves upon prior art in a number of ways, including its ability to differentiate between versions of digital signals. Deposition of Scott Moskowitz ("Moskowitz Depo.") at 52:9-22 ("Q:[W]hat is your understanding as the inventor between signal abstracts and signal fingerprints? A: Signal fingerprints cannot differentiate between versions of the same data object. . . ."). But Audible Magic premised its entire noninfringement summary judgment motion on the idea that Mr. Moskowitz does not understand his patents and mistakenly attributed these elements—such as differentiating between versions—to the abstract itself. This is not the case. It would have been helpful if both Audible Magic's counsel and Scott Moskowitz had made greater effort to distinguish abstracting technology from the abstract element.[2] Nevertheless, when read in context, it is clear Scott Moskowitz

---

contrary, Blue Spike agrees with Audible Magic that those claim elements are separate from the "abstract" element.

[2] Counsel for Audible Magic repeatedly confused abstracting technology with the abstract element. For instance, counsel for Audible Magic asked "[s]o it's your contention that the prior art prior to your *signal abstracting patent* were unable to distinguish between versions of a particular song, for example?" Moskowitz Depo. at 53:2-5 (emphasis added). Two questions later, counsel for Audible Magic asked "[s]o the three benefits, to be clear, that *characterize your signal abstracts* are the ability to differentiate versions. . . ."

testified that his abstracting technology (not the abstract element) is more than an MFCC alone and performs other functions an MFCC cannot, such as differentiating between versions. *See, e.g.,* Moskowitz Depo. at 53:13-21 (using the term "abstract" instead of the more appropriate phrase "abstracting technology" when noting the prior art is "incapable of carrying out the three benefits of what a signal abstract does" such as differentiating between versions).

Blue Spike's position is supported by Federal Circuit precedent. The Federal Circuit has warned courts about relying on an inventor's testimony because an inventor will likely speak of the invention as a whole rather than the individual claims. *See, e.g., Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 985 (Fed. Cir. 1995); *Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*, 540 F.3d 1337, 1346-47 (Fed. Cir. 2008); *Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372, 1379-80 (Fed. Cir. 2000). The Federal Circuit has even declined to rely on inventor testimony for summary judgment of invalidity. *See Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372, 80 (Fed. Cir. 2000) ("[W]e conclude that investor testimony, obtained in the context of litigation, should not be used to invalidate issued claims under 35 U.S.C. section 112, paragraph 2."). This counsel is equally pertinent here.

MFCCs are abstracts but cannot perform all of the functions of the patents-in-suit. Blue Spike believes this, Audible Magic believes this, and Scott Moskowitz's testimony—when read in context—evidences his belief in the same.

---

Moskowitz Depo. at 53:15-19 (emphasis added). Counsel's questions exacerbated, if not directly caused, confusion between the patent as a whole and the "abstract" element.

3

Respectfully submitted,

  /s/ Randall Garteiser
Randall T. Garteiser
 Lead Attorney
 Texas Bar No. 24038912
 rgarteiser@ghiplaw.com
Christopher A. Honea
 Texas Bar No. 24059967
 chonea@ghiplaw.com
Christopher S. Johns
 Texas Bar No. 24044849
Kirk J. Anderson
 California Bar No. 289043
Molly A. Jones
 California Bar No. 301419
GARTEISER HONEA, P.C.
119 W. Ferguson Street
Tyler, Texas 75702
(903) 705-7420
(888) 908-4400 fax

*Attorneys for Blue Spike, LLC*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

                                                                          /s/ Randall Garteiser  
                                                                          Randall T. Garteiser

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

      Pursuant to Local Rule CV-5(a)(7)A), I certify that this document is being filed under seal as it contains information designated as confidential under the parties' protective order.

                                                                          /s/ Randall T. Garteiser  
                                                                          Randall T. Garteiser