# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC,<br><br>*Plaintiff*<br>v.<br><br>AUDIBLE MAGIC CORPORATION<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:15-CV-00584-RWS-CMC |
| AUDIBLE MAGIC CORPORATION,<br><br>*Counterclaim Plaintiff*<br>v.<br><br>BLUE SPIKE, LLC, BLUE SPIKE, INC.<br>and SCOTT A. MOSKOWITZ<br><br>*Counterclaim Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**AUDIBLE MAGIC CORPORATION'S SUR-REPLY TO BLUE SPIKE'S OBJECTION
TO REPORT AND RECOMMENDATION GRANTING AUDIBLE MAGIC'S
<u>MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT</u>**

**FILED UNDER SEAL**

The Court's Report and Recommendation sets forth a detailed analysis explaining that Scott Moskowitz's deposition testimony qualifies as a judicial admission under 5th Circuit law. D.I. 56.  Mr. Moskowitz's judicial admissions conclusively establish that MFCCs are not the abstract element required by every single claim of the asserted patents.

In its reply,[1] Blue Spike inexplicably claims that "Audible Magic believes" "MFCCS are abstracts but cannot perform all of the functions of the patents-in-suit."  D.I. 69 at 3.  This unsupported assertion is blatantly false.[2]  Indeed, Audible Magic's noninfringement expert, Dr. John Strawn (D.I. 13-9), provided a detailed explanation in his expert report regarding why MFCCs do not meet the Court's construction of "abstract."  Regardless, the relevant issue is whether *Scott Moskowitz* judicially admitted that MFCCs are not abstracts.  The Court properly concluded that he did.

Mr. Moskowitz made the calculated decision to admit that MFCCs are not his claimed abstract in order to avoid invalidity.  *See* D.I. 64 at 1.  He applied the Court's claim construction when making that admission.  *See, e.g.* D.I. 56 at 13-14.  In order to infringe, the accused structure must meet the claim limitations, as properly construed.  *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995).  Mr. Moskowitz, *using this Court's claim construction*,

---

[1] In its request seeking leave to file a reply, Blue Spike falsely asserted that "[a]fter a meet and confer, Audible Magic opposes."  D.I. 67.  No such meet and confer ever happened. (Indeed, Blue Spike's motion tellingly lacked the required certificate of conference.)  After Blue Spike filed its motion, Audible Magic notified Blue Spike repeatedly that Blue Spike did not meet and confer on its motion and that Blue Spike's motion therefore contained a false representation to this Court.  Blue Spike refused to take corrective measures.

[2] Blue Spike cites to a footnote in Audible Magic's opposition as alleged support for its claim. D.I. 69 at 1.  That footnote merely pointed out that Mr. Moskowitz made his judicial admission while adopting the Court's claim construction and that Blue Spike's newly-minted argument attempts to go beyond that construction.  D.I. 64 at 8, n.4.  The footnote in no way changes the fact that Mr. Moskowitz repeatedly testified that MFCCs are not abstracts under the construction adopted by the Court.

repeatedly and emphatically explained that MFCCs are not abstracts. The inquiry of infringement ends there; summary judgment is therefore appropriate. *Id.*

Blue Spike's reply does not even address the standards of a judicial admission—the very legal doctrine the Court relied on in reaching its Report and Recommendation. Instead, Blue Spike repeats its unavailing attempts to explain away Mr. Moskowitz's judicial admissions. A review of the record—as the Court already did in reaching its Report and Recommendation—reveals that Mr. Moskowitz knew exactly what he was talking about when making repeated judicial admissions. *See, e.g.*, D.I. 56 at 14 ("Mr. Moskowitz was not confused about the questions as suggested by Blue Spike. . . . Mr. Moskowitz went out of his way at times to affirmatively assert that MFCCs were not abstracts, when such testimony was not even responsive to a question"). In an attempt to salvage the validity of his patents, Mr. Moskowitz made repeated and unequivocal assertions that MFCCs are not his claimed abstract element. *Id.* at 14-15 ("What I will say is that the mathematics of MFCCs are not equivalent with a signal abstract on – in any way, shape or form."). He made those admissions applying the Court's claim construction, which he expressly adopted as his own. *Id.* at 14 ("After conceding that the Court's 'definition is suitable' and adopting that as his understanding of 'abstract,' Mr. Moskowitz consistently referred to the Court's claim construction as framing his understanding of 'abstract' when testifying that MFCCS are not the claimed abstract").

