IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | Case No. 6:15-cv-584 |
| § | | SEALED |
| **AUDIBLE MAGIC CORPORATION** § | | |
| *Defendant.* § | | |
| | | |
| **AUDIBLE MAGIC CORPORATION** § | | |
| *Counterclaim Plaintiff,* § | | |
| § | | |
| v. § | | |
| § | | |
| **BLUE SPIKE LLC, BLUE SPIKE, INC.** § | | |
| **and SCOTT A. MOSKOWITZ** § | | |
| *Counterclaim Defendants.* § | | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following pending motion is before the Court:

> **Audible Magic Corporation's Motion for Voluntary Dismissal Without Prejudice or in the Alternative to Amend its Infringement Contentions (Docket Entry # 12).**

The Court, having reviewed the relevant briefing and hearing arguments of counsel August 25, 2015, recommends Audible Magic's motion for voluntary dismissal without prejudice be **GRANTED,** and Audible Magic's infringement counterclaim be **DISMISSED WITHOUT PREJUDICE**.

# I. BACKGROUND

On August 27, 2012, Plaintiff Blue Spike, LLC ("Blue Spike") filed suit against Defendant Audible Magic Corporation ("Audible Magic"), alleging infringement of four patents: U.S. Patent Nos. 7,346,472 (the '472 Patent), 7,660,700 (the '700 Patent), 7,949,494 (the '494 Patent), and 8,214,175 (the '175 Patent) (collectively "Asserted Patents"). The Asserted Patents describe a method and device for monitoring and analyzing signals. Audible Magic's answer included twelve counterclaims against Blue Spike, LLC, Blue Spike, Inc., and Scott Moskowitz (collectively "Blue Spike"). Audible Magic eventually brought thirteen counterclaims against Blue Spike.[1]

## II. THE PARTIES' BRIEFING

Now Audible Magic moves to dismiss without prejudice its patent infringement counterclaim (counterclaim 12) against Blue Spike,[2] asserting discovery revealed Blue Spike never built or created The Giovanni Abstraction Machine ("GAM") According to Audible Magic, while Blue Spike's offer for sale is a legally recognizable act of patent infringement, because no actual product exists, Audible Magic would prefer not to burden the Court at this time with the present dispute. Audible Magic asserts a dismissal without prejudice will preserve Audible Magic's rights in the future, should Blue Spike decide to build its GAM. In the alternative, Audible Magic moves the Court to allow it to amend its infringement contentions to include claim 9 of the '308 patent.

In response, Blue Spike asserts it will be prejudiced if Audible Magic is allowed to dismiss its counterclaim without prejudice at this stage of the litigation. Blue Spike takes issue with Audible

---

[1] Audible Magic has clarified that counterclaims 1 through 9 are asserted against Blue Spike, LLC alone.

[2] Specifically, Audible Magic alleges Blue Spike's offer for sale of its Giovanni Abstraction Machine infringes Audible Magic's U.S. Patent No. 6,834,308 ("the '308 patent").

Magic's asserted confusion over whether the GAM existed, citing a footnote in its claim construction briefing which explicitly noted Blue Spike did not sell the GAM, but only offered the product for sale. According to Blue Spike, the Court should craft conditions to cure any prejudice to Blue Spike, including dismissing the patent infringement counterclaim with prejudice and awarding Blue Spike costs and fees associated with that counterclaim.

### III.  APPLICABLE LAW

Pursuant to FED. R. CIV. P. 41, a court may grant the voluntary dismissal of counterclaims "upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2). The decision whether to grant a voluntary dismissal rests soundly within the district court's discretion. *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317-18 (5th Cir. 2002). "[A]s a general rule, motions for voluntary dismissal should be freely granted unless the nonmoving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Id.* (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir.1990)).

