IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>AUDIBLE MAGIC CORPORATION,<br><br>       Defendant.<br> | Civil Action No. 6:15-cv-00584-RWS-CMC |
| AUDIBLE MAGIC CORPORATION,<br><br>       Counterclaim Plaintiff,<br><br>v.<br><br>BLUE SPIKE, LLC, BLUE SPIKE, INC.,<br>and SCOTT A. MOSKOWITZ,<br><br>       Counterclaim Defendants. | |

**DECLARATION OF VERA RANIERI IN SUPPORT OF ELECTRONIC FRONTIER
FOUNDATION'S MOTION FOR LEAVE TO INTERVENE AND UNSEAL**

I, Vera Ranieri, declare,

    1.    I am a Staff Attorney at the Electronic Frontier Foundation.  I am admitted to practice in California and in the United States District Court for the Northern District of California, the Southern District of California, the Eastern District of Texas, the Ninth Circuit Court of Appeals, and the Federal Circuit Court of Appeals.

    2.    Unless otherwise noted, I have personal knowledge of all of the matters stated in this declaration and if called upon to do so I am competent to testify to all matters set forth herein.  All webpages cited in this declaration were last visited on March 18, 2016.

    **The Electronic Frontier Foundation**

    3.    The Electronic Frontier Foundation ("EFF") is a nonprofit legal services

organization that advocates for the rights of digital consumers and innovators.  EFF is a donor-funded 501(c)(3) nonprofit organization with over 26,000 dues-paying members.  EFF employs 18 attorneys as well as support staff, activists, and staff technologists.

4. EFF operates as a team of lawyers, activists, and technologists.  EFF's lawyers are primarily called to bar in California, and are admitted to various courts, including the United States Supreme Court.  EFF is guided by a Board of Directors comprised of respected academics, lawyers, and technologists from across the United States.  EFF also maintains an Advisory Board which includes representatives from around the world.  EFF also regularly benefits from the expertise of fellows and student interns.

5. EFF represents the interests of technology users in litigation and in broader policy debates surrounding the application of law in the digital age.  EFF's activities include impact litigation, public advocacy and education, and the design of new technologies to help individuals protect their privacy.

**EFF's Publication Activity Relating to Patent Policy and Reform**

6. A significant part of EFF's work involves public outreach, including by regularly speaking on industry panels, maintaining an active blog where EFF sheds light on issues implicating law and technology, and submitting op-eds to various publications.

7. Blog posts that staff members working at EFF have written on patent related issues in the last year include:

> a. Daniel Nazer, *EFF Defends Live Action Role Players' Right to Criticize Patent Suit*, EFF Deeplinks, Feb. 18, 2016, available at https://www.eff.org/deeplinks/2016/02/eff-defends-live-action-role-players-right-criticize-patent-suit;
>
> b. Vera Ranieri, *The Federal Circuit Sticks to Its Guns: Patent Owners Can Prevent You From Owning Anything*, EFF Deeplinks, Feb. 16, 2016, available at https://www.eff.org/deeplinks/2016/02/federal-circuit-sticks-its-guns-patent-owners-can-prevent-you-owning-anything;

2

    c. Elliot Harmon, *Hacking the Patent System: Improved, Expanded Guide to Patent Licensing Alternatives*, EFF Deeplinks, Jan. 26, 2016, available at https://www.eff.org/deeplinks/2016/01/hacking-patent-system-improved-expanded-guide-patent-licensing-alternatives;

    d. Vera Ranieri, *EFF to Court: Stop Shielding Patent Trolls That Send Baseless Demand Letters*, EFF Deeplinks, Dec. 21, 2015, available at https://www.eff.org/deeplinks/2015/12/eff-court-stop-shielding-patent-trolls-send-baseless-demand-letters;

    e. Elliot Harmon, *Form 18 is Dead. What's Next for Patent Trolls?*, EFF Deeplinks, Dec. 2, 2015, available at https://www.eff.org/deeplinks/2015/12/form-18-dead-whats-next-patent-trolls.

8. Op-eds that staff members working at EFF have written on patent related issues for other media entities include:

    a. Julie Samuels, *Patent Trolls Hurt Innovation*, Politico, Mar. 6, 2013, available at http://www.politico.com/story/2013/03/patent-trolls-are-draining-our-innovation-economy-88517.html;

    b. Vera Ranieri, *EFFecting Digital Freedom*, 2600 Magazine, Autumn 2014;

    c. Daniel Nazer, *Why Patent Trolls Love East Texas... And Why Congress Needs To Fix It*, Techdirt, Aug. 18, 2015, available at https://www.techdirt.com/articles/20150817/15454131989/why-patent-trolls-love-east-texas-why-congress-needs-to-fix-it.shtml (reposted pursuant to license from Deeplinks);

    d. Julie Samuels, *Oracle v. Google Shows the Folly of U.S. Software Patent Law*, Wired, Apr. 23, 2012, available at http://www.wired.com/2012/04/opinion-samuels-google-oracle/;

3

  e. Julie Samuels, *Finally: This is How to Fix the 'Patent Fix' We're All In*, Wired, Apr. 2, 2013, available at http://www.wired.com/2013/04/this-is-how-to-fix-the-patent-fix-were-in/;

  f. Daniel Nazer, *Justices Tackle Plague of Vague Patents*, San Francisco Daily Journal, Apr. 24, 2014;

  g. Daniel Nazer, *Patent Trolls Trample Small Businesses*, Los Angeles Business Journal, May 5, 2014.

9. EFF often relies on publicly filed court documents in its writings. For example, in a blog post entitled "The Good, the Bad, and the Ugly of Adam Carolla's Settlement with the Podcasting Troll"[1], EFF relied on documents made publicly available via PACER to break the news that Adam Carolla had settled his well-publicized patent infringement lawsuit with Personal Audio, LLC. Other media companies relied on EFF's report in further reporting on the matter.[2]

10. EFF also relied on publicly filed court documents when it wrote about Blue Spike, LLC's ("Blue Spike") patent enforcement campaign in a blog post entitled "Serial Litigant Blue Spike Wins September's Stupid Patent of the Month."[3] EFF relied on, among other things, Blue Spike's complaint, Blue Spike's claim construction brief, and the defendants' motion for summary judgment, all publicly available from PACER.

---

[1] Daniel Nazer, "The Good, the Bad, and the Ugly of Adam Corolla's Settlement with the Podcasting Troll," EFF Deeplinks, Aug. 18, 2014, available at https://www.eff.org/deeplinks/2014/08/good-bad-and-ugly-adam-carollas-settlement-podcasting-troll.

[2] *See, e.g.*, Jeff John Roberts, *Notorious Podcasting Troll Settles Patent Suit with Comedian Adam Carolla*, GigaOm, Aug. 18, 2014, available at https://gigaom.com/2014/08/18/notorious-podcasting-troll-settles-patent-suit-with-comedian-adam-carolla/ (noting that the settlement court filing "was reported by the Electronic Frontier Foundation").

[3] Daniel Nazer, EFF Deeplinks, Sept. 30, 2014, available at https://www.eff.org/deeplinks/2014/09/serial-litigant-blue-spike-wins-septembers-stupid-patent-month.

11. EFF's reporting on Blue Spike's patent case was subsequently used as the basis for other reports. For example, EFF's article was referenced in at least two articles:

   a. C. Custer, *Meet the American company suing Xiaomi and a bunch of Chinese phone makers*, TechInAsia, Dec. 7, 2015, https://www.techinasia.com/meet-american-company-suing-xiaomi-huawei-oppo;

   b. Roy Schestowitz, *Software Patents' Demise Includes Exceptional Defeat for Microsoft-Connected Trolls, But Bar Still Lowered for Patents*, Techrights.org, Oct. 4, 2014, http://techrights.org/2014/10/04/low-standards-at-uspto/.

In addition, EFF's article was reprinted in full on two other websites. *See* http://abovethelaw.com/2014/10/serial-litigant-blue-spike-wins-effs-stupid-patent-of-the-month-for-september/ and https://www.techdirt.com/articles/20140930/15464228683/serial-litigant-blue-spike-wins-effs-stupid-patent-month-september.shtml.

12. EFF also relies on public documents from other sources, including the United States Patent and Trademark Office ("PTO"). For example, in a blog post entitled "October's Very Bad, No Good, Totally Stupid Patent of the Month: Filming A Yoga Class"[4], EFF relied on public filings available on "PAIR," the PTO's public access point for retrieving patent file histories, in order to argue that a patentee had failed to disclose relevant, material information to the PTO while pursuing a patent on filming a yoga class. After EFF's reporting, the patent owner disclaimed all rights in the patents.

13. EFF's publications and work regarding patent litigation and patent policy contribute to the public debate regarding patent reform. EFF's commentary has often led to further debate in the community. *See, e.g.*, Jason Rantanen, *Is the Federal Circuit Really Worse*

---

[4] Vera Ranieri, "October's Very Bad, No Good, Totally Stupid Patent of the Month: Filming A Yoga Class," EFF Deeplinks, Oct. 30, 2014, available at https://www.eff.org/deeplinks/2014/10/octobers-very-bad-no-good-totally-stupid-patent-month-filming-yoga-class.

*Than the Cubs?*, PatentlyO.com, June 3, 2014 (responding to EFF's Vera Ranieri, *Supreme Court Overrules Federal Circuit Again, and Again*, EFF Deeplinks, June 2, 2014)[5]; Timothy B. Lee, *Opinion: EFF should call for the elimination of software patents*, Ars Technica, June 20, 2012 (arguing that "[EFF's] patent reform ideas are a good start, but don't go far enough")[6]; Gene Quinn, *Mark Cuban is an Idiot, Patents Do NOT Impede Innovation*, IPWatchdog, Mar. 7, 2013 (responding to EFF's Julie Samuels, *Patent Trolls Hurt Innovation*, Politico, Mar. 6, 2013)[7].

### EFF's Other Activities Relating to Patent Policy and Reform

14. EFF regularly files amicus briefs at the Federal Circuit and the Supreme Court. For example, EFF recently filed amicus briefs in the following patent cases:

   a. *ClearCorrect Operating, LLC v. ITC*, Case No. 2014-1527 (Fed. Cir.);

   b. *Altera Corp. v. Papst Licensing GmbH*, Case No. 15-1914 (Fed. Cir.);

   c. *In re TC Heartland*, Case No. 16-105 (Fed. Cir.);

   d. *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, Case No. 14-1513 (S. Ct.)

   e. *McRO, Inc. v. Bandai Namco Games America, Inc.*, Case No. 15-1080 (Fed. Cir.)

15. EFF also regularly files comments with the PTO regarding patent matters. In the last year, EFF submitted comments in at least the following matters:

   a. Comments regarding Topics for Quality Case Studies, Docket No. PTO-P-2015-0074 (Feb. 12, 2016);

---

[5] Available at http://patentlyo.com/patent/2014/06/federal-circuit-really.html and https://www.eff.org/deeplinks/2014/06/supreme-court-overrules-federal-circuit-again-and-again, respectively.
[6] Available at http://arstechnica.com/tech-policy/2012/06/opinion-eff-should-call-for-the-elimination-of-software-patents/.
[7] Available at http://www.ipwatchdog.com/2013/03/07/mark-cuban-is-an-idiot-patents-do-not-impede-innovation/id=36851/ and http://www.politico.com/story/2013/03/patent-trolls-are-draining-our-innovation-economy-88517.html, respectively.

b. Comments regarding a Proposed Pilot Program Exploring an Alternative Approach to Institution Decisions in Post Grant Administrative Reviews, Docket No. PTO-P-2015-0055 (Nov. 18, 2015);

c. Comments regarding Amendments to the Rules of Practice for Trials Before the Patent Trial and Appeal Board, Docket No. PTO-P-2015-0053 (Nov. 18, 2015);

d. Comments regarding the July 2015 Update on Subject Matter Eligibility, Docket No. PTO-P-2015-0034 (Oct. 28, 2015).

16. Since 2004, EFF has run a Patent Busting Project to combat the chilling effects bad patents have on public and consumer interests. EFF maintains a website about its Patent Busting Project at: https://www.eff.org/patent-busting. Since it launched its Patent Busting Project, EFF has filed one inter partes review petition, nine petitions for ex parte reexamination at the PTO as well as seven preissuance third-party submissions challenging pending patent applications.

17. EFF also actively supports legislative reform of the patent system, targeting in particular the problem of lawsuits by non-practicing entities. On February 26, 2015, I testified before the U.S. House Committee on Energy and Commerce, Subcommittee on Commerce, Manufacturing, and Trade regarding patent reform. EFF has also urged its supporters to contact members of Congress to support the reform of the patent system.

18. The ability to review and examine publicly filed documents via the court's PACER system is instrumental in ensuring EFF's ability to engage in the activities above. Without public documents, EFF would be hindered in its ability to participate in the patent reform debate in a meaningful manner.

19. Attached hereto as **Exhibit 1** is a true and correct copy of Electronic Frontier Foundation's Proposed Complaint in Intervention for Injunctive Relief, as required by Federal Rule of Civil Procedure 24(c).

20.     Attached hereto as **Exhibit 2** is a true and correct copy of the "Transmittal of New Application" form for U.S. Patent App. No. 14/727,944, as made available from the United States Patent and Trademark Office's Public Patent Application Information Retrieval system ("Public PAIR"), annotated to show the relationship to the patents-in-suit.

21.     Attached hereto as **Exhibit 3** is a true and correct copy of printouts of http://tyler4tech.com/ipfriendly.html and http://tyler4tech.com/members.html, as accessed on March 23, 2016, and annotated to highlight cited portions.

22.     Attached hereto as **Exhibit 4** is a true and correct copy of the meet and confer correspondence between counsel for EFF and Blue Spike.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed March 29, 2016, at San Francisco, California.

_____
Vera Ranieri