# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AUDIBLE MAGIC CORPORATION,<br><br>　　　　　Defendant.<br><br>AUDIBLE MAGIC CORPORATION,<br><br>　　　　　Counterclaim Plaintiff,<br><br>　v.<br><br>BLUE SPIKE, LLC, BLUE SPIKE, INC.,<br>and SCOTT A. MOSKOWITZ,<br><br>　　　　　Counterclaim Defendants. | Civil Action No. 6:15-cv-00584-RWS-CMC |

## **COMPLAINT IN INTERVENTION FOR INJUNCTIVE RELIEF**

Intervenor Electronic Frontier Foundation, on behalf of itself, by way of this Complaint in Intervention against Plaintiff Blue Spike, LLC and Defendant Audible Magic Corp., states and alleges as follows:

### THE PARTIES

1.　　Intervenor Electronic Frontier Foundation ("EFF") is a registered non-profit organization based in San Francisco, California, and works to defend civil liberties in the digital world.  EFF champions free expression and innovation through impact litigation, policy analysis, grassroots activism, and technology development.  EFF works to ensure that rights and freedoms are enhanced and protected as the use of technology grows.  EFF is especially concerned with the transparency of patent litigation and the resulting inability for the public to fully understand

1

asserted patents and patent litigation's effect on innovation and creativity.

2. On information and belief, Blue Spike is a Texas limited liability company and its principal place of business is located in Tyler, Texas.

3. On information and belief, Plaintiff Blue Spike, LLC ("Blue Spike") owns and/or controls several patents which it asserts have been infringed in numerous federal court proceedings, including this case.

4. On information and belief, Defendant Audible Magic Corp. ("Audible Magic") is a California corporation and its principal place of business is located in Los Gatos, California.

5. In this action, Blue Spike has brought claims against Audible Magic for infringement of U.S. Patent No. 7,346,472; U.S. Patent No. 7,660,700; U.S. Patent No. 7,949,494; and U.S. Patent No. 8,214,175 (collectively, the "patents-in-suit").

6. Audible Magic has counterclaimed for declaratory judgment of non-infringement, invalidity, and/or unenforceability of U.S. Patent No. 7,346,472; U.S. Patent No. 7,660,700; U.S. Patent No. 7,949,494; and U.S. Patent No. 8,214,175, as well as claims of unjust enrichment, violation of 15 U.S.C. § 1125(a) ("Lanham Act"), common law unfair competition, and infringement of U.S. Patent No. 6,834,308.

## JURISDICTION

7. This court has supplemental jurisdiction under 28 U.S.C. § 1367(a) to hear causes of action brought under the permissive joinder rules of Federal Rule of Civil Procedure 24(b). The Court need not consider whether this intervention destroys diversity jurisdiction because the underlying dispute is properly before this Court under the exclusive patent-jurisdiction statute. 28 U.S.C. §§ 1331, 1332, 1338(a) and 1367; *see* First Amended Complaint, ECF No. 2, originally filed Apr. 4, 2014 in Case No. 6:12-cv-499-RWS-CMC, ECF No. 1400.

**STATEMENT OF FACTS**

8. Blue Spike initiated this litigation on August 27, 2012 in the Eastern District of Texas. Case No. 6:12-cv-576-RWS-CMC. On March 26, 2013, that litigation was consolidated with *Blue Spike v. Texas Instruments, et al.*, No. 6:12-cv-499-RWS-CMC (E.D. Tex. filed Aug. 9, 2012) (the "Consolidated Case"). On June 24, 2015, this case was ordered deconsolidated from the Consolidated Case.

9. In this case, parties have filed numerous documents completely under seal.

10. On information and belief, this Court has filed at least three Reports and Recommendations completely under seal such that their existence is not immediately apparent from the public docket.

11. On information and belief, no particularized showing of good cause was made by the parties prior to the documents being placed under seal.

12. The materials filed under seal purportedly pursuant to a protective order are unavailable to the public, including EFF.

13. Documents and filings that have been sealed in their entirety include:

   a. Audible Magic's Motion for Summary Judgment of Noninfringement (ECF No. 13), Blue Spike's Response (ECF No. 21), Audible Magic's Reply and Supplemental Reply (ECF No. 22, 37), Blue Spike's Sur-Reply with Additional Attachments (ECF Nos. 27), Blue Spike's Supplemental Sur-Reply with Additional Attachments (ECF Nos. 42), Blue Spike's second Supplemental Sur-Reply (ECF No. 46), and their associated exhibits;

   b. Audible Magic's Motion to Strike (ECF No. 47), Blue Spike's Response

3

          to this Motion (ECF No. 54), Audible Magic's Reply to this Response (ECF No. 55), Blue Spike's Sur-Reply (ECF No. 57), and their associated exhibits;

    c.    This Court's Report and Recommendation Granting Audible Magic's Motion for Summary Judgment (on information and belief, ECF No. 56), Blue Spike's Objections to that Report (ECF No. 62), Audible Magic's Response to Blue Spike's Objections (ECF No. 64), Blue Spike's Reply to Audible Magic's Response (ECF No. 70), and Audible Magic's Surreply to Blue Spike's Reply (ECF No. 71);

    d.    This Court's Report and Recommendation Granting Audible Magic's Motion to Dismiss its Counterclaim for Infringement of U.S. Patent No. 6,834,308 (on information and belief, ECF No. 77 or 78), Blue Spike's Objections to that Report (ECF No. 83), and Audible Magic's Response to Blue Spike's Objections (ECF No. 85); and

    e.    This Court's Report and Recommendation Denying Blue Spike's Motion for Summary Judgment of Audible Magic's Counterclaims 9–13 (on information and belief, ECF No. 77 or 78), Blue Spike's Objections to that Report (ECF No. 82), and Audible Magic's Response to Blue Spike's Objections (ECF No. 84);

(collectively, the "Sealed Filings");

14.    EFF has been unable to examine the Sealed Filings and to this day is unable to access the Sealed Filings.

15.    The transcript of the August 25, 2015 hearing relating to the Sealed Filings is

public.  *See* ECF No. 58 (the "Transcript").

16.  The transcript includes statements indicating that the filings detail material representations and admissions by Scott Moskowitz, the owner of Blue Spike and an inventor of the patents-in-suit, about the infringement, scope, and validity of the patents-in-suit.

17.  The Transcript includes at least the following arguments and allegations made by the parties:

- Audible Magic's argument that Blue Spike previously offered for sale the "Giovanni Abstraction Machine" on its website for $10,000, yet later discovery revealed that Blue Spike had never, in fact, sold that product and that that product never existed at all.  Transcript at 9:22–11:16; 42:2–44:24.

- Audible Magic's argument that Scott Moskowitz, an inventor of the Patents-in-Suit, "made up" the story regarding the "Giovanni Abstraction Machine" to encourage settlement of patent infringement lawsuits and/or gain legal leverage regarding Blue Spike's claims of patent infringement.  *Id.* at 30:13–31:17; 45:14–25.

- Blue Spike's argument that even though it never wrote a single line of code for the "Giovanni Abstraction Machine" and told Audible Magic explicitly that the product did not exist, Blue Spike was more akin to a builder offering to build a house.  *Id.* at 36:11–38:21; 47:14–24.

- Audible Magic's argument that Mr. Moskowitz learned about a technology called "Muscle Fish" and then made statements for marketing and commercial purposes that were not true.  *Id.* at 14:8–21.

- Audible Magic's argument that Mr. Moskowitz committed inequitable conduct by not disclosing to the patent office prior art that he was aware of.  *Id.* at 14:22–16:8; 19:8–25:4.

- Audible Magic's argument that Mr. Moskowitz is accusing the prior art "Muscle

5

Fish" technology of infringement. *Id.* at 19:5–8.

- Audible Magic's argument that Mr. Moskowitz, Blue Spike's sole representative, only principal, and sole investor, judicially admitted in deposition that what Blue Spike accuses of infringement is not covered by the Patents-in-Suit. *Id.* at 48:21–59:16; 61:24–65:10.

- Audible Magic's argument that Mr. Moskowitz made these admissions in order to avoid a finding that the Patents-in-Suit were invalid. *Id.* at 66:14–70:20.

- Blue Spike's argument that when Mr. Moskowitz was describing what was meant by the term "abstract" he was not describing the term as used in the claims but rather was referring to the invention. *Id.* at 81:18–82:24.

- Blue Spike's argument that Mr. Moskowitz's statements are not binding as he was not being deposed as a representative of Blue Spike, despite the fact that Blue Spike has no other principal, investor, or representative. *Id.* at 87:21–91:12.

18. Plaintiff Blue Spike has in the past filed at least 100 cases based on the patents-in-suit or patents related to the patents-in-suit, several of which remain pending.

19. On information and belief, Plaintiff Blue Spike continues to assert that third parties infringe one or more of the patents-in-suit and/or that the inventions described and claimed by the patents-in-suit are widely used and/or infringed by others.

20. Plaintiff Blue Spike is currently pursuing at least one patent application at the United States Patent and Trademark Office that is directly related to one or more of the patents-in-suit.

## COUNT I

**(Violation of Common Law and First Amendment Right of Access)**

21. EFF incorporates by reference paragraphs 1 through 20, above as if fully set forth

herein.

22. Federal court records are presumptively open and available to the public.

23. EFF has a First Amendment and common law right to inspect records filed with the Federal court, absent good cause or compelling reasons to prevent public access to those records.

24. By sealing records in their entirety, EFF's First Amendment and common law rights to receive information submitted to this Court has been violated.

## EFF'S PRAYER FOR RELIEF

EFF incorporates by reference each of the preceding paragraphs as if fully set forth herein.  EFF prays for relief as follows and respectfully asks the Court to:

    a. Enter judgment in favor of EFF, and against Blue Spike and Audible Magic, finding that EFF's rights have been violated to the extent that party is unable to show good cause for sealing each and every docket entry or portion thereof;

    b. Order the parties to file public copies of each Sealed Filing that does not contain material for which there is good cause for sealing;

    c. Order the parties to file public-redacted copies of each filing made under seal, redacting only that information that party is able to demonstrate good cause to withhold from public scrutiny;

    d. Enjoin the parties from filing further records under seal unless and until this Court finds the proponent of the sealing has made a particularized showing of good cause, and to the extent good cause can be demonstrated, require the parties to file public-redacted versions of those documents that

        redacts only that information for which good cause has been demonstrated; and

e.    Grant EFF such other and further relief as this Court deems just and proper.

Dated:  March 29, 2016        By:       */s/ Alexandra H. Moss*

        Alexandra H. Moss (admitted E.D. Tex.)
        (CA Bar No. 302641)
        DURIE TANGRI LLP
        217 Leidesdorff Street
        San Francisco, CA 94111
        Phone: (415) 362-6666
        Email: amoss@durietangri.com

        Vera Ranieri (admitted E.D. Tex.)
        (CA Bar No. 271594)
        ELECTRONIC FRONTIER FOUNDATION
        815 Eddy Street
        San Francisco, CA 94109
        Phone: (415) 436-9333
        Email: vera@eff.org

        Attorneys for Intervenor
        Electronic Frontier Foundation