# EXHIBIT 4

| | |
|---|---|
| **From:** | Alexandra Moss |
| **Sent:** | Wednesday, March 23, 2016 3:51 PM |
| **To:** | Randall Garteiser |
| **Cc:** | Vera Ranieri; <bluespike@ghiplaw.com> |
| **Subject:** | RE: Blue Spike, LLC v. Audible Magic Corporation, No. 6:15-cv-00584-RWS-CMC |

Mr. Garteiser,

We are located in San Francisco. Unfortunately it's just not feasible for us to travel to Tyler, TX given the cost and time involved. We requested, and proposed times, for a telephonic meet and confer. If you contend an in-person meet and confer is required, please provide us with that authority, especially in light of LR 7(h). We will consider any authority you provide.

We also note that we have already stated that EFF is the real-party-in-interest, and we are disappointed by your continued insistence that some other party is involved. There is no other party. As we would explain during a meet and confer, EFF has demonstrated and continuing interests in open courts, including in patent litigation. See [here](#).

The publicly available transcript of Aug. 25 in this matter makes clear that the filings in this case are of significant public interest to not only understanding Blue Spike's purported inventions, but also to understanding the functioning of our court system. EFF and the public have First Amendment and common law rights to access court filings, as we previously noted. To the extent there is support for the sealing of entire records without a showing of good cause despite the public's rights in an open court system, we will consider it if you provide it.

We again reiterate our desire to resolve issues with Blue Spike without the court's intervention. Please let us know when you are available for a telephonic meet and confer this week.

Kind regards,

Alex Moss | Durie Tangri LLP | amoss@durietangri.com | 415-362-6666

**From:** Randall Garteiser [mailto:rgarteiser@ghiplaw.com]
**Sent:** Tuesday, March 22, 2016 10:11 AM
**To:** Alexandra Moss
**Cc:** Vera Ranieri; <bluespike@ghiplaw.com>
**Subject:** Re: Blue Spike, LLC v. Audible Magic Corporation, No. 6:15-cv-00584-RWS-CMC

Ms Moss:

Let me try again to explain.  EFF accepts large donations of money from Google.  Google is in litigation with Blue Spike.  If Google is paying Durie to pursue this information, then the real party in interest is Google.  This creates a standing issue for EFF.

To date, Durie has not denied that Google or another company other than EFF is paying for Durie's services.

As far as the meet and confer requirement, we can meet in Tyler anytime this week.

> On Mar 21, 2016, at 2:48 PM, Alexandra Moss <AMoss@durietangri.com> wrote:
>
> Counsel,
>
> We are disappointed and puzzled by Blue Spike's email. We had hoped to resolve this matter without the Court's assistance. There appears to be little purpose to further efforts to meet and confer.
>
> We will make an appearance and file our motion, and note that Blue Spike opposes it.
>
> Kind regards,
>
> Alex Moss | Durie Tangri LLP | amoss@durietangri.com | 415-362-6666
>
> ---
>
> **From:** Randall Garteiser [mailto:rgarteiser@ghiplaw.com]
> **Sent:** Friday, March 18, 2016 7:06 PM
> **To:** Alexandra Moss
> **Cc:** Vera Ranieri; <bluespike@ghiplaw.com>; chonea@ghiplaw.com; Chris Johns; iramage@ghiplaw.com; kanderson@ghiplaw.com; michael.burton@sftrialattorneys.com; Ee.molly.jones; prbrasher@ghiplaw.com
> **Subject:** Re: Blue Spike, LLC v. Audible Magic Corporation, No. 6:15-cv-00584-RWS-CMC
>
> Dear attorneys at Durie:
>
> Actually, I am available to meet and confer, and indicated I would be in Tyler all next week and possibly SF the following week.   But first, we need EFF to identify its financial contributors as it appears EFF is simply a straw-man entity used to pursue an investigation of yet another entity.  Also, your law firm, Durie, has refused to make an appearance on behalf of its client.  Furthermore, EFF has its own attorneys so the approach of this particular request to unseal an order is particularly odd given the alleged outsourcing of this request to Durie.  Does Durie handle all of EFF's litigation work or just the work for particular clients, say Google?  Adobe?  Durie's billing information will be requested as part of the standing inquiry Blue Spike will pursue in challenging your client's request.  Since this appears to be a quid pro quo type arrangement with Durie, e.g. do this for us (some person, EFF, Google, Adobe), and in return Durie gets billable work in the future on another matter, the relevance inquiry will have to be wider.
>
> Additionally, one of your recent firm hires worked adverse Blue Spike on this same case, so the timing of Durie's request is speculative.  Please remind your new hire of the protective order in the case that requires attorneys' to only use confidential information learned in litigation for the purposes of that litigation.

| | |
|---|---|
| **From:** | Alexandra Moss |
| **Sent:** | Thursday, March 17, 2016 4:31 PM |
| **To:** | Randall Garteiser; Vera Ranieri |
| **Cc:** | <bluespike@ghiplaw.com>; chonea@ghiplaw.com; cjohns@jmehlaw.com; iramage@ghiplaw.com; kanderson@ghiplaw.com; michael.burton@sftrialattorneys.com; mjones@ghiplaw.com; prbrasher@ghiplaw.com |
| **Subject:** | RE: Blue Spike, LLC v. Audible Magic Corporation, No. 6:15-cv-00584-RWS-CMC |

Mr. Garteiser,

We write regarding your refusal to participate in the meet and confer scheduled for today, March 17, at 4pm CST/2pm PST.  On March 11, EFF informed you of its request for public access to sealed court documents in the above-captioned matter.  On March 14, you stated that Blue Spike opposed EFF's request, and that you could meet and confer today between 2 and 5pm.  On March 17, you confirmed that you could meet and confer that day at 4pm CST.  In none of those communications did you mention or impose any condition concerning EFF's entry of appearance in the case. In fact, you did not mention any such refusal until 8 minutes before the previously scheduled meet and confer was set to begin.  At that time, EFF could not have complied with your untimely request that it make an appearance before the meet and confer.  We were disappointed that you refused to participate in the meet and confer altogether rather than discuss the reasons behind your refusal.

As we have explained, there is neither reason nor authority requiring EFF to make an appearance in the case at this stage.  The point of the meet and confer process is to allow the parties to determine whether court intervention is necessary,  and that is precisely what EFF wishes to do in meeting and conferring with the parties here.  The fact that the other party in this case, Audible Magic Corporation, met and conferred with EFF confirms the correctness of that approach.  To the extent you disagree, please indicate what rule of Judge Schroeder's supports your position.

To the extent you also request details about the billing arrangement between Durie Tangri and EFF, please indicate what authority, if any, suggests you are entitled to such information.  That billing arrangement has no relevance to EFF's standing under the First Amendment.  As the Fifth Circuit has recognized, "First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981); *see also Brown v. Advantage Engineering, Inc*., 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case.").  Because of those First Amendment guarantees, "the public has a common law right to inspect and copy judicial records." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *see also Wilson v. American Motors Corp.*, 759 F.2d 1568, 1569 (11th Cir. 1985).

This right grants the public standing to request that the Court unseal records. *See Davis v. East Baton Rouge Parish Sch. Bd*., 78 F.3d 920, 926-27 (5th Cir. 1996) (non-party new agencies had standing to challenge court's confidentiality order); *see also United States v. Aldawsari*, 683 F.3d 660, 664 (5th Cir. 2012) (nonparty had standing to intervene to challenge gag order).  If nonparties could not intervene to challenge such orders, the First Amendment's protections would become meaningless.  *See CBS Inc. v. Young*, 522 F.2d 234, 237-38 (6th Cir. 1975) ("We are not persuaded by the argument that petitioner lacks standing because it is not a party to the civil litigation. The fact remains that its ability to gather the news concerning the trial is directly impaired or curtailed. The protected right to publish the news would be of little value in the absence of sources from which to obtain it. This was recognized by the Supreme Court in *Branzburg v. Hayes*, 408 U.S. 665, 681 (1972), where the Court stated: 'Without some protection for seeking out the news, freedom of the press could be eviscerated.' News gathering thus qualifies for First Amendment protections.") (citing *Branzburg*, 408 U.S. at 681 & 707).

Notwithstanding the above, EFF is willing to meet and confer with Blue Spike regarding EFF's motion to intervene and unseal court records and/or the issues raised by Blue Spike regarding EFF's appearance and billing arrangement with counsel.  We are available on March 18 and March 19 between the hours of 8am PST/10am CST and 5pm PST/7pm CST.  Please indicate what time you are available to meet and confer during those hours, or if you refuse to meet and confer before EFF seeks the court's intervention.  We will note that refusal in our certificate of conference, and assume you oppose any relief we request from the court.

Regards,

Alex Moss | Durie Tangri LLP | amoss@durietangri.com | 415-362-6666

|         |                                                                 |
|---------|-----------------------------------------------------------------|
| **From:** | Randall Garteiser <rgarteiser@ghiplaw.com>                    |
| **Sent:** | Thursday, March 17, 2016 2:12 PM                              |
| **To:**   | Vera Ranieri                                                  |
| **Cc:**   | Alexandra Moss; <bluespike@ghiplaw.com>; chonea@ghiplaw.com; cjohns@jmehlaw.com; iramage@ghiplaw.com; kanderson@ghiplaw.com; michael.burton@sftrialattorneys.com; mjones@ghiplaw.com; prbrasher@ghiplaw.com |
| **Subject:** | Re: Blue Spike, LLC v. Audible Magic Corporation, No. 6:15-cv-00584-RWS-CMC |

We disagree the appearance is not required.  Looking at the rules for Judge Schroeder, it appears he requires in person meet and confer for discovery related issues, so check your local rules and the rules for this judge and make an appearance.  Then, we can set up a proper meet and confer.

Also, we want to know who is paying Durie to pursue this request.  This relates to standing as I attempted to already explain and will not do so further until an appearance is made by an attorney on behalf of a party.

Let me know if you will get this accomplished by tomorrow morning.  Alternatively, I'm in Tyler next week and possibly SF the following so we can chat in person here or there.

Be well,

Be well,



**Randall Garteiser** / Partner

888.908.4400 x100 / rgarteiser@ghiplaw.com
119 W Ferguson St, Tyler, TX 75702-7203
44 N San Pedro, San Rafael, CA 94903
http://www.ghiplaw.com

This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections, and is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.



| | |
|---|---|
| **From:** | Vera Ranieri <vera@eff.org> |
| **Sent:** | Thursday, March 17, 2016 2:03 PM |
| **To:** | Randall Garteiser; Alexandra Moss |
| **Cc:** | <bluespike@ghiplaw.com>; chonea@ghiplaw.com; cjohns@jmehlaw.com; iramage@ghiplaw.com; kanderson@ghiplaw.com; michael.burton@sftrialattorneys.com; mjones@ghiplaw.com; prbrasher@ghiplaw.com |
| **Subject:** | Re: Blue Spike, LLC v. Audible Magic Corporation, No. 6:15-cv-00584-RWS-CMC |

Mr. Garteiser,

We will make an appearance if/when that becomes necessary. We do not want to burden the court or raise issues with the court (who may be confused by our appearance) if it can be avoided.

The meet and confer process is intended to determine whether there is a dispute that requires court intervention. We would like to meet and confer in order to see if we can avoid court intervention (and thus making any appearance unnecessary).

Please let us know if you are unwilling to meet and confer before going to the court, and we will note that in our certificate of conference. We will also assume you oppose any relief we are going to request from the court.

Kind regards,

Vera Ranieri

On 3/17/16 2:01 PM, Randall Garteiser wrote:

> Blue Spike will meet tomorrow between 8 and 10 am central, since you've failed to make an appearance in the case.  Again, please make an appearance and explain payment to Durie for this endeavor.  The latter is highly relevant to ascertain standing to even make an appearance in the case to even bring a motion to unseal documents.



**Randall Garteiser** / Partner
888.908.4400 x100 / rgarteiser@ghiplaw.com
119 W Ferguson St, Tyler, TX 75702-7203
44 N San Pedro, San Rafael, CA 94903
http://www.ghiplaw.com

This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections, and is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.



| | |
|---|---|
| **From:** | Randall Garteiser <rgarteiser@ghiplaw.com> |
| **Sent:** | Thursday, March 17, 2016 1:52 PM |
| **To:** | Alexandra Moss |
| **Cc:** | <bluespike@ghiplaw.com>; chonea@ghiplaw.com; cjohns@jmehlaw.com; iramage@ghiplaw.com; kanderson@ghiplaw.com; michael.burton@sftrialattorneys.com; mjones@ghiplaw.com; prbrasher@ghiplaw.com; Vera Ranieri |
| **Subject:** | Re: Blue Spike, LLC v. Audible Magic Corporation, No. 6:15-cv-00584-RWS-CMC |

My client hasn't authorized to have calls with anyone that is not a party to the case, so make an appearance as we requested.

Be well,



**Randall Garteiser** / Partner
888.908.4400 x100 / rgarteiser@ghiplaw.com
119 W Ferguson St. Tyler, TX 75702-7203
44 N San Pedro, San Rafael, CA 94903
http://www.ghiplaw.com

This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections, and is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.

  

| | |
|---|---|
| **From:** | Alexandra Moss |
| **Sent:** | Thursday, March 17, 2016 1:14 PM |
| **To:** | Randall Garteiser |
| **Cc:** | <bluespike@ghiplaw.com>; chonea@ghiplaw.com; cjohns@jmehlaw.com; iramage@ghiplaw.com; kanderson@ghiplaw.com; michael.burton@sftrialattorneys.com; mjones@ghiplaw.com; prbrasher@ghiplaw.com; Vera Ranieri |
| **Subject:** | RE: Blue Spike, LLC v. Audible Magic Corporation, No. 6:15-cv-00584-RWS-CMC |

Mr. Garteiser,

As stated below, Durie Tangri represents EFF in this matter.  For clarity, EFF is the real party in interest. However, the parties' billing arrangements are irrelevant.  If you wish to discuss that point further, we may do so during the call.

Regards,

Alex Moss | Durie Tangri LLP | amoss@durietangri.com | 415-362-6666

---

**From:** Randall Garteiser [mailto:rgarteiser@ghiplaw.com]
**Sent:** Thursday, March 17, 2016 12:17 PM
**To:** Alexandra Moss
**Cc:** <bluespike@ghiplaw.com>; chonea@ghiplaw.com; cjohns@jmehlaw.com; iramage@ghiplaw.com; kanderson@ghiplaw.com; michael.burton@sftrialattorneys.com; mjones@ghiplaw.com; prbrasher@ghiplaw.com; Vera Ranieri
**Subject:** Re: Blue Spike, LLC v. Audible Magic Corporation, No. 6:15-cv-00584-RWS-CMC

Is Durie being paid EFF?  If not, is Durie being paid by someone else?

We want to know the real party in interest behind this request.  The Court will want to know as well.

Thanks in advance for answering these questions prior to Blue Spike's participation in any call.

**Randall Garteiser** / Partner
888.908.4400 x100 / rgarteiser@ghiplaw.com
119 W Ferguson St, Tyler, TX 75702-7203
44 N San Pedro, San Rafael, CA 94903
http://www.ghiplaw.com

This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections, and is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.

| | |
|---|---|
| **From:** | Alexandra Moss |
| **Sent:** | Thursday, March 17, 2016 9:55 AM |
| **To:** | Randall Garteiser; <bluespike@ghiplaw.com>; chonea@ghiplaw.com; cjohns@jmehlaw.com; iramage@ghiplaw.com; kanderson@ghiplaw.com; michael.burton@sftrialattorneys.com; mjones@ghiplaw.com; prbrasher@ghiplaw.com |
| **Cc:** | Vera Ranieri |
| **Subject:** | RE: Blue Spike, LLC v. Audible Magic Corporation, No. 6:15-cv-00584-RWS-CMC |

Mr. Garteiser,

We are available to meet and confer today at 2pm PST / 4pm CST. Below is dial in information for the call:

Call-in number: 1 (800) 309-2350
Participant code: 2539-6677

We will also transmit this information to counsel for Audible.

To confirm, we represent EFF in this matter. Counsel for EFF, Ms. Ranieri (cc'ed), will also be on the call this afternoon.

Regards,

Alex Moss | Durie Tangri LLP | amoss@durietangri.com | 415-362-6666

---

**From:** Randall Garteiser [mailto:rgarteiser@ghiplaw.com]
**Sent:** Thursday, March 17, 2016 6:45 AM
**To:** Alexandra Moss
**Cc:** <bluespike@ghiplaw.com>; chonea@ghiplaw.com; cjohns@jmehlaw.com; iramage@ghiplaw.com; kanderson@ghiplaw.com; michael.burton@sftrialattorneys.com; mjones@ghiplaw.com; prbrasher@ghiplaw.com
**Subject:** Re: Blue Spike, LLC v. Audible Magic Corporation, No. 6:15-cv-00584-RWS-CMC

Today at 4 pm central works.

Ms. Moss, you're at Durie but work pro bono for EFF?



**Randall Garteiser** / Partner
888.908.4400 x100 / rgarteiser@ghiplaw.com
119 W Ferguson St, Tyler, TX 75702-7203
44 N San Pedro, San Rafael, CA 94903
http://www.ghiplaw.com

This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections, and is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.

  

**Subject:** RE: Blue Spike, LLC v. Audible Magic Corporation, No. 6:15-cv-00584-RWS-CMC

On Mar 16, 2016, at 6:06 PM, Alexandra Moss <AMoss@durietangri.com> wrote:

> Counsel,
>
> Please confirm whether you are available to meet and confer this Thursday, March 17 at 3:45 pm PST regarding the sealed documents in the above-captioned matter.
>
> Regards,
> Alex
>
> Alex Moss | Durie Tangri LLP | amoss@durietangri.com | 415-362-6666
>
> **From:** Alexandra Moss
> **Sent:** Monday, March 14, 2016 2:08 PM
> **To:** 'Randall Garteiser'
> **Cc:** <bluespike@ghiplaw.com>
> **Subject:** RE: Blue Spike, LLC v. Audible Magic Corporation, No. 6:15-cv-00584-RWS-CMC
>
> Mr. Garteiser,
>
> We are available to meet and confer this Thursday at 3:45 pm PST/5:45 pm CST . Please confirm if that time works.
>
> Regards,
>
> Alex Moss | Durie Tangri LLP | amoss@durietangri.com | 415-362-6666
>
> **From:** Randall Garteiser [mailto:rgarteiser@ghiplaw.com]
> **Sent:** Monday, March 14, 2016 8:23 AM
> **To:** Alexandra Moss
> **Cc:** <bluespike@ghiplaw.com>
> **Subject:** Re: Blue Spike, LLC v. Audible Magic Corporation, No. 6:15-cv-00584-RWS-CMC
>
> Blue Spike opposes EFF's request.  We can meet and confer anytime Thursday between 2 and 5 pm.
>
> 
>
> **Randall Garteiser** / Partner
> 888.908.4400 x100 / rgarteiser@ghiplaw.com
> 119 W Ferguson St, Tyler, TX 75702-7203
> 44 N San Pedro, San Rafael, CA 94903
> http://www.ghiplaw.com
>
> This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections, and is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.
>
> 

On Mar 11, 2016, at 6:01 PM, Randall Garteiser <rgarteiser@ghiplaw.com> wrote:

We are checking on your request.

Be well,



**Randall Garteiser** / Partner
888.908.4400 x100 / rgarteiser@ghiplaw.com
119 W Ferguson St, Tyler, TX 75702-7203
44 N San Pedro, San Rafael, CA 94903
http://www.ghiplaw.com

This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections, and is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.



On Mar 11, 2016, at 5:31 PM, Alexandra Moss <AMoss@durietangri.com> wrote:

> Counsel,
>
> We write regarding Blue Spike, LLC v. Audible Magic Corporation, No. 6:15-cv-00584-RWS-CMC.  It has come to EFF's attention that the docket in the above-captioned matter includes a number of sealed entries containing information to which the public is entitled—in particular, information about Blue Spike's patents.
>
> As you may be aware, "[t]here is a strong presumption in favor of a common law right of public access to court proceedings." *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1978)).  In particular, "[t]he marking as confidential of legal argument concerning the propriety of a decision by the court is generally inappropriate given the strong presumption of public access to court proceedings and records." *Id.* at 1360.  For that reason, Federal Circuit precedent prohibits district courts from taking an "improper casual approach to confidentiality markings that ignores the requirements of public access, deprives the public of necessary information, and hampers this court's consideration and opinion writing." *Id.*  Moreover, there can be no justification for sealing information about the legal scope or validity of Blue Spike's patents because "[a] patent by its very nature is affected

with a public interest." *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 816 (1945); *see also* 37 C.F.R. 1.56(a) ("A patent by its very nature is affected with a public interest.").

Because patents are inherently of interest to the public, and court records are presumptively open to the public, EFF intends to move to intervene in the above-captioned matter to ask the court to unseal documents and/or information to which the public is entitled, including, *inter alia*, Docket No. 56.

Please let us know whether Blue Spike intends to oppose EFF's motion by Wednesday, March 16 at 5pm PST. Absent such notice, we will assume Blue Spike has no opposition. If Blue Spike intends to oppose EFF's motion, please indicate when counsel is available to meet and confer pursuant to L.R. 7.

Regards,

Alex Moss | Durie Tangri LLP | amoss@durietangri.com | 415-362-6666