UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff,* | § § | Case No. 6:15-cv-584-RWS |
| v. | § § § | |
| Audible Magic Corporation, | § § | Jury Trial Demanded |
| *Defendant.* | § § | |

**PLAINTIFF BLUE SPIKE, LLC'S OPPOSITION TO
MOTION TO INTERVENE AND TO UNSEAL COURT DOCUMENTS**

Plaintiff Blue Spike, LLC ("Blue Spike") hereby opposes the Motion to Intervene and to Unseal Court Records[1] ("Mot.") (Dkt. No. 90) filed by the Electronic Frontier Foundation ("EFF"). EFF's motion must be denied for a number of reasons. For one, EFF lacks standing to bring the motion in the first place; EFF is neither a party to this litigation nor implicated in its case and controversy. Also, EFF's motion is untimely under 5th Circuit precedent. Specifically, EFF knew of this action as early as 2014 and knowingly delayed filing its motion. Also, EFF's motion prejudices Blue Spike on both the eve of trial and appellate review by the Federal Circuit. EFF cannot overcome these procedural failings. Even more troubling is EFF's blatant attempt to push its agenda (and possibly that of one of its main financial contributors—Google, Inc.) by influencing the Court's decisions. EFF's motion must be denied to protect the parties' rights and uphold the sanctity of the legal system.

---

[1] EFF's motion violates Local Rule CV-7(a) which requires motions to be filed separately. EFF's failure to adhere to L.R. CV-7(a) is prejudicial because it requires Blue Spike to oppose relief that EFF has not yet proved it is in a position to seek. Nevertheless, Blue Spike addresses EFF's motion to unseal out of an abundance of caution.

1

## BACKGROUND

**I.     PROCEDURAL HISTORY.**

Blue Spike filed suit against Audible Magic on August 27, 2012 for infringement of four patents-in-suit. That action was consolidated into Case No. 6:12-cv-499 and proceeded through case dispositive motions—including motions for summary judgment and *Daubert* challenges—and early pretrial. Various motions were sealed in the consolidated action, often at the request of the defendants. As this case neared trial, it was assigned a newly created case number, Case No. 6:15-cv-584. A pretrial conference is scheduled for July 6, 2016, and jury selection and trial begin July 18, 2016. (Case No. 6:15-cv-584-RWS-CMC, Dkt. No. 76.)

**II.    EFF'S ADVOCACY AGENDA.**

EFF has known about this case since at least September 2014 when it published an article maligning Blue Spike in an attempt to influence this Court's forthcoming rulings. (Ex. 1.) EFF's article disparaged the patents-in-suit as "nothing more than nebulous wish wash." (Ex. 1.) EFF's article then took aim at Blue Spike's claim construction and indefiniteness positions, parroted the defendants' arguments (which this Court ultimately declined to adopt), and declared that the "defendants should win this argument." (Ex. 1.) EFF's article was published just as this Court prepared to deliberate on the claim construction and indefiniteness issues that were the subjects of EFF's article.[2]

---

[2] Two fully-briefed motions were before this Court in September, 2014: the parties' claim construction positions and the defendants' motion for summary judgment on indefiniteness. On September 30, 2014, one day before this Court held its *Markman* hearing, EFF published its article. The Court issued recommendations for claim construction and the motion for summary judgment on October 16, 2014.

Now, as Blue Spike prepares for trial and appeals a § 101 ruling before the Federal Circuit, EFF has once again published an article maligning Blue Spike and raises the stakes by filing the present motion. (Ex. 2.) EFF did not file a motion to unseal documents in September 2014 when it published its article on Blue Spike. Nor does EFF seek to unseal those documents now. EFF is only seeking to unseal documents in active litigation. (*See* Mot., Proposed Order.)

**III.    EFF RECEIVES YEARLY DONATIONS FROM GOOGLE.**

EFF tells the Court "the defendant in this case is not the only party who is interested in whether Blue Spike's claims will succeed." (Mot. at 13.) At the moment, the only other party in active litigation over the patents-in-suit is Google, Inc. ("Google"). Blue Spike and Google are currently arguing § 101 positions to the Federal Circuit. (*See generally* Case No. 16-1054 (Fed. Cir. 2016).)

EFF and Google are not strangers. EFF admits its operations are "donor-funded" (Mot., Ranieri Decl., ¶ 3) but fails to note it receives substantial funding from Google. (*Oracle America, Inc. v. Google Inc*., Case No. 3:10-cv-03561, Dkt. No. 1240 (Aug. 12, 2014 N.D. Cal.), *attached as* Ex. 3.) Google admits it "has contributed to the EFF for years" before Oracle filed suit against Google in August, 2010. (*See* 3.) And in 2011, EFF received a $1 million *cy pres* award by Google to settle a class-action lawsuit. (Ex. 3.) Google's $1 million donation represented over 17% of EFF's revenue that year. (Ex. 4.)

This is not the first time Google has been criticized for potentially exerting undue influence over EFF through its donations. (*See, e.g.,* Ex. 4, *Oracle America, Inc. v. Google Inc*., Case No. 3:10-cv-03561, Dkt. No. 1238 (Aug. 20, 2014 N.D. Cal.), *attached as* Ex. 5.) In fact, in *Oracle v. Facebook*, Judge Alsup ordered Google to "identify[] all authors,

3

journalists, commentators or bloggers who have reported or commented on any issues in this case and who have received money (other than normal subscription fees) from the party or its counsel during the pendency of this action)." (*Oracle America, Inc. v. Google Inc.*, Case No. 3:10-cv-03561, Dkt. No. 1229 (Aug. 7, 2014 N.D. Cal.), *attached as* Ex. 6.) After Google submitted its response, the court found "Google has failed to comply." (Ex. 5.) The Court demanded more information and noted "[j]ust as a treatise on the law may influence the courts, public commentary that purports to be independent may have an influence on the court and/or their staff if only in subtle ways." (Ex. 5.) Google responded by supplementing the list of commentators it funded, including EFF to which it admitted having donated for years. (Ex. 3.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 24(b) provides for permissive intervention whenever an applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *see, e.g., Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977). The Fifth Circuit has held that "[t]he desire to intervene to pursue the vacating of the protective order and/or the unsealing of the record is not a justiciable controversy or claim." *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994) ("The desire to intervene to pursue the vacating of the protective order and/or the unsealing of the record is not a justiciable controversy or claim.")Where the applicant's claim or defense is timely, shares a question of law or fact with the main action, and will not prejudice any party, courts may grant permissive intervention. *Id*. Permissive intervention is "wholly discretionary," and may still be denied even if the putative intervenor satisfies the requirements of Rule 24(b). *See Ouch v. Sharpless*, 237 F.R.D. 163,

166 (E.D. Tex. 2006) (citing *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984)).

The general rule regarding access to documents filed with the courts favor disclosure. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, the right to view court documents and receive information are not absolute. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). When assessing whether to unseal documents, a court should weigh the right of access against the interests protected by nondisclosure. *Id*. Courts have denied access where documents may be used for improper purposes, such as embarrassment and harassment or to reveal sensitive business information. *Nixon*, 435 U.S. at 598.

**ARGUMENT**

**I.     EFF LACKS STANDING TO BRING THIS SUIT.**

EFF cannot intervene because it does not have standing. "The Fifth Circuit has ruled that when the only purpose of intervention is to gain access to documents and testimony subject to a protective order, the intervenor does not have a "justiciable controversy or claim, absent some underlying right creating standing for the movants." *Scheiner v. i2 Techs., Inc.*, 2003 WL 22838720, at *2 (N.D. Tex. Nov. 24, 2003) (citing *Deus v. Allstate Ins. Co.*, 15 F.3d at 525 ("The desire to intervene to pursue the vacating of the protective order and/or the unsealing of the record is not a justiciable controversy or claim.")). EFF's desire to access documents subject to the parties' protective order is thus not sufficient to grant standing. *See* Mot. at 15.

EFF's attempt to show an "underlying right creating standing" is unavailing. *Contra* Mot. at 6, n.5. EFF claims the First Amendment grants it the "underlying right

5

creating standing" (Mot. at 6, n.5), but this argument, if allowed, it would create standing for *anyone*. Such reasoning eviscerates the Fifth Circuit's holding in *Deus v. Allstate*. *See In re Enron Corp. Securities, Derivative & ""ERISA" Litig.*, 229 F.R.D. 126, 131 (S.D. Tex. 2005) ("The Court recognizes that Deus v. Allstate Insurance Company is still good law in the Fifth Circuit."). Thus, EFF's motion should be dismissed for lack of standing.

**II.     EFF'S INTERVENTION IS UNTIMELY AND WOULD PREJUDICE BLUE SPIKE'S RELATED ACTIONS INVOLVING THE PATENTS-IN-SUIT.**

Whether a motion is timely is a matter committed to the sound discretion of the trial court. *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1071 (5th Cir. 1970). The Fifth Circuit applies a four-part framework to the analysis of whether a motion to intervene is timely. *See Effjohn Int'l Cruise Holding, Inc. v A&L Sales, Inc.*, 346 F.3d 552, 560-61 (5th Cir. 2003). The four-part analysis considers: (A) how long the putative intervenor knew, ore reasonably should have known, of its stake in the action; (B) the prejudice, if any, the existing parties may suffer because the putative intervenor failed to intervene when it knew, or reasonably should have known, of its stake; (C) the prejudice, if any, the putative intervenor may suffer if intervention is not allowed; and (D) any unusual circumstances weighing in favor of, or against, finding timeliness. *Id*. Application of these factors is not a "technical yardstick" but rather should be viewed practically as a flexible inquiry using the totality of the circumstances. *Banco de Credito Indus., S.A. v. Tesoreria Gen.*, 990 F.2d 827, 832 (5th Cir. 1993).

    **A.     EFF Knew of This Action for at Least 18 months.**

EFF has known about the patents-in-suit and Blue Spike's cases asserting these property rights since at least September 2014. Even so, EFF waited at least a year and a half before seeking information. It is clear from EFF's supporting declaration and

6

"statement of facts" that it has followed this matter closely but stayed out of the fray until the eve of trial. Further, EFF's purported interest in this case has not changed since it learned of the related litigation involving Audible Magic and other defendants. The filing of additional sealed documents does not provide a justification for the timing of EFF's motion. *See SynQor, Inc. v. Artesyn Technologies, Inc., et al.*, Case No. 2:11-cv-444-MHS-CMC, Dkt. No. 354 at *6 (E.D. Tex. May 28, 2013) (noting that even a Federal Circuit affirmance could not alter a putative intervenor's interest in the litigation). Thus, its argument that it is timely or that the public is in urgent need of the unsealing of these documents rings hollow.

### B.   EFF's Request Prejudices Blue Spike.

Blue Spike will be prejudiced if EFF is allowed to intervene at this time. The parties in this case worked diligently for months to produce a protective order and thereafter sealed documents containing sensitive and confidential information. EFF's request would undermine the protective order and also publicize this confidential information. For many of the documents requested, EFF already has access to the parties' positions and arguments as reflected in unsealed letter briefs.

Redaction would not prevent prejudice to Blue Spike. This case is nearing trial and the parties will exchange pretrial disclosures in just over a month. If EFF's intervention is permitted, Blue Spike will be required to respond to EFF's complaint and coordinate redactions of no fewer than forty-seven documents. Thus, allowing EFF's intervention will either diminish Blue Spike's ability to adequately prepare for trial or further delay proceedings which have proceeded nearly four years.

### C. EFF Will Not Suffer Prejudice.

EFF will not suffer prejudice because it does not have a stake in the case and controversy; thus, any potential prejudice to EFF would be attenuated and insubstantial. Also, much of the information EFF seeks is already available in unsealed letter briefs. Finally, that EFF will not suffer prejudice is further supported by its untimely filing. Documents have been sealed in this case for years. EFF cannot demonstrate a pressing need when it made no move to have the documents unsealed in 2014 when it wrote its article about the patents-in-suit.

## II. EFF'S INTENT IS LIKELY TO HARASS BLUE SPIKE.

EFF should not be allowed access to the sealed documents because it intends to harass Blue Spike. Courts have denied access where documents may be used for improper purposes, such as embarrassment and harassment or to reveal sensitive business information. *Nixon*, 435 U.S. at 598. Here, EFF has already published multiple articles maligning Blue Spike, its founder, and the patents-in-suit. *See* Exs. 1, 2. As an advocacy organization, EFF has admitted it intends to change the patent landscape. And as a recipient of Google donations for years, EFF is incentivized to speak out against companies engaged in suits against Google. EFF should not be allowed access to documents for the mere purpose of harassing Blue Spike. For this reason alone, its motion should be denied.

## CONCLUSION

Blue Spike respectfully requests the Court deny EFF's motion to intervene. Further, Blue Spike requests that its motion to unseal court documents be denied.

Dated: April 15, 2016                                  Respectfully submitted,

                                                       /s/ Randall T. Garteiser
                                                       Randall T. Garteiser
                                                         Lead Attorney
                                                         Texas Bar No. 24038912
                                                         rgarteiser@ghiplaw.com
                                                       Christopher A. Honea
                                                         Texas Bar No. 24059967
                                                         chonea@ghiplaw.com
                                                       GARTEISER HONEA, P.C.
                                                       119 W. Ferguson Street
                                                       Tyler, Texas 75702
                                                       (888) 908-4400
                                                       (888) 908-4400 fax

                                                       Kirk J. Anderson
                                                         California Bar No. 289043
                                                         kanderson@ghiplaw.com
                                                       GARTEISER HONEA, P.C.
                                                       44 North San Pedro Road
                                                       San Rafael, California 94903
                                                       (415) 785-3762
                                                       (415) 785-3805 fax

                                                       *Counsel for Blue Spike, LLC*

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed and served electronically via the Court's Electronic Filing System on April 15, 2016 in compliance with Local Rule CV-5(a)(3)(A). As such, this document was served on all counsel who are deemed to have consented to electronic service. *See* Local Rule CV-5(a)(2)(A).

                                                                                                 /s/ Randall Garteiser
                                                                                                 Randall Garteiser