# Exhibit 3

| | |
|---|---|
| KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST - # 84065<br>rvannest@kvn.com<br>CHRISTA M. ANDERSON - # 184325<br>canderson@kvn.com<br>DANIEL PURCELL - # 191424<br>dpurcell@kvn.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:  415 391 5400<br>Facsimile:    415 397 7188 | KING & SPALDING LLP<br>DONALD F. ZIMMER, JR. - #112279<br>fzimmer@kslaw.com<br>CHERYL A. SABNIS - #224323<br>csabnis@kslaw.com<br>101 Second Street, Suite 2300<br>San Francisco, CA 94105<br>Tel: 415.318.1200<br>Fax: 415.318.1300 |
| KING & SPALDING LLP<br>SCOTT T. WEINGAERTNER<br>(*Pro Hac Vice*)<br>sweingaertner@kslaw.com<br>ROBERT F. PERRY<br>rperry@kslaw.com<br>BRUCE W. BABER (Pro Hac Vice)<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Tel: 212.556.2100<br>Fax: 212.556.2222 | IAN C. BALLON - #141819<br>ballon@gtlaw.com<br>HEATHER MEEKER - #172148<br>meekerh@gtlaw.com<br>GREENBERG TRAURIG, LLP<br>1900 University Avenue<br>East Palo Alto, CA 94303<br>Tel: 650.328.8500<br>Fax: 650.328.8508 |

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>GOOGLE INC.,<br><br>          Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**GOOGLE'S RESPONSE TO ORDER TO SUPPLEMENT**<br><br>Dept.:     Courtroom 8, 19th Floor<br>Judge:     Hon. William Alsup |

**SUPPLEMENTAL DISCLOSURE**

In response to the Court's August 20, 2012 Order to Supplement (Dkt. 1238), Google again states that neither it nor its counsel has paid an author, journalist, commentator or blogger to report or comment on any issues in this case. Pursuant to the Court's clarifications in the Order to Supplement, the required disclosure does not include advertising revenue, disclosed experts, or gifts to universities. *Id.* at 1-2. It does, however, include (a) "all commenters known by Google to have received payments as consultants, contractors, vendors, or employees"; and (b) employee-commenters at organizations who receive money from Google. *Id.* With that in mind, Google provides the following supplemental disclosure.

As Google indicated in its initial Response (Dkt. 1237) Google supports a wide range of individuals and organizations, many of whom regularly comment on issues relevant to technology, often taking positions adverse to Google. *See, e.g.*, http://www.google.com/publicpolicy/transparency.html. Google has conducted a reasonable and diligent search, and has identified specific individuals and organizations in this supplemental disclosure who have commented on the issues in this case. Google did not pay for comments from any of the commenters listed in this disclosure. Nor did Google cite or rely on any of these commenters in its briefing in this case.[1]

**I.  CONSULTANTS, CONTRACTORS, VENDORS, OR EMPLOYEES.**

Besides the specific individuals listed below, Google is not aware of any other consultants, contractors, vendors, or employees having commented on the litigation. Google did not pay for comments from any of these commenters.

**A.  William Patry**

William Patry is currently a Google employee, and was a Google employee during the pendency of the lawsuit. In 1996, well over a decade before this lawsuit was filed, Mr. Patry authored an article entitled *Copyright and Computer Programs: It's All in the Definition*, 14

---

[1] Google referenced Jonathan Band's book, *Interfaces on Trial 2.0* (MIT Press 2011), in its April 3, 2012 Copyright Liability Trial Brief. As explained in Section II.B., below, Mr. Band's book is not a "comment" on this case—it was accepted for publication before Oracle filed this lawsuit.

Cardozo Arts & Ent. L.J. 1. Oracle cited Mr. Patry's article in its April 3, 2012 Brief Regarding Copyright Issues (Dkt. 853).

### B. Timothy Bray

Tim Bray is currently a Google employee, and was a Google employee during the pendency of the lawsuit. On August 12, 2010, Mr. Bray wrote a post on his personal Twitter account in response to Oracle's filing of the lawsuit. *See* Ex. A (available at https://twitter.com/timbray/status/21023407881). In that post Mr. Bray noted that he was speaking only for himself as an individual. *Id.*

### C. Bruce Perens

Bruce Perens served as a consulting expert related to the lawsuit for Google. Mr. Perens commented on the lawsuit during its pendency, but before being engaged by Google. *See* Ex. B ("Oracle Sues Google For Infringing Java Patents," available at http://web.archive.org/web/20110104025930/http://perens.com/blog/d/2010/8/13/32/); Ex. C ("Oracle v. Google Java Lawsuit - Rationale Becoming More Clear," available at http://web.archive.org/web/20110104031315/http://perens.com/blog/d/2010/8/13/33/); *see also* (http://news.slashdot.org/story/10/08/13/0255205/oracle-sues-google-for-infringing-java-patents).

### D. Prof. Mark Lemley

Professor Mark Lemley serves as outside counsel to Google in unrelated cases, as does the law firm at which he is a partner: Durie Tangri.[2]

Prof. Lemley provided commentary for press reports related to the lawsuit. For example, Prof. Lemley was quoted in a San Francisco Chronicle article by James Temple dated April 25, 2012. *See* Ex. D (available at http://www.sfgate.com/business/article/Oracle-Google-case-shows-patent-system-flaws-3507618.php). Prof. Lemley was also quoted in a May 7, 2012 article by Brendan Bailey in the Mercury News. *See* Ex. E (available at (http://www.mercurynews.com/business/ci_20566834/google-oracle-trial-verdict-ruling-

---

[2] Google does not interpret the Court's initial Order nor the Order to Supplement as requiring a response regarding Google's counsel in the litigation.

copyright-jury-mistrial?IADID=Search-www.mercurynews.com-www.mercurynews.com).  And Prof. Lemley provided commentary regarding the lawsuit for a May 7, 2012 KQED report by Cy Musiker.  *See* Ex. F (text available at http://www.kqed.org/news/story/2012/05/07/93195/mixed_ruling_in_oracle_google_infringement_case?category=bay+area).

Prof. Lemley also provided commentary via his personal Twitter account.  For example, on May 7, 2012, Prof. Lemley posted a comment regarding the copyright verdict.  *See* Ex. G (available at https://twitter.com/marklemley/statuses/199605924862771200).  On May 23, 2012, Prof. Lemley also re-tweeted another Twitter post related to an interview with the foreperson for the jury in this lawsuit.  *See* Ex. H (available at https://twitter.com/marklemley/statuses/205429756366307331)

### E. James Gosling

James Gosling left Oracle America, Inc. in April 2010, before the filing of the lawsuit.  Mr. Gosling was employed by Google from March 2011 to August 2011.  Mr. Gosling maintains a personal blog: http://nighthacks.com/roller/jag/.  Google is not aware of Mr. Gosling blogging about the lawsuit during his employment at Google.  Out of an abundance of caution, because Mr. Gosling was at one time paid by Google (as a Google employee), Google notes that Mr. Gosling did blog about the lawsuit before he was employed by Google, s*ee, e.g.,* Ex. I (http://nighthacks.com/roller/jag/entry/the_shit_finally_hits_the).  Mr. Gosling also blogged about the lawsuit after his employment with Google ended.  Specifically, during trial, Mr. Gosling wrote a blog post about the case.  *See* Ex. J (available at http://nighthacks.com/roller/jag/entry/my_attitude_on_oracle_v).  And Mr. Gosling also commented about the outcome of the trial.  *See* Ex. K (available at http://nighthacks.com/roller/jag/entry/ovg_it_s_finally_almost).  Google does not know whether and to what extent Mr. Gosling may have been receiving compensation from Oracle during the pendency of the lawsuit under the terms of any agreement between Mr. Gosling and Oracle.

3
GOOGLE'S RESPONSE TO ORDER TO SUPPLEMENT
Case No. 3:10-CV-03561 WHA

687553.02

### F. Timothy B. Lee

Timothy Lee is a former engineering intern at Google. He left Google in late August 2010, shortly after Oracle filed the lawsuit. Mr. Lee has been writing for the website Ars Technica since late 2010, and began writing about this lawsuit in 2011. At that time he was no longer employed (or being paid) by Google. Mr. Lee's articles about this lawsuit include recent articles about the Court's orders seeking disclosure of the parties' relations with commentators. *See* Ex. L ("Judge: Google didn't follow 'show your shills' order," Aug. 20, 2012, available at http://arstechnica.com/tech-policy/2012/08/judge-google-didnt-follow-show-your-shills-order/); Ex. M ("Oracle, Google still bickering over paid shills long after trial," Aug. 17, 2012, available at http://arstechnica.com/tech-policy/2012/08/shill-count-oracle-1-google-0/); Ex. N ("With anti-shill order, Google/Oracle judge enters 'uncharted territory,'" Aug. 7, 2012, available at http://arstechnica.com/tech-policy/2012/08/with-anti-shill-order-googleoracle-judge-enters-uncharted-territory/); and Ex. O ("'Name your shills,' judge orders Oracle, Google," Aug. 7, 2012, available at http://arstechnica.com/tech-policy/2012/08/name-your-shills-judge-orders-oracle-google/). Mr. Lee's articles about the lawsuit also include commentary regarding the Court's requests for further briefing regarding copyrightability issues. *See* Ex. P ("Oracle v. Google judge asks for comment on EU court ruling," May 3, 2012, available at http://arstechnica.com/tech-policy/2012/05/oracle-google-judge-asks-for-comment-on-eu-court-ruling/).

Mr. Lee has also published posts via his personal Twitter account. For example, on August 7, 2012, Mr. Lee re-tweeted a post linking to his Ars Technica article "'Name your shills,' judge orders Oracle, Google." *See* Ex. Q (available at https://twitter.com/arstechnica/status/232927734421143552). Subsequently, Mr. Lee posted that he might be on Google's list of disclosed persons because he finished his internship for Google shortly after Oracle filed this lawsuit. *See* Ex. R (available at https://twitter.com/binarybits/status/232936371529060352). In a separate post on Twitter that same day Mr. Lee noted that, while he had received some money from Google while in graduate school, he had received no money from Google since becoming a full-time journalist. *See* Ex. S

4
GOOGLE'S RESPONSE TO ORDER TO SUPPLEMENT
Case No. 3:10-CV-03561 WHA

687553.02

(available at https://twitter.com/binarybits/status/233008099500380160).  On August 17, 2012, Mr. Lee also re-tweeted a Twitter post authored by Paul Alan Levy.  *See* Ex. T (available at https://twitter.com/paulalanlevy/status/238020508682174464).  On August 8, 2012, Mr. Lee posted a message on Twitter that quoted from a Twitter post by Mr. Levy.  *See* Ex. U (available at https://twitter.com/binarybits/status/233332071257501696).

## II. EMPLOYEE-COMMENTERS AT ORGANIZATIONS WHO RECEIVE MONEY FROM GOOGLE

Besides the specific individuals listed below, Google is not aware of any other employee-commenters having commented on the litigation.  Google did not pay for comments from any of these commenters.

### A. Computer and Communications Industry Association

Oracle's falsely suggests that Ed Black of the Computer and Communications Industry Association ("CCIA") was acting under the influence of Google money when he wrote a column stating the position that APIs are not copyrightable.  Oracle and its counsel had to have known that CCIA's position on APIs pre-dated Google's membership in CCIA—and in fact predated Google's incorporation in 1998.

Mr. Black has publicly stated that Google did not ask him to write in support of its position, and that CCIA's position that APIs are not copyrightable "goes back to the 1990s."  *See* Ex. V ("Google:  No Paid Bloggers Here, Your Honor," Aug. 17, 2012, available at http://allthingsd.com/20120817/google-no-paid-bloggers-here-your-honor/?mod=googlenews).  In fact, in December 1995, CCIA, with Mr. Black on brief, joined an amicus brief filed by the American Committee for Interoperable Systems ("ACIS") in the Supreme Court case *Lotus v. Borland*, arguing that interface specifications are not copyrightable.  Ex. W (amicus brief cover page).  The counsel of record on that brief was Peter M.C. Choy, who at the time was a Deputy General Counsel for Sun Microsystems.  *Id.*  Mr. Choy was also chairman of the ACIS.  Ex. W-1 (November 5, 1992 letter from Sun).  Sun was an ACIS member and "play[ed] a leading role" in the organization.  *Id.* at 1.  ACIS's Statement of Principles, as attached to the November 5, 1992 letter, stated:  "The rules or specifications according to which data must be organized in order to

5

GOOGLE'S RESPONSE TO ORDER TO SUPPLEMENT
Case No. 3:10-CV-03561 WHA

687553.02

communicate with another program or computer, i.e., interfaces and access protocols, are not protectable expression under copyright law." *Id.* at 4. Oracle too was an ACIS member. *Id.* at 5; *see also* Ex. V (All Things Digital article dated Aug. 17, 2012). Professor Paul Goldstein, who was also on the ACIS amicus brief, was then, as he is now, of counsel at Morrison & Foerster.[3] Ex. W (amicus brief cover page).

The CCIA has commissioned studies by Mike Masnick, CEO of Floor64. *See* http://www.floor64.com/about.php. Mr. Masnick has commented on the case on the TechDirt website and on his personal friendfeed.com account. *See* Ex. X (available at http://www.techdirt.com/articles/20120523/11050519050/boom-jury-says-no-patent-infringement-google-oracle-case.shtml and at http://friendfeed.com/mmasnick/a3a94012/jury-google-did-not-infringe-on-oracle-patents).

**B.     Jonathan Band**

Likewise, Oracle falsely suggests that Jonathan Band's book *Interfaces on Trial 2.0* was influenced by Google money. Here, too, Oracle and its counsel had to have known that its accusations were off base.

Mr. Band has publicly stated that *Interfaces on Trial 2.0* was accepted for publication in 2009—before Oracle acquired Sun Microsystems, and before the complaint in the case at bar was filed. Ex. V (All Things Digital article dated Aug. 17, 2012). Moreover, much of the book was based on even older articles, in some cases with other Morrison & Foerster lawyers as co-authors. *Id.*; *see also Interfaces on Trial 2.0* at 50 n.100 (subsection based on 1996 article by Mr. Band and Noah Levine, then a Morrison & Foerster summer associate); *id.* at 64 n.144 (subsection based on 1999 article by Mr. Band and Taro Isshiki, then a Morrison & Foerster associate); *see also id.* at 22 n.3, 34 n.46, 37 n.50 56 n.117 & 60 n.132 (subsections based on 1995, 1996, 2000 and 2006 articles by Mr. Band).

In addition, as the title suggests and as is confirmed in the introduction, *Interfaces on Trial 2.0* is a follow-up to a previous book by Mr. Band and his co-author. The prior book, *Interfaces*

---

[3] The brief lists Professor Goldstein's affiliation with Stanford Law School.

6
GOOGLE'S RESPONSE TO ORDER TO SUPPLEMENT
Case No. 3:10-CV-03561 WHA

687553.02

*on Trial: Intellectual Property and Interoperability in the Global Software Industry*, was published in 1995, years before the case at bar was filed. In the acknowledgements to that book, the authors thank, among others, Oracle's lead counsel Michael Jacobs, as well as then Sun Microsystems Deputy General Counsel Peter Choy, and Professor Goldstein. *See Interfaces on Trial: Intellectual Property and Interoperability in the Global Software Industry* at xiii. At the time, Mr. Band was a Morrison & Foerster partner. *Id.* at 361.[4]

### C. Electronic Frontier Foundation

The Electronic Frontier Foundation ("EFF") is a non-profit organization whose mission is to "defend[] free speech, privacy, innovation, and consumer rights," *see* https://www.eff.org/about, with long-standing public views on the importance of interoperability. *See, e.g.*, https://www.eff.org/cases/blizzard-v-bnetd. Google has contributed to the EFF for years before the complaint in the case at bar was filed.

Michael Barclay, now a volunteer fellow for the Electronic Frontier Foundation, commented on the case on his blog, IP Duck.[5] *See* Ex. Y (available at http://ipduck.blogspot.com/2012/05/judge-alsup-rules-that-java-apis-are.html); Ex. Z (available at http://ipduck.blogspot.com/2012/05/phase-one-verdict-in-oracle-v-google.html). Mr. Barclay's interest in the copyrightability of software interfaces, however, long predates his association with EFF, and in fact predates Google's existence—Mr. Barclay represented Borland in *Lotus v. Borland*. Ex. AA (Borland's Supreme Court merits brief).

Julie Samuels is a Staff Attorney at the EFF focusing on intellectual property issues. *See* https://www.eff.org/about/staff/julie-samuels. In that capacity, Ms. Samuels frequently comments on intellectual property cases of note, including this case. *See* Ex. BB ("No Copyrights on APIs: Judge Defends Interoperability and Innovation," May 31, 2012, available at https://www.eff.org/deeplinks/2012/05/no-copyrights-apis-judge-defends-interoperability-and-innovation); Ex. CC ("Oracle v. Google and the Dangerous Implications of Treating APIs as

---

[4] His co-author worked for Fujitsu.

[5] Mr. Barclay, before retiring, was a partner at Wilson Sonsini Goodrich & Rosati, which represents Google in various matters, but not the case at bar.

Copyrightable," May 7, 2012, available at https://www.eff.org/deeplinks/2012/05/oracle-v-google-and-dangerous-implications-treating-apis-copyrightable); Ex. DD ("Oracle v. Google Shows the Folly of U.S. Software Patent Law," April 23, 2012, available at http://www.wired.com/wiredenterprise/2012/04/opinion-samuels-google-oracle/); Ex. EE ("Could an Oracle Win Against Google Blow Up the Cloud?," May 7, 2012, available at http://www.wired.com/wiredenterprise/2012/05/oracle_clou/); Ex. FF ("What's at stake in Oracle v. Google?," May 11, 2012, available at http://www.computerworld.com.au/article/424370/what_stake_oracle_v_google_/#closeme); Ex. GG ("Legal experts decipher Oracle-Google Verdict," May 7, 2012, available at http://news.cnet.com/8301-1001_3-57429590-92/legal-experts-decipher-oracle-google-verdict/); Ex. HH ("Google Beats Oracle Patent Claim," May 23, 2012, available at http://www.informationweek.com/software/operating-systems/google-beats-oracle-patent-claim/240000926).

### D. Public Knowledge

Public Knowledge is a non-profit organization whose mission is to "preserv[e] the openness of the Internet and the public's access to knowledge; promot[e] creativity through balanced copyright; and uphol[d] and protect[t] the rights of consumers to use innovative technology lawfully." *See* http://www.publicknowledge.org/about. Google has contributed to Public Knowledge for years before the complaint in the case at bar was filed. Public Knowledge has commented on the case. *See* Ex. II (available at http://www.publicknowledge.org/blog/copyright-compatibility); Ex. JJ (available at http://www.publicknowledge.org/blog/gpl-does-not-depend-copyrightability-apis).

### E. Center for Democracy and Technology

Jon Miller is at the Center for Democracy and Technology ("CDT") as a 2012 Google Public Policy Fellow. His fellowship focuses on digital copyright, government surveillance, and cybersecurity policy. On June 13, 2012, Mr. Miller authored a blog post on the CDT website commenting on the outcome of the lawsuit. *See* Ex. KK ("Oracle v. Google: A Win for Software

Everywhere," available at https://www.cdt.org/blogs/cdt/1306oracle-v-google-win-software-everywhere).  Google is not aware of any other posts or commentary by Mr. Miller.

### F.     Lauren Weinstein at Vortex Technology

Lauren Weinstein is affiliated with Vortex Technology, an organization that has conducted research for Google.  Mr. Weinstein has commented on the case on his personal Google+ feed.  *See, e.g.,* Ex. LL (available at https://plus.google.com/s/Lauren%20weinstein%20%26%20google%20%26%20oracle).

### G.     Competitive Enterprise Institute

Competitive Enterprise Institute ("CEI") is "a non-profit public policy organization dedicated to advancing the principles of limited government, free enterprise, and individual liberty."  *See* http://cei.org/about-cei.  Google has contributed to CEI for years before the complaint in the case at bar was filed.  CEI has commented about the case.  *See* Ex. MM (available at http://cei.org/citations/apple-samsung-chiefs-pick-their-marbles-and-go-home).

Dated:  August 24, 2012                                     KEKER & VAN NEST LLP

                                                           /s/ Robert A. Van Nest
                                                    By:    ROBERT A. VAN NEST

                                                           Attorneys for Defendant
                                                           GOOGLE INC.