IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, <br>    *Plaintiff,* <br> <br> v. <br> <br> AUDIBLE MAGIC CORPORATION <br>    *Defendant.* | § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 6:15-cv-584 |
| _____ | | |
| AUDIBLE MAGIC CORPORATION <br>    *Counterclaim Plaintiff,* <br> <br> v. <br> <br> BLUE SPIKE LLC, BLUE SPIKE, INC. <br> and SCOTT A. MOSKOWITZ <br>    Counterclaim *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | |

**ORDER**

Before the Court is Opposed Motion of the Electronic Frontier Foundation to Intervene and to Unseal Court Records. (Docket Entry # 90). The Court, having reviewed the motion and Blue Spike, LLC's response in opposition to the motion, is of the opinion the motion for leave to intervene (Docket Entry # 90-1) should be **GRANTED**. The parties shall submit additional briefing regarding the request to unseal specific docket entries.

Proposed Intervenor the Electronic Frontier Foundation ("EFF") moves to intervene in this case for the limited purpose of securing an order (1) unsealing specific docket entries and their associated exhibits (the "Sealed Filings") as described in EFF's Proposed Complaint in Intervention; (2) sealing or redacting those documents only to the extent necessary through the use of public-redacted filings (if the Court determines that any portion(s) of the Sealed Filings should remain sealed); and (3) ordering the parties to file public versions on the docket of each

1

of the Sealed Filings, redacted only to conceal information that a party can show is legitimately confidential.

Defendant Audible Magic Corporation ("Audible Magic") does not oppose EFF's motion to the extent it will be permitted to file public-redacted versions of documents that limit public access to legitimately confidential information. Plaintiff Blue Spike, LLC ("Blue Spike") opposes EFF's motion in its entirety. Blue Spike's response focuses primarily on EFF's request for leave to intervene, asserting EFF lacks standing; EFF's motion is untimely; and EFF's request prejudices Blue Spike.[1]

Federal Rule of Civil Procedure 24(b)(1)(B) provides that intervention may be permitted where the movant timely seeks intervention and "has a claim or defense that shares with the main action a common question of law or fact." "[D]espite the lack of a clear fit with the literal terms of Rule 24(b), every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders." *EEOC v. National Children's Ctr.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998); *In re Beef Industry Antitrust Litigation*, 589 F.2d 786, 789 (5th Cir. Tex. 1979); *see also Davis v. East Baton Rouge Parish Sch. Bd.*, 78 F.3d 920, 926 (5th Cir. La. 1996). This permissive right to intervene to challenge confidentiality orders comports with a policy of open courts and public access. *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir.2010) (noting there is a "strong presumption that trial proceedings should be subject to scrutiny by the public"). Blue Spike's standing argument fails.

Whether a motion is timely filed is a matter committed to the sound discretion of the trial court. *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1071 (5th Cir. 1970). The Fifth Circuit Court

---

[1] Blue Spike asserts EFF's motion violates Local CV-7(a) which requires motions to be filed separately. However, Blue Spike briefly addresses EFF's motion to unseal "out of an abundance of caution." (Docket Entry # 94 at 1, n. 1).

of Appeals applies a four-part framework to the analysis of whether a motion to intervene is timely. *See Effjohn Int'l Cruise Holding, Inc. v A&L Sales, Inc.*, 346 F.3d 552, 560-61 (5th Cir.2003). Courts consider the following four factors in analyzing the timeliness of a petition for leave to intervene: (1) how long the putative intervenor knew, ore reasonably should have known, of its stake in the action; (2) the prejudice, if any, the existing parties may suffer because the putative intervenor failed to intervene when it knew, or reasonably should have known, of its stake; (3) the prejudice, if any, the putative intervenor may suffer if intervention is not allowed; and (4) any unusual circumstances weighing in favor of, or against, finding timeliness. *Id*. Application of these factors is not a "technical yardstick" but rather should be viewed practically as a flexible inquiry using the totality of the circumstances. *Banco de Credito Indus., S.A. v. Tesoreria Gen.*, 990 F.2d 827, 832 (5th Cir. 1993).

Blue Spike asserts EFF has known about the patents-in-suit and Blue Spike's cases asserting these patents for at least a year and a half. Even so, there are "unusual circumstances" involved in this case weighing in favor of finding timeliness. This case has had a complex history, including a four month period of inactivity while the parties attempted settlement. Contrary to Blue Spike's assertions, the Court does not find the existing parties will suffer prejudice if EFF is allowed to intervene for the limited purpose of moving to unseal specific docket entries.

The Court, having considered the four factors, orders that EFF's Motion to Intervene (Docket Entry # 90-1) is **GRANTED**. Accordingly, it is

**ORDERED** that EFF is granted leave to intervene for the limited purpose of moving to unseal documents. The Court will consider EFF's Motion to Unseal Court Records (Docket Entry # 90-2). Any party opposing EFF's motion to unseal shall file its response no later than

May 2, 2016. Parties may file a reply or sur-reply in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

**IT IS SO ORDERED.**

**SIGNED this 18th day of April, 2016.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE