## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC, <br><br> *Plaintiff* <br><br> v. <br><br> AUDIBLE MAGIC CORPORATION <br> *Defendant* <br><br><br> AUDIBLE MAGIC CORPORATION, <br><br> *Counterclaim Plaintiff* <br> v. <br><br> BLUE SPIKE, LLC, BLUE SPIKE, INC. and SCOTT A. MOSKOWITZ <br><br> *Counterclaim Defendants* | § § § § § § § § § § § § § § § § § § § § § § <br><br> Civil Action No. 6:15-CV-00584-RWS-CMC |

**AUDIBLE MAGIC CORPORATION'S RESPONSE TO MOTION OF THE ELECTRONIC FRONTIER FOUNDATION TO INTERVENE AND TO UNSEAL COURT RECORDS**

1

I. **PROCEDURAL HISTORY**

On March 11, 2016, counsel for Electronic Frontier Foundation ("EFF") notified counsel for Audible Magic Corp. ("Audible Magic") of EFF's request that Blue Spike, Inc., Blue Spike LLC and Scott A. Moskowitz (collectively "Blue Spike") and Audible Magic agree to facilitate the filing of redacted public versions of certain documents previously filed under seal in this action. On March 17, 2016, counsel for EFF invited Audible Magic's counsel to a telephonic meet and confer with Blue Spike's and EFF's counsel. [Ramsey Decl., Ex. 1] On March 17, Audible Magic's counsel joined the call, but was informed by EFF's counsel that Blue Spike refused to meet and confer. Audible Magic conveyed its position that it does not oppose the public filing of redacted versions of the documents at issue, to meet the goal of public access to non-confidential facts and legal reasoning, as long as the parties have the opportunity to redact and seal their confidential information in those documents.

On March 29, Audible Magic proposed to Blue Spike's and EFF's counsel that the parties work together to prepare redacted filings and present a joint proposal to the court, to avoid burden on the court. [Ramsey Decl., Ex. 2] Blue Spike did not respond to that communication. [*Id.*, ¶ 3][1] Thus, EFF filed its motion to intervene and unseal, and Audible Magic responds as set forth below.

II. **AUDIBLE MAGIC'S POSITION**

Audible Magic has reviewed the briefs filed by EFF and Blue Spike concerning EFF's motion to intervene and to unseal filings in the above-captioned matter. [Dkt. 90, 94] Audible Magic does not oppose EFF's motion to intervene, for the limited purpose of seeking unsealing of certain documents. [Dkt. 90, at pp. 5-10] Audible Magic does not oppose, in general, EFF's request that redacted public versions of the documents referenced in its proposed order be made available on the

---

[1] Audible Magic has continued its efforts to resolve this matter and has communicated by email to Blue Spike on the topic, but those communications, too, have gone unanswered. [Ramsey Decl., ¶ 4]

docket. [Dkt., 90, at pp. 10-15, Dkt. 90-6 (proposed order)] If the court grants EFF's requested relief, Audible Magic respectfully requests and will affirmatively seek to seal portions of the documents addressed by EFF's motion, through a motion to seal or other procedural mechanism, as may be ordered by the court. EFF's motion appears to correctly state the Fifth Circuit's standard for sealing, *i.e.* that the proponent of sealing must show that sealing serves "an overriding interest" that "is essential to preserve higher values [than the presumption of public access] and is narrowly tailored to serve that interest." *United States v. Edwards*, 823 F.2d 111, 115 (5th Cir. 1987), cited at Dkt. 90, p. 11.[2] Any process to unseal documents in this proceeding must afford both Audible Magic and Blue Spike the opportunity to protect their confidential information under this standard.

If the Court grants EFF's requested relief, Audible Magic will work with Blue Spike to prepare proposed redacted versions of the documents that are the subject of EFF's request, and Audible Magic will provide a particularized showing regarding portions of the record (including portions of filed documents and certain exhibits) that Audible Magic will seek to seal. Audible Magic will seek to seal only those portions of the record with respect to which it has a legitimate and overriding business interest in maintaining confidentiality. Audible Magic acknowledges the public interests articulated in EFF's brief, and states no position at this time regarding the extraneous assertions put forward by EFF and Blue Spike in their respective briefs.

---

[2] To the extent that EFF quotes out-of-Circuit authority suggesting a more stringent standard than that set forth by the Fifth Circuit, or suggesting that certain categories of material cannot be sealed, Audible Magic does dispute application of that particular authority and disagrees with the characterization of the authority. *See* Dkt. 90, p. 11 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 567 (7th Cir. 2002)) and p. 12 (citing proposed Fed. Cir. R. 27(m)(1)). The matter should be decided based on the Fifth Circuit standard applied, on a case by case basis, to the particular materials that the parties seek to seal.

Dated:  April 18, 2016

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay (Texas Bar No. 00789886)
Walter W. Lackey, Jr. (Texas Bar No. 24050901)
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX 75703
Telephone:  (903) 534-1100
Facsimile:   (903) 534-1137
efindlay@findlaycraft.com
wlackey@findlaycraft.com

Gabriel M. Ramsey– *LEAD ATTORNEY*
I. Neel Chatterjee
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:  (650) 614-7400
Facsimile:  (650) 614-7401
gramsey@orrick.com
nchatterjee@orrick.com

Alyssa M. Caridis
ORRICK, HERRINGTON & SUTCLIFFE, LLP
777 S. Figueroa St.
Suite 3200
Los Angeles, CA 90017
Telephone:  (213) 629-2020
Facsimile:  (213) 612-2499
acaridis@orrick.com

Christopher J. Higgins
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8418
chiggins@orrick.com

*Attorneys for Defendant Audible Magic Corp.*

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served electronically on opposing counsel pursuant to Local Rule CV-5(a)(7)(C) on April 18, 2016.

*/s/ Eric H. Findlay*
Eric H. Findlay
