# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>AUDIBLE MAGIC CORPORATION,<br><br>       Defendant.<br><br>AUDIBLE MAGIC CORPORATION,<br><br>       Counterclaim Plaintiff,<br><br>   v.<br><br>BLUE SPIKE, LLC, BLUE SPIKE, INC.,<br>and SCOTT A. MOSKOWITZ,<br><br>       Counterclaim Defendants. | Civil Action No. 6:15-cv-00584-RWS-CMC |

**REPLY IN SUPPORT OF OPPOSED MOTION OF THE ELECTRONIC FRONTIER FOUNDATION TO UNSEAL COURT RECORDS**

## **TABLE OF CONTENTS**

                                                                                                            **Page**

I. INTRODUCTION ...............................................................................................................1

II. ARGUMENT .......................................................................................................................1

      A. Supreme Court Precedent Establishes a Presumption in Favor of Public Access to Court Documents, and the Burden Is on the Proponent of Sealing to Show That Sealing Is Warranted ............................................................1

      B. Blue Spike Has Not Shown Good Cause to Seal Any Portion of the Sealed Filings ......................................................................................................................2

      C. The Protective Order Does Not Permit Blue Spike to Seal Court Filings Without Cause..........................................................................................................4

      D. Blue Spike's Allegations As to EFF's Intent Are Irrelevant and False ...................5

III. CONCLUSION....................................................................................................................5

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bianco v. Globus Medical Inc.*,
   2:12-CV-00147-WCB, 2014 WL 3422000 (E.D. Tex. July 14, 2014) .................................. 2

*Joy v. North*,
   692 F.2d 880 (2d Cir. 1982) ................................................................................................ 2

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
   134 S. Ct. 2120 (2014) ........................................................................................................ 3

*Nixon v. Warner Communications, Inc.*,
   435 U.S. 589 (1978) ............................................................................................................ 3

*Oldendorff Carriers GmbH & Co., KG v. Grand China Shipping (Hong Kong) Co.*,
   No. C-12-074, 2013 WL 1867604 (S.D. Tex. Apr. 22, 2013) ............................................. 4

*Press-Enterprise Co. v. Superior Court of California*,
   478 U.S. 1 (1986) ................................................................................................................ 1

*Richmond Newspapers, Inc. v. Virginia*,
   448 U.S. 555 (1980) ............................................................................................................ 1

*Snyder v. Phelps*,
   562 U.S. 443 (2011) ............................................................................................................ 4

*United States v. Holy Land Found. for Relief & Dev.*,
   624 F.3d 685 (5th Cir. 2010) .............................................................................................. 5

*United States v. Ocwen Loan Servicing, LLC*,
   No. 4:12-CV-543 (E.D. Tex. Jan. 22, 2016), ECF No. 322 ................................................. 4

**I.      INTRODUCTION**

Blue Spike's Opposition cites no legal authority for keeping the record in this case sealed, and offers no justification for sealing of any portion of the Sealed Filings, including Magistrate Judge Craven's Reports and Recommendations.  Blue Spike ignores Supreme Court precedent making court documents *presumptively* public while relying on irrelevant and meritless aspersions.  Consistent with the Supreme Court's constitutional precedent, this Court should make the Sealed Filings publicly accessible unless the parties actually make a sufficient showing of good cause for continued secrecy.[1]

**II.     ARGUMENT**

    **A.    Supreme Court Precedent Establishes a Presumption in Favor of Public Access to Court Documents, and the Burden Is on the Proponent of Sealing to Show That Sealing Is Warranted**

Blue Spike's position—that EFF must show good cause for public access to court records—turns the law on its head.  The Supreme Court has repeatedly held that the party seeking to seal court documents bears the burden of overcoming the heavy presumption favoring public access to such documents.   As the Court made clear in *Press-Enterprise Co. v. Superior Court of California*, 478 U.S. 1 (1986), "proceedings cannot be closed unless specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id*. at 13–14 (quotation marks and citation omitted); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) ("Absent an overriding interest articulated in findings, the trial of a criminal case must be open to the public.").  Yet Blue Spike does not discuss, let alone attempt to distinguish, those cases in its Opposition.

---

[1]     EFF is refiling this reply to comply with the Court's Notice of Deficiency, but maintains that the reply, as originally filed, was proper because the Court's decision may dispose of the claims raised in EFF's Complaint in Intervention and terminate EFF's intervention in this case, and denial of its motion would be grounds for appeal.

Even the non-binding authority cited by Blue Spike confirms that the presumption of public access must be overcome before court documents can be sealed. *See* Pl.'s Opp'n to EFF's Mot Unseal Court Docs. at 6 ("Opp'n") (citing *Bianco v. Globus Medical Inc.*, 2:12-CV-00147-WCB, 2014 WL 3422000 (E.D. Tex. July 14, 2014)). As the court explained in *Bianco*, "the party seeking to seal portions of the transcript bears a heavy burden of showing that a sealing order is necessary to protect important countervailing values, and only the most compelling reasons can justify non-disclosure of judicial records." *Id*. (internal quotation marks and citation omitted). Consistent with that principle, the court in *Bianco* held that information disclosed in other filings or transcripts available to the public could not be sealed—*even if* that information would otherwise qualify for confidential treatment. *See id.* at *4. As *Bianco* shows, if the public already has access to information contained in the Sealed Filings, there can be no justification for keeping that information sealed. Thus, Blue Spike's assertion that "[m]any of the arguments EFF allegedly seeks are accessible in underlying, unsealed letter briefs," Opp'n at 5, confirms that Blue Spike *cannot* justify the level of secrecy it demands. *See also* Ranieri Decl. Supp. Opposed Mot. Ex. 1 at ¶¶ 15–17, ECF No. 90-2 (discussing publicly available transcript).

    **B.**    **Blue Spike Has Not Shown Good Cause to Seal Any Portion of the Sealed Filings**

Blue Spike's speculative fear of embarrassment or harassment does not substitute for a showing of good cause and therefore does not justify denying public access to the Sealed Filings. *See Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982) ("[A] naked conclusory statement . . . falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal."). Blue Spike does not explain how providing public access to the Sealed Filings would cause it any particular embarrassment or support its conclusory assertions with facts of any kind.

While Blue Spike quotes language from the Protective Order referencing "technical, sales marketing, financial, or other sensitive information" as categories of information that could be eligible for sealing, Opp'n at 4, it does not actually claim that the Sealed Filings contain any such information from Blue Spike.  That omission is telling.  The publicly available transcript in this case indicates that Blue Spike is in the business of IP licensing, not manufacturing, marketing, or selling products, and therefore may have no substantial technical or marketing information to disclose at all.  Blue Spike cannot use the judicial system merely to conceal information about the scope or validity of its patents because the purpose of the patent system is designed to notify the public as to the scope of patent rights.  *See, e.g.*, *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2129 (2014) ("[A] patent must be precise enough to afford clear notice of what is claimed, thereby 'appris[ing] the public of what is still open to them.'") (citation omitted).

No Supreme Court precedent establishes that an individual's fear of embarrassment, without more, may overcome the presumption of public access to court records under the First Amendment.  Blue Spike's reliance on *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978), is misplaced.  *See* Opp'n at 4 & 6.  The Court in *Nixon* did not deny access to prevent embarrassment.  After acknowledging considerations for and against access, the Court concluded that "[w]e need not decide how the balance would be struck." *Nixon*, 435 U.S. at 603.  That was because of a unique circumstance: public access to the relevant materials was already provided for under an existing, legislatively-mandated, administrative procedure.  *See id*.  *Nixon* therefore does not support Blue Spike's argument that its fear of embarrassment is enough to justify sealing the entire contents of the Sealed Filings without any further showing.

Although Blue Spike alleges that EFF intends to use information gleaned from the Sealed Filings to "harass" Blue Spike—*i.e.*, by writing articles about its patents and posting them

3

online—but that is not harassment, that is public speech on a matter of public concern. The First Amendment protects precisely those speech activities. *See Snyder v. Phelps*, 562 U.S. 443, 458 (2011) ("Given that [the party's] speech was at a public place on a matter of public concern, that speech is entitled to 'special protection' under the First Amendment. Such speech cannot be restricted simply because it is upsetting or arouses contempt."). The fact that Blue Spike thinks the public and press will be interested in discussing the contents of the Sealed Filings only confirms that they relate to matters of public concern and therefore must be open to the public.

### C. The Protective Order Does Not Permit Blue Spike to Seal Court Filings Without Cause

Blue Spike invokes the stipulated Protective Order but does not explain how it could supersede the Supreme Court's constitutional precedent. Nor does Blue Spike explain how the test applicable to a party's request to modify a protective order to which it agreed applies to EFF, which never agreed to the Protective Order in this case. *Cf.* Mem. Op. & Order at 3, *U.S. v. Ocwen Loan Servicing, LLC*, No. 4:12-CV-543 (E.D. Tex. Jan. 22, 2016), ECF No. 322 (applying test to decide "whether to modify a stipulated protective order at *the behest of a party that originally agreed to the order*") (emphasis added). Further, that test is inapplicable here, where "good cause was not shown for the original protective order," and "the burden of showing good cause is on the party seeking continued confidentiality protection." *Id.* (citation omitted). As Blue Spike's cited authority confirms, "it should be foreseeable that an overly-liberal interpretation of a confidentiality order that results in excessive and unnecessary sealing may result in modification of that order." *Oldendorff Carriers GmbH & Co., KG v. Grand China Shipping (Hong Kong) Co.*, No. C-12-074, 2013 WL 1867604, at *3 (S.D. Tex. Apr. 22, 2013).

Regardless, EFF's requested relief, as outlined in its proposed order, does not undermine the stipulated Protective Order. Under that Order, a party claiming confidentiality "shall have

the burden of establishing that the disputed Protected Documents are entitled to confidential treatment," and, if its confidentiality designation is challenged, "shall have ten (10) days from the date of certification to file a motion for [a] protective order with regard to any Protected Documents in dispute." Garteiser Decl. Supp. Opp'n Ex. 7 § 5, ECF No. 102-9. Those provisions are entirely consistent with EFF's requested relief. At the very least, Blue Spike and Audible Magic should be ordered to file motions to justify the designations EFF has challenged.

### D. Blue Spike's Allegations As to EFF's Intent Are Irrelevant and False

Blue Spike's allegations regarding EFF's relationship to Google are irrelevant and false. The relationship between a party and a particular proponent of access cannot be used to overcome the public's right of access. *See U.S. v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) ("We disagree . . . with any suggestion that the public's right of access to judicial records is relevant only when asserted by a third party, such as a journalist, with no direct stake in the proceedings. . . . The public's right to access, therefore, is relevant regardless of who opposes keeping a record under seal."). Blue Spike's baseless allegations cannot justify denying public access to court filings because all members of the public—including Blue Spike's adversaries in other cases—have a right to access court documents.

### III. CONCLUSION

The Court should unseal any portions of the Sealed Filings that the parties have not shown good cause to seal, or alternatively, unseal any portions of the Sealed Filings that the parties do not show good cause to seal within ten days of the Court's order.

Dated: May 13, 2016         By:          */s/ Mark A. Lemley*
                                    Mark A. Lemley (admitted E.D. Tex.)
                                    (CA Bar No. 155830)

5

Alexandra H. Moss (admitted E.D. Tex.)
(CA Bar No. 302641)
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Phone: (415) 362-6666
Email: mlemley@durietangri.com
Email: amoss@durietangri.com

Vera Ranieri (admitted E.D. Tex.)
(CA Bar No. 271594)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Phone: (415) 436-9333
Email: vera@eff.org

Attorneys for Intervenor
Electronic Frontier Foundation

**CERTIFICATE OF SERVICE**

      I, Mark A. Lemley, hereby certify that on May 13, 2016 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

                                                 */s/ Mark A. Lemley*
                                                  Mark A. Lemley