**IN THE UNITED STATES DISTRICT COURT**
**OF THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Case No. 6:15-cv-584** |
| | § | |
| **AUDIBLE MAGIC CORPORATION** | § | |
| *Defendant.* | § | |

| | | |
|---|---|---|
| **AUDIBLE MAGIC CORPORATION** | § | |
| *Counterclaim Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **BLUE SPIKE LLC, BLUE SPIKE, INC.** | § | |
| **and SCOTT A. MOSKOWITZ** | § | |
| **Counterclaim *Defendants.*** | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATE MAGISTRATE JUDGE

The above-entitled and numbered civil action was referred to United States Magistrate Judge

Caroline M. Craven pursuant to 28 U.S.C. § 636. On February 26, 2016, the Report of the

Magistrate Judge was entered, containing proposed findings of fact and recommendations that

Audible Magic Corporation's Motion for Voluntary Dismissal Without Prejudice (Dkt. No. 12) be

granted and that Audible Magic's patent infringement counterclaim be dismissed without prejudice

instead of with prejudice as requested by Blue Spike, LLC.

Blue Spike, LLC filed objections to the Magistrate Judge's Report and Recommendation.

Audible Magic filed a response to Blue Spike's objections. The Court conducts a *de novo* review

of the Magistrate Judge's findings and conclusions.

**BACKGROUND**

On August 27, 2012, Plaintiff Blue Spike, LLC ("Blue Spike") filed suit against Defendant Audible Magic Corporation ("Audible Magic"), alleging infringement of four patents (the "Asserted Patents"). The Asserted Patents describe a method and device for monitoring and analyzing signals. Audible Magic eventually brought thirteen counterclaims, including a patent infringement counterclaim (no. 12) at issue here. Specifically, Audible Magic alleges Blue Spike's offer for sale of its Giovanni Abstraction Machine® ("GAM") infringes Audible Magic's U.S. Patent No. 6,834,308 ("the '308 patent").

**THE REPORT AND RECOMMENDATION**

After extensive briefing and a hearing, the Magistrate Judge was not convinced Blue Spike had expended significant effort in preparing for trial on Audible Magic's patent infringement counterclaim. She concluded Audible Magic's explanation of its need for a dismissal without prejudice outweighed Blue Spike's concern of its possibly having to face trial later. The Magistrate Judge did not find excessive delay or lack of diligence on the part on Audible Magic in moving to dismiss. The Magistrate Judge recommended Audible Magic's patent infringement counterclaim be dismissed without prejudice.

**BLUE SPIKE'S OBJECTIONS**

In its objections, Blue Spike asserts Audible Magic's counterclaim of infringement of the 308 patent was brought in bad faith. According to Blue Spike, the limitations of the '308 patent clearly are not present in Blue Spike's GAM as advertised. Blue Spike asserts Audible Magic asserted the '308 patent only to exert leverage on Blue Spike and to "increase Blue Spike's costs via motion practice, depositions, expert review, and claim construction." (Dkt. No. 83 at 1).

Blue Spike further asserts Audible Machine was "long aware that the GAM was not a product," and the Report and Recommendation gives too much credence to Audible Magic's purported confusion. According to Blue Spike, it clearly communicated it did not have source code to produce.

Finally, Blue Spike contends it has been prejudiced by Audible Magic's improper assertion of the '308 patent and untimely request to voluntarily dismiss it. Specifically, Blue Spike engaged experts to review the '308 patent and spent considerable time and expense on depositions, claim construction, and trial preparation related to the '308 patent. Because of this prejudice, Blue Spike argues dismissal without prejudice is not appropriate. Rather, dismissal with prejudice is an acceptable remedy.

## AUDIBLE MAGIC'S RESPONSE

In response, Audible Magic asserts Blue Spike's offer for sale of the GAM included all of the elements of Audible Magic's '308 patent (most of which Blue Spike concedes are present), and Audible Magic's patent infringement counterclaim has been in good faith. Audible Magic asserts Blue Spike discontinued its offer for sale "in the middle of the litigation," confirming in December 2014 it was no longer offering GAM. Audible Magic states it sought dismissal as soon as it had "binding evidence that the GAM product does not exist." (Dkt. No. 85 at 5). Specifically, in his January 2015 deposition, Scott Moskowitz testified there was not, and never had been, a GAM product. On February 10, 2015, Michael Berry testified there was no GAM product and that he had not provided such a product to Blue Spike. Audible Magic filed its motion for voluntary dismissal on February 19.

Audible Magic argues "Blue Spike sent conflicting messages to keep alive the possibility of

telling the jury that it had a product," and to the extent this required discovery and other substantive briefing, "Blue Spike brought it upon itself." *Id*. at 8.  Audible Magic further asserts Blue Spike only asked minimal questions regarding the '308 patent during depositions.  Audible Magic contends those questions, as well as expert review of the '308 patent, would have been necessary anyway because the '308 patent is asserted prior art to Blue Spike's patents.  Audible Magic argues there is no "plain legal prejudice" to Blue Spike under the facts of this case.

Finally, according to Audible Magic, Blue Spike has never submitted any expert opinion to establish non-infringement or to challenge the '308 patent's validity, thus demonstrating the claim's merit.  However, considering that Blue Spike had removed the offer for sale from its website and further considering the early 2015 deposition testimony establishing there was no GAM, Audible Magic "elected to streamline the proceedings" by moving to dismiss without prejudice.  *Id*. at 6. This would allow Audible Magic to pursue its rights in the future if warranted.

### *DE NOVO* REVIEW

Pursuant to FED. R. CIV. P. 41, a court may grant the voluntary dismissal of counterclaims "upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2). The decision whether to grant a voluntary dismissal rests soundly within the district court's discretion. *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317-18 (5th Cir. 2002). "[A]s a general rule, motions for voluntary dismissal should be freely granted unless the nonmoving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Id.* (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir.1990)).

The Magistrate Judge thoroughly analyzed the issues and in her discretion recommended Audible Magic's patent infringement counterclaim be dismissed without prejudice, finding Blue

Spike has not suffered legal prejudice. "Plain legal prejudice often occurs where the grant of a motion for voluntary dismissal causes the non-movant to be stripped of an otherwise available defense" or where "the movant suffered an adverse legal decision prior to moving for voluntary dismissal." *Robles v. Atl. Sounding Co.*, 77 Fed. Appx. 274, 275-76 (5th Cir. 2003). As noted by the Magistrate Judge, the costs expended in preparation for trial and the "mere prospect of a second lawsuit" do not constitute plain legal prejudice barring dismissal without prejudice. *Id.* at 276; *see also Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). "If the court finds that legal prejudice does not exist, then the motion should be granted. . . . If, however, the court finds that the motion will cause legal prejudice, then the court can deny the motion or impose conditions that will cure the prejudice." *Espinoza v. Nacher Corp.*, 2007 WL 1557107, at *2 (E.D. Tex. May 24, 2007)(unpublished).

Here, Blue Spike has not made the required showing that it will suffer plain legal prejudice as a result of the dismissal without prejudice. Although "plain legal prejudice can also exist regarding the timing of a motion for voluntary dismissal," Audible Magic's timing did not inflict legal prejudice on Blue Spike. *Id.* Blue Spike made some statements calling into question GAM's existence, but it also made other inconsistent statements (both on its website and in discovery responses) indicating the GAM product did exist. Given these conflicting assertions, it was proper for Audible Magic to pursue the depositions of Mr. Moskowitz and Mr. Berry to establish the facts. Audible Magic sought dismissal as soon as it had binding testimony that the GAM product does not exist.

The time and money expended by Blue Spike in defending against the counterclaim do not mandate the denial of Audible Magic's motion. Additionally, Blue Spike's assertions of prejudice

are overstated. Blue Spike did not contest infringement or validity and failed to offer an expert report regarding the '308 patent. Because the '308 patent is asserted prior art to Blue Spike's patents, Blue Spike's expert would have had to review it anyway.

Blue Spike's objections are without merit The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Audible Magic Corporation's Motion for Voluntary Dismissal Without Prejudice (Dkt. No. 12) is **GRANTED.** It is further

**ORDERED** that Audible Magic's counterclaim 12 is **DISMISSED WITHOUT PREJUDICE**.

 **SIGNED this 16th day of May, 2016.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE