IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 6:15-cv-584 |
| | § | |
| AUDIBLE MAGIC CORPORATION | § | |
|    *Defendant.* | § | |

_____

| | |
|---|---|
| AUDIBLE MAGIC CORPORATION | § |
|    *Counterclaim Plaintiff,* | § |
| | § |
| v. | § |
| | § |
| BLUE SPIKE LLC, BLUE SPIKE, INC. | § |
| and SCOTT A. MOSKOWITZ | § |
|    Counterclaim *Defendants.* | § |

## ORDER

Before the Court is **Opposed Motion of the Electronic Frontier Foundation to Unseal Court Records. (Docket Entry # 96)**. The Court, having reviewed the motion, the responses Blue Spike, LLC and Audible Magic Corporation, and the reply, is of the opinion the motion should be **GRANTED** but with modifications to the method of relief requested.

## EFF'S MOTION TO UNSEAL

The Electronic Frontier Foundation ("EFF") has been allowed to intervene in this action for the limited purpose of moving to unseal specific docket entries and their associated exhibits (the "Sealed Filings") as described in EFF's Proposed Complaint in Intervention. EFF seeks an order sealing or redacting those documents only to the extent necessary through the use of public-redacted filings (if the Court determines that any portion(s) of the Sealed Filings should remain sealed); and ordering the parties to file public versions on the docket of each of the

1

Sealed Filings, redacted only to conceal information that a party can show is legitimately confidential.

According to EFF, court records are presumptively open, and as a member of the public interested in this case, it should be able to freely inspect court records and learn about parties' use of the judicial system, limited only by a party's ability to show good cause to prevent the public from accessing records. EFF argues third parties have a powerful interest in understanding the scope of Blue Spike's patent claims in order to minimize their risk of infringement liability, and improper use of confidentiality designations in this litigation prevents the type of investigation the public needs to fully understand the issues. EFF further asserts documents produced and created in this litigation can be highly material to related proceedings at the Patent Office.

## AUDIBLE MAGIC'S RESPONSE

Defendant Audible Magic Corporation ("Audible Magic") does not oppose filing redacted public versions of the Docket Entries set forth in EFF's proposed order. However, Audible Magic disagrees with the procedure outlined in EFF's proposed order regarding previously-filed-under-seal documents and future documents under seal. According to Audible Magic, EFF's proposed order would require that each of the Docket Entries be unsealed immediately at the time its motion is ruled upon unless "a party has shown good cause to seal certain information contained therein." *See* EFF Proposed Order. According to Audible Magic, haphazardly "unsealing entire documents without providing [the parties] an opportunity to redact [their] confidential information would severely prejudice" the parties.

If the Court grants EFF's requested relief to unseal, Audible Magic proposes the following procedure to redact any documents previously-filed with the Court. Within 14 days of an order requiring the parties to file redacted versions of the Docket Entries in EFF's proposed order,

Audible Magic and Blue Spike will file with the Court proposed redacted versions of each document. Concurrently with these filings, each party will submit a particularized showing regarding portions of the record (including portions of filed documents and certain exhibits) that it seeks to seal. These redacted versions will become the publicly available documents that EFF's motion requests access to, absent objection by the Court.

Audible Magic proposes the following procedure for documents to be filed under seal in the future. Documents containing the confidential business information of either party will be filed under seal with the clerk and maintained confidential. Within 14 days of any such filing, Audible Magic and Blue Spike will file a redacted version of the document filed under seal. Concurrent with this filing, each party wishing to maintain confidential information will submit a particularized showing regarding information in the filing that it seeks to maintain under seal.

### **BLUE SPIKE'S RESPONSE**

Plaintiff Blue Spike, LLC ("Blue Spike") opposes EFF's motion in its entirety, relying on the Protective Order. However, Blue Spike does not explain how the Protective Order supersedes Supreme Court precedent regarding the presumption favoring public access to court documents. According to Blue Spike, EFF has demonstrated a history of harassing Blue Spike by calling it a "serial litigant" and attempting to improperly sway court decisions by discussing in its articles claim construction and other issues "just as this court prepared to deliberate" on those very issues. (Docket Entry # 102 at 2). Blue Spike asserts EFF receives substantial funding from Google, Inc., "the only other party in active litigation over the patents-in-suit." *Id*. at 2-3.   Blue Spike argues Google has been criticized for potentially exerting undue influence over EFF through its donations.

*See, e.g., Oracle America, Inc. v. Google Inc.*, Case No. 3:10-cv-03561, Dkt. No. 1238 (Aug. 20, 2014 N.D. Cal.), attached as Exh. 5 to Blue Spike's response.[1]

Unlike Audible Magic, Blue Spike does not believe redaction will limit prejudice to the parties. According to Blue Spike, EFF's desire to immediately unseal documents in total disregard to the Protective Order, which the parties agreed to "in order to protect their confidential information" is prejudicial. According to Blue Spike, if EFF's motion is granted it would allow EFF (and its alleged benefactor Google) to continue to improperly influence court decisions. Blue Spike argues EFF does not have good cause to unseal documents. Specifically, many of the arguments EFF allegedly seeks are accessible in underlying, unsealed letter briefs.[2] According to Blue Spike, this case is nearing trial, and the parties will exchange pretrial disclosures in less than one month. If EFF's motion is granted, Blue Spike will be required to respond to EFF's complaint and coordinate redactions of no fewer than forty-seven documents.

## APPLICABLE LAW

Given the importance of public access, courts have recognized "[t]here is a strong presumption in favor of a common law right of public access to court proceedings." *See In re Violation of Rule 28(d)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011) (citing *Nixon v, Warner Communications, Inc.*, 435 U.S. 589, 597–99 (1978)); *SEC v. Van Waeyenberghe*, 990 F.2d 845,

---

[1] In *Oracle*, Judge Alsup ordered Google to "identify[] all authors, journalists, commentators or bloggers who have reported or commented on any issues in this case and who have received money (other than normal subscription fees) from the party or its counsel during the pendency of this action." *Oracle America, Inc. v. Google Inc.*, Case No. 3:10-cv-03561, Dkt. No. 1229 (Aug. 7, 2014 N.D. Cal.), attached as Ex. 6 to Blue Spike's response. After Google submitted its response, the court ordered more information. Google responded by supplementing the list of commentators it funded, including EFF to which it admitted having donated for years. Blue Spike's response, Ex. 3.

[2] In its reply, EFF asserts this assertion, along with the fact that the transcript of the parties' hearing, actually confirms that Blue Spike cannot justify the level of secrecy it seeks. (Docket Entry # 103 at 2-3).

849 (5th Cir. 1993) (recognizing the common law presumption of public access to judicial documents). The presumption must not be dismissed lightly given the dangers that come from restrictions on public access. *See Richmond Newspapers*, *Inc. v. Virginia*, 448 U.S. 555, 595 (1980) ("Open trials assure the public that procedural rights are respected, and that justice is afforded equally. Closed trials breed suspicion of prejudice and arbitrariness, which in turn spawns disrespect for law.").

In the Fifth Circuit, it is an abuse of discretion for a district court to seal documents without first determining whether the rationale for sealing justifies depriving the public access. *See SEC*, 990 F.2d at 849–50. The presumption of public access applies to judicial records, including court decisions and filings on which those decisions rest. *Id.* at 849; *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008) (applying presumption to court orders, docket minute entry, and related exhibit); *In re Sealing & Non-Disclosure of Pen/Trap/2703(d) Orders*, 562 F. Supp. 2d 876, 890 (S.D. Tex. 2008) (recognizing presumption of access to "pleadings, documents, affidavits, exhibits, and other materials filed by a party or admitted into evidence by the court. . . . that influence or underpin the judicial decision").

Even if a party may legitimately claim confidentiality in some information contained in a court filing, that does not justify completely sealing that entry from public scrutiny. Even with documents implicating the most sensitive national security concerns, "[i]t is difficult to conceive any circumstance under which permanent sealing of the entire file, including the order itself, could ever be justified. . . . Legitimate confidentiality interests will almost always be fully accommodated by redacting the troublesome words or passages." *In re Sealing*, 562 F. Supp. 2d at 894–95. The Federal Circuit has cautioned against excessive sealing practices—for example, of a party's legal arguments—that "bespeak[] an improper casual approach to confidentiality markings

5

that ignores the requirements of public access, deprives the public of necessary information, and hampers [a] court's consideration and opinion writing." *In re Violation of Rule 28(d)*, 635 F.3d at 1360.

## **DISCUSSION**

EFF objects to the number of sealed briefs and related rulings in this case, arguing there is no justification for sealing the Court's legal analysis or the parties' legal arguments even if there is some material therein that could be sealed properly.

Audible Magic states the parties followed the Local Rules for the Eastern District of Texas regarding filing documents under seal in order to protect their confidential information. Local Rule CV-5(a)(7). Blue Spike relies on the Protective Order negotiated by the parties and entered by the Court in this case, asserting the parties relied on the Protective Order to divulge their company trade secrets. According to Blue Spike, the Protective Order allows for documents to be designated as confidential only if they "comprise technical, sales, marketing, financial, or other sensitive information qualifying for protection under standards developed pursuant to Fed. R. Civ. P. 26(c)." (Cause No. 6:12cv499, Docket Entry # 1562 at 1). Blue Spike asserts this provision is appropriately narrow and should not be modified at this late stage. Blue Spike further asserts the documents in question are largely technical in nature, making it especially difficult to separate sensitive data from mere legal argument.

However, as acknowledged by Audible Magic, EFF correctly states the Fifth Circuit's standard for sealing, *i.e.* that the proponent of sealing must show that sealing serves "an overriding interest" that is "essential to preserve higher values [than the presumption of public access] and is narrowly tailored to serve that interest." (Docket Entry # 98 at 3). *See United States v. Edwards*, 823 F.2d 111, 115 (5th Cir. 1987).

The Protective Order and the largely technical nature of the documents in question do not eliminate the required showing to override the presumption of public access. EFF points out the Protective Order puts the burden on the party claiming confidentiality of establishing disputed documents are entitled to confidential treatment and specifically provides that when a confidentiality designation is challenged, the party responsible for the designation shall have ten days to file a motion or protective order. (Cause No. 6:12cv499, Docket Entry # 1562 at ¶5). In the event the Court is inclined to give the parties opportunity to justify claims of confidentiality (in addition to the fourteen days they had to oppose EFF's motion), EFF requests the Court hold the parties to the terms of the Protective Order. Specifically, EFF requests the parties be ordered to file, within ten days, motions showing good cause to keep portions of the Sealed Filings confidential and to unseal any portions for which the parties do not show good cause for confidential treatment.

This proposal is similar to that proposed by Audible Magic, wherein the parties will be given the opportunity to prepare proposed redacted versions of the documents that are subject of EFF's request, sealing only those portions of the records with respect to which the parties have a legitimate and overriding business interest in maintaining confidentiality.

As a separate issue, Blue Spike asserts the Court should deny access because the documents may be used for improper purposes, such as embarrassment and harassment or to reveal sensitive business information. *See Nixon,* 435 U.S. at 598; *see also Bianco v. Globus Med., Inc.*, 2014 WL 3422000, at *1 (E.D. Tex. July 14, 2014) ("[C]ourts have denied public access to court records when necessary to ensure that those records are not used to gratify private spite or promote public scandal, or to ensure that court records are not used as sources of business information that might harm a litigant's competitive standing."). Blue Spike argues EFF has already published

7

multiple articles maligning Blue Spike, its founder, and the patents-in-suit. Blue Spikes further argues EFF's desire to "publicly denounce" Blue Spike using data Blue Spike reasonably believed was protected under the Protective Order is inappropriate and prejudicial. (Docket Entry # 102 at 5). According to Blue Spike, EFF's demonstrated history of harassing Blue Spike, as well as its agenda to act on Google's behalf, indicates motives favoring EFF and Google rather than the general public.

The Court disagrees. EFF is a public interest organization, actively involved in the patent reform debate. *See* Ranieri Decl. ¶¶ 3–18. EFF relies on publicly available documents, including court filings, to inform the public about the debate and to report on abusive patent litigation tactics. *Id.* at ¶¶ 9–11, 18. EFF acknowledges it has written about Blue Spike's allegations of infringement in the past and argues it has a continuing interest in understanding Blue Spike's claims. *Id.* at ¶¶ 10–11.

In sum, "the power to seal court records must be used sparingly in light of the public's right to access[.]" *United States v. Holy Land foundation for Relief & Development*, 624 F.3d 685, 690–91 (5th Cir. 2010) (holding the court abused its discretion in sealing records where there was no countervailing interest in nondisclosure shown by the party advocating for sealing). The parties, if they wish to maintain court records under seal, must show their rights to confidentiality overcome the strong competing right in public access.[3]

Rather than prolong the issue by requiring the parties to file motions for protective order as urged by EFF, the Court finds Audible Magic's proposed procedure reasonable. It allows the parties to submit a particularized showing regarding information in each filing at issue that it seeks

---

[3] The Court favors unsealing all of the Court's Reports and Recommendations and the objections/responses thereto. However, before doing so, the Court will allow the parties to address whether there are any limited portions that contain confidential information.

to maintain under seal, along with placing the burden on the parties to file publicly-redacted versions of those documents. Accordingly, the Court grants EFF's motion as modified. It is

**ORDERED** that to the extent the parties seek to maintain any redactions within the following documents, within 14 days of this Order, the parties shall file redacted versions of the following:

a) Audible Magic's Motion for Summary Judgment of Non-infringement (ECF No. 13), Blue Spike's Response (ECF No. 21), Audible Magic's Reply and Supplemental Reply (ECF Nos. 22, 37), Blue Spike's Sur-Reply with Additional Attachments (ECF No. 27), Blue Spike's Supplemental Sur-Reply with Additional Attachments (ECF Nos. 42), Blue Spike's Second Supplemental Sur-Reply (ECF No. 46), and their associated exhibits;

b) Audible Magic's Motion to Strike (ECF No. 47), Blue Spike's Response to this Motion (ECF No. 54), Audible Magic's Reply to this Response (ECF No. 55), Blue Spike's Sur-Reply (ECF No. 57), and their associated exhibits;

c) This Court's Report and Recommendation Granting Audible Magic's Motion for Summary Judgment (ECF 56), Blue Spike's Objections to that Report (ECF No. 62), Audible Magic's Response to Blue Spike's Objections (ECF No. 64), Blue Spike's Reply to Audible Magic's Response (ECF No. 70), Audible Magic's Surreply to Blue Spike's Reply (ECF No. 71);

d) This Court's Report and Recommendation Granting Audible Magic's Motion to Dismiss its Counterclaim for Infringement of U.S. Patent No. 6,834,308; Blue Spike's Objections to that Report (ECF No. 83); and Audible Magic's Response (ECF No. 85); and

e) This Court's Report and Recommendation Denying Blue Spike's Motion for Summary Judgment of Audible Magic's counterclaims 9-13; Blue Spike's Objections to that Report (ECF No. 82); and Audible Magic's Response (ECF No. 84).

**Concurrently with these filings, each party shall submit a particularized showing regarding portions of the record (including portions of filed documents and certain exhibits) that it seeks to seal.**

IT IS SO ORDERED.

SIGNED this 17th day of May, 2016.

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE