# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC,<br><br>    *Plaintiff*<br><br>v.<br><br>AUDIBLE MAGIC CORPORATION<br><br>    *Defendant*<br><br><br>AUDIBLE MAGIC CORPORATION,<br><br>    *Counterclaim Plaintiff*<br><br>v.<br><br>BLUE SPIKE, LLC, BLUE SPIKE, INC.<br>and SCOTT A. MOSKOWITZ<br><br>    *Counterclaim Defendants* | §§§§§§§§§§§§§§§§§§§ | Civil Action No. 6:15-CV-00584-RWS-CMC |

## JOINT NOTICE REGARDING PENDING MOTIONS AND STATUS

Counterclaim Plaintiff, Audible Magic Corp. ("Audible Magic") and Counterclaim defendants Blue Spike, LLC, Blue Spike, Inc. and Scott A. Moskowitz (collectively "Blue Spike"), submit this joint notice regarding pending motions and status in response to the Court's order at Dkt. 112 in the above-captioned matter.

The parties agree as follows. On May 31, 2016, in the above-captioned matter, the Court issued an Order granting Audible Magic's motion for summary judgment of non-infringement. *See* Dkt 107. On June 3, 2016, Audible Magic requested that Blue Spike LLC stipulate to entry of final judgment of non-infringement with respect to each defendant in Blue Spike LLC's cases against Audible Magic's customers (Case No. 6:15-cv-585). Blue Spike LLC has agreed to stipulate to entry of final judgment of non-infringement as to the customer defendants, and a joint stipulation and proposed final judgment will be filed prior to trial in this matter, subject to Blue Spike's right to appeal the Court's finding of non-infringement of the four patents-in-suit. In light of the foregoing agreement, a number of the bases of Audible Magic's defenses and counterclaims are mooted by the Court's finding of non-infringement.

In view of the foregoing, the parties agree that the Court need not rule on the following motion at this time: Audible Magic Corporation's Motion to Exclude the Opinions of Blue Spike's Damages Expert, Rodney Bosco (Docket Entry #31). Audible Magic and Blue Spike each reserve their rights to seek a ruling upon the foregoing motion, at a later time, upon any remand to this Court following any appeal or in the event that the assumptions and stipulations set forth above vary from what the parties contemplate in this joint notice.

While the parties have submitted this statement jointly as instructed by the Court, the parties have a disagreement as to the issues still involved given the Court's Order Adopting the Report and Recommendation to deny Blue Spike's Motion for Summary Judgment with respect to Audible

1

Magic's counterclaims.

### Audible Magic's Position

Audible Magic Corporation's and its Customers' Motion for Partial Summary Judgment Based on License (Docket Entry # 11) (also pending as Docket Entry # 53 in Blue Spike's cases against Audible Magic's customers - Cause No. 6:15cv585) is moot because the Court granted summary judgment of non-infringement. Audible Magic pled license only as an affirmative defense, and summary judgment of non-infringement renders affirmative defenses moot. *Cardinal Chemical Co. v. Morton International, Inc.*, 508 U.S. 83, 93-94 (1993); *PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1368 (Fed. Cir. 2007). As set forth below, Blue Spike's view is that the Court needs to rule on the motion for summary judgment of license. Audible Magic disagrees based on the foregoing authority. Audible Magic reserves its rights to seek a ruling upon the foregoing motions, at a later time, upon any remand to this Court following any appeal or in the event that the assumptions and stipulations set forth above vary from what the parties contemplate in this joint notice.

With regard to Audible Magic Corporation's Motion to Exclude Certain Opinions of Blue Spike's Validity Expert (Docket Entry #49), the parties also appear to have a disagreement. Audible Magic's position is as follows. While Audible Magic is prepared to try all of its invalidity counterclaim theories, in view of the Court's order and the parties' agreement regarding Audible Magic's customers, a number of the bases of those counterclaim theories are mooted and proceeding on them would be inconsistent with streamlined trial proceedings and conservation of the parties' and court's resources. Audible Magic proposes that its invalidity counterclaims (Counterclaims 2, 4, 6 and 8) will only proceed at the July 2016 trial on the basis of alleged derivation under 35 U.S.C.

2

§ 102(f).[1] The factual issues underlying this counterclaim substantially overlap with Audible Magic's unjust enrichment (Counterclaim 10) and unfair competition (Counterclaim 13), counterclaims under Texas state law. Accordingly, resolution of the related 35 U.S.C. §102(f) issues in the same proceeding is the most efficient way to proceed.

Audible Magic has proposed to Blue Spike that Blue Spike agree that the parties will expressly preserve their rights, upon the conclusion of any appeal and upon any remand from the Federal Circuit Court of Appeals, beyond arguments and bases to be tried in the July 2016 trial and beyond the scope of matters determined upon appeal and subject to remand, to assert or to revive all other arguments and legal and factual bases concerning validity or invalidity of the Patents-in-Suit, including all arguments and bases under 35 U.S.C. §§ 101, 102, 103 or 112. Unless Blue Spike agrees to stipulate to narrowing of the invalidity counterclaims in this way, Audible Magic must seek a ruling on the motion to exclude the opinions of Blue Spike's validity expert. Blue Spike has not agreed to so narrow the case at this time.[2]

## Blue Spike's Position

Blue Spike requests the Court rule on two of the three pending motions before the Court. Blue Spike requires a ruling on "(1) Audible Magic Corporation's and its Customers' Motion for Partial Summary Judgment Based on License (Docket Entry # 11) (also pending as Docket Entry # 53 in Blue Spike's cases against Audible Magic's customers - Cause No. 6:15cv585);" and Audible Magic Corporation's Motion to Exclude Certain Opinions of Blue Spike's Validity Expert (Docket Entry #49). Blue Spike does not require a ruling on the pending motion related to Blue Spike's

---

[1] Relatedly, Audible Magic will seek an order from the Court for correction of inventorship under 35 U.S.C. § 256.
[2] If Blue Spike will not stipulate to this narrowing of the case, Audible Magic will seek an order from the Court to this effect as part of the pretrial proceedings.

damages expert as the Court has found no infringement by Audible Magic.

Blue Spike has agreed to stipulate that Audible Magic's customers do not infringe the patents-in-suit. In fact, in 2012, Blue Spike agreed to Audible Magic's proposal to stay the cases involving the customers with the understanding that rulings on defenses and infringement would be binding on the customers. Now, fast forwarding to 2016, we have a trial set to begin to determine whether Audible Magic has a license, Scott Moskowitz knew something that he had a duty to report the U.S. Patent and Trademark Office, or if in addition to named inventors (Scott Moskowitz and Senior Fellow at Adobe Co-Inventor Mike Berry) four other individuals that still work at Audible Magic, formerly employees at Muscle Fish, should also be joined as named co-inventors. So the questions before the jury will be whether Moskowitz, who is being sued as an individual, stole invalid patents, licensed invalid patents, or co-invented invalid patents with four of Audible Magic's employees.

Moreover, Audible Magic wants to exclude inequitable conduct and all defenses from the trial. But that would create prejudice to Blue Spike and Scott Moskowitz. Audible Magic accused him of stealing, and while that may be an alternative attorney argument legal theory, it hurt his reputation. He wants to get the chance to redeem his creditability to the Court and the public.

It is prejudicial to Mr. Moskowitz to not have these issues decided all in the same trial.

As a result, Blue Spike and Mr. Moskowitz request the Court issue a report and recommendation on the Docket Item Nos. 11 and 49 to properly narrow the issues before the jury without creating a prejudice to Blue Spike or Mr. Moskowitz. Audible Magic has avoided picking a defense for the entire trial, so now the public needs to know whether Mr. Moskowitz stole it, licensed it, or corroborated on it.

| | |
|---|---|
| DATED:  June 7, 2016 | Respectfully submitted, |
| By: */s/ Randall Garteiser*<br>Randall T. Garteiser<br> Lead Attorney<br>Texas Bar No. 24038912<br>rgarteiser@ghiplaw.com<br>Christopher A. Honea<br>Texas Bar No. 24059967<br> chonea@ghiplaw.com<br>Christopher S. Johns<br> Texas Bar No. 24044849<br>Kirk J. Anderson<br> California Bar No. 289043<br> kanderson@ghiplaw.com<br>Molly A. Jones<br> California Bar No. 301419<br> mjones@ghiplaw.com<br>Garteiser Honea, P.C.<br>119 W. Ferguson Street<br>Tyler, Texas 75702<br>(903) 705-7420<br>(888) 908-4400 fax<br><br>*Attorneys for Blue Spike, LLC, Blue Spike, Inc. and Scott A. Moskowitz* | By: */s/ Eric H. Findlay*<br>Eric H. Findlay<br>   Texas Bar No. 00789886<br>   efindlay@findlaycraft.com<br>Walter W. Lackey, Jr.<br>   Texas Bar No. 24050901<br>   efindlay@findlaycraft.com<br>Findlay Craft, P.C.<br>102 N. College Ave, Suite 900<br>Tyler, Texas 75702<br>(903) 534-1100<br>(903) 534-1137 fax<br><br>Gabriel M. Ramsey<br>   Lead Attorney<br>   California Bar No. 209218, admitted E.D. Texas<br>   gramsey@orrick.com<br>I. Neel Chatterjee<br>   California Bar No. 173985, admitted E.D. Texas<br>   nchatterjee@orrick.com<br>Orrick, Herrington & Sutcliffe LLP<br>1000 Marsh Road<br>Menlo Park, California 94025<br>(650) 614-7400<br>(650) 614-7401 fax<br><br>Alyssa M. Caridis<br>   California Bar No. 260103, admitted E.D. Texas<br>   acaridis@orrick.com<br>Orrick, Herrington & Sutcliffe LLP<br>777 S. Figueroa St., Suite 3200<br>Los Angeles, California 90017<br>(213) 629-2020<br>(213) 612-2499 fax<br><br>Christopher J. Higgins<br>   Washington D.C. Bar No. 498165, admitted pro hac vice<br>   chiggins@orrick.com<br>Orrick, Herrington & Sutcliffe LLP<br>1152 15th Street, N.W.<br>Washington, D.C. 20005-1706 |

|  | (202) 339-8400<br>(202) 339-8500<br><br>*Attorneys for Audible Magic Corp.* |
|---|---|

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing *via* electronic mail to all counsel of record.

/s/ *Eric H. Findlay*
Eric H. Findlay