IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC,<br>   *Plaintiff,*<br><br>v.<br><br>AUDIBLE MAGIC CORPORATION<br>   *Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 6:15-cv-584 |
| _____ | | |
| AUDIBLE MAGIC CORPORATION<br>   *Counterclaim Plaintiff,*<br><br>v.<br><br>BLUE SPIKE LLC, BLUE SPIKE, INC.<br>and SCOTT A. MOSKOWITZ<br>   Counterclaim *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## ORDER

Before the Court is **Audible Magic Corporation's Brief in Support of Maintaining Confidential Information Under Seal (Docket Entry # 108)** and **Blue Spike LLC's Notice to the Court Concerning the Court's Order Dated May 17, 2016 (Docket Entry # 113)**. The Court, having reviewed the parties' briefs, issues the following Order.

On May 17, 2016, the Court granted a motion filed by Intervenor Electronic Frontier Foundation ("EFF") to unseal twenty separate filings. However, before unsealing the documents, the Court allowed the parties fourteen days in which to submit any proposed publicly-available redacted versions of the documents, sealing only those portions of the records with respect to which the parties have a legitimate and overriding business interest in maintaining confidentiality. The Court ordered the parties to submit a particularized showing regarding any portions of the records that they seek to keep sealed.

On May 31, Audible Magic Corporation submitted a brief with respect to eight documents to demonstrate a particularized showing to maintain certain of its highly confidential business information sealed.  According to Audible Magic, the narrowly-focused redactions relate to a single trade secret of the accused Audible Magic products. Audible Magic seeks to keep sealed very limited portions of the following Docket Entries (21, 22, 46-1, 47, 54, 55, 56, and 57) for the sole purpose of maintaining the confidentiality of its proprietary source code.  Only one of the Docket Entries (No. 56) is a Court ruling, and the requested redaction is for only one footnote therein.

Audible Magic also requests the following exhibits remain sealed at Docket Entries 13-5 (excerpts from the Infringement Expert Report of Dr. Tewfik; 13-6 (excerpts from the Expert Report of Dr. Papakonstantinou); 13-7 (excerpts from the deposition of Thomas Blum); 13-8 (excerpts from the Noninfringement Expert Report of Dr. John Strawn); 13-9 (excerpts from the Rebuttal Expert Report of Dr. John Strawn); 21-3 (excerpts from the Infringement Expert Report of Dr. Tewfik); and 46-6, 46-8, and 46-9 (excerpts from the deposition of Dr. Tewfik).

Blue Spike has no additional redactions beyond those stated by Audible Magic.

The Court finds Audible Magic's request narrowly tailored and necessary to protect its highly confidential trade secrets.  Accordingly, it is

**ORDERED** that the Clerk of the Court shall unseal the following Docket Entries, including their exhibits, unless otherwise specified:

- Docket Entry # 13 with attached exhibits 13-1 through 13-4 and 13-10 through 13-17 (**Exhibits 13-5, 13-6, 13-7, 13-8 and 13-9 remain sealed.**);

- Docket Entry # 37 with attached exhibits;

- Docket Entry # 27 with attached exhibit;

- Docket Entry # 42;

- Docket Entry # 46 with attached exhibits 46-2 through 46-5 and 46-7 (**Exhibit 46-1 is addressed below and shall be replaced with publicly-available redacted version attached as Exhibit C to Docket Entry # 108. Exhibits 46-6, 46-8, and 46-9 remain sealed**.);

- Docket Entry #s 62, 64, 70, 71, 82, 83, 84 and 85.  It is further

**ORDERED** that the Clerk of the Court shall file as final redacted publicly-available versions Exhibits A-H attached to Docket Entry # 108, linking the redacted filings to the original sealed filings and unsealing the exhibits as follows:

- Exhibit A = Blue Spike's Opposition to Audible Magic's Motion for Summary Judgment of Noninfringement (Docket Entry # 21)(unseal attached exhibits 21-1 and 21-2 but **exhibit 21-3 remains sealed**);

- Exhibit B = Audible Magic Corporation's Reply in Support of Motion for Summary Judgment of Noninfringement (Docket Entry # 22)(unseal attached exhibits);

- Exhibit C = Declaration of Scott Moskowitz in Support of Plaintiff Blue Spike, LLC's Opposition to Audible Magic's Motion for Summary Judgment of Noninfringement (Docket Entry # 46-1);

- Exhibit D = Motion to Strike Blue Spike's Supplemental Surreply and "Declaration of Scott Moskowitz" and Motion for Sanctions (Docket Entry # 47);

- Exhibit E = Blue Spike's Opposition to Audible Magic's Motion to Strike Blue Spike's Supplemental Surreply and "Declaration of Scott Moskowitz" and Motion for Sanctions (Docket Entry # 54)(unseal attached exhibits);

- Exhibit F = Audible Magic's Reply in Support of Motion to Strike Blue Spike's Supplemental Surreply and "Declaration of Scott Moskowitz" and Motion for Sanctions (Docket Entry # 55);

- Exhibit G = September 11, 2015 Report and Recommendation of the United States Magistrate Judge (Docket Entry # 56); and

- Exhibit H = Blue Spike's Surreply to Audible Magic's Motion to Strike Blue Spike's Supplemental Surreply and "Declaration of Scott Moskowitz" and Motion for Sanctions (Docket Entry # 57).

**IT IS SO ORDERED.**

**SIGNED this 20th day of June, 2016.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE