UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff,* | § § | Case No. 6:15-cv-584 |
| v. | § § | Lead Case |
| Audible Magic Corporation, | § § | Jury Trial Demanded |
| *Defendant.* | § § | |

**BLUE SPIKE'S SUR-REPLY TO AUDIBLE MAGIC'S MOTION TO STRIKE BLUE SPIKE'S SUPPLEMENTAL SUR-REPLY AND DECLARATION OF SCOTT MOSKOWITZ AND MOTION FOR SANCTIONS [DKT. NO. 47][1]**

---

[1] On September 2, 2015 the Court issued a scheduling order. [Dkt. No. 53.] Pursuant to that scheduling order Audible Magic filed its reply on September 8, 2015. Blue Spike now files its sur-reply pursuant to the same order. Blue Spike notes that the Court issued its order on the underlying motion today, but files this sur-reply in order to preserve its rights.

Blue Spike, LLC ("Blue Spike") files this sur-reply to Audible Magic Corporation's ("Audible Magic's") Motion to Strike Blue Spike's Supplemental Sur-reply (Dkt. No. 47) in response to misstatements in Audible Magic's reply. Audible Magic's reply misleads the Court in multiple ways.

First, Blue Spike's position has not changed. *Contra* Audible Magic's Reply in Support of Its Motion to Strike ("Reply") at 1. ("Blue Spike intended a 'bait and switch' approach all along—to take its summary judgment *briefing in one direction*, and then after the hearing concluded, *to change its response* with a sham declaration.") (emphasis added). Audible Magic still misconstrues Blue Spike's position as identifying MFCCs as abstracts for infringement purposes but not for invalidity. This is *not* Blue Spike's position nor has it ever been. Blue Spike maintains that MFCCs are abstracts but that the patents-in-suit teach more than what an abstract alone can do. Blue Spike's noninfringement expert Dr. Ahmed Tewfik expressed the same in his deposition and report[2], and Blue Spike's counsel reiterated this position before the Court. Mr. Moskowitz's declaration only further supports this unchanged position.

Despite Blue Spike's consistent position, Audible Magic seeks to strike Mr. Moskowitz's declaration. Audible Magic wants the Court to believe an implausible

---

[2] ███████████████████████████████████████████████████████████████ Blue Spike's Opposition to Audible Magic's Motion for Summary Judgment of Noninfringement ("MSJ Opp."), Ex. 2.

1

scenario—that Mr. Moskowitz disagrees so fervently with Blue Spike's own expert that the expert's infringement theory should be struck. This is illogical and prejudicial. Further, Audible Magic argues that Scott Moskowitz *is* Blue Spike. *See* Audible Magic's Reply in Support of Its Motion for Summary Judgment of Noninfringement ("MSJ Reply") at 8, n6 (arguing "Blue Spike *is* Scott Moskowitz") (emphasis original). If Mr. Moskowitz is Blue Spike, then Mr. Moskowitz's alleged judicial admissions directly conflict with his own positions as Blue Spike. This inconsistent position cannot meet the "unequivocal" judicial admission standard. Audible Magic's position is faulty, and Mr. Moskowitz's declaration only clarifies this fact. Obviously, a genuine issue of material fact exists best suited for Audible Magic to explore on cross-examination, not a Court to decide on Summary Judgment.

Second, Blue Spike's position that MFCCs are abstracts does not invalidate its patents-in-suit. *Contra* Reply at 1. On the contrary, the abstract is merely one of many elements found in the claims. While it is true that the term "abstract" is present in all of the independent asserted claims, it is also true that each independent claim teaches more than the abstract. This is why the discussion about the entire invention, rather than the abstract element in isolation, is relevant. Audible Magic cannot begin to invalidate the patents-in-suit without addressing the multitude of other elements.

Third, there was no violation of the Protective Order. *Contra* Reply at 2. According to the Protective Order provisions cited by Blue Spike, the six-pages of

deposition transcripts provided to Mr. Moskowitz were not confidential. *See* Blue Spike's Opposition to Audible Magic's Motion to Strike ("Opp.") at 6. Audible Magic does not contest these provisions. Instead, Audible Magic argues that Blue Spike should have consulted Audible Magic first and that "Audible Magic would not have agreed to de-designate any of *its* confidential material so that Mr. Moskowitz could view it." Reply at 3, n2 (emphasis added). However, the six-pages of transcript excerpts provided to Mr. Moskowitz were not confidential and were not Audible Magic's—they were Dr. Tewfik's personal beliefs regarding publicly available information.



3

██████████████████████████████████████████████████████

███████ ███████████████████

Fourth, Mr. Moskowitz's declaration is not a sham. The declaration does not change Mr. Moskowitz's position—it clarifies his position. As noted above, Mr. Moskowitz's declaration conforms to Blue Spike's prior statements regarding MFCCs. Further, if Audible Magic is correct that Mr. Moskowitz *is* Blue Spike, then Mr. Moskowitz's declaration conforms to what he has said explicitly before.

It appears that Audible Magic's frustration regarding the declaration stems from its persistent misunderstanding of Blue Spike's infringement position. For instance, Audible Magic argues that its "motion showed (and it is now unrebutted) that Blue Spike has never contended ███████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
█████████████████████████████████████████████████

Only in its final footnote does Audible Magic begin to recognize Blue Spike's long-held position. Reply at 5, n7. In a last ditch hedge, Audible Magic prepares the Court for a forthcoming "expedited motion for summary judgment of invalidity." *Id*. Blue Spike urges the Court to rule at this time that no such motion will be allowed.

---

[4] *See* Copyright Services for Media Sharing Services, *available at* https://www.audiblemagic.com/wp-content/uploads/2014/02/AM_Copyright_Compliance_Data_Sheet.pdf.

4

For one, the summary judgment briefing stage has long-since ended. Moreover, Audible Magic has expended its allotted MSJ pages. In addition to these technical points, Audible Magic's position lacks any substance.[5] Finally, Blue Spike's position has remained consistent. Blue Spike should not be penalized for Audible Magic's reluctance in acknowledging Blue Spike's position. Audible Magic had ample time to review Dr. Tewfik's expert report (which was merely 60 pages as compared to Audible Magic's 3676-page infringement report) and draft a motion for summary judgment. It decided not to and instead allotted its summary judgment pages to other matters. Audible Magic cannot be allowed to file another summary judgment motion on this issue at this time.

## CONCLUSION

Blue Spike's Supplemental Sur-reply clarifies the issue at the heart of Audible Magic's Motion for Summary Judgment. Blue Spike respectfully asks the Court to deny Audible Magic's Motion to Strike and for Sanctions. Blue Spike also respectfully asks the Court to rule that Audible Magic cannot file another motion for summary judgment.





5

6

      /s/ Randall Garteiser
Randall T. Garteiser
 Lead Attorney
 Texas Bar No. 24038912
 rgarteiser@ghiplaw.com
Christopher A. Honea
 Texas Bar No. 24059967
 chonea@ghiplaw.com
Christopher S. Johns
 Texas Bar No. 24044849
Kirk J. Anderson
 California Bar No. 289043
Molly A. Jones
 California Bar No. 301419
GARTEISER HONEA, P.C.
119 W. Ferguson Street
Tyler, Texas 75702
(903) 705-7420
(888) 908-4400 fax

*Attorneys for Blue Spike, LLC*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

                                          /s/ Randall Garteiser
                                          Randall T. Garteiser