# IN THE UNITED STATES DISTRICT COURT
## OF THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Case No. 6:15-cv-584** |
| | § | |
| **AUDIBLE MAGIC CORPORATION** | § | |
| *Defendant.* | § | |

_____

| | |
|---|---|
| **AUDIBLE MAGIC CORPORATION** | § |
| *Counterclaim Plaintiff,* | § |
| | § |
| **v.** | § |
| | § |
| **BLUE SPIKE LLC, BLUE SPIKE, INC.** | § |
| **and SCOTT A. MOSKOWITZ** | § |
| *Counterclaim Defendants.* | § |

## <u>ORDER</u>

The Court enters the following *sua sponte*.  On June 17, 2016, the parties filed under seal their 38-page Proposed Joint Final Pre-trial Order, along with almost 2,500 pages of exhibits. (Docket Entry # 117).

A district court must use caution when exercising its discretion to place records under seal because there is a "strong presumption that all trial proceedings should be subject to scrutiny by the public." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir.  2010); *see also Federal Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987) ("The district court's discretion to seal the record of judicial proceedings is to be exercised charily"). Even where

no party opposes sealing, the burden is on the movant to establish the presumption in favor of public records is overcome.

The parties have not shown good cause why the entire Proposed Final Pre-Trial Order, along with the exhibits, should be placed under seal. Accordingly, it is

**ORDERED** that within ten days from the date of entry of this Order, the parties shall file a publicly available redacted version of the Proposed Joint Final Pre-Trial Order (including the exhibits), with as narrow redactions as are appropriate to protect highly confidential information of the parties.

**SIGNED this 22nd day of June, 2016.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

2