IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC,<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 6:15-cv-584 |
| AUDIBLE MAGIC CORPORATION<br>*Defendant.* | §<br>§<br>§ | |

_____

| | |
|---|---|
| AUDIBLE MAGIC CORPORATION<br>*Counterclaim Plaintiff,* | §<br>§<br>§ |
| v. | §<br>§ |
| BLUE SPIKE LLC, BLUE SPIKE, INC.<br>and SCOTT A. MOSKOWITZ<br>*Counterclaim Defendants.* | §<br>§<br>§<br>§ |

## ORDER REGARDING OBJECTIONS
## TO EXHIBITS AND DEPOSITIONS DESIGNATIONS

The Court currently has scheduled an initial pretrial conference in Texarkana July 6, 2016, with the possibility of its rolling over into July 7. On June 17, 2016, the parties filed their 38-page Proposed Joint Final Pre-trial Order, along with almost 2,500 pages of exhibits. (Docket Entry # 117). This Order is the Court's attempt to streamline the pre-admission process while conserving the parties' resources.

To focus the initial pretrial conference, it is the Court's intent to have orders entered on the parties' motions in limine early the week of June 27. This will enable the parties to confer and narrow the submitted objections with the benefit of the limine rulings.

## Objections to Exhibits

The Court has the objections to individual exhibits in chart form. The parties shall together group the exhibits and/or objections into categories and file briefs with the Court containing the overarching objections to the categories of exhibits and the bases for those objections, along with any responses to the other sides' objections. This is to be done on or before **July 5, 2016 at 8:30 a.m.**, and the parties are to provide the Court courtesy copies of their filings.

The contested exhibits must be available for review at the initial pretrial conference to assist the Court in ruling.

## Objections to Deposition Designations

The parties are ordered to confer in order to start narrowing the submitted objections to deposition designations, based on the forthcoming limine rulings and based on waiver of the objection. (For example, any objection submitted based on form of a question or answer (i.e., vague, leading) is waived if it was not made during the deposition. FED. R. CIV. P. 32(d)(3)(B)). The parties shall begin working on grouping the disputed deposition designations into categories; however the parties are not required to submit the pared down objections to deposition designations at this time or even after the Court issues its limine orders.

Rather, after the Court rules on the objections to exhibits on July 6, the parties will have until 8:00 a.m. on July 7 to apply the Court's exhibit rulings to the objected deposition designations.[1] If any objections to deposition designations are not resolved by the Court's limine orders or exhibit rulings, these objections can be considered by the Court July 7.

---

[1] This will be in addition to the narrowing that already should have occurred in light of the Court's limine orders.

2

It is SO ORDERED.

SIGNED this 22nd day of June, 2016.

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE