IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC,  *Plaintiff,* | § § § | |
| v. | § § | Case No. 6:15-cv-584 |
| AUDIBLE MAGIC CORPORATION  *Defendant.* | § § § | |

_____

| | |
|---|---|
| AUDIBLE MAGIC CORPORATION  *Counterclaim Plaintiff,* | § § § |
| v. | § § |
| BLUE SPIKE LLC, BLUE SPIKE, INC. and SCOTT A. MOSKOWITZ  Counterclaim *Defendants.* | § § § § |

## ORDER REGARDING MOTIONS
## AND REQUIRING PARTIES TO FURTHER MEET AND CONFER

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following motions are pending:

**(1) Audible Magic Corporation's and its Customers' Motion for Partial Summary Judgment Based on License (Docket Entry # 11)(also pending as Docket Entry # 53 in Blue Spike's cases against Audible Magic's customers - Cause No. 6:15cv585);**

**(2) Audible Magic Corporation's Motion to Exclude the Opinions of Blue Spike's Damages Expert, Rodney Bosco (Docket Entry #31); and**

**(3) Audible Magic Corporation's Motion to Exclude Certain Opinions of Blue Spike's Validity Expert (Docket Entry #49).**

On June 1, 2016, the Court ordered the parties to file a joint notice, advising whether any of the

above motions still require resolution in light of the Court's previous rulings. The Court, having reviewed the parties' Joint Notice Regarding Pending Motions and Status (Docket Entry # 114), issues the following Order to advise the parties on the Court's intentions regarding the above motions.

## AREAS OF AGREEMENT

In their Joint Notice Regarding Pending Motions and Status, the parties agree generally as follows. On May 31, 2016, the Court issued an Order granting Audible Magic's motion for summary judgment of non-infringement. *See* Docket Entry #107. On June 3, 2016, Audible Magic requested that Blue Spike, LLC stipulate to entry of final judgment of non-infringement with respect to each defendant in Blue Spike, LLC's cases against Audible Magic's customers (Cause No. 6:15cv585). Blue Spike, LLC has agreed to stipulate to entry of final judgment of non-infringement as to the customer defendants, and a joint stipulation and proposed final judgment will be filed prior to trial in this matter, subject to Blue Spike's right to appeal the Court's finding of non-infringement of the four patents-in-suit. In light of the foregoing agreement, the parties agree a number of the bases of Audible Magic's defenses and counterclaims are mooted by the Court's finding of non-infringement.

## STATUS OF MOTION TO EXCLUDE BLUE SPIKE'S DAMAGES EXPERT

In view of the foregoing, the parties agree the Court does not need to rule on Audible Magic Corporation's Motion to Exclude the Opinions of Blue Spike's Damages Expert, Rodney Bosco (Docket Entry # 31). Audible Magic and Blue Spike each reserve their rights to seek a ruling on that motion at a later time, upon any remand to this Court following any appeal or in the event the assumptions and stipulations set forth in the joint notice vary from what the parties contemplate in the joint notice. Based on this agreement, the Court denies at this time and without prejudice to

refiling Audible Magic Corporation's Motion to Exclude the Opinions of Blue Spike's Damages Expert, Rodney Bosco.

## STATUS OF MOTION FOR PARTIAL SJ BASED ON LICENSE

However, the parties disagree as to whether the Court needs to rule on Audible Magic Corporation's and its Customers' Motion for Partial Summary Judgment Based on License (Docket Entry # 11)(also pending as Docket Entry # 53 in Blue Spike's case against Audible Magic's customers - Cause No 6:15cv585). According to Audible Magic, this motion is moot because the Court granted summary judgment of non-infringement. Audible Magic reserves its rights to seek a ruling on the motion at a later time, upon any remand to this Court following any appeal or in the event the assumptions and stipulations set forth above vary from what the parties contemplate in the joint notice.

On the other hand, Blue Spike's view is the Court needs to rule on the motion for summary judgment of license. Blue Spike has agreed to stipulate that Audible Magic's customers do not infringe the patents-in-suit, asserting it agreed in 2012 to Audible Magic's proposal to stay the cases involving the customers with the understanding that rulings on defenses and infringement would be binding on the customers. According to Blue Spike, the upcoming trial in this case will determine whether Audible Magic has a license; whether Scott Moskowitz knew something that he had a duty to report to the U.S. Patent and Trademark Office; and if (in addition to named inventors Scott Moskowitz and Mike Berry) four other individuals that still work at Audible Magic (formerly employees at Muscle Fish) should also be joined as named co-inventors. Blue Spike asserts the questions before the jury will be whether Scott Moskowitz, who is being sued as an individual, stole invalid patents, licensed invalid patents, or co-invented invalid patents with four of Audible Magic's

employees.  Therefore, Blue Spike wants a ruling on the license issue.

As noted above, Blue Spike has agreed to stipulate that Audible Magic's customers do not infringe the patents-in-suit.  And Audible Magic no longer seeks resolution of its own motion. According to Audible Magic, it pled license only as an affirmative defense, and summary judgment of non-infringement renders affirmative defenses moot. *Cardinal Chemical Co. v. Morton International, Inc.*, 508 U.S. 83, 93-94 (1993); *PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1368 (Fed. Cir. 2007).  Judicial economy also weighs against consideration of the motion at this time. Blue Spike's arguments are insufficient to warrant consideration of Audible Magic and its customers' motion for partial summary judgment based on license.

## STATUS OF MOTION TO EXCLUDE BLUE SPIKE'S VALIDITY EXPERT

The parties also disagree regarding Audible Magic Corporation's Motion to Exclude Certain Opinions of Blue Spike's Validity Expert (Docket Entry # 49).

While Audible Magic is prepared to try all of its invalidity counterclaim theories, in view of the Court's order and the parties' agreement regarding Audible Magic's customers, Audible Magic asserts a number of the bases of those counterclaim theories are mooted and agrees proceeding on them would be inconsistent with streamlined trial proceedings and conservation of the parties' and Court's resources. Thus, Audible Magic has proposed to Blue Spike that Audible Magic's invalidity counterclaims (Counterclaims 2, 4, 6, and 8) only proceed at the July 2016 trial on the basis of alleged derivation under 35 U.S.C. § 102(f).  According to Audible Magic, the factual issues underlying this counterclaim substantially overlap with Audible Magic's unjust enrichment (Counterclaim 10) and unfair competition (Counterclaim 13), counterclaims under Texas state law. Audible Magic asserts resolution of the related §102(f) issues in the same proceeding is the most

efficient way to proceed.

Audible Magic has proposed to Blue Spike that the parties stipulate to try only the § 102(f) theory, the state law claims, and the Lanham Act claim. Audible Magic has proposed that the parties will preserve their rights to argue invalidity or validity under these additional invalidity theories after any appeal of the judgment of non-infringement to the Federal Circuit Court of Appeals that may result in a remand. Audible Magic states it must seek a ruling on the motion to exclude the opinions of Blue Spike's validity expert unless Blue Spike agrees to stipulate to narrowing of the invalidity counterclaims in this way. Blue Spike has not agreed to so narrow the case at this time.

Blue Spike requests a ruling on this motion. According to Blue Spike, Audible Magic wants to exclude inequitable conduct and all defenses from the trial, which would prejudice Blue Spike and Scott Moskowitz who has been accused by Audible Magic of stealing. Blue Spike asserts Audible Magic has avoided picking a defense for the entire trial, "so now the public needs to know whether Mr. Moskowitz stole it, licensed it, or corroborated on it."

The Court is not ruling on Audible Magic Corporation's Motion to Exclude Certain Opinions of Blue Spike's Validity Expert (Docket Entry # 49) at this time because it may not be necessary given the uncertainty of the claims that will be tried in July. To that end, the Court notes it is not going to force Blue Spike to stipulate to Audible Magic's proposal.[1]

---

[1] The Court also has concerns about Audible Magic's proposal, albeit for a different reason. There is case law suggesting that if Audible Magic litigates only some portion of its invalidity counterclaims in July, it may be precluded from litigating other portions if the Federal Circuit remands the case at a later date. Specifically, courts have held that a defendant who challenged the validity of a patent in a prior case and lost is not just barred from presenting the particular validity challenges it raised in the prior case—it is precluded from challenging the validity of that patent altogether. *See* Cause No. 6:12cv855, Docket Entry # 181. According to Judge Schroeder in *Virnetx, Inc., et al. v. Apple, Inc.*, "the overwhelming weight of authority suggests that the 'issue' that is to be given issue-preclusive effect to a judgment in the patent context is the ultimate determination on patent validity itself, not the sub-issues or the individual pieces of evidence and

Audible Magic states it is prepared to try all of its invalidity theories. However, given the information contained herein, if Audible Magic would rather dismiss certain invalidity theories so that it may proceed with only the remaining derivation theory (along with the state law and Lanham Act claims), it may move to do so. In the meantime, the parties are ordered to further meet and confer regarding what claims are going to trial in July.  The parties shall file a joint status report with the Court on or before June 27, 2016. Based on the foregoing, it is

**ORDERED** that Audible Magic Corporation's Motion to Exclude the Opinions of Blue Spike's Damages Expert, Rodney Bosco (Docket Entry #31) is **DENIED WITHOUT PREJUDICE TO REFILING.**  It is further

**ORDERED** that Audible Magic Corporation's and its Customers' Motion for Partial Summary Judgment Based on License (Docket Entry # 11) is **DENIED WITHOUT PREJUDICE TO REFILING.**  It is further

**ORDERED** that on or before June 27, 2016, the parties shall file a joint status report regarding what claims are going to trial in July.

**SIGNED this 22nd day of June, 2016.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

---

arguments that may have been necessary to support the validity determination." *Id*. at 6-7.