IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 6:15-cv-584 |
| | § | |
| AUDIBLE MAGIC CORPORATION | § | |
|    *Defendant.* | § | |

| | | |
|---|---|---|
| AUDIBLE MAGIC CORPORATION | § | |
|    *Counterclaim Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| BLUE SPIKE LLC, BLUE SPIKE, INC. | § | |
| and SCOTT A. MOSKOWITZ | § | |
|    **Counterclaim** *Defendants.* | § | |

## ORDER ON MOTIONS IN LIMINE

In advance of the initial pretrial conference set for July 6, 2016 at 10:00 a.m., the Court issues the following order on the parties' pending motions in limine (Docket Entry #s 116 & 118). All rulings on the motions in limine are preliminary and are not final evidentiary rulings. To the extent the Court grants a motion in limine, the parties are instructed to approach the bench prior to addressing the issue in the jury's presence. To the extent a motion is denied, the parties must make their objection at trial.

**I.**   **Blue Spike's Motion in Limine (Docket Entry #116).**

    1)   To exclude Audible Magic from discussing Joint Inventorship under Title 35 U.S.C. § 116 or Co-Inventorship under Title 35 U.S.C. § 256.

        This motion is **DENIED**.

2)    To exclude Audible Magic's experts, technical and, or alternatively, damages, from opining on the amount of contribution to the patents-in-suit by the four\ Muscle Fish Employees.

This motion is **DENIED**.

3)    To exclude references by Audible Magic to Scott Moskowitz, Blue Spike, Inc., Dice Inc., or Blue Spike LLC as a "troll" or "Non-Practicing Entity."

This motion is **GRANTED in part and DENIED in part**. Audible Magic may not use the term patent "troll" or similar arguably pejorative terms. However, Audible Magic may assert that Blue Spike LLC, Blue Spike, Inc., and Scott A. Moskowitz were "non-practicing" in that they have admitted they never built the technology of the patents-in-suit.

## II.    Audible Magic's Motion in Limine (Docket Entry # 118)

1)    To preclude Blue Spike from testifying, through any witness, about alleged Blue Spike inventive activities prior to September 7, 2000, as that is the date of conception that Blue Spike stipulated to and to permit otherwise would confuse the jury.

This motion is **DENIED**. Blue Spike has represented it will not alter the date of conception absent guidance from the Court. The Court will not preclude Blue Spike from discussing inventive activities prior to the date of conception.

2)    To preclude Blue Spike from claiming over $6.7 million in debt of other parties not involved in the case, as the alleged debt of the parties, and should be precluded from questioning Audible Magic's estimates of Blue Spike's business expenses.

This motion is **DENIED**. Audible Magic will have the opportunity at trial (and will be given broad leeway) to attack the summary financials and to address what was not produced throughout the course of discovery regarding the underlying financial documentation detailing the source of Blue Spike's costs and debts and the amounts.

3)     To preclude Blue Spike's patent validity expert Dr. Papakonstantinou, and any other witness, from referring to the "Null case," "intended matches" or "differentiating between versions" as a basis for claiming that the asserted patents are valid, as these arguments are not claim language-based arguments, which will confuse the jury.

    This motion is **DENIED**.

4)     To preclude Blue Spike from challenging the prior art status of Audible Magic's asserted prior art, because it has provided no expert opinions, patent disclosures or discovery disclosures contesting such facts.

    This motion is **DENIED**. However, Dr. Papakonstantinou's testimony is limited to the opinions and bases disclosed in his expert report.

5)     To preclude Blue Spike from commenting on the residence of any attorney, party, or witness.

    This motion is **DENIED** as to "clear factual introduction of the identity of the parties and the locations of their residences and places of conducting business." *SimpleAir, Inc. v. Google, Inc., et al.,* Cause No. 2:14cv11, Docket Entry # 325 at *4-5 (E.D. Tex. Oct. 5, 2015).

6)     To preclude Blue Spike from any discussion or mention, by any counsel or witness, about irrelevant personal background or attributes of any attorney or witness.

    This motion is **GRANTED** and applies equally to Audible Magic.

### III. Agreed exclusions

1)     Neither party nor any witness shall comment on or testify about the medical conditions of any party or witness.

2)     Blue Spike shall refrain from referring to itself as "plaintiff" or referring to Audible Magic as "defendant." Rather, the parties will refer to Audible Magic as the "plaintiff" and the parties will refer to Mr. Moskowitz, Blue Spike, LLC and Blue Spike, Inc. as "defendants."

3)     Mr. Moskowitz shall refrain from testifying about the scope and meaning of the asserted patents beyond what was stated during his deposition.

    4)    Blue Spike shall refrain from claiming, through testimony of any witness or otherwise, that Mr. Moskowitz resides in Texas.

Based on the foregoing, it is

**ORDERED** that this Order shall be applicable to all stages of the proceedings in this action, including *voir dire* and closing argument.

**SIGNED this 27th day of June, 2016.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE