**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| *Plaintiff*, | § | Case No. 6:15-cv-584-MHS |
| | § | |
| v. | § | |
| | § | |
| AUDIBLE MAGIC CORPORATION, | § | Jury Trial Demanded |
| | § | |
| *Defendant*. | § | |
| | § | |
| AUDIBLE MAGIC CORPORATION, | § | |
| | § | |
| *Counterclaim Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| BLUE SPIKE, LLC, BLUE SPIKE, INC. | § | |
| and SCOTT A. MOSKOWITZ | § | |
| | § | |
| *Counterclaim Defendants*. | § | |

**AUDIBLE MAGIC CORPORATION'S MOTION FOR LEAVE TO FILE MOTION FOR**
**JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

## I.     <u>INTRODUCTION</u>

Audible Magic respectfully moves for leave to file a motion for judgment on the pleading, pursuant to Federal Rule of Civil Procedure 12(c), that the Patents-in-Suit are invalid for lacking patentable subject matter under 35 U.S.C. § 101.  There has already been a judgment of invalidity on this basis in the Northern District of California and, thus, Blue Spike is collaterally estopped from challenging this basis of invalidity.  Allowing the motion to proceed will not impact the jury trial, as the Section 101 theory is a pure issue of law, not for the jury to consider in any event.  The jury trial will decide independent fact-intensive issues of ownership, alternative bases for invalidity, state law claims and a Lanham Act claim.  Permitting and ruling on the motion will create a full record for appeal and promote greater finality of any judgment.

## II.    <u>ARGUMENT</u>

Challenges to patentability under § 101 may be brought as a motion for judgment on the pleadings.  *Pres. Wellness Techs. LLC v. Allscripts Healthcare Solutions*, 2016 U.S. Dist. LEXIS 61841 (E.D. Tex. May 9, 2016) (granting 12(c) motion based on 35 U.S.C. § 101).  Judgment is appropriate when the movant clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.  *Morsa v. Facebook, Inc.*, Case No. SACV 14-161-JLS, 2014 WL 7641155, *2 (C.D. Cal. Dec. 23, 2014) (citation omitted).  Audible Magic respectfully seeks leave to file a judgment on the pleadings for invalidity under 35 U.S.C. § 101, pursuant to Federal Rule of Civil Procedure 12(c).  A primary basis of Audible Magic's motion is that Blue Spike is collaterally estopped from challenging invalidity of the Patents-in-Suit under  35 U.S.C. § 101, pursuant to a judgment of invalidity of those same patents on the same grounds in the Northern District of California.  The defense of collateral estoppel based on a final judgment of patent invalidity in another suit can "be timely

made at any stage of the affected proceedings." *Dana Corp. v. NOK, Inc.*, 882 F.2d 505, 507 (Fed. Cir. 1989)

Federal Rule of Civil Procedure 12(c) provides that after the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings.  Fed. R. Civ. P. 12(c).   In the instant case, trial is set for July 18, 2016 on the fact-intensive issues of ownership and alternative bases of invalidity under 35 U.S.C. § 102, 103 and 112, state law claims and a claim under the Lanham Act.  A finding of invalidity under 35 U.S.C. § 101 will not delay the trial, as a jury trial will proceed in any event on these federal and state law bases regarding ownership, derivation and the non-patent claims.  Indeed, the Section 101 issue is a pure matter of law that is not for the jury in any event and, therefore, cannot and will not delay the trial.  *BRCA1- & BRCA2-Based Hereditary Cancer Test Patent Litig. v. Ambry Genetics Corp.*, 774 F.3d 755, 759 (Fed. Cir. 2014) ("patent eligibility under § 101 is an issue of law"); *Pres. Wellness Techs. LLC v. Allscripts Healthcare Solutions*, 2016 U.S. Dist. LEXIS 61841, *18 (E.D. Tex. May 9, 2016) (patent eligibility is a "pure question of law"); *Metaswitch Networks Ltd. v. Genband US LLC*, 2016 U.S. Dist. LEXIS 28234 (E.D. Tex. Mar. 5, 2016) (Section 101 determination does not go to the jury)

Ruling on the 12(c) motion in addition to a trial on the Audible Magic counterclaims will provide a full determination on the merits, create a full record for appeal, promote greater finality and reduce the prospect of subsequent proceedings on any issues post-appeal.  Accordingly, there is good cause to grant leave for Audible Magic to file its Rule 12(c) motion for invalidity under 35 U.S.C. § 101.  *See Argo v. Woods*, 399 Fed. Appx. 1 (5th Cir. 2010) (court has broad discretion under Rule 16(b) whether to hear Rule 12(c) motions).

Given that the motion must address the full scope of 32 claims asserted by Blue Spike

against Audible Magic and its customers (in view of Blue Spike's refusal to agree to limit the scope of asserted claims), the need to sufficiently describe and discuss the claim language, the need to brief substantive bases underlying claims not specifically asserted in California, and the need to brief the issue of collateral estoppel, Audible Magic respectfully requests permission to submit a brief of twenty-five (25)pages in length (and would propose that Blue Spike be permitted a twenty five page opposition brief and Audible Magic a ten page reply).  The proposed brief is submitted herewith.  This is less than the thirty page limit set forth for case dispositive motions set forth in Local Rule CV-7.  Audible Magic respectfully submits that there is good cause to permit a brief of this length.  *See Williams v. CVS Pharmacy, Inc.*, No. 1:10-CV-156, 2012 WL 3150780, at *4 (E.D. Tex. Aug. 2, 2012) (allowing additional pages because "it is well established that 'district courts have considerable latitude in applying their own rules) (*citing McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 (5th Cir.1990)).

## III.   CONCLUSION

For the foregoing reasons, Audible Magic respectfully requests that the Court grant leave for Audible Magic to file the motion for judgment on the pleadings seeking a determination of validity under 35 U.S.C. § 101, submitted with this request.


DATED:  June 30, 2016          Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
Walter W. Lackey, Jr.
Texas Bar No. 24050901
wlackey@findlaycraft.com
Findlay Craft, P.C.
102 N. College Ave, Suite 900
Tyler, Texas 75702
(903) 534-1100
(903) 534-1137 fax

Gabriel M. Ramsey
Lead Attorney
California Bar No. 209218, admitted E.D. Texas
gramsey@orrick.com
I. Neel Chatterjee
California Bar No. 173985, admitted E.D. Texas
nchatterjee@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, California 94025
(650) 614-7400
(650) 614-7401 fax

Alyssa M. Caridis
California Bar No. 260103, admitted E.D. Texas
acaridis@orrick.com
Orrick, Herrington & Sutcliffe LLP
777 S. Figueroa St., Suite 3200
Los Angeles, California 90017
(213) 629-2020
(213) 612-2499 fax

Christopher J. Higgins
Washington D.C. Bar No. 498165, admitted pro hac vice
chiggins@orrick.com
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, N.W.
Washington, D.C. 20005-1706
(202) 339-8400
(202) 339-8500

*Attorneys for Audible Magic Corp.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served electronically on

opposing counsel pursuant to Local Rule CV-5(a)(7)(C) on June 30, 2016.

*/s/ Eric H. Findlay*
Eric H. Findlay
