# EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| *Plaintiff*, | § § | Case No. 6:15-cv-584-MHS |
| v. | § § | |
| | § | Jury Trial Demanded |
| AUDIBLE MAGIC CORPORATION, | § § | |
| *Defendant*. | § § § | |
| | § | |
| AUDIBLE MAGIC CORPORATION, | § § | |
| *Counterclaim Plaintiff* | § § | |
| v. | § § | |
| BLUE SPIKE, LLC, BLUE SPIKE, INC. and SCOTT A. MOSKOWITZ | § § § | |
| *Counterclaim Defendants*. | § § | |

**[PROPOSED] JOINT VERDICT FORM**

You, the jury, are to answer the following questions based on the evidence admitted at trial and according to the Instructions the Court has given you. Start with Question No. 1 and proceed through the questions. As you proceed through this verdict form follow the directions that have been provided to you in italics.

**QUESTION NO. 1. - Inventorship**

    1A    Are any one of Erling Wold, Thom Blum, Douglas Keislar or Jim Wheaton co-inventors of U.S. Patent No. 7,346,472?

                                                  ___Yes           ___No

    1B    Are any one of Erling Wold, Thom Blum, Douglas Keislar or Jim Wheaton co-inventors of U.S. Patent No. 7,660,700?

                                                  ___Yes           ___No

1C     Are any one of Erling Wold, Thom Blum, Douglas Keislar or Jim Wheaton co-inventors of U.S. Patent No. 7,949,494?

                                                                                 ___Yes           ___No

1D     Are any one of Erling Wold, Thom Blum, Douglas Keislar or Jim Wheaton co-inventors of U.S. Patent No. 8,214,175?

                                                                                 ___Yes           ___No

**QUESTION NO. 2. – Patent Invalidity (Derivation, Anticipation and Obviousness)**

2A     Has Audible Magic proven by clear and convincing evidence that any of the following claims of U.S. Patent No. 7,346,472 is invalid because they are derived from or anticipated by the prior art or because they would have been obvious in view of the prior art?

*If, based on clear and convincing evidence, you find the patent's claim invalid, answer "Yes," otherwise answer "No" on each line.*

|           | Invalid as Derived? | Invalid as Anticipated? | Invalid as Obvious? |
|-----------|---------------------|-------------------------|---------------------|
| Claim 1   |                     |                         |                     |
| Claim 3   |                     |                         |                     |
| Claim 4   |                     |                         |                     |
| Claim 8   |                     |                         |                     |
| Claim 11  |                     |                         |                     |

2B     Has Audible Magic proven by clear and convincing evidence that any of the following claims of U.S. Patent No. 7,660,700 is invalid because they are derived from or anticipated by the prior art or because they would have been obvious in view of the prior art?

*If, based on clear and convincing evidence, you find the patent's claim invalid, answer "Yes," otherwise answer "No" on each line.*

|           | Invalid as Derived? | Invalid as Anticipated? | Invalid as Obvious? |
|-----------|---------------------|-------------------------|---------------------|
| Claim 1   |                     |                         |                     |

|  |  |  |  |
|---|---|---|---|
| Claim 6 |  |  |  |
| Claim 7 |  |  |  |
| Claim 8 |  |  |  |
| Claim 10 |  |  |  |
| Claim 11 |  |  |  |
| Claim 40 |  |  |  |
| Claim 49 |  |  |  |
| Claim 50 |  |  |  |
| Claim 51 |  |  |  |

2C Has Audible Magic proven by clear and convincing evidence that any of the following claims of U.S. Patent No. 7,949,494 is invalid because they are derived from or anticipated by the prior art or because they would have been obvious in view of the prior art?

*If, based on clear and convincing evidence, you find the patent's claim invalid, answer "Yes," otherwise answer "No" on each line.*

|  | Invalid as Derived? | Invalid as Anticipated? | Invalid as Obvious? |
|---|---|---|---|
| Claim 1 |  |  |  |
| Claim 4 |  |  |  |
| Claim 5 |  |  |  |
| Claim 11 |  |  |  |
| Claim 17 |  |  |  |
| Claim 18 |  |  |  |
| Claim 20 |  |  |  |
| Claim 21 |  |  |  |
| Claim 22 |  |  |  |
| Claim 29 |  |  |  |

2D      Has Audible Magic proven by clear and convincing evidence that any of the following claims of U.S. Patent No. 8,214,175 is invalid because they are derived from or anticipated by the prior art or because they would have been obvious in view of the prior art?

*If, based on clear and convincing evidence, you find the patent's claim invalid, answer "Yes," otherwise answer "No" on each line.*

|          | Invalid as Derived? | Invalid as Anticipated? | Invalid as Obvious? |
|----------|---------------------|-------------------------|---------------------|
| Claim 8  |                     |                         |                     |
| Claim 11 |                     |                         |                     |
| Claim 12 |                     |                         |                     |
| Claim 13 |                     |                         |                     |
| Claim 15 |                     |                         |                     |
| Claim 16 |                     |                         |                     |
| Claim 17 |                     |                         |                     |

**QUESTION NO. 3. – Patent Invalidity (Written Description and Lack of Enablement)**

3A      Has Audible Magic proven by clear and convincing evidence that any of the following claims of U.S. Patent No. 7,346,472 is invalid because they do not meet the written description requirement or the enablement requirement?

*If, based on clear and convincing evidence, you find the patent's claim invalid, answer "Yes," otherwise answer "No" on each line.*

|          | Written Description? | Enablement? |
|----------|----------------------|-------------|
| Claim 1  |                      |             |
| Claim 3  |                      |             |
| Claim 4  |                      |             |
| Claim 8  |                      |             |
| Claim 11 |                      |             |

3B      Has Audible Magic proven by clear and convincing evidence that any of the following claims of U.S. Patent No. 7,660,700 is invalid because they do not meet the written description requirement or the enablement requirement?

*If, based on clear and convincing evidence, you find the patent's claim invalid, answer "Yes," otherwise answer "No" on each line.*

|  | Written Description? | Enablement? |
|---|---|---|
| Claim 1 |  |  |
| Claim 6 |  |  |
| Claim 7 |  |  |
| Claim 8 |  |  |
| Claim 10 |  |  |
| Claim 11 |  |  |
| Claim 40 |  |  |
| Claim 49 |  |  |
| Claim 50 |  |  |
| Claim 51 |  |  |

3A      Has Audible Magic proven by clear and convincing evidence that any of the following claims of U.S. Patent No. 7,949,494 is invalid because they do not meet the written description requirement or the enablement requirement?

*If, based on clear and convincing evidence, you find the patent's claim invalid, answer "Yes," otherwise answer "No" on each line.*

|  | Written Description? | Enablement? |
|---|---|---|
| Claim 1 |  |  |
| Claim 4 |  |  |
| Claim 5 |  |  |

5

| | | |
|---|---|---|
| Claim 11 | | |
| Claim 17 | | |
| Claim 18 | | |
| Claim 20 | | |
| Claim 21 | | |
| Claim 22 | | |
| Claim 29 | | |

3B  Has Audible Magic proven by clear and convincing evidence that any of the following claims of U.S. Patent No. 8,214,175 is invalid because they do not meet the written description requirement or the enablement requirement?

*If, based on clear and convincing evidence, you find the patent's claim invalid, answer "Yes," otherwise answer "No" on each line.*

| | Written Description? | Enablement? |
|---|---|---|
| Claim 8 | | |
| Claim 11 | | |
| Claim 12 | | |
| Claim 13 | | |
| Claim 15 | | |
| Claim 16 | | |
| Claim 17 | | |

**QUESTION NO. 4. – Duty of Confidence**

4A  Has Audible Magic proven by a preponderance of the evidence that Scott Moskowitz received, under a duty of confidence, proprietary information from Erling Wold, Thom Blum, Douglas Keislar or Jim Wheaton about their inventions?

　　　　　　　　　　　　　　___Yes　　　　　　___No

6

  4B  Has Audible Magic proven by a preponderance of the evidence that Blue Spike Inc. received, under a duty of confidence, proprietary information from Erling Wold, Thom Blum, Douglas Keislar or Jim Wheaton about their inventions?

            ___Yes    ___No

  4C  Has Audible Magic proven by a preponderance of the evidence that Blue Spike LLC received, under a duty of confidence, proprietary information from Erling Wold, Thom Blum, Douglas Keislar or Jim Wheaton about their inventions?

            ___Yes    ___No

**QUESTION NO. 5.** – **Breach of Duty of Confidence**

*If you answered "Yes" to Question 4 above, then answer Question 5.*

  5A  Has Audible Magic proven by a preponderance of the evidence that Scott Moskowitz breached his duty of confidence by utilizing the proprietary information of Erling Wold, Thom Blum, Douglas Keislar or Jim Wheaton to obtain one or more of U.S. Patent Nos. 7,346,472; 7,660,700; 7,949, 494 and/or 8,214,175?

            ___Yes    ___No

  5B  Has Audible Magic proven by a preponderance of the evidence that Blue Spike Inc. breached its duty of confidence by utilizing the proprietary information of Erling Wold, Thom Blum, Douglas Keislar or Jim Wheaton to obtain one or more of U.S. Patent Nos. 7,346,472; 7,660,700; 7,949, 494 and/or 8,214,175?

            ___Yes    ___No

  5C  Has Audible Magic proven by a preponderance of the evidence that Blue Spike LLC breached its duty of confidence by utilizing the proprietary information of Erling Wold, Thom Blum, Douglas Keislar or Jim Wheaton to obtain one or more of U.S. Patent Nos.

7,346,472; 7,660,700; 7,949, 494 and/or 8,214,175?

       ___Yes   ___No

**QUESTION NO. 6. – Unjust Enrichment**

 6A Has Audible Magic proven by a preponderance of the evidence that Scott Moskowitz obtained a benefit by fraud, duress, or taking undue advantage?

       ___Yes   ___No

 6B Has Audible Magic proven by a preponderance of the evidence that Blue Spike Inc. obtained a benefit by fraud, duress, or taking undue advantage?

       ___Yes   ___No

 6C Has Audible Magic proven by a preponderance of the evidence that Blue Spike LLC obtained a benefit by fraud, duress, or taking undue advantage?

       ___Yes   ___No

**QUESTION NO. 7. – Patent Unenforceability / Inequitable Conduct**

 7A Has Audible Magic proven, by clear and convincing evidence, that U.S. Patent No. 7,346,472 is unenforceable due to inequitable conduct?

       ___Yes   ___No

 7B Has Audible Magic proven, by clear and convincing evidence, that U.S. Patent No. 7,660,700 is unenforceable due to inequitable conduct?

       ___Yes   ___No

 7C Has Audible Magic proven, by clear and convincing evidence, that U.S. Patent No. 7,949,494 is unenforceable due to inequitable conduct?

       ___Yes   ___No

 7D Has Audible Magic proven, by clear and convincing evidence, that U.S. Patent

8

No. 8,214,175 is unenforceable due to inequitable conduct?

                    ___Yes        ___No

**QUESTION NO. 8.** – **False or Misleading Statements (Lanham Act)**

    8A    Has Audible Magic proven by a preponderance of the evidence that Mr. Moskowitz made false or misleading statements about their technology and product, and that such statements violate the Lanham Act?

                    ___Yes        ___No

    8B    Has Audible Magic proven by a preponderance of the evidence that Blue Spike Inc. made false or misleading statements about their technology and product, and that such statements violate the Lanham Act?

                    ___Yes        ___No

    8C    Has Audible Magic proven by a preponderance of the evidence that Blue Spike LLC made false or misleading statements about their technology and product, and that such statements violate the Lanham Act?

                    ___Yes        ___No

**QUESTION NO. 9.** – **False or Misleading Statements (Lanham Act) – Willfulness**

*If you answered "Yes" to any part of Question 8 above, then answer Question 9.*

    9A    Has Audible Magic proven by clear and convincing evidence that Mr. Moskowitz's false or misleading statements were willful, wanton and calculated to deceive, or were undertaken in bad faith?

                    ___Yes        ___No

    9B    Has Audible Magic proven by clear and convincing evidence that Blue Spike Inc.'s false or misleading statements were willful, wanton and calculated to deceive, or were

undertaken in bad faith?

        ___Yes   ___No

  9A  Has Audible Magic proven by clear and convincing evidence that Blue Spike LLC's false or misleading statements were willful, wanton and calculated to deceive, or were undertaken in bad faith?

        ___Yes   ___No

**QUESTION NO. 10. – Unfair Competition**

  10A  Has Audible Magic proven by a preponderance of the evidence that Mr. Moskowitz's actions constitute unfair competition?

        ___Yes   ___No

  10B  Has Audible Magic proven by a preponderance of the evidence that Blue Spike Inc.'s actions constitute unfair competition?

        ___Yes   ___No

  10C  Has Audible Magic proven by a preponderance of the evidence that Blue Spike LLC's actions constitute unfair competition?

        ___Yes   ___No

**QUESTION NO. 11. – Damages For Omitted Co-Inventors (35 U.S.C. § 102(f))**

*If you answered "Yes" to any part of Question 1, then answer Question 11.*

  11A  What amount is Audible Magic entitled to recover based on the omission of Audible Magic co-inventors from U.S. Patent No. 7,346,472?

  $ _____

  11B  What amount is Audible Magic entitled to recover based on the omission of Audible Magic co-inventors from U.S. Patent No. 7,660,700?

$ _____

11C    What amount is Audible Magic entitled to recover based on the omission of Audible Magic co-inventors from U.S. Patent No. 7,949,494?

$ _____

11D    What amount is Audible Magic entitled to recover based on the omission of Audible Magic co-inventors from U.S. Patent No. 8,214,175?

$ _____

**QUESTION NO. 12.** – **Damages For Unjust Enrichment**

*If you answered "Yes" to any part of Question 6 above, then answer Question 12.*

12A    What amount is Audible Magic entitled to recover from Scott Moskowitz for unjust enrichment?

$ _____

12B    What amount is Audible Magic entitled to recover from Blue Spike Inc. for unjust enrichment?

$ _____

12C    What amount is Audible Magic entitled to recover from Blue Spike LLC for unjust enrichment?

$ _____

**QUESTION NO. 13.** – **Damages For Unfair Competition**

*If you answered "Yes" to any part of Question 10 above, then answer Question 13.*

13A    What amount is Audible Magic entitled to recover from Scott Moskowitz for unfair competition?

$ _____

13B   What amount is Audible Magic entitled to recover from Blue Spike Inc. for unfair competition?

$ _____

13C   What amount is Audible Magic entitled to recover from Blue Spike LLC for unfair competition?

$ _____

**QUESTION NO. 14. – Exemplary or Punitive Damages**

*If you answered "Yes" to any part of Question 10 above, then answer Question 14.*

14A   Has Audible Magic proven by clear and convincing evidence that the harm to Audible Magic resulted from Scott Moskowitz's fraud, malice or oppression?

\_\_\_Yes          \_\_\_No

14B   Has Audible Magic proven by clear and convincing evidence that the harm to Audible Magic resulted from Blue Spike Inc.'s fraud, malice or oppression?

\_\_\_Yes          \_\_\_No

14C   Has Audible Magic proven by clear and convincing evidence that the harm to Audible Magic resulted from Blue Spike LLC's fraud, malice or oppression?

\_\_\_Yes          \_\_\_No

**QUESTION NO. 15. – Exemplary or Punitive Damages – Amount**

15A   What sum of money, if any, if paid now in cash, should be assessed against Scott Moskowitz and awarded to Audible Magic as exemplary or punitive damages, if any, for the conduct found in response to Question 10?

$ _____

15B   What sum of money, if any, if paid now in cash, should be assessed against Blue

Spike Inc. and awarded to Audible Magic as exemplary or punitive damages, if any, for the conduct found in response to Question 10?

$ _____

    15C    What sum of money, if any, if paid now in cash, should be assessed against Blue Spike LLC and awarded to Audible Magic as exemplary or punitive damages, if any, for the conduct found in response to Question 10?

$ _____

The Foreperson must sign and date this verdict form:

_____                                _____

DATE                                            FOREPERSON