# EXHIBIT H

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| *Plaintiff*, | § | Case No. 6:15-cv-584-MHS |
| | § | |
| v. | § | |
| | § | Jury Trial Demanded |
| AUDIBLE MAGIC CORPORATION, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| AUDIBLE MAGIC CORPORATION, | § | |
| | § | |
| *Counterclaim Plaintiff* | § | |
| v. | § | |
| | § | |
| BLUE SPIKE, LLC, BLUE SPIKE, INC. | § | |
| and SCOTT A. MOSKOWITZ | § | |
| | § | |
| *Counterclaim Defendants.* | § | |
| | § | |

## [PROPOSED] JOINT VERDICT FORM

You, the jury, are to answer the following questions based on the evidence admitted at trial and according to the Instructions the Court has given you. Start with Question No. 1 and proceed through the questions. As you proceed through this verdict form follow the directions that have been provided to you in italics.

## QUESTION NO. 1.– Patent Invalidity on the Basis of Derivation[1]

---

[1] Ex parte Kusko, 215 USPQ 972, 974 (Bd. App. 1981) ("most, if not all, determinations under section 102(f) involve the question of whether one party derived an invention from another").

In re Katz, 687 F.2d 450, 455, 215 USPQ 14, 18 (CCPA 1982) (inquiry is appropriate to clarify any ambiguity created by an article regarding inventorship, and it is then incumbent upon the applicant to provide "a satisfactory showing that would lead to a reasonable conclusion that [applicant] is the…inventor" of the subject matter disclosed in the article and claimed in the application).

In re Facius, 408 F.2d 1396, 1407, 161 USPQ 294, 302 (CCPA 1969) (subject matter incorporated into a patent that was brought to the attention of the patentee by applicant, and hence derived by the patentee from the applicant, is available for use against applicant unless applicant had actually invented the subject matter placed in the patent).

1A    Has Audible Magic proved by clear and convincing evidence that each of the following claims of U.S. Patent No. 7,346,472:

***If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes." Otherwise answer "No" on each line.***

|  | Was completely conceived by Audible Magic? | Was communicated by Audible Magic to Blue Spike? | Communication was prior to any date on which it can be shown that Blue Spike possessed knowledge of the invention? |
|---|---|---|---|
| Claim 1 [Insert Claim Language] |  |  |  |
| Claim 3 [Insert Claim Language] |  |  |  |
| Claim 4 [Insert Claim Language] |  |  |  |
| Claim 8 [Insert Claim Language] |  |  |  |
| Claim 11 [Insert Claim Language] |  |  |  |

1B    Has Audible Magic proved by clear and convincing evidence that each of the following claims of U.S. Patent No. 7,660,700:

---

In re Costello, 717 F.2d 1346, 1349, 219 USPQ 389, 390-91 (Fed. Cir. 1983) ("[a] prior art reference that is not a statutory bar may be overcome [in an application subject to pre-AIA 35 U.S.C. 102] by two generally recognized methods": an affidavit under 37 CFR 1.131, or an affidavit under 37 CFR 1.132 "showing that the relevant disclosure is a description of the applicant's own work")
"The mere fact that a claim recites the use of various components, each of which can be argumentatively assumed to be old, does not provide a proper basis for a rejection under pre-AIA 35 U.S.C. 102(f)." Ex parte Billottet, 192 USPQ 413, 415 (Bd. App. 1976).
Kilbey v. Thiele, 199 USPQ 290, 294 (Bd. Pat. Inter. 1978).

*If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes."  Otherwise answer "No" on each line.*

|  | Was completely conceived by Audible Magic? | Was communicated by Audible Magic to Blue Spike? | Communication was prior to any date on which it can be shown that Blue Spike possessed knowledge of the invention? |
|---|---|---|---|
| Claim 1 [Insert Claim Language] |  |  |  |
| Claim 6 [Insert Claim Language] |  |  |  |
| Claim 7 [Insert Claim Language] |  |  |  |
| Claim 8 [Insert Claim Language] |  |  |  |
| Claim 10 [Insert Claim Language] |  |  |  |
| Claim 11 [Insert Claim Language] |  |  |  |
| Claim 40 [Insert Claim Language] |  |  |  |
| Claim 49 [Insert Claim Language] |  |  |  |
| Claim 50 [Insert Claim Language] |  |  |  |
| Claim 51 [Insert Claim Language] |  |  |  |

1C      Has Audible Magic proved by clear and convincing evidence that each of the

following claims of U.S. Patent No. 7,949,494:

*If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes."  Otherwise answer "No" on each line.*

| | Was completely conceived by Audible Magic? | Was communicated by Audible Magic to Blue Spike? | Communication was prior to any date on which it can be shown that Blue Spike possessed knowledge of the invention? |
|---|---|---|---|
| Claim 1 [Insert Claim Language] | | | |
| Claim 4 [Insert Claim Language] | | | |
| Claim 5 [Insert Claim Language] | | | |
| Claim 11 [Insert Claim Language] | | | |
| Claim 17 [Insert Claim Language] | | | |
| Claim 18 [Insert Claim Language] | | | |
| Claim 20 [Insert Claim Language] | | | |
| Claim 21 [Insert Claim Language] | | | |
| Claim 22 [Insert Claim Language] | | | |
| Claim 29 [Insert Claim Language] | | | |

1D      Has Audible Magic proved by clear and convincing evidence that each of the

following claims of U.S. Patent No. 8,214,175:

*If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes."  Otherwise answer "No" on each line.*

| | Was completely conceived by Audible Magic? | Was communicated by Audible Magic to Blue Spike? | Communication was prior to any date on which it can be shown that Blue Spike possessed knowledge of the invention? |
|---|---|---|---|
| Claim 8 [Insert Claim Language] | | | |
| Claim 11 [Insert Claim Language] | | | |
| Claim 12 [Insert Claim Language] | | | |
| Claim 13 [Insert Claim Language] | | | |
| Claim 15 [Insert Claim Language] | | | |
| Claim 16 [Insert Claim Language] | | | |
| Claim 17 [Insert Claim Language] | | | |

**QUESTION NO. 2.– Patent Invalidity on the Basis of Prior Public Knowledge[2]**

---

[2] 35 U.S.C. § 102(a)-(g); Flex-Rest, LLC v. Steelcase, Inc., 455 F.3d 1351, 1358-60 (Fed. Cir. 2006); Invitrogen Corp. v. Biocrest Mfg., L.P., 424 F.3d 1374, 1379-82 (Fed. Cir. 2005); In re Klopfenstein, 380 F.3d 1345, 1348-51 (Fed. Cir. 2004); Toro Co. v. Deere & Co., 355 F.3d 1313, 1320-21 (Fed. Cir. 2004); Schering Corp. v. Geneva Pharms., Inc., 339 F.3d 1373, 1377-80 (Fed. Cir. 2003); Apotex U.S.A., Inc. v. Merck & Co., 254 F.3d 1031, 1035 (Fed. Cir. 2001); Mycogen Plant Sci., Inc. v. Monsanto Co., 243 F.3d 1316, 1330-31 (Fed. Cir. 2001); Ecolochem, Inc. v. S. Cal. Edison Co., 227 F.3d 1361, 1367-70 (Fed. Cir. 2000); Singh v. Brake, 222 F.3d 1362, 1366-70 (Fed. Cir. 2000); Pannu v. Iolab Corp., 155 F.3d 1344, 1349 (Fed. Cir. 1998); Gambro Lundia AB v. Baxter Healthcare Corp., 110 F.3d 1573, 1576-78 (Fed. Cir. 1997); Lamb-Weston, Inc. v. McCain Foods, Ltd., 78 F.3d 540, 545 (Fed. Cir. 1996); In re Bartfeld, 925 F.2d 1450, 1452-53 (Fed. Cir. 1991); Ralston Purina Co. v. Far-Mar-Co, Inc., 772 F.2d 1570, 1574 (Fed. Cir. 1985); Am. Stock Exch., LLC v. Mopex, Inc., 250 F. Supp. 2d 323, 328-32 (S.D.N.Y. 2003); In re Wyer, 655 F.2d 221, 226 (C.C.P.A. 1981); Pfaff v. Wells Elecs. Inc., 525 (1998); Helifix Ltd. v. Blok-Lok, Ltd., 208 F.3d 1339, 1346 (Fed. Cir. 2000); Abbott Labs. v. Geneva Pharms., Inc., 182 F.3d 1315, 1318 (Fed. Cir. 1999); Finnigan Corp. v. ITC, 180 F.3d 1354, 1365 (Fed. Cir. 1999); J.A. LaPorte, Inc. v. Norfolk Dredging Co., 787 F.2d 1577, 1581 (Fed. Cir. 1986); In re Hall, 781 F.2d 897, 898-99 (Fed. Cir. 1986); D.L. Auld Co. v. Chroma Graphics Corp., 714 F.2d 1144, 1147-50 (Fed. Cir. 1983).

2A      Has Audible Magic proved by clear and convincing evidence that for each of the

following claims of U.S. Patent No. 7,346,472:

*If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes." Otherwise answer "No" on each line.*

|  | Each and every element of the claim was known by another in this country? | The other person who knew each and every element of the claim was not associated with Scott Moskowitz and Michael Berry? |
|---|---|---|
| Claim 1 [Insert Claim Language] |  |  |
| Claim 3 [Insert Claim Language] |  |  |
| Claim 4 [Insert Claim Language] |  |  |
| Claim 8 [Insert Claim Language] |  |  |
| Claim 11 [Insert Claim Language] |  |  |

2B      Has Audible Magic proved by clear and convincing evidence that each of the

following claims of U.S. Patent No. 7,660,700:

*If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes." Otherwise answer "No" on each line.*

|  | Each and every element of the claim was known by another in this country? | The other person who knew each and every element of the claim was not associated with Scott Moskowitz and Michael Berry? |
|---|---|---|
| Claim 1 [Insert Claim Language] |  |  |

| | | |
|---|---|---|
| Claim 6 [Insert Claim Language] | | |
| Claim 7 [Insert Claim Language] | | |
| Claim 8 [Insert Claim Language] | | |
| Claim 10 [Insert Claim Language] | | |
| Claim 11 [Insert Claim Language] | | |
| Claim 40 [Insert Claim Language] | | |
| Claim 49 [Insert Claim Language] | | |
| Claim 50 [Insert Claim Language] | | |
| Claim 51 [Insert Claim Language] | | |

2C      Has Audible Magic proved by clear and convincing evidence that each of the

following claims of U.S. Patent No. 7,949,494:

*If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes."  Otherwise answer "No" on each line.*

| | Each and every element of the claim was known by another in this country? | The other person who knew each and every element of the claim was not associated with Scott Moskowitz and Michael Berry? |
|---|---|---|
| Claim 1 [Insert Claim Language] | | |
| Claim 4 [Insert Claim Language] | | |
| Claim 5 [Insert Claim Language] | | |

| | | |
|---|---|---|
| Claim 11 [Insert Claim Language] | | |
| Claim 17 [Insert Claim Language] | | |
| Claim 18 [Insert Claim Language] | | |
| Claim 20 [Insert Claim Language] | | |
| Claim 21 [Insert Claim Language] | | |
| Claim 22 [Insert Claim Language] | | |
| Claim 29 [Insert Claim Language] | | |

2D    Has Audible Magic proved by clear and convincing evidence that each of the

following claims of U.S. Patent No. 8,214,175:

*If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes."  Otherwise answer "No" on each line.*

| | Each and every element of the claim was known by another in this country? | The other person who knew each and every element of the claim was not associated with Scott Moskowitz and Michael Berry? |
|---|---|---|
| Claim 8 [Insert Claim Language] | | |
| Claim 11 [Insert Claim Language] | | |
| Claim 12 [Insert Claim Language] | | |
| Claim 13 [Insert Claim Language] | | |
| Claim 15 [Insert Claim Language] | | |

| Claim 16 [Insert Claim Language] | | |
|---|---|---|
| Claim 17 [Insert Claim Language] | | |

## QUESTION NO. 3.– Patent Invalidity on the Basis of Prior Public Use[3]

      3A    Has Audible Magic proved by clear and convincing evidence that for each of the following claims of U.S. Patent No. 7,346,472:

      *If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes." Otherwise answer "No" on each line.*

| | Each and every element of the claim was used by another in the usual course of producing articles for commercial purposes? | This commercially useful invention was constructed or performed within the scope of the claim? | This public activity occurred prior to September 7th, 2000? |
|---|---|---|---|
| Claim 1 [Insert Claim Language] | | | |
| Claim 3 [Insert Claim Language] | | | |
| Claim 4 [Insert Claim Language] | | | |
| Claim 8 [Insert Claim Language] | | | |
| Claim 11 [Insert Claim Language] | | | |

      3B    Has Audible Magic proved by clear and convincing evidence that each of the following claims of U.S. Patent No. 7,660,700:

      *If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes." Otherwise answer "No" on each line.*

---

[3] See footnote 2, supra.

|  | Each and every element of the claim was used by another in the usual course of producing articles for commercial purposes? | This commercially useful invention was constructed or performed within the scope of the claim? | This public activity occurred prior to September 7th, 2000? |
|---|---|---|---|
| Claim 1 [Insert Claim Language] |  |  |  |
| Claim 6 [Insert Claim Language] |  |  |  |
| Claim 7 [Insert Claim Language] |  |  |  |
| Claim 8 [Insert Claim Language] |  |  |  |
| Claim 10 [Insert Claim Language] |  |  |  |
| Claim 11 [Insert Claim Language] |  |  |  |
| Claim 40 [Insert Claim Language] |  |  |  |
| Claim 49 [Insert Claim Language] |  |  |  |
| Claim 50 [Insert Claim Language] |  |  |  |
| Claim 51 [Insert Claim Language] |  |  |  |

3C      Has Audible Magic proved by clear and convincing evidence that each of the

following claims of U.S. Patent No. 7,949,494:

*If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes."  Otherwise answer "No" on each line.*

| | Each and every element of the claim was used by another in the usual course of producing articles for commercial purposes? | This commercially useful invention was constructed or performed within the scope of the claim? | This public activity occurred prior to September 7th, 2000? |
|---|---|---|---|
| Claim 1 [Insert Claim Language] | | | |
| Claim 4 [Insert Claim Language] | | | |
| Claim 5 [Insert Claim Language] | | | |
| Claim 11 [Insert Claim Language] | | | |
| Claim 17 [Insert Claim Language] | | | |
| Claim 18 [Insert Claim Language] | | | |
| Claim 20 [Insert Claim Language] | | | |
| Claim 21 [Insert Claim Language] | | | |
| Claim 22 [Insert Claim Language] | | | |
| Claim 29 [Insert Claim Language] | | | |

3D	Has Audible Magic proved by clear and convincing evidence that each of the following claims of U.S. Patent No. 8,214,175:

*If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes."  Otherwise answer "No" on each line.*

| | Each and every element of the claim was used by another in the usual course of producing articles for commercial purposes? | This commercially useful invention was constructed or performed within the scope of the claim? | This public activity occurred prior to September 7th, 2000? |
|---|---|---|---|
| Claim 8 [Insert Claim Language] | | | |
| Claim 11 [Insert Claim Language] | | | |
| Claim 12 [Insert Claim Language] | | | |
| Claim 13 [Insert Claim Language] | | | |
| Claim 15 [Insert Claim Language] | | | |
| Claim 16 [Insert Claim Language] | | | |
| Claim 17 [Insert Claim Language] | | | |

**QUESTION NO. 4.– Patent Invalidity on the Basis of Printed Publication**[4]

      4A     Has Audible Magic proved by clear and convincing evidence that for each of the following claims of U.S. Patent No. 7,346,472:

      *If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes."  Otherwise answer "No" on each line.*

---

[4] See footnote 2, supra.

| | Each and every element of the claim was described in a publication? | That publication was maintained in some tangible form? | The publication was sufficiently accessible to persons interested in the subject matter of its contents? | The publication was complete enough to enable one of ordinary skill in the art to use the invention without undue experimentation? | This publication was disclosed prior to September 7th, 2000? |
|---|---|---|---|---|---|
| Claim 1 [Insert Claim Language] | | | | | |
| Claim 3 [Insert Claim Language] | | | | | |
| Claim 4 [Insert Claim Language] | | | | | |
| Claim 8 [Insert Claim Language] | | | | | |
| Claim 11 [Insert Claim Language] | | | | | |

4B      Has Audible Magic proved by clear and convincing evidence that each of the

following claims of U.S. Patent No. 7,660,700:

*If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes."  Otherwise answer "No" on each line.*

13

| | Each and every element of the claim was described in a publication? | That publication was maintained in some tangible form? | The publication was sufficiently accessible to persons interested in the subject matter of its contents? | The publication was complete enough to enable one of ordinary skill in the art to use the invention without undue experimentation? | This publication was disclosed prior to September 7th, 2000? |
|---|---|---|---|---|---|
| Claim 1 [Insert Claim Language] | | | | | |
| Claim 6 [Insert Claim Language] | | | | | |
| Claim 7 [Insert Claim Language] | | | | | |
| Claim 8 [Insert Claim Language] | | | | | |
| Claim 10 [Insert Claim Language] | | | | | |
| Claim 11 [Insert Claim Language] | | | | | |
| Claim 40 [Insert Claim Language] | | | | | |
| Claim 49 [Insert Claim Language] | | | | | |
| Claim 50 [Insert Claim Language] | | | | | |

14

| Claim 51 [Insert Claim Language] | | | | | |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

4C      Has Audible Magic proved by clear and convincing evidence that each of the

following claims of U.S. Patent No. 7,949,494:

*If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes."  Otherwise answer "No" on each line.*

|  | Each and every element of the claim was described in a publication? | That publication was maintained in some tangible form? | The publication was sufficiently accessible to persons interested in the subject matter of its contents? | The publication was complete enough to enable one of ordinary skill in the art to use the invention without undue experimentation? | This publication was disclosed prior to September 7th, 2000? |
|---|---|---|---|---|---|
| Claim 1 [Insert Claim Language] |  |  |  |  |  |
| Claim 4 [Insert Claim Language] |  |  |  |  |  |
| Claim 5 [Insert Claim Language] |  |  |  |  |  |
| Claim 11 [Insert Claim Language] |  |  |  |  |  |
| Claim 17 [Insert Claim Language] |  |  |  |  |  |
| Claim 18 [Insert Claim Language] |  |  |  |  |  |
| Claim 20 [Insert Claim Language] |  |  |  |  |  |

| | | | | | |
|---|---|---|---|---|---|
| Claim 21 [Insert Claim Language] | | | | | |
| Claim 22 [Insert Claim Language] | | | | | |
| Claim 29 [Insert Claim Language] | | | | | |

       4D     Has Audible Magic proved by clear and convincing evidence that each of the

following claims of U.S. Patent No. 8,214,175:

***If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes."  Otherwise answer "No" on each line.***

| | Each and every element of the claim was described in a publication? | That publication was maintained in some tangible form? | The publication was sufficiently accessible to persons interested in the subject matter of its contents? | The publication was complete enough to enable one of ordinary skill in the art to use the invention without undue experimentation? | This publication was disclosed prior to September 7th, 2000? |
|---|---|---|---|---|---|
| Claim 8 [Insert Claim Language] | | | | | |
| Claim 11 [Insert Claim Language] | | | | | |
| Claim 12 [Insert Claim Language] | | | | | |
| Claim 13 [Insert Claim Language] | | | | | |
| Claim 15 [Insert Claim Language] | | | | | |
| Claim 16 [Insert Claim Language] | | | | | |
| Claim 17 [Insert Claim Language] | | | | | |

16

**QUESTION NO. 5.— Patent Invalidity on the Basis of Prior Invention[5]**

5A     Has Audible Magic proved by clear and convincing evidence that for each of the

following claims of U.S. Patent No. 7,346,472:

*If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes." Otherwise answer "No" on each line.*

|  | A third party was the first to conceive each and every element described by the claim? | That third party either created a commercially usable invention based on this conception, or that third party exercised reasonable diligence in later reducing the invention to practice? |
|---|---|---|
| Claim 1 [Insert Claim Language] |  |  |
| Claim 3 [Insert Claim Language] |  |  |
| Claim 4 [Insert Claim Language] |  |  |
| Claim 8 [Insert Claim Language] |  |  |
| Claim 11 [Insert Claim Language] |  |  |

5B     Has Audible Magic proved by clear and convincing evidence that each of the

following claims of U.S. Patent No. 7,660,700:

*If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes." Otherwise answer "No" on each line.*

---

[5] See footnote 2, supra.

| | A third party was the first to conceive each and every element described by the claim? | That third party either created a commercially usable invention based on this conception, or that third party exercised reasonable diligence in later reducing the invention to practice? |
|---|---|---|
| Claim 1 [Insert Claim Language] | | |
| Claim 6 [Insert Claim Language] | | |
| Claim 7 [Insert Claim Language] | | |
| Claim 8 [Insert Claim Language] | | |
| Claim 10 [Insert Claim Language] | | |
| Claim 11 [Insert Claim Language] | | |
| Claim 40 [Insert Claim Language] | | |
| Claim 49 [Insert Claim Language] | | |
| Claim 50 [Insert Claim Language] | | |
| Claim 51 [Insert Claim Language] | | |

     5C     Has Audible Magic proved by clear and convincing evidence that each of the

following claims of U.S. Patent No. 7,949,494:

     ***If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes." Otherwise answer "No" on each line.***

| | A third party was the first to conceive each and every element described by the claim? | That third party either created a commercially usable invention based on this conception, or that third party exercised reasonable diligence in later reducing the invention to practice? |
|---|---|---|
| Claim 1 [Insert Claim Language] | | |
| Claim 4 [Insert Claim Language] | | |
| Claim 5 [Insert Claim Language] | | |
| Claim 11 [Insert Claim Language] | | |
| Claim 17 [Insert Claim Language] | | |
| Claim 18 [Insert Claim Language] | | |
| Claim 20 [Insert Claim Language] | | |
| Claim 21 [Insert Claim Language] | | |
| Claim 22 [Insert Claim Language] | | |
| Claim 29 [Insert Claim Language] | | |

5D      Has Audible Magic proved by clear and convincing evidence that each of the

following claims of U.S. Patent No. 8,214,175:

*If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes." Otherwise answer "No" on each line.*

| | A third party was the first to conceive each and every element described by the claim? | That third party either created a commercially usable invention based on this conception, or that third party exercised reasonable diligence in later reducing the invention to practice? |
|---|---|---|
| Claim 8 [Insert Claim Language] | | |
| Claim 11 [Insert Claim Language] | | |
| Claim 12 [Insert Claim Language] | | |
| Claim 13 [Insert Claim Language] | | |
| Claim 15 [Insert Claim Language] | | |
| Claim 16 [Insert Claim Language] | | |
| Claim 17 [Insert Claim Language] | | |

**QUESTION NO. 6.**— **Patent Invalidity on the Basis of Prior Patent**[6]

      6A     Has Audible Magic proved by clear and convincing evidence that for each of the

following claims of U.S. Patent No. 7,346,472:

      *If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes."  Otherwise answer "No" on each line.*

---

[6] See footnote 2, supra.

| | A patent issued in this country or another describes each and every element of the claim? | That patent was issued prior to September 7th, 2000? |
|---|---|---|
| Claim 1 [Insert Claim Language] | | |
| Claim 3 [Insert Claim Language] | | |
| Claim 4 [Insert Claim Language] | | |
| Claim 8 [Insert Claim Language] | | |
| Claim 11 [Insert Claim Language] | | |

6B      Has Audible Magic proved by clear and convincing evidence that each of the

following claims of U.S. Patent No. 7,660,700:

*If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes."  Otherwise answer "No" on each line.*

| | A patent issued in this country or another describes each and every element of the claim? | That patent was issued prior to September 7th, 2000? |
|---|---|---|
| Claim 1 [Insert Claim Language] | | |
| Claim 6 [Insert Claim Language] | | |
| Claim 7 [Insert Claim Language] | | |
| Claim 8 [Insert Claim Language] | | |
| Claim 10 [Insert Claim Language] | | |
| Claim 11 [Insert Claim Language] | | |
| Claim 40 [Insert Claim Language] | | |
| Claim 49 [Insert Claim Language] | | |
| Claim 50 [Insert Claim Language] | | |
| Claim 51 [Insert Claim Language] | | |

6C      Has Audible Magic proved by clear and convincing evidence that each of the

following claims of U.S. Patent No. 7,949,494:

**If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes."  Otherwise answer "No" on each line.**

|  | A patent issued in this country or another describes each and every element of the claim? | That patent was issued prior to September 7th, 2000? |
|---|---|---|
| Claim 1 [Insert Claim Language] | | |
| Claim 4 [Insert Claim Language] | | |
| Claim 5 [Insert Claim Language] | | |
| Claim 11 [Insert Claim Language] | | |
| Claim 17 [Insert Claim Language] | | |
| Claim 18 [Insert Claim Language] | | |
| Claim 20 [Insert Claim Language] | | |
| Claim 21 [Insert Claim Language] | | |
| Claim 22 [Insert Claim Language] | | |
| Claim 29 [Insert Claim Language] | | |

6D      Has Audible Magic proved by clear and convincing evidence that each of the

following claims of U.S. Patent No. 8,214,175:

*If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes."  Otherwise answer "No" on each line.*

|  | A patent issued in this country or another describes each and every element of the claim? | That patent was issued prior to September 7th, 2000? |
|---|---|---|
| Claim 8 [Insert Claim Language] |  |  |
| Claim 11 [Insert Claim Language] |  |  |
| Claim 12 [Insert Claim Language] |  |  |
| Claim 13 [Insert Claim Language] |  |  |
| Claim 15 [Insert Claim Language] |  |  |
| Claim 16 [Insert Claim Language] |  |  |
| Claim 17 [Insert Claim Language] |  |  |

## QUESTION NO. 7.– Patent Invalidity on the Basis of Obviousness[7]

7A      Has Audible Magic proved by clear and convincing evidence that for any of the

following claims of U.S. Patent No. 7,346,472, that the claim is invalid under the doctrine of

---

[7] 35 U.S.C. § 103; Graham v. John Deere Co., 383 U.S. 1 (1966); KSR Intern. Co. v. Teleflex, Inc., 550 U.S. 398, 407 (2007); Ruiz v. A.B. Chance Co., 234 F.3d 654 (Fed. Cir. 2000); Arkie Lures, Inc. v. Gene Larew Tackle, Inc., 119 F.3d 953, 957 (Fed. Cir. 1997); Specialty Composites v. Cabot Corp., 845 F.2d 981, 991 (Fed. Cir. 1988); Windsurfing Int'l, Inc. v. AMF, Inc., 782 F.2d 995, 1000 (Fed. Cir. 1986); Pentec. Inc. v. Graphic Controls Corp., 776 F.2d 309, 313 (Fed. Cir. 1985). See Novo Nordisk A/S v. Becton Dickinson & Co., 304 F.3d 1216, 1219-20 (Fed. Cir. 2002); Wang Labs. v. Toshiba Corp., 993 F.2d 858, 864 (Fed. Cir. 1993); Daiichi Sankyo Co. v. Apotex, Inc., 501 F.3d 1254, 1256 (Fed. Cir. 2007); Brown & Williamson Tobacco Corp. v. Philip Morris Inc., 229 F.3d 1120, 1125 (Fed. Cir. 2000); SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp., 225 F.3d 1349, 1355 (Fed. Cir. 2000); Ryko Mfg. Co. v. Nu-Star, Inc., 950 F.2d 714, 718-19 (Fed. Cir. 1991).

obviousness, as described more fully in your jury instructions?

*If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes." Otherwise answer "No" on each line.*

| | Invalid as Obvious? |
|---|---|
| Claim 1 [Insert Claim Language] | |
| Claim 3 [Insert Claim Language] | |
| Claim 4 [Insert Claim Language] | |
| Claim 8 [Insert Claim Language] | |
| Claim 11 [Insert Claim Language] | |

7B      Has Audible Magic proved by clear and convincing evidence that each of the

following claims of U.S. Patent No. 7,660,700:

*If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes." Otherwise answer "No" on each line.*

| | Invalid as Obvious? |
|---|---|
| Claim 1 [Insert Claim Language] | |
| Claim 6 [Insert Claim Language] | |
| Claim 7 [Insert Claim Language] | |
| Claim 8 [Insert Claim Language] | |
| Claim 10 [Insert Claim Language] | |
| Claim 11 [Insert Claim Language] | |
| Claim 40 [Insert Claim Language] | |
| Claim 49 [Insert Claim Language] | |
| Claim 50 [Insert Claim Language] | |
| Claim 51 [Insert Claim Language] | |

      7C     Has Audible Magic proved by clear and convincing evidence that each of the following claims of U.S. Patent No. 7,949,494:

*If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes." Otherwise answer "No" on each line.*

| | Invalid as Obvious? |
|---|---|
| | |

| | |
|---|---|
| Claim 1 [Insert Claim Language] | |
| Claim 4 [Insert Claim Language] | |
| Claim 5 [Insert Claim Language] | |
| Claim 11 [Insert Claim Language] | |
| Claim 17 [Insert Claim Language] | |
| Claim 18 [Insert Claim Language] | |
| Claim 20 [Insert Claim Language] | |
| Claim 21 [Insert Claim Language] | |
| Claim 22 [Insert Claim Language] | |
| Claim 29 [Insert Claim Language] | |

      7D      Has Audible Magic proved by clear and convincing evidence that each of the

following claims of U.S. Patent No. 8,214,175:

      ***If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes." Otherwise answer "No" on each line.***

| | Invalid as Obvious? |
|---|---|
| Claim 8 [Insert Claim Language] | |
| Claim 11 [Insert Claim | |
| Claim 12 [Insert Claim | |

27

| | |
|---|---|
| Claim 13 [Insert Claim | |
| Claim 15 [Insert Claim | |
| Claim 16 [Insert Claim | |
| Claim 17 [Insert Claim | |

**QUESTION NO. 8.**– **Patent Invalidity on the Basis of Lack of Enablement in the Written Description.**[8]

8A    Has Audible Magic proved by clear and convincing evidence that for any of the following claims of U.S. Patent No. 7,346,472, that the claim is invalid because the patent application did not contain a sufficiently full and clear description of the claimed invention, as described more fully in your jury instructions?

*If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes."  Otherwise answer "No" on each line.*

---

[8] 35 U.S.C. § 112; Streck, Inc. v. Research & Diagnostic Sys., 665 F.3d 1269, 1288-89 (Fed. Cir. 2012); Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc., 617 F.3d 1296, 1305-07 (Fed. Cir. 2010); ALZA Corp. v. Andrx Pharms., LLC, 603 F.3d 935, 939-43 (Fed. Cir. 2010); Martek Biosciences Corp. v. Nutrinova, Inc., 579 F.3d 1363, 1377-79 (Fed. Cir. 2009); Sitrick v. Dreamworks, LLC, 516 F.3d 993, 999-1002 (Fed. Cir. 2008); Liebel-Flarsheim Co. v. Medrad, Inc., 481 F.3d 1371, 1380 (Fed. Cir. 2007); AK Steel Corp. v. Sollac & Ugine, 344 F.3d 1234, 1244 (Fed. Cir. 2003); Durel Corp. v. Osram Sylvania Inc., 256 F.3d 1298, 1306 (Fed. Cir. 2001); Union Pac. Resources Co. v. Chesapeake Energy Corp., 236 F.3d 684, 690-92 (Fed. Cir. 2001); Ajinomoto Co. v. Archer- Daniels-Midland Co., 228 F.3d 1338, 1345-46 (Fed. Cir. 2000); Nat'l Recovery Techs., Inc. v. Magnetic Separation Sys., Inc., 166 F.3d 1190, 1195-98 (Fed. Cir. 1999); Enzo Biochem, Inc. v. Calgene, Inc., 188 F.3d 1362, 1371 (Fed. Cir. 1999); In re Wands, 858 F.2d 731, 737 (Fed. Cir. 1988); Amgen, Inc. v. Chugai Pharm. Co., 927 F.2d 1200, 1213 (Fed. Cir. 1991).

| | Invalid on account of a lack of enablement within the patent specification? |
|---|---|
| Claim 1 [Insert Claim Language] | |
| Claim 3 [Insert Claim Language] | |
| Claim 4 [Insert Claim Language] | |
| Claim 8 [Insert Claim Language] | |
| Claim 11 [Insert Claim Language] | |

       8B      Has Audible Magic proved by clear and convincing evidence that each of the

following claims of U.S. Patent No. 7,660,700:

       *If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes."  Otherwise answer "No" on each line.*

| | Invalid on account of a lack of enablement within the patent specification? |
|---|---|
| Claim 1 [Insert Claim Language] | |
| Claim 6 [Insert Claim Language] | |

| | |
|---|---|
| Claim 7 [Insert Claim Language] | |
| Claim 8 [Insert Claim Language] | |
| Claim 10 [Insert Claim Language] | |
| Claim 11 [Insert Claim Language] | |
| Claim 40 [Insert Claim Language] | |
| Claim 49 [Insert Claim Language] | |
| Claim 50 [Insert Claim Language] | |
| Claim 51 [Insert Claim Language] | |

8C      Has Audible Magic proved by clear and convincing evidence that each of the

following claims of U.S. Patent No. 7,949,494:

*If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes."  Otherwise answer "No" on each line.*

| | Invalid on account of a lack of enablement within the patent specification? |
|---|---|
| Claim 1 [Insert Claim Language] | |
| Claim 4 [Insert Claim Language] | |
| Claim 5 [Insert Claim Language] | |
| Claim 11 [Insert Claim Language] | |
| Claim 17 [Insert Claim Language] | |
| Claim 18 [Insert Claim Language] | |
| Claim 20 [Insert Claim Language] | |
| Claim 21 [Insert Claim Language] | |

| Claim 22 [Insert Claim Language] | |
|---|---|
| Claim 29 [Insert Claim Language] | |

8D    Has Audible Magic proved by clear and convincing evidence that each of the

following claims of U.S. Patent No. 8,214,175:

*If, based on clear and convincing evidence, you believe any of the following to be true, answer "Yes."  Otherwise answer "No" on each line.*

| | Invalid on account of a lack of enablement within the patent specification? |
|---|---|
| Claim 8 [Insert Claim Language] | |
| Claim 11 [Insert Claim | |
| Claim 12 [Insert Claim | |
| Claim 13 [Insert Claim | |
| Claim 15 [Insert Claim | |
| Claim 16 [Insert Claim | |
| Claim 17 [Insert Claim | |

## QUESTION NO. 9. – Duty of Confidence

### A. Proprietary Information

9A    Has Audible Magic proved by a preponderance of the evidence that Scott

Moskowitz received proprietary information from Erling Wold?

                                     ___Yes                 ___No

      9B      Has Audible Magic proved by a preponderance of the evidence that Scott

Moskowitz received proprietary information from Thom Blum?

                                       ___Yes                 ___No

      9C      Has Audible Magic proved by a preponderance of the evidence that Scott

Moskowitz received proprietary information from Douglas Keislar?

                                       ___Yes                 ___No

      9D      Has Audible Magic proved by a preponderance of the evidence that Scott

Moskowitz received proprietary information from Jim Wheaton?

                                       ___Yes                 ___No

**B. Duty of Confidence**

***If you answered "yes" to questions in section A, then answer these questions.***

      9E      If Audible Magic proved by a preponderance of the evidence that Scott

Moskowitz received proprietary information from Erling Wold, was the proprietary information

received under a duty of confidence?

                                       ___Yes                 ___No

      9F      If Audible Magic proved by a preponderance of the evidence that Scott

Moskowitz received proprietary information from Thom Blum, was the proprietary information

received under a duty of confidence?

                                       ___Yes                 ___No

      9G      If Audible Magic proved by a preponderance of the evidence that Scott

Moskowitz received proprietary information from Douglas Keislar, was the proprietary

information received under a duty of confidence?

                                  ___Yes                ___No

9H      If Audible Magic proved by a preponderance of the evidence that Scott Moskowitz received proprietary information from Jim Wheaton, was the proprietary information received under a duty of confidence?

                                  ___Yes                ___No

**C. Breach of Confidence**

***If you answered "yes" to questions in section B, then answer these questions.***

9I      Has Audible Magic proved by a preponderance of the evidence that Scott Moskowitz had a duty of confidence, received proprietary information from Erling Wold, and breached his duty of confidence by utilizing that proprietary information to obtain one or more of U.S. Patent Nos. 7,346,472; 7,660,700; 7,949, 494 and/or 8,214,175?

                                  ___Yes                ___No

9J      Has Audible Magic proved by a preponderance of the evidence that Scott Moskowitz had a duty of confidence, received proprietary information from Thom Blum, and breached his duty of confidence by utilizing that proprietary information to obtain one or more of U.S. Patent Nos. 7,346,472; 7,660,700; 7,949, 494 and/or 8,214,175?

                                  ___Yes                ___No

9K      Has Audible Magic proved by a preponderance of the evidence that Scott Moskowitz had a duty of confidence, received proprietary information from Doug Keislar, and breached his duty of confidence by utilizing that proprietary information to obtain one or more of U.S. Patent Nos. 7,346,472; 7,660,700; 7,949, 494 and/or 8,214,175?

                                  ___Yes                ___No

9L      Has Audible Magic proved by a preponderance of the evidence that Scott

Moskowitz had a duty of confidence, received proprietary information from Jim Wheaton, and

breached his duty of confidence by utilizing that proprietary information to obtain one or more of

U.S. Patent Nos. 7,346,472; 7,660,700; 7,949, 494 and/or 8,214,175?

                          ___Yes                    ___No

**QUESTION NO. 10. – Unjust Enrichment[9]**

---

[9] Burrow v. Arce, 997 S.W.2d 229 (Tex. 1999)
ERI Consulting Engineers, Inc. v. Swinnea, 318 S.W.3d 867 (Tex. 2010)
Butnaru v. Ford Motor Co., 84 S.W.3d 198 (Tex. 2002)
Dubai Petrol. Co. v. Kazi, 12 S.W.3d 71, 75–76 (Tex. 2000)
Fortune Prod. Co. v. Conoco, Inc., 52 S.W.3d 671, 685 (Tex. 2000)
Friberg-Cooper Water Supply Corp. v. Elledge, 197 S.W.3d 826, 829 n.13, 832 (Tex. App.—Fort Worth 2006)
Truly v. Austin, 744 S.W.2d 934, 936 (Tex. 1988) ("As a general rule, a plaintiff who seeks to recover the reasonable value of services rendered or materials supplied will be permitted to recover in quantum meruit . . . .").
Emerson v. Tunnell, 793 S.W.2d 947, 948 (Tex. 1990) ("Recovery in quantum meruit is not limited to damages alleged for breach of contract when, as in this case, the fact finder has failed to find that a contract existed. Tunnell cannot be limited to recovery of the amount he alleged the Emersons agreed to pay when the jury did not find that such an agreement was ever made.").
Fortune Prod. Co. v. Conoco, Inc., 52 S.W.3d 671, 685 (Tex. 2000) ("When the existence of or the terms of a contract are in doubt, and there is a claim for unjust enrichment, it is incumbent on the party disputing that claim to secure findings from the trial court that an express contract exists that covers the subject matter of the dispute.").
Barrett v. Ferrell, 550 S.W.2d 138, 143 (Tex. Civ. App.—Tyler 1977, writ ref'd n.r.e.) ("It is fundamental that for a person to be entitled to restitution, he must show not only that there was unjust enrichment, but also that the person sought to be charged had wrongfully secured a benefit or had passively received one which it would be unconscionable for him to retain.").
United States v. Blanche, No. SA-95-CA-0419, 1997 U.S. Dist. LEXIS 3122, at *27–28 (W.D. Tex. 1997) ("Finally, this Court finds that the doctrine of unjust enrichment should be applied in this case. It would be unconscionable to allow Hewitt to keep his interest in the property as well as the substantial benefits conferred to him by the Blanches. The purpose of restitution under this remedy is to do what justice demands.")
Bransom v. Standard Hardware, Inc., 874 S.W.2d 919, 927 (Tex. App.—Fort Worth 1994, writ denied) ("Recovery is based on fundamental principles of justice or equity and good conscience which give rise to an implied or quasi-contract to repay. A right of recovery under unjust enrichment is essentially equitable and does not depend upon the existence of a wrong." (citation omitted)).
Chesapeake Louisiana, L.P. v. Buffco Prod., Inc., No. 2:10-CV-359 (JRG), 2012 U.S. Dist. LEXIS 89760, at *14–15 (E.D. Tex. June 28, 2012) ("In this circumstance, the Court looks to the 'simple justice of the case' and inquires whether Buffco and Freeman have received money which rightfully belongs to Harleton and Freeman Capital." (quoting Greer v. White Oak State Bank, 673 S.W.2d 326, 329 (Tex. App.—Texarkana, no writ)))

10A     Has Audible Magic proved by a preponderance of the evidence that

|  | Yes | No |
|---|---|---|
| All information, technology, and ideas that Scott Moscowitz obtained from Audible Magic and its predecessor Muscle Fish was obtained without permission, express or implied |  |  |
| Said information, technology, or ideas were exclusively owned by Audible Magic or its predecessor Muscle Fish, and were not subject to co-ownership |  |  |
| Any and all money earned from sale or use of said information, technology, or ideas deserved to go exclusively to Audible Magic or its predecessor |  |  |
| Scott Moscowitz received money from the use of said information, technology, and ideas |  |  |
| The exclusive cause of Scott Moscowitz's receipt of money was because of the said information, technology, and ideas |  |  |
| Scott Moscowitz retained the money |  |  |
| Scott Moscowitz is not otherwise entitled to said money |  |  |
| Retention of the money by Scott Moscowitz would be unjust under the circumstances and require restoration |  |  |

10B     Has Audible Magic proved by a preponderance of the evidence that:

|  | Yes | No |
|---|---|---|
| All information, technology, and ideas that Blue Spike, Inc. obtained from Audible Magic and its predecessor Muscle Fish was obtained without permission, express or implied |  |  |
| Said information, technology, or ideas were exclusively owned by Audible Magic or its predecessor Muscle Fish, and were not subject to co-ownership |  |  |

George P. Roach, Unjust Enrichment in Texas: Is it a Floor Wax or a Dessert Topping? 65 Baylor Law Review 1 (2013)

| | | |
|---|---|---|
| Any and all money earned from sale or use of said information, technology, or ideas deserved to go exclusively to Audible Magic or its predecessor | | |
| Blue Spike, Inc. received money from the use of said information, technology, and ideas | | |
| The exclusive cause of Blue Spike, Inc.'s receipt of money was because of the said information, technology, and ideas | | |
| Blue Spike, Inc. retained the money | | |
| Blue Spike, Inc. is not otherwise entitled to said money | | |
| Retention of the money by Blue Spike, Inc. would be unjust under the circumstances and require restoration | | |

10C     Has Audible Magic proved by a preponderance of the evidence that:

| | Yes | No |
|---|---|---|
| All information, technology, and ideas that Blue Spike, LLC obtained from Audible Magic and its predecessor Muscle Fish was obtained without permission, express or implied | | |
| Said information, technology, or ideas were exclusively owned by Audible Magic or its predecessor Muscle Fish, and were not subject to co-ownership | | |
| Any and all money earned from sale or use of said information, technology, or ideas deserved to go exclusively to Audible Magic or its predecessor | | |
| Blue Spike, LLC received money from the use of said information, technology, and ideas | | |
| The exclusive cause of Blue Spike, LLC's receipt of money was because of the said information, technology, and ideas | | |
| Blue Spike, LLC retained the money | | |
| Blue Spike, LLC is not otherwise entitled to said money | | |
| Retention of the money by Blue Spike, LLC would be unjust under the circumstances and require restoration | | |

36

**QUESTION NO. 11.** – **Patent Unenforceability / Inequitable Conduct**

    11A    Has Audible Magic proved by clear and convincing evidence that

|  | Yes | No |
|---|---|---|
| Scott Moskowitz withheld or misrepresented information, or submitted false information to the U.S. Patent and Trademark Office? |  |  |
| Withheld, misrepresented, or falsely submitted information was material to the patent examination, in that the patent would not have been issued but for that information? |  |  |
| Scott Moskowitz had a specific intent to deceive or mislead the Patent Office? |  |  |

    11B    Has Audible Magic proved by clear and convincing evidence that

|  | Yes | No |
|---|---|---|
| Blue Spike, Inc. withheld or misrepresented information, or submitted false information to the U.S. Patent and Trademark Office? |  |  |
| Withheld, misrepresented, or falsely submitted information was material to the patent examination, in that the patent would not have been issued but for that information? |  |  |
| Blue Spike, Inc. had a specific intent to deceive or mislead the Patent Office? |  |  |

    11C    Has Audible Magic proved by clear and convincing evidence that

|  | Yes | No |
|---|---|---|
| Blue Spike, LLC withheld or misrepresented information, or submitted false information to the U.S. Patent and Trademark Office? |  |  |
| Withheld, misrepresented, or falsely submitted information was material to the patent examination, in that the patent would not have been issued but for that information? |  |  |

| Blue Spike, LLC had a specific intent to deceive or mislead the Patent Office? | | |
| --- | --- | --- |

## QUESTION NO. 12. – False or Misleading Statements (Lanham Act)[10]

12A    Has Audible Magic proved by a preponderance of the evidence that

| | Yes | No |
| --- | --- | --- |
| Scott Moskowitz falsely stated that it was the first to create a certain type of technology related to the Patents-in-suit in a commercial advertisement | | |
| Scott Moskowitz's commercial advertisement deceived or had the tendency to deceive a substantial segment of Audible Magic's audience | | |
| The deception was likely to influence the purchasing decisions of consumers | | |
| Scott Moskowitz caused the false statement to enter interstate commerce and Scott Moskowitz's activities have a substantial effect on Audible Magic's business | | |
| Audible Magic has been or is likely to be lose significant sales due to Scott Moskowitz's alleged false statement | | |

12B    Has Audible Magic proved by a preponderance of the evidence that:

| | Yes | No |
| --- | --- | --- |
| Blue Spike, Inc. falsely stated that it was the first to create a certain type of technology related to the Patents-in-suit in a commercial advertisement | | |
| Blue Spike, Inc.'s commercial advertisement deceived or had the tendency to deceive a substantial segment of Audible Magic's audience | | |

---

[10] Pizza Hut, Inc., v. Papa John's Int'l, Inc., 80 F. Supp. 2d 600 (2000)
American Home Products Corp. v. Johnson & Johnson, 577 F.2d 160, 166 (2d Cir.1978)
United Industries Corp. v. Clorox Co., 140 F.3d 1175, 1183 (8th Cir.1998)
ALPO Petfoods, Inc. v. Ralston Purina Co. (Alpo I), 720 F. Supp. 194, 212-214 (D.D.C. 1989), aff'd in part, rev'd in part on other grounds, 913 F.2d 958 (D.C.Cir.1990)

| | Yes | No |
|---|---|---|
| The deception was likely to influence the purchasing decisions of consumers | | |
| Blue Spike, Inc. caused the false statement to enter interstate commerce and Blue Spike, Inc.'s activities have a substantial effect on Audible Magic's business | | |
| Audible Magic has been or is likely to be lose significant sales due to Blue Spike, Inc.'s alleged false statement | | |

12C    Has Audible Magic proved by a preponderance of the evidence that:

| | Yes | No |
|---|---|---|
| Blue Spike, LLC falsely stated that it was the first to create a certain type of technology related to the Patents-in-suit in a commercial advertisement | | |
| Blue Spike, LLC's commercial advertisement deceived or had the tendency to deceive a substantial segment of Audible Magic's audience | | |
| The deception was likely to influence the purchasing decisions of consumers | | |
| Blue Spike, LLC caused the false statement to enter interstate commerce and Blue Spike, LLC's activities have a substantial effect on Audible Magic's business | | |
| Audible Magic has been or is likely to be lose significant sales due to Blue Spike, LLC's alleged false statement | | |

**QUESTION NO. 13.** – **False or Misleading Statements (Lanham Act) – Willfulness**

*If you answered "Yes" to any part of Question 8 above, then answer Question 9.*

13A    Has Audible Magic proved by clear and convincing evidence that Mr. Moskowitz's made a false or misleading statement about were willful, wanton and calculated to deceive, or were undertaken in bad faith?

                         ___Yes            ___No

13B    Has Audible Magic proved by clear and convincing evidence that Blue Spike

Inc.'s false or misleading statements were willful, wanton and calculated to deceive, or were undertaken in bad faith?

___Yes          ___No

13A    Has Audible Magic proved by clear and convincing evidence that Blue Spike LLC's false or misleading statements were willful, wanton and calculated to deceive, or were undertaken in bad faith?

___Yes          ___No

## QUESTION NO. 14.– Unfair Competition[11]

14A    Has Audible Magic proved by a preponderance of the evidence that

|  | Yes | No |
|---|---|---|
| Audible Magic or its predecessor created trade secret information through extensive time, labor, skill, and money |  |  |
| Scott Moskowitz used that trade secret information in competition with Audible Magic |  |  |
| Scott Moskowitz did not contribute to the creation of said trade secret information |  |  |
| Audible Magic suffered commercial damage as a direct result of Scott Moskowitz using that trade secret information |  |  |

---

[11] McCarley v. Welch, 170 S.W.2d 330, 332 (Tex. Civ. App.--Dallas 1943, no writ)
U.S. Sporting Prods., Inc. v. Johnny Stewart Game Calls, Inc., 865 S.W.2d 214, 217 (Tex. App.--Waco 1993, writ denied) (quoting Am. Heritage Life Ins. Co. v. Heritage Life Ins. Co., 494 F.2d 3, 14 (5th Cir. 1974))
"Unfair competition" includes several causes of action including: 1) passing off or palming off; 2) trade secret misappropriation, and 3) common law misappropriation. Id.; Conceal City, L.L.C. v. Looper Law Enforcement, LLC, 917 F.Supp.2d 611, 618 (N.D. Tex. 2013); see also Taylor Pub. Co. v. Jostens, Inc., 216 F.3d 465, 486 (5th Cir. 2000)
United States Sporting Prods., Inc, 865 S.W.2d at 214; see also Dresser-Rand Co. v. Virtual Automation, Inc., 361 F.3d 831, 839 (5th Cir. 2004). A claim for unfair competition by misappropriation and use does not require proof of secrecy. Thomason v. Collins & Aikman Floorcoverings, Inc., 2004 Tex. App. LEXIS 2823, No. 04-02-00870-CV, 2004 WL 624926, at *4 (Tex. App. -- San Antonio Mar. 31, 2004, pet. denied)

40

14B     Has Audible Magic proved by a preponderance of the evidence that:

|  | Yes | No |
|---|---|---|
| Audible Magic or its predecessor created trade secret information through extensive time, labor, skill, and money |  |  |
| Blue Spike, Inc. used that trade secret information in competition with Audible Magic |  |  |
| Blue Spike, Inc. did not contribute to the creation of said trade secret information |  |  |
| Audible Magic suffered commercial damage as a direct result of Blue Spike, Inc. using that trade secret information |  |  |

14C     Has Audible Magic proved by a preponderance of the evidence that:

|  | Yes | No |
|---|---|---|
| Audible Magic or its predecessor created trade secret information through extensive time, labor, skill, and money |  |  |
| Blue Spike, LLC used that trade secret information in competition with Audible Magic |  |  |
| Blue Spike, LLC did not contribute to the creation of said trade secret information |  |  |
| Audible Magic suffered commercial damage as a direct result of Blue Spike, LLC using that trade secret information |  |  |

## QUESTION NO. 15.– Damages For Unjust Enrichment

*If you answered "Yes" to all elements of any sub-part of Question 6 above, then answer Question 16.*

15A     What amount is Audible Magic entitled to recover from Scott Moskowitz for

unjust enrichment?

$ _____

15B    What amount is Audible Magic entitled to recover from Blue Spike Inc. for unjust

enrichment?

$ _____

15C    What amount is Audible Magic entitled to recover from Blue Spike LLC for

unjust enrichment?

$ _____

## QUESTION NO. 16. – Damages For Unfair Competition

*If you answered "Yes" to any part of Question 13 above, then answer Question 17.*

16A    What amount is Audible Magic entitled to recover from Scott Moskowitz for

unfair competition?

$ _____

16B    What amount is Audible Magic entitled to recover from Blue Spike Inc. for unfair

competition?

$ _____

16C    What amount is Audible Magic entitled to recover from Blue Spike LLC for

unfair competition?

$ _____

## QUESTION NO. 17. – Exemplary or Punitive Damages

*If you answered "Yes" to any part of Question 10 above, then answer Question 14.*

17A    Has Audible Magic proved by clear and convincing evidence that the harm to

Audible Magic resulted from Scott Moskowitz's fraud, malice or oppression?

___Yes                    ___No

17B    Has Audible Magic proved by clear and convincing evidence that the harm to Audible Magic resulted from Blue Spike Inc.'s fraud, malice or oppression?

___Yes                    ___No

17C    Has Audible Magic proved by clear and convincing evidence that the harm to Audible Magic resulted from Blue Spike LLC's fraud, malice or oppression?

___Yes                    ___No

**QUESTION NO. 18.** – **Exemplary or Punitive Damages – Amount**

18A    What sum of money, if any, if paid now in cash, should be assessed against Scott Moskowitz and awarded to Audible Magic as exemplary or punitive damages, if any, for the conduct found in response to Question 10?

$ _____

18B    What sum of money, if any, if paid now in cash, should be assessed against Blue Spike Inc. and awarded to Audible Magic as exemplary or punitive damages, if any, for the conduct found in response to Question 10?

$ _____

18C    What sum of money, if any, if paid now in cash, should be assessed against Blue Spike LLC and awarded to Audible Magic as exemplary or punitive damages, if any, for the conduct found in response to Question 10?

$ _____

The Foreperson must sign and date this verdict form:

_____

DATE                                                 FOREPERSON