# EXHIBIT C

```
 1                IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF TEXAS
 2                          TYLER DIVISION

 3      BLUE SPIKE, LLC,                §
                                        §
 4           Plaintiff,                 §  CIVIL ACTION NO.
                                        §
 5      VS.                             §  6:12-CV-00499-MHS
                                        §
 6      TEXAS INSTRUMENTS, INC.         §
                                        §
 7           Defendant.                 §

 8
        BLUE SPIKE, INC.,               §
 9                                      §
             Plaintiff,                 §
10                                      §
        VS.                             §
11                                      §
        AUDIBLE MAGIC CORPORATION,      §
12      FACEBOOK, INC., MYSPACE,        §
        LLC, SPECIFIC MEDIA, LLC,       §
13      PHOTOBUCKET.COM, INC.,          §  CIVIL ACTION NO.
        DAILYMOTION, INC.,              §
14      DAILYMOTION S.A., SOUNDCLOUD    §  6:12-CV-00576-MHS
        INC., SOUNDCLOUD LTD., MYXER,   §
15      INC., QLIPSO, INC, QLIPSO       §
        MEDIA NETWORKS, LTS, YAP.TV     §
16      INC., GOMISO, INC., IMESH,      §
        INC., METACAFE, INC.,           §
17      BOODABEE TECHNOLOGIES INC.,     §
        TUNECORE, INC., ZEDGE           §
18      HOLDINGS, INC. BRIGHTCOVE       §
        INC., COINCIDENT TV INC.,       §
19      ACCEDO BROADBAND NORTH          §
        AMERICA, INC., ACCEDO           §
20      BROADBAND AB, and MEDIAFIRE,    §
        LLC,                            §
21                                      §
             Defendants.                §
22
              CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY
23
        *********************************************
24            ORAL AND VIDEOTAPED DEPOSITION OF
                     RODNEY JAMES BOSCO
25                    June 3rd, 2015
```

Deposition Resources, Inc.
800.295.4109

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.noyapdf.com)
Electronically signed by Daniel J. Skut (101-371-132-7009)          23109000-1979-4758-acb5-71f5bfd6a212

```
 1            ORAL AND VIDEOTAPED DEPOSITION OF RODNEY
 2   JAMES BOSCO, produced as a witness at the instance
 3   of the Defendant Audible Magic, and duly sworn, was
 4   taken in the above-styled and numbered cause on the
 5   3rd of June, 2015, from 9:02 a.m. to 5:53 p.m.,
 6   before Daniel J. Skur, Notary Public and Certified
 7   Shorthand Reporter in and for the State of Texas,
 8   reported by stenographic means, at the offices of
 9   Garteiser Honea, 218 North College Avenue, Tyler
10   Texas, pursuant to the Federal Rules of Civil
11   Procedure.
```

The following 6 pages of deposition transcript discuss confidential financial information and our not filed publicly pursuant to the Court's Protective Order.

Electronically signed by Daniel J. Skur (101-371-132-7809)
You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

```
 1    operations of Blue Spike for all years previous to
 2    2012.
 3         Q.   And do you have an understanding
 4    qualitatively what the net operations of Blue Spike
 5    were prior to 2012?
 6         A.   What do you mean by "qualitatively"?
 7         Q.   I'm not looking for a number.  I just
 8    want to know what those operations were.
 9              MR. GARTEISER:  Objection, form.
10         A.   My understanding was it had to do with
11    costs to conduct business, develop the patents,
12    license, in this case would have been the RPX
13    agreement, basically all the same operations that
14    were carried out in 2012, '13, '14 with the
15    exception there probably wasn't any legal -- well,
16    there were legal costs.  There probably weren't any
17    litigation-related costs in those earlier years
18    that I'm aware of.  That's my understanding.
19    BY MS. CARIDIS:
20         Q.   Do you have any understanding of whether
21    the existing debt reflected in Exhibit 70 has any
22    relation to the asserted patents in this case?
23         A.   My understanding was that it includes
24    costs associated with developing and prosecuting
25    and maintaining the patents, the four patents and
```

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

1    other patents.
2         Q.   In paragraph 16 of your rebuttal report,
3    you note that, quote:  Blue Spike contends that its
4    disclosure's reliable and sufficient for the
5    purpose of evaluating Audible Magic's allegations
6    of unjust enrichment.
7              Do you see that?
8         A.   Yes.
9         Q.   What support do you have for that
10   statement?
11        A.   The representations of Blue Spike's
12   counsel.
13        Q.   Did you talk to any employee or
14   accountant of Blue Spike to confirm the reliability
15   and sufficiency of the financial information
16   reflected in Exhibit 70?
17             MR. GARTEISER:  Objection, form.
18        A.   I did not talk to anybody at -- well, I
19   had a conversation that included Scott, but in
20   essence -- but really he was -- well, yes, I had a
21   conversation with Scott in which I was advised that
22   he instructed individuals within his organization
23   to prepare the document that you see here that
24   would focus on those revenues and expenses relating
25   to Blue Spike, Inc. and Blue Spike LLC as opposed

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)
Electronically signed by Daniel J. Skurt (101-371-132-7809)

1    to other entities owned by Mr. Moskowitz.  And
2    further, I -- it's -- I have been advised by
3    counsel for Blue Spike that there -- and I think
4    I've mentioned this, there have been discussions
5    with the special master regarding this topic, and
6    it's Blue Spike's counsel's view that this
7    production is sufficient, and I understand that
8    Audible Magic doesn't necessarily agree with that,
9    but that's the basis for the statement.
10   BY MS. CARIDIS:
11       Q.   Based on your 30 years of experience in
12   reviewing financial records of commercial
13   businesses, would you, Mr. Bosco, expect a business
14   like Blue Spike to have more financial records than
15   what's shown in a single piece of paper of Exhibit
16   70?
17            MR. GARTEISER:  Objection, form.
18       A.   Well, I would expect there to be
19   additional records that would feed into these
20   documents, but the question -- and it's not
21   really -- I mean, I understand that experts always
22   want more, but I think the question here is whether
23   the special master has ruled or made a judgment
24   that this documentation is sufficient for the
25   purposes for which it's being applied, and I don't

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

1    have an opinion on that.  That's my understanding
2    of where things stand in terms of how this document
3    should or should not be used.
4    BY MS. CARIDIS:
5        Q.   You've never seen a document from the
6    special master relating to any of this sufficiency
7    of financial disclosures, correct?
8            MR. GARTEISER:  Objection, form.
9        A.   I haven't seen a transcript or anything
10   like that.
11   BY MS. CARIDIS:
12       Q.   Sure.  So -- and I understand that
13   that's what you've been told by counsel, but
14   putting that special master hypothetical discussion
15   aside, would you believe under the confines of the
16   language from the court in this case that Blue
17   Spike was required to produce all of its financial
18   documents, that there would be additional financial
19   documents that would feed into the summary provided
20   in Exhibit 70 --
21           MR. GARTEISER:  Object --
22   BY MS. CARIDIS:
23       Q.   -- as an expert with 30 years of
24   experience in studying the financial documents of a
25   company?

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.noyapdf.com)
Electronically signed by Daniel J. Skut (101-371-132-7809)

1    MR. GARTEISER: Objection, form.
2    A.   I mean, it's obvious that any number
3    that appears in a summary like this is comprised of
4    additional numbers.  But, again, I -- you know, I
5    don't want to get in the middle of this.  We always
6    want more, but my understanding is that this is
7    sort of a battle ground between the parties in
8    terms of whether this is a sufficient production
9    and whether it is appropriate for Audible Magic to
10   seek documents from either Mr. Moskowitz or
11   companies owned by Mr. Moskowitz which may end up
12   being the -- used or a source or somehow
13   contributed to the production of this, so I don't
14   weigh in on that at all.
15   BY MS. CARIDIS:
16   Q.   I understand.
17   A.   And so -- and that's the salient issue
18   here.  I didn't -- I can't weigh in on the
19   sufficiency of this document because I think it's
20   predicated on -- on the opinion of the court.
21   Q.   Sure.  So opinion of the court and the
22   requirement of production aside, as a expert with
23   30 years of experience in the financial documents
24   of commercial businesses, would you expect that
25   Blue Spike could have prepared a more detailed

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)
Electronically signed by Daniel J. Skut (101-371-132-7809)

1  financial disclosure than what is shown in Exhibit
2  70?
3          MR. GARTEISER:  Objection, form.
4      A.   I don't have knowledge of their
5  accounting systems.  I assume that it's possible.
6  You know, without knowing their chart of accounts,
7  I literally don't know what additional level of
8  detail could be provided.  I would expect that
9  there is some level of detail, but the
10 accessibility of that and whether such disclosure
11 is something that the court would require Blue
12 Spike to produce, I don't know.
13 BY MS. CARIDIS:
14     Q.   I understand.  Thank you.  Are you aware
15 of Blue Spike, Inc. or Blue Spike LLC making any
16 patent-specific investments related to the asserted
17 patents in this case?
18     A.   My understanding is that there were
19 efforts made by Blue Spike to create the patents
20 and prosecute the patents and maintain the
21 patents-in-suit.
22     Q.   So aside from patent prosecution,
23 activities, and expenses, are you aware of Blue
24 Spike, Inc. or Blue Spike LLC making any
25 patent-specific investments relating to the

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.noyapdf.com)
Electronically signed by Daniel J. Skur (101-371-132-7809)