# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br>*Plaintiff*,<br>v.<br>TEXAS INSTRUMENTS, INC.<br>*Defendants*. | Civil Action No. 6:12-CV-499-MHS<br><br>(LEAD CASE)<br><br>JURY TRIAL DEMANDED |
| BLUE SPIKE, LLC,<br>*Plaintiff*<br>v.<br>AUDIBLE MAGIC CORPORATION, ET AL.<br>*Defendants* | Civil Action No. 6:12-CV-576-MHS<br><br>(CONSOLIDATED WITH 6:12-CV-499)<br>JURY TRIAL DEMANDED<br><br>**HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY** |

**AUDIBLE MAGIC CORP.'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO BLUE SPIKE'S SECOND SET OF INTERROGATORIES (NOS. 15-20)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Local Rule CV-26 and Local Patent Rule 2-5, Defendant Audible Magic Corp. ("Audible Magic") submits the following responses and objections to Blue Spike, LLC's ("Blue Spike") Second Set of Interrogatories to Defendant Audible Magic Corp. ("Interrogatories").

**GENERAL OBJECTIONS**

All of Audible Magic's Specific Responses are subject to and without waiver of the following General Objections:

1. Audible Magic objects to any interrogatory, definition, or instruction to the extent that it

1

Response to Interrogatory No. 7, served on June 23, 2014.

**INTERROGATORY NO. 18:**

All facts and legal bases that support Audible Magic's defense of inequitable conduct against Blue Spike LLC.

**RESPONSE TO INTERROGATORY NO. 18:**

Audible Magic incorporates its General Objections and the Objections to Blue Spike's Definitions and Instructions as though fully set forth therein.   Audible Magic objects to this interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable common law or statutory privilege or immunity, including common interest or joint defense privileges or protections. Audible Magic objects to this interrogatory to the extent that it seeks information that is within the scope of expert testimony or analysis and, thus, is inconsistent with the Scheduling/Docket Control Order entered by the Court, any other Order, or agreement between the parties. Audible Magic further objects to this interrogatory to the extent that it seeks information in Blue Spike's possession, that to date Blue Spike has either failed to produce and/or belatedly produced despite the Court's multiple orders, and is currently the subject of Audible Magic's request for sanctions. Therefore, Audible Magic reserves the right to supplement its response based on any such discovery belatedly produced by Blue Spike.

Subject to the foregoing, Audible Magic responds as follows: Audible Magic incorporates by reference the inequitable conduct allegations set forth in its Supplemental Initial Disclosures Pursuant to the Scheduling and Discovery Orders, dated November 27, 2014, and the inequitable conduct allegations set forth in Audible Magic's Second Amended Answer To Blue Spike LLC's Original Complaint For Patent Infringement And Counterclaims Against Blue Spike LLC, Blue Spike, Inc And Scott A. Moskowitz, and the facts revealed in

Pages 9-111 Redacted