UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>AUDIBLE MAGIC CORPORATION,<br><br>    *Defendant.*<br><br>AUDIBLE MAGIC CORPORATION,<br><br>    *Counterclaim Plaintiff*<br><br>v.<br><br>BLUE SPIKE, LLC, BLUE SPIKE, INC. and SCOTT A. MOSKOWITZ<br><br>    *Counterclaim Defendants.* | Case No. 6:15-cv-584-RWS-CMC<br><br>Jury Trial Demanded |

**PROPOSED ORDER DENYING AUDIBLE MAGIC'S MOTIONS IN LIMINE**

BEFORE THE COURT is Audible Magic Corporation's ("Audible Magic's") Motion in Limine. The Court, having carefully considered the motion and Blue Spike's opposition is of the opinion that the Motion should be DENIED.

Audible Magic's Motion in Limine No. 1 is denied because the conception date of the patents-in-suit does not preclude evidence of prior inventive activity;

Audible Magic's Motion in Limine No. 2 is denied because Audible Magic previously agreed to accept Blue Spike's financial summary and cannot now withdraw that agreement on the eve of trial;

Audible Magic's Motion in Limine No. 3 is denied because the "null case" and "differentiating between versions" are concepts present in the claim language and relevant to the issues remaining in this case. Similarly, Dr. Papakonstantinou's use of the label "intended match"

is an acceptable shorthand description of relevant elements of asserted claims;

      Audible Magic's Motion in Limine No. 4 is denied because Blue Spike may rely on its expert opinions to challenge Audible Magic's prior art;

      Audible Magic's Motion in Limine No. 5 is denied because references to the residency of parties or attorneys is relevant; and

      Audible Magic's Motion in Limine No. 6 is denied because it is overbroad, vague, and not grounded on specific evidence.

      IT IS SO ORDERED.