Blue Spike's late attorney generated arguments that Mr. Moskowitz did not mean what he said or was somehow confused by Audible Magic's questions should be rejected. Blue Spike would have this Court ignore the fact that when Mr. Moskowitz explicitly referred to "a signal abstract" and discussed MFCCs, he did so expressly adopting the Court's construction of that term. Blue Spike's attorneys instead attempt to substitute the Court's claim construction, which was

2

applied by Mr. Moskowitz, with an amorphous (and undefined) notion of "abstracting technology."[3] Mr. Moskowitz's testimony could not be clearer. For example, Mr. Moskowitz testified:

- "Again, I've said it many times, **a signal abstract** is not the same thing as the MFCCs and again, the claim construction which you based your arguments was rejected by the court during the Markman hearing…" (D.I. 13, Exhibit 1 at 781:14-23 (emphasis added));

- "[T]he mathematics of MFCCs are not equivalent with **a signal abstract**" (*Id.* at 818:25-819:2 (emphasis added));

- "[Y]our contention [is that] an MFCC is somehow equivalent with **a signal abstract**. I contend that is not the case." (*Id.* at 775:7-12 (emphasis added)).

There is no ambiguity here. Mr. Moskowitz's statements, on their face, were "deliberate, clear, and unequivocal" and therefore constitute judicial admissions. *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 320 (5th Cir. 2001).

*     *     *

Audible Magic respectfully requests that Blue Spike's objections to the Report and Recommendation be overruled and the Court grant summary judgment of no infringement.

---

[3] Blue Spike's only alleged support of this notion is an incomplete excerpt from the December 9 deposition of Mr. Moskowitz. On that day of deposition, MFCCs were not even discussed.

| | |
|---|---|
| Dated:  October 8, 2015 | By:  */s/ Eric H. Findlay*<br>Eric H. Findlay (Texas Bar No. 00789886)<br>Walter W. Lackey, Jr. (Texas Bar No. 24050901)<br>FINDLAY CRAFT, P.C.<br>102 N. College Ave., Suite 900<br>Tyler, TX 75702<br>Telephone:  (903) 534-1100<br>Facsimile:   (903) 534-1137<br>efindlay@findlaycraft.com<br>wlackey@findlaycraft.com<br><br>Gabriel M. Ramsey– *LEAD ATTORNEY*<br>I. Neel Chatterjee<br>ORRICK, HERRINGTON & SUTCLIFFE, LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>Telephone:  (650) 614-7400<br>Facsimile:  (650) 614-7401<br>gramsey@orrick.com<br>nchatterjee@orrick.com<br><br>Alyssa M. Caridis<br>ORRICK, HERRINGTON & SUTCLIFFE, LLP<br>777 S. Figueroa St.<br>Suite 3200<br>Los Angeles, CA 90017<br>Telephone:  (213) 629-2020<br>Facsimile:  (213) 612-2499<br>acaridis@orrick.com<br><br>Christopher J. Higgins<br>ORRICK, HERRINGTON & SUTCLIFFE, LLP<br>1152 15th Street, NW<br>Washington, DC 20005<br>Telephone: (202) 339-8418<br>chiggins@orrick.com<br><br>**Attorneys for Defendant Audible Magic Corp.** |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically on opposing counsel pursuant to Local Rule CV-5(a)(7)(C) on October 8, 2015.

/s/ Eric H. Findlay
Eric H. Findlay

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that authorization to file this document under seal was provided by the Protective Order entered in the previously consolidated action 6:12-cv-499.

/s/ Eric H. Findlay
Eric H. Findlay