Legal prejudice is defined as "prejudice to some legal interest, some legal claim, [or] some legal argument." *See Chavez v. Dunlop, Ltd.*, 2011 U.S. Dist. LEXIS 49802, 09-cv-798, *4 (E.D. Tex. April 13, 2011). "Plain legal prejudice often occurs where the grant of a motion for voluntary dismissal causes the non-movant to be stripped of an otherwise available defense" or where "the movant suffered an adverse legal decision prior to moving for voluntary dismissal." *Robles v. Atl. Sounding Co.*, 77 Fed. Appx. 274, 275-76 (5th Cir. 2003). In contrast, the expense of litigating a lawsuit, the prospect of defending against a second lawsuit, and mere tactical advantage does not constitute legal prejudice and is not a bar to dismissal without prejudice. *See Robles v. Atl. Sounding Co.*, 77 Fed. Appx. 274, 275-76 (5th Cir. 2003); *Manshack v. Southwestern Elec. Power Co.*, 915

F.2d 172, 174 (5th Cir. 1990).

## IV. DISCUSSION

In determining whether dismissal of an action should be without prejudice, courts consider the following factors: "(1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant." *See Chavez v. Dunlop, Ltd.,* 2011 U.S. Dist. LEXIS 49802, 09-cv-798, *6 (E.D. Tex. April 13, 2011).

Audible Magic asserts Blue Spike made inconsistent statements regarding the existence of the GAM, which hampered Audible Magic from determining the exact extent of Blue Spike's infringement. Specifically, Blue Spike offered the GAM for sale on bluespike.myshopify.com until at least Defendant 2013, after which time Blue Spike removed the offer from the website. In May of 2014, Blue Spike LLC responded to an interrogatory about the website by claiming the GAM was offered "from early 2012 until August 2012." In December of 2014, Blue Spike LLC supplemented its response and indicated the GAM was offered for sale until December 2013.

According to Audible Magic, Blue Spike also provided inconsistent statements about whether the GAM was an actual product, having initially offered to produce the full source code for review in June 2014. According to Audible Magic, it was not until the deposition of Mr. Moskowitz and Blue Spike in late 2014 and early 2015 that Audible Magic was able to conclude with relative certainty that the GAM Blue Spike offered for sale never existed. Given Blue Spike's removal of the offer for sale from its website, Audible Magic approached Blue Spike shortly thereafter with the possibility of dismissing its infringement counterclaim without prejudice, as has been Blue Spike's

4

practice with its own patents in this lawsuit.

Considering Blue Spike has removed the offer for sale from its website and further considering there is no GAM product at this time, the Court finds no need for the parties or the Court to spend additional resources litigating Audible Magic's counterclaim 12. The Court is not persuaded that Blue Spike has expended significant effort in preparing for trial on Audible Magic's patent counterclaim. According to Audible Magic, Blue Spike did not challenge the validity of the '308 patent so it did not spend resources on invalidity contentions or experts. Audible Magic's explanation of its need for a dismissal without prejudice outweighs Blue Spike's concern of its possibly having to face trial later.[3]

For these reasons, the Court in its discretion recommends Audible Magic's motion for voluntary dismissal without prejudice be granted and Audible Magic's infringement counterclaim be dismissed without prejudice.

Based on the foregoing, it is

**RECOMMENDED** that Audible Magic Corporation's Motion for Voluntary Dismissal Without Prejudice or in the Alternative to Amend its Infringement Contentions (Docket Entry # 12) should be **GRANTED.** It is further

**RECOMMENDED** that Audible Magic's counterclaim 12 be **DISMISSED WITHOUT**

---

[3] Although filing a motion for voluntary dismissal at a late stage in litigation can be grounds for denying a motion, *see Robles v. Atl. Sounding Co.*, 77 Fed. Appx. 274, 275 (5th Cir. 2003), here the Court does not find excessive delay or lack of diligence on the part of Audible Magic in moving to dismiss. The Fifth Circuit in *Robles* stated even if the court's decision to grant the voluntary dismissal caused the appellant some legal prejudice, "the existence of plain legal prejudice [did] not require automatic dismissal. Rather, it [was] within the discretion of the district court to either deny the motion or to grant the motion and attach conditions that cure the prejudice." *Id.* at 276 (also noting the "mere prospect of a second lawsuit does not constitute plain legal prejudice.").

**PREJUDICE.**

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED** this 26th day of February, 2016.

*Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE